IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>        Plaintiffs,<br>  v.<br><br>KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>        Defendants. | Case No.: 3:24-cv-00347-AN<br><br>OPINION AND ORDER |

        Plaintiffs bring this action pursuant to the Federal Trade Commission Act, 15 U.S.C. § 53(b), and the Clayton Act, 15 U.S.C. § 26, against defendants Kroger Company ("Kroger") and Albertsons Companies, Inc. ("Albertsons"), seeking to enjoin a proposed merger between the two companies.

        Plaintiff Federal Trade Commission (the "FTC") filed a redacted version of the complaint, ECF [1], and an unredacted version of the complaint, ECF [19]. The unredacted copy was placed temporarily under seal and defendants and non-parties were given an opportunity to move to seal any information in the unredacted complaint permanently. *See* Order of Feb. 27, 2024, ECF [13]. Defendants now move to keep the unredacted complaint under seal and to file a partially redacted version of the complaint on the public docket. Plaintiffs do not oppose the motions. For the reasons that follow, the motions are GRANTED.

1

**LEGAL STANDARD**

Courts recognize that the press and public have "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As a result, there is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

A party seeking to seal a judicial record "must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.'" *Id.* (quoting *Foltz*, 331 F.3d at 1135) (alterations and citations omitted). The court must then "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135). The court has discretion to determine whether compelling reasons exist; examples include where judicial records "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks and alterations omitted).

**DISCUSSION**

Defendants move to keep the unredacted complaint under seal and propose that a partially redacted complaint be filed on the public docket. Initially, each defendant filed a separate proposed redacted complaint that contained a different set of redactions. *See* Unopposed Motion to Seal Complaint ("Kroger's Mot."), ECF [68], Ex. A; Decl. of Jon-Peter Kelly, ECF [71], Ex. A. At the Court's request, defendants conferred and filed a joint proposed redacted complaint. Joint Proposed Redacted Compl., ECF [81], Attach. A; *see* Minutes of Proceedings of Mar. 11, 2024, ECF [74]. The proposed redactions are limited to portions of seventeen paragraphs in the complaint.

Kroger argues that sealing is necessary because the identified portions of the complaint contain "confidential pricing, promotional, operations, business, and labor strategies" that constitute trade

2

secrets and would competitively harm Kroger if disclosed. Kroger's Mot. 3. Specifically, Kroger identifies "(i) confidential pricing and promotional strategies; (ii) confidential business and operations strategies; (iii) confidential information about labor strategy; and (iv) personally identifiable information of individuals not party to this case." *Id.* at 5. Albertsons similarly argues that the proposed redactions contain confidential information that, if revealed, "could harm Albertsons' competitive position by giving Albertsons' competitors insight into Albertsons' confidential business strategies, analytical methods, customer preferences, and information that it uses for purposes of its competitive decision-making." Unopposed Motion to Seal Complaint ("Albertsons' Mot."), ECF [70], at 6.

Protection against disclosure of the types of information described by defendants is a compelling reason that outweighs public policy favoring disclosure. All proposed redactions, except for those in paragraph ninety-four, contain information related to pricing, promotional strategies, business operations, and labor negotiation strategies. The protection against disclosure of "sources of business information that might harm a litigant's competitive standing" is a compelling reason that justifies sealing. *Nixon*, 435 U.S.at 599.

The redactions in paragraph ninety-four remove only the email addresses of Kroger employees who are not parties to this case. The privacy interest in protecting personal identifying information is a compelling reason sufficient to warrant the narrowly tailored redaction proposed by defendants. *See, e.g.*, *Foltz*, 331 F.3d at 1138 (remanding to the district court to redact identifying information related to non-party personnel records); *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *2 (N.D. Cal. Jan. 27, 2015) ("The Court recognizes the non-party's privacy interests, and finds that such an interest can be appropriately balanced with the public's right to access by redacting personal identifying information[.]").

## CONCLUSION

For the foregoing reasons, defendant Kroger Company's Unopposed Motion to Seal Complaint, ECF [68], and Albertson's Companies, Inc.'s Unopposed Motion to Seal Complaint, ECF [70], are GRANTED. Plaintiff Federal Trade Commission is directed to file the proposed redacted complaint,

ECF [81], Attach. A, on the public docket.  The unredacted complaint, ECF [19], shall remain under seal.

IT IS SO ORDERED.

DATED this 8th day of April, 2024.

*[signature: Adrienne Nelson]*

Adrienne Nelson
United States District Judge