UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>    Defendants. | Case No.: 3:24-cv-00347-AN<br><br>**CASE MANAGEMENT AND<br>SCHEDULING ORDER** |

Upon consideration of the parties Joint Motion for Entry of a Case Management and Scheduling Order, it is hereby ORDERED that the Motion is GRANTED.

It is further ORDERED that the following provisions shall govern in this action:

A.    **TEMPORARY RESTRAINING ORDER**:  The Court entered the Stipulation and Temporary Restraining Order on February 27, 2024.  Under that Temporary Restraining Order, the Defendants have agreed not to close their transaction until after 11:59 PM Eastern Time on the fifth business day after the Court rules on the Plaintiffs' request for a preliminary injunction or until after the date set by the Court, whichever is later.

1

B. **DISCOVERY**

1. <u>Initial Disclosures</u>.  The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on the date listed in the schedule set forth herein.

2. <u>Fact Discovery</u>.  Fact discovery shall commence and end on the dates listed in the schedule set forth herein, except that to the extent a third-party deposition is properly noticed, but the third party's schedule does not reasonably accommodate a deposition before the end of fact discovery, a later deposition may occur a reasonable time before the evidentiary hearing in this matter.  Any other modification to the end date of discovery must be agreed to in writing by the parties.

3. <u>Production of Investigative Materials</u>.  On March 1, 2024, Plaintiff FTC produced to Defendants copies of all third-party investigational hearing transcripts and declarations.  Plaintiff FTC substantially completed the production of its investigative file on March 11, 2024.  Plaintiffs' productions shall include all non-privileged investigation materials, including all documents, communications, data, information, declarations, transcripts of testimony, and/or other materials, whether draft or final, that they directly or indirectly received from any third party during their investigations of Kroger's proposed acquisition of Albertsons.  Plaintiff States shall substantially complete their productions by the later of (i) April 15, 2024, or (ii) seven days after entry of a Protective Order in this case.  For the avoidance of doubt, each Plaintiff shall produce non-privileged materials contained within such Plaintiff's investigative file that are not included in Plaintiff FTC's productions.

4. <u>Pre-Trial Discovery Conference</u>.  The parties are excused from the obligation to confer pursuant to Federal Rule of Civil Procedure 26(f).

5. <u>Third-Party Discovery</u>.  No party issuing a third-party subpoena for the production of documents or electronically stored information shall request a return date sooner than seven calendar days after service.  Each side shall produce all materials received pursuant to a third-party subpoena, including any declarations or affidavits obtained from a third party, to the other side within three business days of receiving those materials.  Production shall occur in the format the materials were received.  Notwithstanding the prior provisions of this paragraph, in the event a third party produces documents or electronic information that is not Bates-stamped, the party receiving the documents shall Bates-stamp the documents or electronic information and produce them in a reasonable timeframe.

6. <u>Limitations on Party and Third-Party Declarations or Letters</u>.  No side may introduce as evidence a declaration, letter of support, or affidavit from a party or third-party witness if such declaration, letter of support, or affidavit was executed or served less than two days prior to his or her agreed-to deposition date.  In any event, no party or third-party declaration, letter of support, or affidavit may be introduced as evidence in this case if it was executed or served less than fourteen calendar days before the close of fact discovery, unless otherwise agreed to in writing by the parties.

7. <u>Document Requests and Production.</u>  No more than 25 requests for production may be served on any party in this action. There shall be no limit on the number of requests for production that the parties may include in subpoenas served on third parties.  Objections to requests for the production of documents shall be served no later than seven calendar days after service of document requests.  Within three calendar days of service of any such objections, the parties shall meet and confer

about resolving the objections. A party shall make good faith efforts to substantially comply with requests for production no later than thirty calendar days after the date of service. The parties are not required to produce to each other in discovery in this case any documents Defendants previously produced to the FTC as part of the FTC's investigation of Kroger's acquisition of Albertsons, FTC File No. 231-0004 or that are produced in the Part 3 administrative proceeding, *In re The Kroger Company & Albertsons Companies, Inc.*, Dkt. No. 9428 (FTC).

8. <u>Requests for Admission.</u> Each side shall serve no more than 10 requests for admission on the other side. There shall be no limit on requests for admission for purposes of authentication and admissibility of documents, data, or other evidence.

9. <u>Interrogatories.</u> Each side shall serve no more than 10 interrogatories on the other side. The parties shall serve objections and responses to interrogatories no later than fourteen calendar days after the date of service of interrogatories. The parties shall serve interrogatories by the date set forth in the schedule herein.

