B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001
Telephone:  202.942.5000

*Attorneys for Defendant The Kroger Company*

(Additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>       Plaintiffs,<br><br>  v.<br><br>THE KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>       Defendants. | Case No.:  3:24-CV-00347<br><br>**DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** |

Page 1 –    DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES

**INTRODUCTION**

Plaintiffs challenge Kroger's acquisition of Albertsons by distorting the competitive grocery landscape Kroger will face after the merger and introducing a novel "union grocery" labor market that is entirely inconsistent with the labor market in which the parties actually compete. Plaintiffs' challenge should be rejected.

First, Kroger entered into the agreement to merge with Albertsons ("Merger") seeking to keep pace with an expanding set of competitors, extend its geographic reach, increase its operating efficiency, and lower its costs. From the outset, Kroger has publicly committed to reinvesting the savings generated by the transaction to lower prices, which will directly benefit consumers across the country. These efficiencies are not just aspirational; they are supported by Kroger's track record of lowering prices for consumers following acquisitions, which Plaintiffs' Complaint ignores.

Second, the Complaint is willfully blind to the realities of current grocery competition, insisting on maintaining its archaic fiction limiting grocery competitors to "traditional supermarkets." In the face of the actual competitive dynamics faced by Kroger in 2024, this purported product market is artificially narrow and legally baseless. Put simply, the Complaint's view of the relevant market lacks any basis in the real world. Kroger and Albertsons operate in a fiercely competitive and rapidly evolving retail marketplace. The landscape of grocery shopping has expanded to a diverse assortment of grocery retailers beyond the "traditional supermarket." These options include club stores, such as Costco and Sam's Club, big-box retailers like Walmart and Target, hard discounters, such as Aldi and Lidl, and competitors like Amazon, which not only owns the natural and organic chain Whole Foods but also sells tens of billions of dollars of groceries through its ecommerce platforms, including Amazon.com. The Complaint's relevant

product market, however, artificially excludes these real world options, Compl. ¶ 43, entirely ignoring competition from massive competitors like Costco, Sam's Club, Aldi, and Amazon.

Third, Kroger already has agreed to divest 579 stores as well as substantial additional assets to C&S Wholesale Grocers ("C&S"), the nation's leading grocery wholesaler. Although Plaintiffs allege that the "proposed acquisition would eliminate substantial head-to-head competition between Defendants in the communities in which both firms operate today," Compl. ¶ 59, each of the Complaint's allegations about the post-merger world—including its claims concerning competition, competitors, labor, market shares, and concentration—ignores the divestiture package. Instead of offering a cogent market analysis accounting for C&S's role in the post-merger world, the Complaint frames the divestiture as irrelevant and bound to fail, citing a rare instance in which a divestiture buyer went bankrupt. But C&S is not a mom-and-pop operation or a risky private equity venture; it is a sophisticated, well-capitalized company with deep industry experience—the eighth-largest privately held company in the U.S. with nearly $35 billion in annual revenue.[1] And the divestiture package that C&S will acquire is not made up of empty storefronts. In addition to the physical stores, it includes all the assets and personnel C&S will need to compete, including distribution centers to supply the divested stores, all employees working at the divested stores and distribution facilities in addition to strong teams with local, regional, and subject matter expertise, as well as well-established banners, several private label brands, division headquarters, and robust transition services.

Fourth, Plaintiffs also purport to allege a myopic "union grocery" labor market that bears no relation to the market in which Kroger actually competes for talent. In reality, Defendants are

---

[1] *America's Largest Private Companies*, FORBES, Mar. 2023, https://www.forbes.com/lists/largest-private-companies/?sh=3d05a802bac4.

miniscule players in the overall labor market, which includes grocery retailers, non-grocery employers, and non-union employers alike. Contrary to the assumptions underlying the Complaint's product market, many associates hired by Kroger are entry-level workers with no prior retail grocery experience. In addition, Plaintiffs ignore the reality that the bargaining leverage of the affected unions with respect to Kroger will likely increase post-Merger as a result of the greater number of those unions' workers employed by Kroger. Finally, C&S will be stepping into the shoes of Albertsons for collective bargaining purposes in the areas in which it is acquiring divested unionized stores and/or distribution centers, meaning that—even crediting Plaintiffs' improper market definition—the number of competitors will not change.

In sum, the Complaint alleges that the transaction is likely to harm competition, but it can only reach that "conclusion" by distorting the actual marketplace in which Kroger will compete. The harm imagined by the FTC is fanciful, as it not only ignores the nation's largest grocery competitors, but also pretends that the divestiture package and C&S do not exist and constructs a purported labor market out of whole cloth. For these and other reasons, Plaintiffs' challenge to the Merger lacks merit and should be rejected.

## GENERAL RESPONSE TO PLAINTIFFS' ALLEGATIONS

Kroger generally denies each and every allegation of the Complaint not expressly admitted. To the extent Kroger incorporates the Complaint's headings and subheadings into this Answer, Kroger does so for organizational purposes only and does not admit any of the allegations in the Complaint's headings. To the extent allegations exist in any headings that Kroger does not incorporate into this Answer, Kroger denies the allegations in said headings. Use of certain terms or phrases defined in the Complaint is not an acknowledgement or admission of any characterization Plaintiffs may ascribe to the defined terms. Kroger additionally denies that

Plaintiffs are entitled to any of the relief sought on page 45 of the Complaint. Kroger reserves the right to amend its Answer consistent with the facts discovered in the case as permitted by the Rules. Each paragraph below corresponds to the same-numbered paragraph in the Complaint.