10. <u>Expert Reports.</u> Plaintiffs and Defendants shall serve expert reports, rebuttal expert reports, and reply expert reports on the dates set forth in the schedule herein, and shall not produce any expert report, report amendment, supplemental declaration, or similar document less than seven calendar days prior to their deposition.

11. <u>Expert Materials Not Subject to Discovery.</u> Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

    a) Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

      i. any communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

      ii. any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

      iii. an expert's notes, unless they constitute the only record of a fact relied upon by the expert in formulating an opinion in this case;

      iv. drafts of expert reports, analyses, or other work product; or

      v. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in 12(b).

b) The parties agree that they shall disclose the following materials on the same day that they submit the corresponding expert reports:

      i. a list by Bates number of all documents relied upon by the testifying expert(s);

      ii. copies of any materials relied upon by the expert not previously produced that are not readily available publicly; and

      iii. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data.

12. <u>Disclosure of Experts</u>.  The parties shall disclose the names and subject matter of each expert on the date set forth in the schedule herein.

13. <u>Exchange of Witness Lists</u>.

a) *Preliminary Fact Witness Lists:* The parties shall exchange preliminary party and third-party fact witness lists no later than 5:00 p.m. Eastern time on the date set forth in the schedule herein. Preliminary fact witness lists shall be limited to no more than 25 fact witnesses per side. The preliminary fact witness list shall include the following information if known to the disclosing party: (a) the witness's name and employer; (b) the name, address, telephone number, and email address of the witness's counsel (or, if not represented by counsel, the witness's address, telephone number, and email address); and (c) a summary of the general topics of the witness's anticipated testimony. Each party's preliminary fact witness list shall represent a good faith assessment of the witnesses the party reasonably anticipates it may present at the evidentiary hearing. Plaintiffs shall jointly submit one list and Defendants shall jointly submit one list.

b) *Final Witness Lists:* The parties shall exchange final witness lists on or before 5:00 p.m. Eastern time on the date set forth in the schedule herein. The final witness list shall represent a good faith effort to identify all witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment. Final witness lists shall be limited to no more than 20 fact witnesses plus experts. Final witness lists shall include for each witness: (a) an indication of whether the witness will offer expert testimony and (b) a summary of the general topics of each witness's anticipated testimony. Each side's final witness list shall be limited to witnesses who appeared on either side's preliminary fact witness list or were deposed in this

matter or the Part 3 administrative proceeding, or any third-party witness who provides a declaration in this matter or the Part 3 administrative proceeding, provided that the other side has had a reasonable opportunity to depose such witnesses, and any testifying experts. Additional witnesses may be added to either side's final fact witness list after the date set forth in the schedule herein only by agreement of the parties or with leave of the Court for good cause shown.

14. <u>Depositions</u>.

   a) <u>Number of Depositions</u>.  Each side may depose an unlimited number of party and third-party witnesses.  In addition to the depositions permitted under the first sentence in 14(a), there may be one 30(b)(6) deposition notice served on each Defendant.  Depositions of all individuals designated as representatives for purposes of one 30(b)(6) deposition notice shall count as one deposition for purposes of this paragraph.  The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of any deposition.  The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

   b) <u>Allocation of Time</u>.  All depositions, including depositions of individual fact and expert witnesses, shall last no more than seven hours. For the avoidance of doubt, a deposition pursuant to Rule 30(b)(6) may last up to nine hours if more than one individual is designated to provide testimony. If both Plaintiffs and Defendants issue a subpoena to depose the same third-party fact witness, they shall allocate the time evenly between them.  Unused time in any side's

allocation of deposition time shall not transfer to the other side. Notwithstanding the prior provisions of this paragraph, Plaintiffs shall be allocated seven hours for depositions of any divestiture buyer or employee of any divestiture buyer or any employee, agent, or consultant of any Defendant.

c) <u>Notice</u>. The parties may not serve a deposition notice or deposition subpoena less than seven calendar days before the noticed date for the deposition. The parties shall consult with each other prior to confirming any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule. If a party serves a third party with both a subpoena for the production of documents or electronically stored information and a subpoena for deposition testimony, the deposition date must be at least seven calendar days after the original return date for the document subpoena.

d) <u>Deposition Designations</u>. The parties agree to work in good faith to reach agreement regarding the need, and, if appropriate, a procedure for deposition designations by the close of fact discovery.

e) <u>Remote Depositions</u>. The parties intend to negotiate and submit to the Court a Remote Deposition Protocol.

15. <u>Expert Depositions.</u> Each side may take one deposition of each of the other side's testifying experts. Unless the parties agree or the Court orders otherwise, expert depositions must be completed on or before the Close of Expert Discovery deadline identified in the schedule set forth herein.