## SPECIFIC RESPONSES TO PLAINTIFFS' ALLEGATIONS

In response to the allegations in Plaintiffs' Complaint, Defendant The Kroger Company admits, denies, and alleges as follows:

## I.    NATURE OF THE CASE

1.      Kroger admits the allegations in sentence 1 of Paragraph 1. Kroger states that the allegations in sentence 2 of Paragraph 1, including the term "supermarket," are vague and ambiguous and denies the allegations on that basis. Kroger denies the remaining allegations contained in Paragraph 1.

2.      Kroger denies the allegations in sentence 1 of Paragraph 2. Kroger states that the selective references to a publicly available document in Paragraph 2 are taken out of context, denies any characterization or description that is inconsistent therewith, and refers the Court to the document itself for its full context. Kroger denies the remaining allegations contained in Paragraph 2.

3.      Kroger denies the allegations in sentence 1 of Paragraph 3. Kroger states that the allegations in sentence 2 of Paragraph 3, including the term "traditional supermarket chains," are vague and ambiguous and denies the allegations on that basis. Kroger admits that as of October 2022, Kroger and Albertsons combined employed over 700,000 workers and operated 4,996 grocery stores and 3,972 pharmacies in 48 states and the District of Columbia; otherwise, Kroger denies the allegation in sentence 3 of Paragraph 3.

4.      Kroger admits that it has acquired companies over the past three decades, but otherwise denies the allegations in sentence 1 of Paragraph 4. Kroger admits the allegations in sentence 2 of Paragraph 4.

Page 5 –     DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE
             DEFENSES

5.      Kroger admits that it competes with Albertsons in some communities, along with many other competitors. Kroger further admits that it lowers prices and offers quality products and services to compete for customers against a wide range of competitors, of which Albertsons is only one. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 2 of Paragraph 5 to the extent they relate to Albertsons or are redacted, and on that basis denies these allegations. Kroger states that the uncited and selective references to Kroger's documents in Paragraph 5 are taken out of context and misleading, and refers the Court to the documents themselves for their full context. Kroger otherwise denies the allegations in Paragraph 5.

6.      Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6 to the extent they relate to Albertsons or are redacted, and on that basis denies these allegations. Kroger states that the uncited and selective references to a Kroger document in Paragraph 6 are taken out of context and misleading, and refers the Court to the document itself for its full context. Kroger otherwise denies the allegations in Paragraph 6.

7.      Kroger denies the allegations in sentence 1 of Paragraph 7. Kroger admits that it competes with many other competitors to hire and retain workers, including Albertsons, but denies that this competition is limited to other grocery stores or grocery workers. Kroger admits that it negotiates with local unions to arrive at collective bargaining agreements, which describe the terms and conditions of employment for workers to whom the collective bargaining agreements apply. Kroger otherwise denies the allegations in Paragraph 7.

8.      Kroger denies the allegations in sentence 1 of Paragraph 8. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 through 3 of Paragraph 8 to the extent they relate to Albertsons or are redacted, and on that basis denies these allegations. Kroger states that the uncited and selective references to a Kroger document in Paragraph 8 are taken out of context and misleading, and refers the Court to the document itself for its full context.

Page 6 –    DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE
            DEFENSES

9.      Kroger denies the allegations in Paragraph 9.

10.      Kroger admits that on September 8, 2023, it signed an Asset Purchase Agreement and Transition Services Agreement with Albertsons and C&S that includes the divestiture of at least 413 stores nationwide to C&S, updated and expanded to 579 stores on April 22, 2024 in an Amended and Restated Asset Purchase Agreement with Albertsons and C&S, but Kroger denies the remaining allegations in sentence 1 of Paragraph 10. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 through 5 of Paragraph 10 to the extent they relate to C&S and on that basis denies these allegations. Kroger states that the selective quotations of publicly available documents in Paragraph 10 are taken out of context, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context. Kroger otherwise denies the allegations in Paragraph 10.

11.      Kroger denies the allegations in Paragraph 11.

12.       Kroger admits that the Commission commenced an administrative proceeding on the legality of the proposed acquisition.  Kroger otherwise denies the allegations in Paragraph 12.

13.      Kroger admits that it stipulated to a temporary restraining order while the Court considers the Commission's application for a preliminary injunction.  Kroger otherwise denies the allegations in Paragraph 13.

14.      Kroger denies the allegations in Paragraph 14.

15.      Kroger denies the allegations in Paragraph 15.

## II.      THE PARTIES

16.      Kroger admits the allegations in Paragraph 16.

17.      Kroger admits the allegations in Paragraph 17.

18.      Kroger admits the allegations in Paragraph 18.

19.      Kroger admits the allegations in Paragraph 19.

20.      Kroger admits the allegations in Paragraph 20.

21.    Kroger admits the allegations in Paragraph 21.

22.    Kroger admits the allegations in Paragraph 22.

23.    Kroger admits the allegations in Paragraph 23.

24.    Kroger admits the allegations in Paragraph 24.

25.    Kroger admits the allegations in Paragraph 25.

26.    Kroger admits the allegations in Paragraph 26.

27.    Kroger states that the allegations in sentence 1 of Paragraph 27, including the terms "traditional supermarket chains" and "union grocery workers," are vague and ambiguous and denies the allegations on that basis. Kroger admits that as of January 28, 2023, it had over $148 billion in sales, operated approximately 2,726 stores and 2,252 pharmacies in thirty-five states and the District of Columbia. Kroger further admits that it operates stores under the Kroger, Fred Meyer, QFC, Baker's, City Market, Dillons, Food 4 Less, Foods Co., Fry's, Gerbes, Harris Teeter, JayC, King Soopers, Mariano's, Metro Market, Pay-Less, Pick 'n Save, Ralphs, Ruler, and Smith's banners. Kroger states that the terms "supermarkets" and "retail pharmacies" are vague and ambiguous and denies the remaining allegations in sentence 3 of Paragraph 27 on that basis. Kroger admits that as of January 28, 2023, it had approximately 430,000 full- and part- time employees and that a majority of its employees were covered by over 300 collective bargaining agreements.