16. <u>Discovery Uses.</u>  All discovery taken in this case can be used in connection with the Part 3 administrative proceeding (FTC Dkt. No. 9428), however the deadlines and limitations set forth in this Case Management Order shall exclusively govern written discovery and depositions in this action. The parties agree that witnesses who are deposed in this action shall not be deposed in the Part 3 administrative proceeding unless the presiding Administrative Law Judge in the Part 3 proceeding orders otherwise. Discovery obtained by a party in the Part 3 administrative proceeding may be used in this case only if it has been obtained and served on all parties by the end of fact discovery in this action.

17. <u>Resolving Discovery Disputes</u>.  Before filing any discovery-related motion, the parties (and any third parties whose discovery is at issue) must meet and confer within three calendar days of a request to meet and confer about the dispute.  Any motion seeking relief from the court shall be filed within five calendar days of reaching impasse.  Any brief in opposition to the motion shall be filed no later than two calendar days after the motion was filed.  When a motion to compel discovery is granted, any discovery ordered to be produced shall be produced within seven calendar days.  The procedures provided for in this paragraph are without prejudice to following the procedure in Local Rule 26-3.

C. **MOTIONS AND BRIEFING**

18. Plaintiffs shall file a single memorandum in support of the requested preliminary injunction by the date set forth in the schedule herein.  This brief is not to exceed 50 pages.

19. Defendants shall file a single opposition to the Plaintiffs' requested preliminary injunction by the date set forth in the schedule herein. This brief is not to exceed 50 pages.

20. Plaintiffs shall file a single reply memorandum in further support of a preliminary injunction by the date set forth in the schedule herein. This brief is not to exceed 35 pages.

21. Any motions *in limine*, including any *Daubert* motions, shall be filed by the date set forth in the schedule herein. Responses to motions *in limine* and *Daubert* motions shall be filed by the date set forth in the schedule herein.

22. Each side's proposed findings of fact and conclusions of law shall be filed by the date set forth in the schedule herein. Each side's proposed findings of fact and conclusions of law shall not exceed 100 pages.

D.  **EVIDENTIARY HEARING**

23. At any evidentiary hearing regarding Plaintiffs' requested preliminary injunction, each side shall have 40 hours to present its case, including opening arguments and any Plaintiff rebuttal case. Time shall be counted using a chess clock kept by the parties. Time spent conducting a direct examination shall count against the side conducting that direct examination; time spent conducting a cross-examination shall count against the side conducting that cross-examination. Closing arguments will not be counted against either side's allotted time.

E.  **OTHER MATTERS**

24. <u>Service.</u>  Service of any documents not filed via ECF, including pleadings, discovery requests, Rule 45 subpoenas for testimony or documents, expert disclosure, and

delivery of all correspondence, whether under seal or otherwise, shall be by electronic mail or electronic file transfer to the following individuals designated by each party:

For Plaintiffs:

| | |
|---|---|
| To the FTC: | James Weingarten (jweingarten@ftc.gov)<br>Charles Dickinson (cdickinson@ftc.gov)<br>Rohan Pai (rpai@ftc.gov)<br>Laura Hall (lhall1@ftc.gov)<br>Corene Wint (cwint@ftc.gov)<br>Rachel Ma (rma@ftc.gov) |
| To State of Arizona: | Robert Bernheim (Robert.Bernheim@azag.gov)<br>Jayme Weber (Jayme.Weber@azag.gov) |
| To State of California: | Nicole Gordon (Nicole.Gordon@doj.ca.gov)<br>Shira Hoffman (Shira.Hoffman@doj.ca.gov) |
| To District of Columbia: | Amanda Hamilton (Amanda.Hamilton@dc.gov)<br>Will Margrabe (will.margrabe@dc.gov) |
| To State of Illinois: | Paul Harper (Paul.Harper@ilag.gov)<br>Brian Yost (Brian.Yost@ilag.gov) |
| To State of Maryland: | Schonette Walker (swalker@oag.state.md.us)<br>Gary Honick (ghonick@oag.state.md.us) |
| To State of Nevada: | Lucas Tucker (LTucker@ag.nv.gov)<br>Samantha Feeley (sfeeley@ag.nv.gov) |
| To State of New Mexico: | Jeff Herrera (jherrera@nmag.gov)<br>Julie Meade (jmeade@nmag.gov ) |
| To State of Oregon: | Cheryl Hiemstra (Cheryl.Hiemstra@doj.state.or.us)<br>Angie Milligan (amilligan@lvklaw.com)<br>Christine Ortez (cortez@lvklaw.com) |
| To State of Wyoming: | Will Young (william.young@wyo.gov) |