28.    Kroger admits that Dillons Companies, including the Dillons, King Soopers, City Market, Fry's, and Gerbes banners, was acquired in 1983. Kroger admits that JayC, including the JayC and Ruler banners, was acquired in 1999. Kroger admits that Pay Less was acquired in 1999. Kroger admits that Fred Meyer, including the Fred Meyer, Ralphs, Food 4 Less, QFC, and Smiths banners, was acquired for ~$13 billion in 1999. Kroger admits that Baker's was acquired in 2001. Kroger admits that Harris Teeter was acquired for ~$2.5 billion in 2014. Kroger admits that Roundy's, including the Roundy's, Pick 'n Save, Metro Markets, and Mariano's banners, was acquired for ~$800 million in 2015. Kroger states that the selective quotations of a publicly available document in Paragraph 28 are taken out of context, denies any characterization or

description that is inconsistent therewith, and refers the Court to the document itself for its full context. Kroger otherwise denies the allegations in Paragraph 28.

29.    Kroger states that the allegations in sentence 1 of Paragraph 29, including the terms "traditional supermarket chains" and "union grocery workers," are vague and ambiguous and denies the allegations on that basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 29 as they relate to Albertsons and on that basis denies these allegations.

30.    Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 30 as they relate to Albertsons, and on that basis denies these allegations. Kroger otherwise denies the allegations in Paragraph 30.

## III.    JURISDICTION AND VENUE

31.    Paragraph 31 states legal conclusions to which no response is required.  To the extent a response is required, Kroger denies the allegations in Paragraph 31, except admits that Plaintiffs brought an action as described in Paragraph 31 and that Kroger operates stores in Arizona, California, Illinois, Maryland, Nevada, New Mexico, Oregon, Wyoming, and the District of Columbia.

32.    Kroger admits the allegations in Paragraph 32 that relate to Kroger.  Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 32 to the extent they relate to Albertsons and on that basis denies these allegations.

33.    The allegations in Paragraph 33 constitute characterizations of statutes not subject to admission or denial. Such sources speak for themselves, and Kroger denies any characterization or description that is inconsistent therewith.

34.    The allegations in Paragraph 34 constitute characterizations of statutes not subject to admission or denial. Such sources speak for themselves, and Kroger denies any characterization or description that is inconsistent therewith.

35.    Kroger denies the allegations in Paragraph 35.

Page 9 –    DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE
              DEFENSES

36.    Kroger denies the allegation that the proposed acquisition would cause antitrust injury in the Plaintiff States' respective states. Kroger further states that Paragraph 36 otherwise contains legal conclusions to which no response is required. If a response is deemed required, Kroger denies the remaining allegations in Paragraph 36.

37.    The allegations in Paragraph 37 constitute characterizations of statutes not subject to admission or denial. Such sources speak for themselves, and Kroger denies any characterization or description that is inconsistent therewith.

## IV. THE PROPOSED ACQUISITION MAY SUBSTANTIALLY LESSEN COMPETITION IN LOCAL MARKETS FOR THE SALE OF FOOD AND GROCERY PRODUCTS AT SUPERMARKETS

38.    Kroger states that the allegations in sentence 1 of Paragraph 38, including the term "supermarket chains," are vague and ambiguous and denies the allegations on that basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 4 of Paragraph 38 as they relate to Albertsons or are redacted, and on that basis denies these allegations. Kroger admits that it competes with Albertsons, along with numerous other competitors, but otherwise denies the remaining allegations in Paragraph 38.

39.    Kroger denies the allegation in sentence 1 of Paragraph 39. Kroger admits that it owns the QFC and Fred Meyer store banners, has manufacturing and distribution networks to support its retail operations, and owns store banners that enjoy local brand recognition, but states that the other allegations in sentence 2 of Paragraph 39, including the terms "supermarkets" and "ecosystem of banners," are vague and ambiguous and denies the remaining allegations on that basis. Kroger states that the selective quotation of a Kroger document is taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the document itself for its full context. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 and 4 of Paragraph 39 as they relate to Albertsons or are redacted, and on that basis denies these allegations. Kroger otherwise denies the remaining allegations in Paragraph 39.

Page 10 –    DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

40. Kroger states that the allegations in sentences 1 and 2 of Paragraph 40, including the terms "supermarkets" and "geographic organizational units," are vague and ambiguous and denies the allegations on that basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 40 to the extent they relate to Albertsons or are redacted, and on that basis denies these allegations. Kroger admits that its retail stores are organized into "divisions," which have some level of operational autonomy but also benefit from corporate level marketing, pricing and promotional strategies, and that it operates a loyalty program, offers insights products, and has a retail media network. Kroger further admits that its strategy includes creating a profitable flywheel where it prioritizes investments in lower prices and benefits for customers that will generate the greatest returns, which are then used to invest in additional lower prices and benefits for customers and associates. Kroger otherwise denies the allegations in Paragraph 40.

41. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 41 to the extent they relate to Albertsons and on that basis denies these allegations. Kroger admits that its pharmacy customers generally visit stores more often and spend more during shopping trips than customers who do not visit pharmacies. Kroger otherwise denies the allegations in Paragraph 41.