For Defendants:

| | |
|---|---|
| To Kroger: | Matthew Wolf (matthew.wolf@arnoldporter.com)<br>Sonia Pfaffenroth (sonia.pfaffenroth@arnoldporter.com)<br>Joshua Davis (joshua.davis@arnoldporter.com) |

|  |  |
|---|---|
|  | Michael Kientzle (michael.kientzle@arnoldporter.com)<br>Jason Ewart (jason.ewart@arnoldporter.com)<br>Yasmine Harik (yasmine.harik@arnoldporter.com)<br>John Holler (john.holler@arnoldporter.com)<br>Christina Cleveland (christina.cleveland@arnoldporter.com)<br><br>Mary Perry (mark.perry@weil.com)<br>Luna Barrington (luna.barrington@weil.com)<br>Bambo Obaro (bambo.obaro@weil.com)<br>Luke Sullivan (luke.sullivan@weil.com) |
| To Albertsons: | Ted Hassi (thassi@debevoise.com)<br>Michael Schaper (mschaper@debevoise.com)<br>Shannon R. Selden (srselden@debevoise.com)<br>J. Robert Abraham (jrabraham@debevoise.com)<br>Natascha Born (nborn@debevoise.com)<br>Jamie Fried (jmfried@debevoise.com)<br>Mari Cardenas (mcardena@debevoise.com)<br>Tom E. Buckley (tebuckley@debevoise.com)<br>Heather T. Mehler (htmehler@debevoise.com)<br>Marie Ventimiglia (msventim@debevoise.com)<br><br>Mike Cowie (mike.cowie@dechert.com)<br>James Fishkin (james.fishkin@dechert.com)<br>Thomas Miller (thomas.miller@dechert.com)<br><br>Enu Mainigi (emainigi@wc.com)<br>Jonathan B. Pitt (jpitt@wc.com)<br>A. Joshua Podoll (apodoll@wc.com) |

In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery if agreed by the parties, the serving party shall telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery. Service of correspondence or formal papers by 11:59 p.m.

12

Eastern Time shall be considered filed on that day. For purposes of this provision, service of discovery requests or productions from parties or third parties after 5:59 p.m. Eastern Time shall be considered served the next business day.

25. <u>Answer.</u>  Defendants shall answer the complaint on or before the date set forth in the schedule herein.

26. <u>Nationwide Service of Process.</u>  Good cause having been shown in view of the geographic dispersion of potential witnesses in this action, the parties shall be allowed nationwide service of process of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available under these rules regarding the use at trial of a deposition taken in this action.

27. <u>Protective Order Concerning Confidentiality</u>.  The parties anticipate requesting entry of a Protective Order concerning confidentiality of materials produced in this action.

28. <u>Privilege Logs</u>.  The parties agree to suspend the obligations of Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of materials withheld from discovery in this case (excluding Defendants' productions made during the course of the FTC's pre-complaint investigation). Notwithstanding the foregoing, the parties shall log withheld materials that are: (1) authored by, addressed to, or received from any third party or (2) internal to a party that are not authored by, sent to, or received from the

party's in-house or outside attorneys; provided that, documents or communications subject to the joint defense agreement with respect to the Proposed Transaction entered into between the Defendants and documents or communications sent solely within or among Plaintiffs' organizations and any other state, federal, or local law enforcement agency (including persons employed by or acting on behalf of Plaintiffs or such other agencies) shall not be logged. For purposes of this paragraph, a "third party" excludes a party's retained expert and persons assisting the expert within the meaning of Federal Rule of Civil Procedure 26.

29. <u>Witness Disclosure.</u>  Each side shall provide opposing counsel a list of witnesses that that side intends to present, including the order in which the witnesses shall be presented, no later than 8:00 pm Eastern Time two calendar days before the witness is intended to be called. A list of all exhibits anticipated to be admitted on direct examination of the particular witness, unless used for purposes of impeachment or to refresh the witness's recollection, shall be disclosed to opposing counsel by 5:00 pm Eastern Time one calendar day prior to the hearing day when such witness is intended to be called.

30. <u>Inadvertent Production of Privileged Material.</u>  Pursuant to Federal Rule of Civil Procedure 16(b)(3)(B)(iv) and Federal Rule of Evidence 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product of the inadvertently produced material, provided that the producing party notifies the receiving party within three business days of learning of the inadvertent production that the production was inadvertent and that the material should be considered

privileged. When a party determines that it has inadvertently produced privileged material, it shall notify other parties, who shall promptly return, sequester, or delete the privileged material from their document management systems. Within two business days of identifying inadvertently produced information or documents(s), the party seeking clawback of such materials shall provide a revised privilege log for the identified information or documents. A party may move the Court for an order compelling production of the material, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. The party asserting the privilege must submit a copy of the material at issue for in camera review.