42. Kroger states that the allegations in sentence 1 of Paragraph 42, including the terms "these networks and services, "head-to-head" and "multiple dimensions," are vague and ambiguous and denies the allegations on that basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 2 of Paragraph 42 to the extent they relate to Albertsons or are redacted and on that basis denies these allegations. Kroger further states that the uncited and selective reference to a Kroger document in Paragraph 42 is taken out of context and misleading, and refers the Court to the document itself for its full context. Kroger admits that it competes with Albertsons, along with many other competitors. Kroger otherwise denies the allegations in Paragraph 42.

Page 11 –    DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE
            DEFENSES

A.    **SUPERMARKETS ARE A RELEVANT PRODUCT MARKET**

43.    Kroger denies the allegations in Paragraph 43.

44.    Kroger states that the selective quotations of publicly available documents in sentences 1 and 2 of Paragraph 44 are taken out of context, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context. Kroger states that the allegations in Paragraph 44, including the terms "supermarkets" and "other types of food retailers," are vague and ambiguous, and that Kroger lacks information sufficient to form a belief as to the truth or falsity of the allegations as to companies other than Kroger, and on these bases denies the remaining allegations in Paragraph 44.

45.    Kroger states that the allegations in Paragraph 45, including the terms "Supermarkets," "food and grocery shopping requirements," and "substantial," are vague and ambiguous and denies the allegations on that basis.

46.    Kroger states that the allegations in sentences 1, 2, and 3 of Paragraph 46, including the term "Supermarkets," are vague and ambiguous, and that Kroger lacks information sufficient to form a belief as to the truth or falsity of the allegations as to companies other than Kroger, and on these bases denies these allegations. Kroger admits that it conducts price checks of products offered by many competing retailers, of which Albertsons is one, but otherwise denies the allegations in sentence 4 of Paragraph 46. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 5 of Paragraph 46 as they relate to Albertsons or are redacted and denies these allegations on that basis.

47.    The allegations in Paragraph 47 constitute characterizations of legal analysis and/or conclusions not subject to admission or denial. If a response is deemed required, Kroger denies the allegations in Paragraph 47.

48.    Kroger admits that there are differences between its stores and other retailers with which it competes to sell grocery products, but otherwise denies the allegations in Paragraph 48.

49.    Kroger denies the allegations in Paragraph 49.

50.     To the extent that the allegations contained in Paragraph 50 relate to third parties, Kroger lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and therefore denies these allegations. Kroger denies the remaining allegations in Paragraph 50.

**B.     LOCAL AREAS AROUND STORES ARE RELEVANT GEOGRAPHIC MARKETS**

51.     Kroger admits that consumers may shop for grocery products at retailers near to where they live or work, but otherwise denies the allegations in sentence 1 of Paragraph 51. Kroger states that the allegations in sentences 2 and 3 of Paragraph 51, including the terms "supermarket," "retail supermarket," and "localized area" are vague and ambiguous and denies the allegations on that basis. Kroger further states that that the selective reference to Kroger's documents in sentence 4 of Paragraph 51 is taken out of context, denies any characterization or description that is inconsistent therewith, and refers the Court to the document itself for full context. To the extent that the allegations contained in sentence 4 of Paragraph 51 relate to Albertsons, Kroger lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and therefore denies these allegations.

52.     Kroger states that the allegations in sentences 1 and 2 of Paragraph 52, including the terms "localized markets" and "supermarket," are vague and ambiguous and denies the allegations on that basis. Kroger denies the remaining allegations in Paragraph 52.

**C.     THE PROPOSED ACQUISITION IS PRESUMPTIVELY UNLAWFUL**

53.     The allegations in Paragraph 53 constitute characterizations of legal analysis and/or conclusions not subject to admission or denial. Such sources speak for themselves, and Kroger denies any characterization or description that is inconsistent therewith.

54.     The allegations in Paragraph 54 constitute characterizations of federal agency guidelines not subject to admission or denial. Such sources speak for themselves, and Kroger denies any characterization or description that is inconsistent therewith.

55.     Kroger denies the allegations in sentence 1 of Paragraph 55. The remaining allegations in Paragraph 55 constitute characterizations of federal agency guidelines not subject to admission or denial. Such sources speak for themselves, and Kroger denies any characterization or description that is inconsistent therewith.

56.     Kroger denies the allegations in Paragraph 56.

57.     Kroger denies the allegations in Paragraph 57.

**D.      THE PROPOSED ACQUISITION WOULD ELIMINATE HEAD-TO-HEAD COMPETITION BETWEEN DEFENDANTS**

58.     Kroger denies the allegations in sentence 1 of Paragraph 58. The allegations in sentence 2 of Paragraph 58 constitute characterizations of legal analysis or federal agency guidelines not subject to admission or denial. Such sources speak for themselves, and Kroger denies any characterization or description that is inconsistent therewith.

59.     Kroger denies the allegations in Paragraph 59.

60.     Kroger states that the allegations in sentences 1, 2, 4, and 5 of Paragraph 60, including the terms "aggressive" and "supermarket," are vague and ambiguous and denies the allegations on that basis. Kroger admits that it checks the prices of many retailers selling grocery products, including Albertsons, and may sometimes change its prices in response to local competitor pricing, but denies the remaining allegations in sentence 3 of Paragraph 60. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 1 through 3 and 5 and 6 of Paragraph 60 to the extent they relate to Albertsons or are redacted, and on that basis denies these allegations. Kroger further admits that it engages in base pricing and promotional pricing competition with many competitors, including Albertsons, but denies the remaining allegations in sentence 6 of Paragraph 60. Kroger denies the allegations in sentence 7 of Paragraph 60.