31. <u>Attorney Work-Product.</u> The parties shall neither request nor seek to compel the production of any privileged interview notes, interview memoranda, or recitations of information contained in such notes or memoranda, created by any party's counsel, except as specified in Paragraph 11 of this Order. Nothing in this Order requires the production of any party's attorney work-product, confidential attorney-client communications, communications with or information provided to any potential expert witness (whether retained or not), or materials subject to the deliberative-process privilege or any other privilege.

32. <u>Electronically Stored Information.</u> The parties agree as follows regarding the preservation and production of electronically stored information ("ESI"):

    a) All parties have established litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case. In addition, the parties have taken reasonable steps to ensure potentially relevant information shall not be automatically deleted.

    b) If a party desires to use Technology Assisted Review ("TAR"), it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology, unless a party is using a TAR protocol that has previously been implemented in connection with the Second Request related to Kroger's acquisition of Albertsons. The use of TAR shall not relieve a party of the obligation to conduct a reasonable search for documents responsive to document requests and produce non-privileged, responsive documents found as a result of that search.

    c) All parties shall produce ESI in the form or forms that facilitate efficient review of ESI. In general, the parties shall produce ESI according to the same ESI technical specifications used by Defendants in the FTC's pre-complaint investigation.

33. <u>Evidentiary Presumptions.</u>

    a) All documents produced by a Defendant either in response to document requests in this litigation or in the course of the FTC's pre-complaint investigation of the proposed acquisition, FTC File No. 231-0004, or any prior FTC or Plaintiff States' investigation, are presumed to be authentic and admissible. All documents produced by third parties from their files shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901 and admissible. If a party serves a specific written objection to a document's authenticity or admissibility, the presumption of authenticity or admissibility shall no longer apply to that document, and the parties shall promptly meet and confer to attempt to resolve the objection.

    b) Any party may challenge the authenticity or admissibility of a document for good cause shown, and if necessary may take discovery related solely to authenticity or admissibility of documents.

34. <u>Modification of Scheduling and Case Management Order.</u>  Any party may seek modification of this Order for good cause, except that the parties may also modify discovery and expert disclosure deadlines by agreement.

**SCHEDULE**

| Event | Date |
|---|---|
| Discovery Commences | March 20, 2024, as stipulated (ECF No. 84) |
| Defendants' Answer to Plaintiffs' Complaint | April 29, 2024 |
| Exchange Initial Disclosures | Within 5 business days of entry of this Order |
| Plaintiffs Serve Preliminary Fact Witness List | April 24, 2024 |
| Defendants Serve Preliminary Fact Witness List | May 1, 2024 |
| Plaintiffs Serve Expert Witness List | May 3, 2024 |
| Defendants Serve Expert Witness List | May 10, 2024 |
| Deadline to Serve Written Discovery Requests to Parties | May 14, 2024 |
| Deadline to Serve Written Discovery Requests to Third Parties | May 14, 2024 |
| Close of Party Fact Discovery | June 11, 2024 |
| Close of Third-Party Fact Discovery | June 11, 2024 |
| Plaintiffs' Initial Expert Report(s) | June 18, 2024 |
| Defendants' Rebuttal Expert Report(s) | July 1, 2024 |
| Plaintiffs' Reply/Rebuttal Expert Reports | July 12, 2024 |
| Close of Expert Discovery | July 22, 2024 |
| Plaintiffs' Memorandum of Law in Support of Preliminary Injunction Motion | July 24, 2024 |

| Event | Date |
|---|---|
| Exchange of Final Witness Lists and Exhibit Lists | August 7, 2024 |
| Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction | August 9, 2024 |
| Objections to Exhibits | August 14, 2024 |
| Deadline for Motions *In Limine* and *Daubert* Motions | August 14, 2024 |
| Plaintiffs' Reply to Defendants' Opposition to Preliminary Injunction Motion | August 19, 2024 |
| Responses to Motions *In Limine* and *Daubert* Motions | August 21, 2024 |
| Pre-Hearing Conference | August 23, 2024 |
| Evidentiary Hearing Begins | August 26, 2024 |
| Proposed Findings of Fact and Conclusions of Law | 10 days after the evidentiary hearing concludes |

SO ORDERED:

April 12th, 2024

_____
UNITED STATES DISTRICT JUDGE