61.     Kroger states that the uncited and selective references to Kroger's documents in Paragraph 61 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full

Page 14 –     DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

context. Kroger further states that the allegations in sentence 2 of Paragraph 61, including the term "traditional supermarket," are vague and ambiguous and denies the allegations on that basis. Kroger denies the remaining allegations in Paragraph 61.

62.    Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 62 as they relate to Albertsons or are redacted and therefore denies the allegations.

63.    Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 63 to the extent they relate to Albertsons or are redacted and on that basis denies the allegations. Kroger admits that it offers promotional pricing discounts on products to try to attract customers to Kroger stores and that it monitors the promotional offers of many competing retailers and routinely compares its advertised promotions and whether Kroger won, tied, or lost with respect to multiple retail competitors, not just Albertsons; otherwise, Kroger denies the allegations in Paragraph 63. Kroger further states that the uncited and selective references to Kroger's documents in sentence 4 of Paragraph 63 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context.

64.    Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 64 to the extent they relate to Albertsons or are redacted and on that basis denies the allegations. Kroger states that the allegations in sentence 1 of Paragraph 64, including the term "regular occurrence," are vague and ambiguous and denies the allegations on that basis. Kroger denies the allegations in sentence 5 of Paragraph 64.

65.    Kroger admits that it competes with many retailers selling grocery products, including Albertsons, regarding the quality and variety of its products and offerings. Kroger states that the uncited and selective quotations of Kroger's documents in sentence 2 of Paragraph 65 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context. Kroger lacks

knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 3 of Paragraph 65 as they relate to Albertsons or are redacted and therefore denies the allegations. Kroger denies the remaining allegations in Paragraph 65.

66.     Kroger admits that it recognizes the importance of freshness and assortment of fresh products to consumers, and that Kroger competes with a variety of competitors in this regard, but otherwise denies the allegations in sentences 1 and 2 of Paragraph 66. Kroger states that the uncited and selective quotations of Kroger's documents in sentence 3 of Paragraph 66 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 4 of Paragraph 66 as they relate to Albertsons or are redacted and therefore denies the allegations.

67.     Kroger admits that it monitors the branded and private-label products of many other retailers selling grocery products, including Albertsons. Kroger states that the uncited and selective quotations of Kroger's documents in sentences 2 and 3 of Paragraph 67 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context. Kroger denies the allegations in sentence 4 of Paragraph 67.

68.     Kroger denies that it determines which stores to remodel based on the presence of "robust competition." Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 1, 2, and 3 of Paragraph 68 as they relate to Albertsons or are redacted and therefore denies the allegations. Kroger states that the uncited and selective quotations of Kroger's documents in sentence 4 of Paragraph 68 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context.

69.     Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2, 3, 5, and 8 of Paragraph 69 as they relate to Albertsons

or are redacted and therefore denies the allegations. Kroger states that the uncited and selective quotations of Kroger's documents in sentences 4, 6, and 7 of Paragraph 69 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context. Kroger further states that the allegations in sentence 8 of Paragraph 69, including the term "supermarkets," are vague and ambiguous and denies the allegations on that basis. Kroger admits that it recognizes the importance of superior customer service, and that Kroger competes with a variety of competitors in this regard, but otherwise denies the remaining allegations in Paragraph 69.

70.    Kroger admits that it competes for customers with various retail competitors, not limited to Albertsons, by offering in-store services such as meat-cutting, bakeries, Starbucks counters, floral counters, and pharmacies. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 through 4 of Paragraph 70 as they relate to Albertsons or are redacted and therefore denies the allegations. Kroger states that the uncited and selective quotations of Kroger's documents in sentence 5 of Paragraph 70 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context.

71.    Kroger admits that offering pharmacy services is an important way for it to attract customers and that Kroger competes vigorously with many pharmacies, including but not limited to Albertsons in some geographies, that attracting pharmacy patients can increase revenue for those patients who also are purchasing groceries, and that some pharmacy patients may visit its stores more often, but otherwise denies the allegations in sentences 1 and 3 of Paragraph 71. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 and 4 of Paragraph 71 as they relate to Albertsons and therefore denies the allegations. Kroger states that the uncited and selective quotations of Kroger's documents in sentence 5 of Paragraph 71 are taken out of context and misleading, denies any characterization or description

that is inconsistent therewith, and refers the Court to the documents themselves for their full context.

72.    Kroger admits that it competes with various other pharmacies, including Albertsons. Kroger states that the uncited and selective quotations of Kroger's documents in sentences 2 through 4 and 6 of Paragraph 72 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context. Kroger denies the remaining allegations of Paragraph 72.

73.    Kroger admits that competition from various other pharmacies incentivizes it to offer promotions and adjust pharmacy hours and staffing to be more attractive to patients. Kroger states that the uncited and selective quotations of Kroger's documents in sentence 2 of Paragraph 73 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the documents themselves for their full context. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 73 to the extent they relate to Albertsons and on that basis denies these allegations.

74.    Kroger denies the allegations in Paragraph 74.

75.    Kroger denies the allegations in Paragraph 75.

## V.    THE PROPOSED ACQUISITION MAY SUBSTANTIALLY LESSEN COMPETITION FOR LABOR

76.    The allegations in Paragraph 76 constitute characterizations of legal analysis or conclusions not subject to admission or denial. To the extent a response is required, Kroger denies the allegations.

77.    Kroger denies the allegations in sentence 1 of Paragraph 77. Kroger states that as of October 2022, Kroger and Albertsons combined employed over 700,000 workers across the United States, and that it competes with many employers, including Albertsons, to hire and retain workers, but otherwise denies the allegations in sentence 2 of Paragraph 77.

78.     Kroger admits that it monitors wages and benefits of many employers to attract and retain labor, but otherwise denies the allegations in sentence 1 of Paragraph 78. Kroger admits that it offers promotions, retention bonuses, and improved hours to retain high-performing workers. Kroger admits that it competes to hire workers from Albertsons and many other employers, including both retailers selling grocery products and others. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 78 to the extent they relate to Albertsons and on that basis denies these allegations. Kroger otherwise denies the remaining allegations in Paragraph 78.

79.     Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 and 3 of Paragraph 79 to the extent they relate to Albertsons and on that basis denies these allegations. Kroger further responds that the selective quotations of uncited Kroger documents in sentence 4 of Paragraph 79 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, and refers the Court to the document itself for its full context. Kroger denies the remaining allegations of Paragraph 79.

80.     Kroger denies the allegation in sentence 1 of Paragraph 80. Kroger admits that most of its employees are members of unions, predominantly the UFCW, and that it employs UFCW union members in 30 states. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in sentence 3 and the allegations in sentence 4 of Paragraph 80 to the extent they relate to Albertsons and on that basis denies these allegations.

81.     Kroger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of Paragraph 81 and denies the allegations on that basis. Kroger denies the allegations in sentence 2 of Paragraph 81.

**A.     UNION GROCERY LABOR IS A RELEVANT MARKET**

82.     Kroger denies the allegations in sentence 1 of Paragraph 82 and denies that "Union grocery labor" defines a relevant antitrust market, or any economically meaningful market or set

Page 19 –   DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE
            DEFENSES

of workers. Kroger admits that it negotiates collective bargaining agreements with unions every three to five years, and that these agreements cover wages, benefits, and other workplace conditions. Kroger further admits that union members would not have to restart their five-year vesting requirement for multi-employer pension benefits if they move to another employer covered by the same union, but would lose such benefits if they leave for a non-union employer. Kroger otherwise denies the allegations in Paragraph 82.

83.     Kroger states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 83 to the extent they relate to third parties and on that basis denies these allegations. Kroger admits that grocery worker pensions vest after a certain number of consecutive years of employment but otherwise denies the allegations in Paragraph 83.

### B.    LOCAL CBA AREAS ARE RELEVANT GEOGRAPHIC MARKETS

84.     Kroger states that the allegations in sentence 1 of Paragraph 84 are vague and ambiguous, including the terms "defined localized areas" and "union supermarkets", and on that basis denies the allegations. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 84 to the extent they relate to Albertsons and on that basis denies these allegations. Kroger admits that it negotiates and enters into CBAs in localized areas of the country and that store-level hiring decisions are typically made locally, but otherwise denies the allegations in Paragraph 84.

85.     Kroger denies the allegations in Paragraph 85.

86.     Kroger denies the allegations in Paragraph 86.

### C.    THE PROPOSED ACQUISITION IS PRESUMPTIVELY UNLAWFUL

87.     Kroger states that the allegations in Paragraph 87 are vague and ambiguous, including the terms "union grocery labor," "union grocery employers," "local CBA areas," and "largest" for which no metric of measurement is defined, and denies the allegations on that basis. Kroger denies that "union grocery labor," "union grocery employers," and "local CBA areas,"

constitute a relevant antitrust market, or any economically meaningful market or set of workers. Kroger lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentences 1 and 2 of Paragraph 87 to the extent they relate to Albertsons and on that basis denies these allegations. Kroger admits that it negotiates with local unions in many states but otherwise denies the remaining allegations in Paragraph 87.

### D. THE PROPOSED ACQUISITION WOULD ELIMINATE COMPETITION BETWEEN DEFENDANTS FOR UNION GROCERY LABOR

88.    Kroger denies the allegations in Paragraph 88.

89.    Kroger denies the allegations in Paragraph 89.

90.    Kroger states that the allegations in Paragraph 90 are vague and ambiguous, including the terms "union grocery operators," "union grocery workers," and "largest" for which no metric of measurement is defined, and denies the allegations on that basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations of Paragraph 90 to the extent they relate to Albertsons and on that basis denies these allegations. Kroger admits that it negotiates collective bargaining agreements with local unions, that it competes with many employers, including Albertsons, to attract and retain labor, and that it investigates wages and benefits offered by various other employers in conjunction with these negotiations, but otherwise denies the allegations in Paragraph 90.

91.    Kroger states that the allegations in sentence 1 of Paragraph 91 are vague and ambiguous, including the terms "union grocery operations," "simultaneously," and "often" and denies these allegations on that basis. Kroger states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 2 of Paragraph 91 to the extent they relate to unions and/or third parties and on that basis denies the allegations. Kroger denies the allegations in sentence 3 of Paragraph 91. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 4 of Paragraph 91 to the extent they relate to Albertsons or are redacted and on that basis denies these allegations. Kroger denies the allegations in sentence 5 of Paragraph 91.

Page 21 –    DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES

92.    Kroger admits the allegations in sentence 1 of Paragraph 92. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 2 and 4 of Paragraph 92 to the extent they relate to unions, workers and/or third parties and on that basis denies these allegations. Kroger states that the allegations in sentences 2 and 3 of Paragraph 92 are vague and ambiguous, including the term "competing supermarket[s]," and denies the allegations on that basis. Kroger admits that unions leverage the fact that Kroger may lose sales to a broad range of competing retailers, but otherwise denies the allegations in sentence 4 of Paragraph 92. Kroger denies the allegations in sentence 5 of Paragraph 92. Kroger further responds that the selective quotation of an uncited Kroger document in sentence 6 of Paragraph 92 is taken out of context and misleading, denies any characterization or description that is inconsistent therewith, refers the Court to the document itself for full context, and denies these allegations on this basis.

93.    Kroger denies the allegations in sentence 1 of Paragraph 93. Kroger admits that in January 2022, UFCW Local 7 struck Kroger's King Soopers stores in the Denver, Colorado area. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 3 of Paragraph 93 to the extent they relate to third parties and on that basis denies these allegations.

94.    Kroger responds that the selective quotation of an uncited Kroger document in sentence 1 of Paragraph 94 is taken out of context and misleading, denies any characterization or description that is inconsistent therewith, refers the Court to the document itself for full context, and denies these allegations on this basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 2 of Paragraph 94 to the extent they relate to Albertsons and on that basis denies these allegations.

95.    Kroger responds that the selective reference to an uncited Kroger document in sentence 1 of Paragraph 95 is taken out of context and misleading, denies any characterization or description that is inconsistent therewith, refers the Court to the document itself for full context,

and denies these allegations on this basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 and 3 of Paragraph 95 to the extent they relate to Albertsons or are redacted and on that basis denies these allegations.

96.    Kroger admits that it negotiated a new CBA with UFCW Local 7 that resulted in wage increases and safety protections, ending the January 2022 strike. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 through 4 of Paragraph 96 to the extent they relate to Albertsons and/or third parties and on that basis denies these allegations.

97.    Kroger denies the allegations in sentences 1 and 2 of Paragraph 97. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 3 of Paragraph 97 to the extent they relate to Albertsons and on that basis denies these allegations.

98.    Kroger denies the allegations in sentence 1 of Paragraph 98. Kroger further responds that the selective quotation of Kroger's document in sentence 2 of Paragraph 98 is taken out of context and misleading, denies any characterization or description that is inconsistent therewith, refers the Court to the document itself for full context, and denies these allegations on this basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 3 of Paragraph 98 to the extent they relate to Albertsons and on that basis denies these allegations.

99.    Kroger responds that the selective quotations of Kroger's document in sentences 2 and 3 of Paragraph 99 are taken out of context and misleading, denies any characterization or description that is inconsistent therewith, refers the Court to the document itself for full context, and denies these allegations on this basis. Kroger denies the remaining allegations in Paragraph 99.

100.    Kroger denies the allegations in sentence 1 of Paragraph 100. Kroger responds that the selective quotations of Kroger's document in sentences 2 and 3 of Paragraph 100 are taken out

of context and misleading, denies any characterization or description that is inconsistent therewith, refers the Court to the document itself for full context, and denies these allegations on this basis.

101.   Kroger denies the allegations in Paragraph 101.

## VI.   LACK OF COUNTERVAILING FACTORS

### A.   ENTRY WOULD NOT DETER OR COUNTERACT THE ANTICOMPETITIVE EFFECTS OF THE PROPOSED ACQUISITION

102.   Kroger denies the allegations in Paragraph 102.

103.   Kroger denies the allegations in Paragraph 103.

### B.   DEFENDANTS CANNOT DEMONSTRATE EFFICIENCIES SUFFICIENT TO REBUT THE PRESUMPTION OF HARM

104.   Kroger denies the allegations in Paragraph 104.

### C.   THE PROPOSED DIVESTITURE DOES NOT SUFFICIENTLY MITIGATE THE LIKELY ANTICOMPETITIVE EFFECTS OF THE PROPOSED ACQUISITION

105.   Kroger admits that it announced a divestiture of 413 stores and other assets across 17 states and the District of Columbia to C&S Wholesale Grocers, LLC on September 8, 2023, which was updated and expanded to 579 stores on April 22, 2024 in an Amended and Restated Asset Purchase Agreement with Albertsons and C&S, but otherwise denies the allegations in Paragraph 105.

106.   Kroger admits that the proposed divestiture to C&S does not include stores in certain local areas where both Kroger and Albertsons currently have stores, because the presence of other competitors will continue to ensure robust competition post-merger, but Kroger otherwise denies the allegations in Paragraph 106.

107.   Kroger denies the allegations in Paragraph 107.

108.   Kroger denies the allegations in sentence 1 of Paragraph 108. Kroger admits that on September 8, 2023, it signed an Asset Purchase Agreement and Transition Services Agreement with Albertsons and C&S that includes the divestiture of at least 413 stores nationwide to C&S, updated and expanded to 579 stores on April 22, 2024 in an Amended and Restated Asset Purchase

Agreement with Albertsons and C&S, but Kroger denies the remaining allegations in sentence 2 of Paragraph 108. Kroger further states that the allegation in sentence 3 of Paragraph 108, including the term "ongoing business unit," is vague and ambiguous and denies the allegation on that basis. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 4 of Paragraph 108 to the extent they relate to C&S, Albertsons, or are redacted and on that basis denies these allegations.

109.    Kroger admits that its proposed divestiture to C&S does not include every private label brand, every self-manufacturing facility, every data-analytics capability, or every regional and corporate support team but otherwise denies the allegations in Paragraph 109.

110.    Kroger denies the allegations in sentence 1 of Paragraph 110. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 2 of Paragraph 110 to the extent they relate to C&S, or are redacted, and on that basis denies these allegations. Kroger denies the allegations in sentence 3 of Paragraph 110.

111.    Kroger denies the allegations in sentence 1 of Paragraph 111. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentences 2 through 5 of Paragraph 111 to the extent they relate to C&S or are redacted, and on that basis denies these allegations. Kroger further denies the allegations in sentence 6 of Paragraph 111.

112.    Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 112 to the extent they relate to C&S and/or Albertsons and on that basis denies these allegations. Kroger admits that C&S has represented that it is a seasoned, well-positioned supermarket operator with an intent to operate any divested stores in the future, but otherwise denies the remaining allegations in Paragraph 112.

113.    Kroger admits that it, Albertsons, and C&S have stated there will be no store closures as a result of the merger. Kroger lacks knowledge or information sufficient to form a

belief about the truth or falsity of the remaining allegations in Paragraph 113 to the extent they relate to C&S or are redacted and on that basis denies these allegations.

114.    Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in sentence 2 of Paragraph 114 to the extent they relate to C&S or are redacted and on that basis denies these allegations. Kroger denies the remaining allegations of Paragraph 114.

115.    Kroger denies the allegations in sentence 1 of Paragraph 115. Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in Paragraph 115 to the extent they relate to Albertsons and/or Haggen, or are redacted, and on that basis denies these allegations.

116.    Kroger lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 116 to the extent they relate to Albertsons and/or Haggen and on that basis denies these allegations.

117.    Kroger denies the allegations in Paragraph 117.

## VII.   LIKELIHOOD OF SUCCESS ON THE MERITS, BALANCE OF EQUITIES, AND NEED FOR RELIEF

118.    Paragraph 118 contains legal conclusions to which no response is required. If a response is deemed required, Kroger denies the allegations in Paragraph 118.

119.    Paragraph 119 contains legal conclusions to which no response is required. If a response is deemed required, Kroger denies the allegations in Paragraph 119.

120.    Paragraph 120 contains legal conclusions to which no response is required. If a response is deemed required, Kroger denies the allegations in Paragraph 120.

121.    Paragraph 121 contains legal conclusions to which no response is required. If a response is deemed required, Kroger denies the allegations in Paragraph 121.

122.    Kroger denies the allegations in Paragraph 122.

123.    Kroger denies the allegations in Paragraph 123.

124.    Kroger denies the allegations in Paragraph 124.

## AFFIRMATIVE DEFENSES

125.    In asserting the following defenses, Kroger does not assume any burden of proof with respect to any issue where the applicable law dictates the burden of proof rests with Plaintiffs. Kroger expressly reserves the right to amend or supplement its answer to assert additional defenses as they become known during discovery or otherwise available and does not knowingly or intentionally waive any applicable defense.

### FIRST AFFIRMATIVE DEFENSE

126.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

127.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to define a relevant product or geographic or labor market or markets.

### THIRD AFFIRMATIVE DEFENSE

128.    Plaintiffs' claims are barred, in whole or in part, because the proposed acquisition will not substantially lessen competition in any relevant product or geographic or labor market particularly when accounting for the proposed divestitures.

### FOURTH AFFIRMATIVE DEFENSE

129.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege any plausible harm to consumers or consumer welfare, particularly when accounting for the divestitures.

### FIFTH AFFIRMATIVE DEFENSE

130.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege any plausible harm to labor or employees, particularly when accounting for the divestitures.

### SIXTH AFFIRMATIVE DEFENSE

131.    Plaintiffs' claims are barred, in whole or in part, because the efficiencies and other pro-competitive effects resulting from the transaction will benefit consumers.

## SEVENTH AFFIRMATIVE DEFENSE

132.     Plaintiffs' claims are barred, in whole or in part, because the transaction will not harm competition or consumers due to competitor entry and expansion that is timely, likely, and sufficient to replace any competition purportedly lost as a result of the transaction.

## EIGHTH AFFIRMATIVE DEFENSE

133.     Plaintiffs' claims are barred, in whole or in part, because divestitures will eliminate any purported anticompetitive effects.

## NINTH AFFIRMATIVE DEFENSE

134.     Plaintiffs' claims are barred, in whole or in part, because filing this action and granting the relief sought are contrary to the public interest.

WHEREFORE, having fully answered the Complaint and having provided affirmative defenses, Defendant The Kroger Company requests that the Court enter judgment in its favor on all claims asserted by Plaintiffs in their Complaint, award Defendant its costs in this action, and grant such other relief as the Court deems just and proper.

DATED:  April 29, 2024                STOEL RIVES LLP

*s/ B. John Casey*
B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
Telephone:  503.224.3380

*Attorneys for Defendant The Kroger Company*

Page 28 –   DEFENDANT THE KROGER COMPANY'S ANSWER AND AFFIRMATIVE
            DEFENSES

AND

ARNOLD & PORTER KAYE SCHOLER LLP

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
SONIA K. PFAFFENROTH (*Pro Hac Vice*)
sonia.pfaffenroth@arnoldporter.com
JOSHUA M. DAVIS (*Pro Hac Vice*)
joshua.davis@arnoldporter.com
KOLYA D. GLICK (*Pro Hac Vice*)
kolya.glick@arnoldporter.com
JASON C. EWART (*Pro Hac Vice*)
jason.ewart@arnoldporter.com
MICHAEL E. KIENTZLE (*Pro Hac Vice*)
michael.kientzle@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC  20001
Telephone:  202.942.5000

JOHN A. HOLLER (*Pro Hac Vice*)
john.holler@arnoldporter.com
250 W 55th Street
New York, NY  10019
Telephone:  212.836.8000

AND

WEIL, GOTSHAL & MANGES LLP

MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com
JASON N. KLEINWAKS (*Pro Hac Vice*)
jason.kleinwaks@weil.com
2001 M Street, NW, Suite 600
Washington, DC  20036
Telephone:  202.682.7000

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY  10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com
700 Louisiana Street, Suite 3700
Houston, TX  77002
Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:  650.802.3000

*Attorneys for Defendant The Kroger Company*