**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**PETER D. HAWKES,** OSB No. 071986
peter@angelilaw.com
**KRISTEN TRANETZKI,** OSB No. 115730
kristen@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232


**ENU A. MAINIGI**, admitted *pro hac vice*
emainigi@wc.com
**JONATHAN B. PITT**, admitted *pro hac vice*
jpitt@wc.com
**A. JOSHUA PODOLL**, admitted *pro hac vice*
apodoll@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000


**EDWARD HASSI**, admitted *pro hac vice*
thassi@debevoise.com
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000


**MICHAEL SCHAPER**, admitted *pro hac vice*
mschaper@debevoise.com
**SHANNON ROSE SELDEN**, admitted *pro hac vice*
srselden@debevoise.com
**J. ROBERT ABRAHAM**, admitted *pro hac vice*
jrabraham@debevoise.com
**NATASCHA BORN**, admitted *pro hac vice*
nborn@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

**JAMES A. FISHKIN**, admitted *pro hac vice*
james.fishkin@dechert.com
**MICHAEL COWIE**, admitted *pro hac vice*
mike.cowie@dechert.com
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300

*Attorneys for Albertsons Companies, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.<br><br>Defendants. | Case No. 3:24-cv-00347-AN<br><br>DEFENDANT ALBERTSONS<br>COMPANIES, INC.'S<br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES TO COMPLAINT** |

Defendant Albertsons Companies, Inc. ("Albertsons") hereby answers the complaint (the "Complaint") filed by the Federal Trade Commission (the "Commission") and the Attorneys General for the States of Arizona, California, Illinois, Maryland, Nevada, New Mexico, Oregon, and Wyoming (together, the "Plaintiff States," and collectively with the Commission, "Plaintiffs"), related to the proposed merger (the "Merger") between itself and The Kroger Co. ("Kroger")

(collectively with Kroger, "Defendants"), and asserts affirmative and other defenses.    Any
allegation in the Complaint that is not expressly admitted below is denied.[1]

## INTRODUCTION

Plaintiffs' claims are premised entirely on Plaintiffs' distortion and willful ignorance of
basic but critical facts.  Plaintiffs' challenge to the Merger should be rejected for multiple reasons.

***First***, Plaintiffs entirely ignore the commercial realities of the fiercely competitive
landscape in which Defendants participate and the evolution of that landscape in recent years.
Plaintiffs have handcrafted a narrowly defined set of "supermarket" and "supercenter" competitors
as the relevant product market for the purposes of this litigation, but omit obvious competition
from other grocery retailers that public documents and ordinary course business documents
confirm are engaged in vigorous competition with Defendants.  These competitors include big box
retailers such as Walmart — the largest grocer in the U.S. — and Target, club stores such as Costco
— one of Defendants' most fervent competitors — and Sam's Club, limited assortment, specialty
and organic grocers like Aldi, Trader Joe's and Sprouts, dollar stores, and retail giant Amazon
(which owns Whole Foods and Amazon Fresh and operates a significant online grocery business
via Amazon.com).

***Second***, in claiming the Merger will substantially lessen competition, Plaintiffs fail to
account for Kroger's divestment of 579 stores and supporting assets to C&S Wholesale Grocers
("C&S"), a leading grocery wholesaler.  Plaintiffs allege that the "proposed acquisition would
eliminate substantial head-to-head competition between Defendants in the communities in which

---

[1] The Complaint contains section titles, organizational headings, footnotes, and an introductory
statement to which no response is required. To the extent that the titles, headings, footnotes, or
introductory statement may be construed to contain allegations of fact to which a response is
required, Albertsons denies all such allegations.

both firms operate supermarkets *today*," Compl. ¶ 59 (emphasis added), but do not meaningfully address the *hundreds* of stores that Kroger has agreed to divest — divestitures which will preserve competition in local geographies and address any competitive concerns raised by the Merger. Instead, Plaintiffs cast aside the divestiture package as insufficient and ignore the fact that C&S is a large, sophisticated, well-financed company with deep experience in the grocery industry. Contrary to Plaintiffs' allegations, C&S is well-positioned to successfully operate the significant assets that it will receive as part of the divestiture package and execute on its business plans.  And as part of the agreed upon divestiture, C&S will receive the assets necessary to ensure its success — including physical stores, distribution centers to supply the divested stores, store and management personnel, banner rights, popular private label brands and critical transition services.

Plaintiffs also make much of certain previous divestitures in other transactions that bear no resemblance to the robust divestiture package Kroger and C&S have agreed to here.  Specifically, Plaintiffs point to the limited divestitures to Haggen, made in connection with Albertsons' 2015 acquisition of Safeway, and to Lawrence Bros., made in connection with Albertsons' 2013 acquisition of United Supermarkets, and suggest that the failures associated with those divestiture plans mean that *any* divestiture to C&S in connection with *this* Merger is necessarily bound to fail. But contrary to Plaintiffs' allegations, the C&S divestiture bears no resemblance to the 2015 Haggen or 2013 Lawrence Bros. divestitures.  Plaintiffs' failure to account for the effect of the divestiture in preserving local competition is ultimately fatal to their claim.

***Third***, Plaintiffs' second alleged product market — for "union grocery labor" — likewise fails.  This novel product-market theory is not only tailor-made for purposes of this litigation — it is utterly inconsistent with the realities of the fiercely competitive labor market in which Defendants operate, which includes non-union as well as non-grocery retailers (as the Commission

itself has recognized elsewhere). And even if "union grocery labor" were a properly defined antitrust market (which it is not), the Merger would not hinder any union's ability to engage in collective bargaining. The divestiture to C&S will necessarily introduce another union grocery employer in Albertsons' stead, and a larger Kroger union organization will, if anything, have increased — not diminished — bargaining power in collective bargaining negotiations.

Simply put, although Plaintiffs allege that the Merger is likely to harm competition in both of the alleged relevant product markets, the "facts" they have alleged in support of this bold assertion completely ignore both (i) the commercial realities of a marketplace that is highly competitive and rapidly evolving, and (ii) the actual transaction Defendants seek to close (inclusive of the C&S divestitures). For this and many other reasons, Plaintiffs' challenge to the Merger should fail on its merits.

Against this backdrop, Albertsons hereby answers the specific allegations in the Complaint. The Complaint improperly mixes factual averments with legal argument and rhetoric such that admissions or denials of the factual averments are difficult or impossible to make. Moreover, many of the allegations in the Complaint are overbroad, vague, or conclusory, include terms that are undefined and that are susceptible to various interpretations, which Albertsons cannot meaningfully respond to. Accordingly, by way of a general response, all allegations in the Complaint are denied unless specifically admitted, and any factual averment that is admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or the like which are contained in the averment or in the Complaint as a whole. These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## I.      NATURE OF THE CASE

1.      Albertsons admits that Albertsons and Kroger entered into a merger agreement on October 13, 2022, and refers to the merger agreement for its complete content and context. Albertsons is unable to respond to the allegations in the second sentence of Paragraph 1 because the term "supermarket" is vague and ambiguous.  To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 1 and therefore denies the same.  Albertsons denies the remaining allegations in Paragraph 1.

2.      Albertsons is unable to respond to the allegations in Paragraph 2 because the terms "grocery prices," "food insecure," and "low-income" are vague and ambiguous.  To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3.      Albertsons denies the allegations in the first sentence of Paragraph 3.  Albertsons is unable to respond to the allegations in the second sentence of Paragraph 3 because the term "traditional supermarket" is vague and ambiguous.   To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 3 and therefore denies the same.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 3 and therefore denies the same, except admits that as of February 24, 2024, Albertsons operated 2,269 stores and 1,725 pharmacies, and that as of February 24, 2024, Albertsons employed approximately 285,000 associates across 34 states and the District of Columbia.

4.      Albertsons denies the allegations of the first sentence of Paragraph 4, except admits that Albertsons has been involved in past mergers.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 4 and therefore denies the same, except admits that it operates stores under the banners Safeway, Vons, Jewel-Osco, Haggen and Carrs, among others.

5.      Albertsons denies the allegations of the first sentence of Paragraph 5, except admits that Albertsons fiercely competes for consumers with numerous other retailers in local geographies, including, but not limited to, Kroger, and for workers with a wide range of union and non-union employers including, but not limited to, retailers of all sizes, formats, and types, distribution centers, factories, delivery services, rideshare companies, pharmacies, and restaurants in the geographies within which it operates.  To the extent the second sentence of Paragraph 5 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 5 and therefore denies the same. Albertsons denies the remaining allegations in Paragraph 5.

6.      Albertsons denies the allegations in the first and last sentences of Paragraph 6.  To the extent the second and third sentences of Paragraph 6 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 6 and therefore denies the same.

7.      Albertsons denies the allegations in the first sentence of Paragraph 7.  Albertsons denies the remaining allegations in Paragraph 7, except admits that Albertsons competes for workers with a wide range of union and non-union employers, including, but not limited to, retailers of all sizes, formats, and types, distribution centers, factories, delivery services, rideshare companies, pharmacies, and restaurants in the geographies within which it operates and that it negotiates and enters into collective bargaining agreements ("CBAs") in localized areas of the country, which typically govern wages, benefits, and workplace conditions for covered workers.

8.      Albertsons denies the allegations of the first sentence of Paragraph 8.  To the extent the second and third sentences of Paragraph 8 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 8 and therefore denies the same.

9.      Albertsons denies the allegations in the first sentence of Paragraph 9.  The second sentence of Paragraph 9 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in the second sentence of Paragraph 9.

10.     Albertsons denies the allegations in the first sentence of Paragraph 10, except admits that Kroger has agreed to a divestiture package which would transfer hundreds of stores and other assets to C&S Wholesale Grocers, LLC ("C&S"), and refers to the divestiture package for its complete content and context.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the same.

11.     Albertsons denies the allegations in Paragraph 11.

12.     Albertsons denies the allegations in Paragraph 12, except admits that the Commission commenced an administrative proceeding as described in Paragraph 12 and that an administrative hearing on the antitrust merits is currently scheduled to begin on July 31, 2024.

13.     Albertsons denies the allegations in Paragraph 13, except admits that Defendants stipulated to a temporary restraining order and refers to the Stipulated Temporary Restraining Order, ECF No. 14, for its complete content and context.

14.     Paragraph 14 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 15.

## II.    THE PARTIES

16.     Paragraph 16 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the FTC Act, 15 U.S.C. §§ 41 et seq., purports to establish the Federal Trade Commission and refers to the FTC Act for its complete content and context.

17.     Paragraph 17 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the Arizona Attorney General has brought this action as described in Paragraph 17 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

18.     Paragraph 18 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the California Attorney General has brought this action as described in Paragraph 18 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

19.     Paragraph 19 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the District of Columbia Attorney General has brought this action as described in Paragraph 19 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

20.     Paragraph 20 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the Illinois Attorney General has brought this action as described in Paragraph 20 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

21.     Paragraph 21 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the Arizona Attorney General has brought this action as described in Paragraph 21 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

22.     Paragraph 22 states legal conclusions to which no response is required.  To the extent a response is required, To the extent a response is required, Albertsons admits that the Nevada Attorney General has brought this action as described in Paragraph 22 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, and Nevada Revised Statutes §§ 598A.050, 598A.070, 598A.080, and 228.380 for their complete content and context.

23.     Paragraph 23 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the New Mexico Attorney General has brought this action as described in Paragraph 23 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

24.     Paragraph 24 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the Oregon Attorney General has brought this

action as described in Paragraph 24 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

25.    Paragraph 25 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that the Wyoming Attorney General has brought this action as described in Paragraph 25 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

26.    Paragraph 26 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that Plaintiff States have brought this action as described in Paragraph 26 and refers to Section 16 of the Clayton Act, 15 U.S.C. § 26, for its complete content and context.

27.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies the same.

28.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore denies the same.

29.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 29 in any meaningful way because the terms "traditional supermarket chain" and "union grocery workers" are vague and ambiguous.  To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29 and therefore denies the same.  Albertsons denies the remaining allegations in Paragraph 29, except admits: (i) for fiscal year 2023, Albertsons had annual revenues of $79.24 billion; (ii) as of February 24, 2024, Albertsons operated 2,269 stores and 1,725 pharmacies under numerous banners including Albertsons, Safeway, Haggen, Acme, Andronico's, Amigos, Balducci's Food Lovers Market, Carrs, Jewel-Osco, Kings Food Markets, Lucky, Market

Street, Pavilions, Randalls, Shaw's, Star Market, Tom Thumb, United Supermarkets, and Vons across 34 states and the District of Columbia; and (iii) as of February 24, 2024, Albertsons employed approximately 285,000 associates, approximately 200,000 of which are covered by collective bargaining agreements.

30.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 30 in any meaningful way because the term "serial acquisitions" is vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in first sentence of Paragraph 30, except admits that: (i) Albertsons has been involved in past mergers; (ii) in 1998, Albertsons acquired American Stores Company and refers to the relevant transactional documents for their complete content and context; (iii) in 2004, Albertsons acquired Shaw's Supermarkets and refers to the relevant transactional documents for their complete content and context; (iv) in 2013, Albertsons acquired United Supermarkets and refers to the relevant transactional documents for their complete content and context; (v) in 2015, Albertsons acquired Safeway and refers to the relevant transactional documents for their complete content and context; and (vi) in 2016, Albertsons acquired Haggen, including certain stores it had previously divested to Haggen, and refers to the relevant transactional documents for their complete content and context.

## III.    JURISDICTION & VENUE

31.    Paragraph 31 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 31, except admits that Plaintiffs brought an action as described in Paragraph 31 and that Albertsons operates stores in Arizona, California, Illinois, Maryland, Nevada, New Mexico, Oregon, Wyoming, and the District of Columbia.

32.    The first and last sentences of Paragraph 32 state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in the first and last sentences of Paragraph 32.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 32 and therefore denies the same, except admits that, as of April 25, 2024, (i) Albertsons operates 121 stores in Oregon; (ii) Albertsons employed approximately 15,452 individuals in Oregon; and (iii) Albertsons has a division office for its Safeway and Albertsons banners in Oregon.

33.    Paragraph 33 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that Plaintiffs purport to quote from Section 13(b) of the FTC Act, 15 U.S.C. § 53(b) and refers to the FTC Act for its complete content and context.

34.    Paragraph 34 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that Plaintiffs purport to quote from Section 7 of the Clayton Act, 15 U.S.C. § 18, and refers to the Clayton Act for its complete content and context.

35.    Paragraph 35 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 35.

36.    Paragraph 36 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 36, except admits that Plaintiffs seek a preliminary injunction under Section 16 of the Clayton Act, 15 U. S.C. § 26.

37.    Paragraph 37 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons admits that Plaintiffs purport to quote from Section 16 of the Clayton Act, 15 U.S.C. § 26, and refers to the Clayton Act for its complete content and context.

**IV.    THE PROPOSED ACQUISITION MAY SUBSTANTIALLY LESSEN COMPETITION IN LOCAL MARKETS FOR THE SALE OF FOOD AND GROCERY PRODUCTS AT SUPERMARKETS**

38.    Albertsons is unable to respond to the allegations in the first, second and third sentences of Paragraph 38 in any meaningful way because the terms "supermarket," "hundreds of communities" and "substantial head-to-head competition" are vague and ambiguous.  The second sentence of Paragraph 38 also states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in the first, second and third sentences of Paragraph 38.  To the extent the last sentence of Paragraph 38 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.

39.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 39 in any meaningful way because the phrase "unique in their scale and size" is vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 39.  Albertsons is unable to respond to the allegations in the second sentence of Paragraph 39 in any meaningful way because the terms "ecosystem," "benefit," and "local brand recognition" are vague and ambiguous.  To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 39 and therefore denies the same, except admits that Albertsons operates stores under a number of banners including Safeway.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 39 and therefore denies the same.  To the extent the last sentence of Paragraph 39 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.

40.    Albertsons is unable to respond to the allegations in the first, second, third and fourth sentences of Paragraph 40 in any meaningful way because the terms "supermarkets,"

"geographic organizational units," "operational autonomy," "operational division-level," "continuous growth," and "data science capabilities" are vague and ambiguous. To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 40 and therefore denies the same, except admits that Albertsons has 12 divisions which are organized by region. To the extent the last sentence of Paragraph 40 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context. Albertsons denies any characterizations inconsistent with the documents themselves.

41.     Albertsons is unable to respond to the allegations in the first sentence of Paragraph 41 in any meaningful way because the term "supermarket customers" is vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 41, except admits that Albertsons operates pharmacies and fuel stations in certain locations. Albertsons denies the remaining allegations in Paragraph 41, except admits that in fiscal year 2023, pharmacies and fuel stations accounted for 10.4% and 5.5% of Albertsons' revenue, respectively.

42.     Albertsons is unable to respond to the allegations in the first and third sentence of Paragraph 42 in any meaningful way because the terms "head-to-head," and "in response to each other" are vague and ambiguous. To the extent a response is required, Albertsons admits that it fiercely competes for consumers with numerous other retailers in local geographies, including, but not limited to, Kroger, on the basis of price, product quality, product selection, customer service, and loyalty programs, among other things. To the extent the second sentence of Paragraph 42 purports to quote from or characterize documents, Albertsons refers to the documents for their

complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.  Albertsons denies the allegations in the last sentence of Paragraph 42.

### A.    SUPERMARKETS ARE A RELEVANT PRODUCT MARKET

43.    Paragraph 43 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 43.

44.    Albertsons is unable to respond to the allegations in the first, third, and fourth sentences of Paragraph 44 in any meaningful way because the terms "supermarkets," "one-stop-shopping," "broad," and "deep" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in the first, third, and fourth sentences of Paragraph 44.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 44 and therefore denies the same.

45.    Albertsons is unable to respond to the allegations in Paragraph 45 in any meaningful way because the terms "supermarkets," "food and grocery shopping requirements," and "substantial" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in Paragraph 45.

46.    Albertsons is unable to respond to the allegations in the first, second, third, fourth, and last sentences of Paragraph 46 in any meaningful way because the terms "supermarkets," and "pricing program" are vague and ambiguous.  To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth and last sentences of Paragraph 46 and therefore denies the same, except admits that Albertsons monitors the pricing decisions of many competitors in order to inform its pricing decisions.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 46, including to the extent they are redacted, and therefore denies the same.

47.     Paragraph 47 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 47.

48.     Albertsons is unable to respond to the allegations in Paragraph 48 in any meaningful way because the terms "supermarket(s)," "non-supermarket," "differentiated customer experience," and "SSNIPT" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in Paragraph 48, except admits that there are differences between its stores and other retailers it competes for consumers with.

49.     Albertsons is unable to respond to the allegations in the first and second sentences of Paragraph 49 in any meaningful way because the term "supermarkets," "non-supermarkets," "SSNIPT," and "competitive constraint" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in the first and second sentences of Paragraph 49.  The last sentence of Paragraph 49 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in the last sentence of Paragraph 49.

50.     The first sentence of Paragraph 50 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 50.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 50 and therefore denies the same.

## B.     LOCAL AREAS AROUND STORES ARE RELEVANT GEOGRAPHIC MARKETS

51.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 51 and therefore denies the same.  Albertsons is unable to respond to the allegations in the second and third sentences of Paragraph 51 in any

meaningful way because the terms "supermarket," "retail supermarkets," and "localized areas" are vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the second and third sentences of Paragraph 51, except admits that competition for grocery sales typically occurs at a local level and varies based on local conditions. Albertsons denies the remaining allegations in Paragraph 51.

52.    The first sentence of Paragraph 52 asserts legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 52. Albertsons is unable to respond to the remaining allegations in Paragraph 52 in any meaningful way because the terms "localized markets," "SSNIPT" and "supermarkets" are vague and ambiguous. To the extent a response is required, Albertsons denies the remaining allegations in Paragraph 52.

**C.    THE PROPOSED ACQUISITION IS PRESUMPTIVELY UNLAWFUL**

53.    Albertsons denies the allegations in Paragraph 53, except admits that the Merger Guidelines, which are not binding on the FTC or courts, measure market concentration using the Herfindahl-Hirschman Index ("HHI") and that Paragraph 53 summarizes how the "HHI" calculation is described in the Merger Guidelines, and refers to the Merger Guidelines for their complete content and context.

54.    Albertsons is unable to respond to the allegations in Paragraph 54 in any meaningful way because the terms "caselaw" and "widely accepted economic thinking," "analytical frameworks," "economic methodologies," and "court decisions," are vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in Paragraph 54, except admits that the Department of Justice and the Federal Trade Commission jointly publish the Merger Guidelines, which are not binding on the FTC or courts, and refers to the Merger Guidelines for their complete content and context.

55.     Albertsons denies the allegations in Paragraph 55 except admits that Paragraph 55 summarizes how the "HHI" calculation is described in the Merger Guidelines, which are not binding on the FTC or courts, and refers to the Merger Guidelines for their complete content and context.

56.     Paragraph 56 asserts legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 56.

57.     Paragraph 57 asserts legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 57.

### D.     THE PROPOSED ACQUISITION WOULD ELIMINATE HEAD-TO-HEAD COMPETITION BETWEEN DEFENDANTS

58.     Paragraph 58 asserts legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 58.  To the extent the last sentence of Paragraph 58 purports to quote from or characterize the Merger Guidelines, which are not binding on the FTC or courts, Albertsons refers to the Merger Guidelines for their complete content and context.

59.     Albertsons denies the allegations in Paragraph 59.

60.     Albertsons is unable to respond to the allegations in the first sentence of Paragraph 60 in any meaningful way because the terms "customer base" and "local communities" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 60, except admits that Albertsons and Kroger compete against each other in certain local geographies and that Albertsons fiercely competes for consumers with other retailers, including, but not limited to, Kroger, on the basis of price, product quality, product selection, customer service, and loyalty programs, among other things.  Albertsons is unable to respond to the allegations in the second, third, fifth, and sixth sentences of Paragraph 60 in any meaningful

way because the terms "aggressive price competition," "price check," "tracks," "base pricing," "non-promotional price," "promotional pricing," and "sale price" are vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the second, third, fifth, and sixth sentences of Paragraph 60, except admits that Albertsons monitors the pricing decisions of many competitors in order to inform its pricing decisions. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of Paragraph 60 and therefore denies the same. Albertsons denies the allegations in the last sentence of Paragraph 60.

61.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, including to the extent they are redacted, and therefore denies the same.

62.     Albertsons is unable to respond to the allegations in the first, second, third and last sentences of Paragraph 62 in any meaningful way because the terms "primary competitor," "pricing areas," "high," "low," and "price competition" are vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the first, second, third and last sentences of Paragraph 62, except admits that Albertsons monitors the pricing decisions of many competitors in order to inform its pricing decisions. To the extent the fourth sentence of Paragraph 62 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context. Albertsons denies any characterizations inconsistent with the documents themselves.

63.     Albertsons is unable to respond to the allegations in the first, second, and third sentences of Paragraph 63 in any meaningful way because the terms "promotional pricing discounts," "promotional programs," "discounts," and "promotional offers" are vague and

ambiguous.  To the extent a response is required, Albertsons denies the allegations in the first, second, and third sentences of Paragraph 63, except admits that Albertsons monitors the pricing decisions of many competitors in order to inform its pricing decisions.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 63, including to the extent they are redacted, and therefore denies the same. To the extent the last sentence of Paragraph 63 purports to quote from or characterize testimony from investigational hearings, Albertsons refers to the testimony for its complete content and context.  Albertsons denies any characterizations inconsistent with the testimony itself.

64.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 64 in any meaningful way because the terms "promotional competition" and "regular occurrence" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 64, except admits that Albertsons monitors the pricing decisions of many competitors in order to inform its pricing decisions.  To the extent the second, third and fourth sentences of Paragraph 64 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.  Albertsons denies the allegations in the last sentence of Paragraph 64.

65.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 65 in any meaningful way because the terms "quality" and "variety" are vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 65, except admits that Albertsons and Kroger compete against each other in certain local geographies and that Albertsons fiercely competes for consumers with other retailers, including, but not limited to, Kroger, on the basis of product quality and product selection, among other

things.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 65 and therefore denies the same.  To the extent the last sentence of Paragraph 65 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.

66.    Albertsons is unable to respond to the allegations in the first and second sentences of Paragraph 66 in any meaningful way because the terms "freshest," "highest quality," and "regularly benefit" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in the first and second sentences of Paragraph 66, except admits that Albertsons and Kroger compete against each other in certain local geographies and that Albertsons fiercely competes for consumers with other retailers, including, but not limited to, Kroger, on the basis of product quality and product selection, among other things.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 66 and therefore denies the same.  To the extent the last sentence of Paragraph 66 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.

67.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 67 and therefore denies the same, except admits that Albertsons monitors branded and private-label products sold by other competing retailers, including, but not limited to, Kroger.  Albertsons denies the allegations in the last sentence of Paragraph 67.

68.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 68 in any meaningful way because the terms "store re-models" and "robust competition," are vague and ambiguous.  To the extent a response is required, Albertsons admits that Albertsons and Kroger compete against each other in certain local geographies and that Albertsons fiercely competes for consumers with other retailers, including, but not limited to, Kroger, on the basis of price, product quality, product selection, customer service, and loyalty programs, among other things.    To the extent the second and third sentences of Paragraph 68 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 68 and therefore denies the same.

69.    Albertsons is unable to respond to the allegations in the first and third sentences of Paragraph 69 in any meaningful way because the terms "superior customer services" and "improved customer services" are vague and ambiguous.  To the extent a response is required, Albertsons admits that Albertsons and Kroger compete against each other in certain local geographies and that Albertsons fiercely competes for consumers with other retailers, including, but not limited to, Kroger, on the basis of price, product quality, product selection, customer service, and loyalty programs, among other things.  To the extent the second and last sentences of Paragraph 69 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth, sixth, and seventh sentences of Paragraph 69,

including to the extent they are redacted, and therefore denies the same, except admits that Albertsons offers curbside pickup.

70.     Albertsons is unable to respond to the allegations in the first sentence of Paragraph 70 in any meaningful way because the terms "supermarket customers" and "robust in-store services" are vague and ambiguous.  To the extent a response is required, Albertsons admits that Albertsons and Kroger compete against each other in certain local geographies and that Albertsons fiercely competes for consumers with other retailers, including, but not limited to, Kroger, on the basis of price, product quality, product selection, customer service, and loyalty programs, among other things.  To the extent the second, third and fourth sentences of Paragraph 70 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 70, including to the extent they are redacted, and therefore denies the same.

71.     Albertsons denies the first sentence of Paragraph 71, except admits (i) that Albertsons operates pharmacies; (ii) that pharmacies made up 10.4% of Albertsons' revenue in fiscal year 2023; and (iii) that Albertsons is in fierce competition with many pharmacies, including, but not limited to Kroger in certain geographies, on the basis of price, product quality, production selection, customer service, and loyalty programs, among other things.  To the extent the second, third and fourth sentences of Paragraph 71 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.  Albertsons lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 71, including to the extent they are redacted, and therefore denies the same.

72.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, including to the extent they are redacted, and therefore denies the same, except admits that in 2023, Albertsons offered customers a discount for grocery items with a new or transferred prescription and that Albertsons is in fierce competition with many pharmacies, including, but not limited to Kroger in certain geographies, on the basis of price, product quality, production selection, customer service, and loyalty programs, among other things.

73.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, including to the extent they are redacted, and therefore denies the same, except admits that Albertsons is in fierce competition with many pharmacies, including, but not limited to Kroger in certain geographies, on the basis of price, product quality, production selection, customer service, and loyalty programs, among other things.

74.    Albertsons denies the allegations in Paragraph 74.

75.    Albertsons denies the allegations in Paragraph 75.

## II.    THE PROPOSED ACQUISITION MAY SUBSTANTIALLY LESSEN COMPETITION FOR LABOR

76.    Paragraph 76 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 76.

77.    Albertsons denies the allegations in Paragraph 77, except admits that Albertsons employed approximately 285,000 individuals across the country as of February 24, 2024, and fiercely competes for workers with a wide range of union and non-union employers, including Kroger in certain local geographies.

78. Albertsons denies the allegations in Paragraph 78, excepts admits that Albertsons fiercely competes for workers with a wide range of union and non-union employers, including Kroger in certain local geographies, on the basis of compensation, benefits, and other criteria.

79. Albertsons denies the allegations in the first sentence of Paragraph 79. To the extent the second and third sentences of Paragraph 79 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context. Albertsons denies any characterizations inconsistent with the documents themselves. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 79 and therefore denies the same.

80. Albertsons is unable to respond to the allegations in the first sentence of Paragraph 80 in any meaningful way because the term "union grocery workers" is vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 80. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 80 and therefore denies the same, except admits that the majority of Albertsons' in-store associates are represented by United Food and Commercial Workers ("UFCW").

81. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 81 and therefore denies the same. Albertsons denies the allegations in the last sentence of Paragraph 81.

A.   **UNION GROCERY LABOR IS A RELEVANT MARKET**

82. The first sentence of Paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 82. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and therefore denies the same, except

PAGE 26 – DEFENDANT ALBERTSONS' ANSWER AND AFFIRMATIVE DEFENSES TO
      COMPLAINT

admits that Albertsons negotiates and enters into CBAs with local unions representing its associates, and that the CBAs typically govern wages, benefits and workplace conditions for covered workers.

83.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies the same, except admits that pension benefits vest as provided in the relevant CBAs.

**B.    LOCAL CBA AREAS ARE RELEVANT GEOGRAPHIC MARKETS**

84.    Albertsons is unable to respond to the allegations in Paragraph 84 in any meaningful way because the terms "defined localized areas" and "union supermarkets" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in Paragraph 84, except admits that Albertsons negotiates and enters into CBAs in localized areas of the country, Albertsons considers wages and benefits offered by other employers, both union and non-union, in connection with CBA negotiations, and that store-level hiring decisions are typically made locally.

85.    Paragraph 85 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 85.

86.    Albertsons is unable to respond to the allegations in Paragraph 86 in any meaningful way because the terms "competing grocery chains," "SSNIPT" and "union grocery stores" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in Paragraph 86.

**C.    THE PROPOSED ACQUISITION IS PRESUMPTIVELY UNLAWFUL**

87.    Albertsons is unable to respond to the allegations in Paragraph 87 in any meaningful way because the terms "union grocery labor," "union grocery employers," "local CBA areas," and "largest" are vague and ambiguous.  To the extent a response is required, Albertsons lacks

PAGE 27 – DEFENDANT ALBERTSONS' ANSWER AND AFFIRMATIVE DEFENSES TO
    COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in Paragraph 87 and therefore denies the same, except admits that Albertsons negotiates with local unions in many states and that Kroger negotiates with some of the same local unions.  The remaining allegations in Paragraph 87 also state legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the remaining allegations in Paragraph 87.

>    **D.    THE PROPOSED ACQUISITION WOULD ELIMINATE COMPETITION BETWEEN DEFENDANTS FOR UNION GROCERY LABOR**

88.    Paragraph 88 states legal conclusions to which no response is required.  To the extent a response is required, Albertsons denies the allegations in Paragraph 88.

89.    Albertsons is unable to respond to the allegations in Paragraph 89 because the term "union grocery labor" is vague and ambiguous.  To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies the same.

90.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 90 in any meaningful way because the terms "union grocery operators," "union grocery workers," and "largest" are vague and ambiguous.  To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in Paragraph 90 and therefore denies the same.  Albertsons denies the remaining allegations in Paragraph 90, except admits that Albertsons negotiates and enters into CBAs with unions representing its associates.

91.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 91 in any meaningful way because the terms "union grocery operations" and "often" are vague and ambiguous.  To the extent a response is required, Albertsons denies the allegations in the first

sentence of Paragraph 91, except admits that it sometimes negotiates CBAs with local unions around the same time that those same unions are in negotiations with Kroger. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 91 and therefore denies the same. Albertsons denies the allegations in the third sentence of Paragraph 91. To the extent the fourth sentence of Paragraph 91 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context. Albertsons denies any characterizations inconsistent with the documents themselves. Albertsons denies the allegations in the last sentence of Paragraph 91.

92.      Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 92 and therefore denies the same, except admits that the ability of local unions to strike or threaten to strike is a form of leverage during CBA negotiations. Albertsons is unable to respond to the allegations in the second and third sentences of Paragraph 92 in any meaningful way because the terms "competing supermarkets" and "union grocery employer" are vague and ambiguous. To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 92 and therefore denies the same. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, including to the extent they are redacted, and therefore denies the same.

93.      Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies the same.

94.      Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 94 and therefore denies the same. To the extent the remaining allegations of Paragraph 94 purport to quote from or characterize documents,

Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.

95.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 95, including to the extent they are redacted, and therefore denies the same.  To the extent the remaining allegations of Paragraph 95 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.

96.     Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in in the first sentence of Paragraph 96 and therefore denies the same. Albertsons denies the remaining allegations in Paragraph 96, except admits that Albertsons negotiates and enters into CBAs with UFCW Local 7.

97.     Albertsons denies the allegations in the first and second sentences of Paragraph 97. To the extent the allegations in the third sentence of Paragraph 97 purport to quote from or characterize documents, Albertsons refers to the documents for their complete content and context. Albertsons denies any characterizations inconsistent with the documents themselves.

98.     Albertsons is unable to respond to the allegations in the first sentence of Paragraph 98 in any meaningful way because the terms "coordinate" and "align" are vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 98, and avers that Albertsons has not engaged with Kroger in CBA negotiations in any illegal or anticompetitive manner.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 98, including to the extent they are redacted, and therefore denies the same.  To the extent the third sentence of

Paragraph 98 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context. Albertsons denies any characterizations inconsistent with the documents themselves.

99.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 99 in any meaningful way because the term "coordination efforts" is vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 99, and avers that Albertsons has not engaged with Kroger in CBA negotiations in any illegal or anticompetitive manner. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99, including to the extent they are redacted, and therefore denies the same.

100.    Albertsons is unable to respond to the allegations in the first sentence of Paragraph 100 in any meaningful way because the phrase "lack of alignment" is vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the first sentence of Paragraph 100. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 100, including to the extent they are redacted, and therefore denies the same.

101.    Albertsons denies the allegations in Paragraph 101.

## III.    LACK OF COUNTERVAILING FACTORS

### A.    ENTRY WOULD NOT DETER OR COUNTERACT THE ANTICOMPETITIVE EFFECTS OF THE PROPOSED ACQUISITION

102.    Albertsons denies the allegations in Paragraph 102.

103.    Albertsons is unable to respond to the allegations in Paragraph 103 in any meaningful way because the terms "union grocery employers" and "union grocers" are vague and

ambiguous. To the extent a response is required, Albertsons denies the allegations in Paragraph

103.

> **B.    DEFENDANTS CANNOT DEMONSTRATE EFFICIENCIES SUFFICIENT TO REBUT THE PRESUMPTION OF HARM**

104.    Paragraph 104 states legal conclusions to which no response is required. To the

extent a response is required, Albertsons denies the allegations in Paragraph 104.

> **C.    THE PROPOSED DIVESTITURE DOES NOT SUFFICIENTLY MITIGATE THE LIKELY ANTICOMPETITIVE EFFECTS OF THE PROPOSED ACQUISITION**

105.    Albertsons denies the allegations in Paragraph 105, except admits that Kroger has

agreed to a divestiture package which would transfer hundreds of stores and other assets to C&S

and refers to the divestiture package for its complete content and context.

106.    Albertsons denies the allegations in Paragraph 106, except admits that the

divestiture package agreed to by Kroger does not include stores in certain local areas where both

Kroger and Albertsons currently have stores and avers the presence of other competitors will

continue to ensure robust competition post-merger.

107.    Albertsons denies the allegations in Paragraph 107.

108.    Albertsons is unable to respond to the allegations in Paragraph 108 in any

meaningful way because the terms "competitive diminution," "outright failure," "ongoing business

units," and "scale," among others, are vague and ambiguous. To the extent a response is required,

Albertsons denies the allegations in Paragraph 108, except admits that Kroger has agreed to a

divestiture package which would transfer hundreds of stores and other assets to C&S and refers to

the proposed divestiture package for its complete content and context.

109.    Albertsons is unable to respond to the allegations in the first, second, and third

sentences of Paragraph 109 in any meaningful way because the terms "supermarket business,"

"popular," "self-manufacturing facilities," "established data-analytics capabilities," among others, are vague and ambiguous. To the extent a response is required, Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 109 and therefore denies the same, except admits that Kroger has agreed to a divestiture package which would transfer hundreds of stores and other assets to C&S and refers to the proposed divestiture package for its complete content and context. Albertsons denies the allegations in the last sentence of Paragraph 109.

110.    Albertsons is unable to respond to the allegations in the first and last sentences of Paragraph 110 in any meaningful way because the terms "coordinate," "competitively relevant services," "pricing and promotional activities," and "entanglement" are vague and ambiguous. To the extent a response is required, Albertsons denies the allegations in the first and last sentences of Paragraph 110. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 110 and therefore denies the same.

111.    Albertsons denies the allegations in the first sentence of Paragraph 111. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences of Paragraph 111 and therefore denies the same. Albertsons denies the allegations in the last sentence of Paragraph 111.

112.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 112 and therefore denies the same. Albertsons denies the remaining allegations in Paragraph 112, except admits that C&S has represented that it is a seasoned, well-positioned supermarket operator that has stated its intent to operate any divested stores in the future.

113.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and therefore denies the same, except Albertsons admits it is unaware of any planned store closures in connection with the merger or divestiture plan.  To the extent the first sentence of Paragraph 113 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context.  Albertsons denies any characterizations inconsistent with the documents themselves.

114.    Albertsons denies the allegations in the first sentence of Paragraph 114.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 114 and therefore denies the same. Albertsons denies the allegations in the third sentence of Paragraph 114.

115.    Albertsons denies the allegations in the first sentence of Paragraph 115.  Albertsons denies the allegations in the second sentence of Paragraph 115, except admits that Albertsons acquired United Supermarkets in 2013 and Safeway in 2015 and refers to the relevant transactional documents for their complete content and context.  Albertsons admits that two stores were divested to Lawrence Bros. pursuant to a consent order with the Federal Trade Commission entered in connection with Albertsons' acquisition of United Supermarkets.  Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 115 and therefore denies the same, except admits that Albertsons reacquired one of the stores that had been previously divested to Lawrence Bros.  Albertsons denies the allegations in the sixth sentence of Paragraph 115.  Albertsons also denies the allegations in the seventh, eighth, and ninth sentences of Paragraph 115, except admits that certain stores were divested to multiple buyers, including Haggen, pursuant to a consent order with the Federal Trade Commission entered in connection with Albertsons' acquisition of Safeway.  To the extent the

tenth sentence of Paragraph 115 purports to quote from or characterize documents, Albertsons refers to the documents for their complete content and context. Albertsons denies any characterizations inconsistent with the documents themselves. Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the eleventh and twelfth sentences of Paragraph 115 and therefore denies the same. Albertsons denies the last sentence of Paragraph 115, except admits that Albertsons reacquired from Haggen certain stores that had been divested to Haggen in connection with the Albertsons-Safeway transaction and that Albertsons acquired certain additional stores from Haggen as well as rights to the Haggen banner.

116.    Albertsons lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and therefore denies the same.

117.    Albertsons denies the allegations in the first sentence of Paragraph 117 of the Complaint. The last sentence of Paragraph 117 states legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations in Paragraph 117.

## IV.    LIKELIHOOD OF SUCCESS ON THE MERITS, BALANCE OF EQUITIES, AND NEED FOR RELIEF

118.    Paragraph 118 states legal conclusions to which no response is required. To the extent a response is required, Albertsons states that Paragraph 118 is an incomplete description of Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and Section 16 of the Clayton Act, 15 U.S.C. § 26.

119.    Paragraph 119 states legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations in Paragraph 119.

120.    Paragraph 120 states legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations in Paragraph 120.

121.    Paragraph 121 states legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations in Paragraph 121.

122.    Paragraph 122 states legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations in Paragraph 122, except admits that the Commission voted to issue an administrative complaint.

123.    Paragraph 123 states legal conclusions to which no response is required. To the extent a response is required, Albertsons denies the allegations in Paragraph 123.

124.    Paragraph 124 states legal conclusions to which no response is required. To the extent a response is required, Albertsons denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Albertsons asserts the following defenses, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs:

1.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to state a claim on which relief can be granted.

2.    Granting the relief sought is inequitable and contrary to the public interest.

3.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege a plausible relevant product market or markets.

4.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege a plausible geographic market or markets.

5.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege undue share in any plausibly defined relevant market.

6.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege any plausible harm to competition, particularly when accounting for the divestitures.

PAGE 36 – DEFENDANT ALBERTSONS' ANSWER AND AFFIRMATIVE DEFENSES TO
        COMPLAINT

7.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege any plausible harm to consumers, particularly when accounting for the divestitures.

8.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege any plausible harm to consumer welfare, particularly when accounting for the divestitures.

9.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs fail to allege any plausible harm to labor or employees, particularly when accounting for the divestitures.

10.      Plaintiffs' claims are barred, in whole or in part, because the divestitures will eliminate any potential anticompetitive effects.

11.      There will be no harm to competition, consumers, or consumer welfare because expansion by existing competitors can be swift, likely, and sufficient.

12.      There will be no harm to competition, consumers, or consumer welfare because customers have a variety of tools available to ensure that they receive competitive pricing and terms.

13.      There will be no harm to competition for labor or to employees because employees have a variety of tools available to ensure they receive competitive wages and benefits.

14.      The Merger will be procompetitive and will benefit consumers and employees.  It will result in substantial merger-specific efficiencies, including cost synergies, which will allow Albertsons and Kroger to compete for consumers and employees more effectively that they can alone against competition from other retailers.

15.      Albertsons reserves the right to assert any other defenses, as they become known to it.

For the reasons set forth above, Albertsons requests that the Court enter a judgment in its favor as follows:

A.      The Complaint be dismissed with prejudice;

B.      None of the Complaint's contemplated relief issue to Plaintiffs;

C.      Any and all other relief as the Court may deem just and proper.


DATED: April 29, 2024

                              Respectfully submitted,

                                  /s/*Kristen Tranetzki*
                              **DAVID H. ANGELI**, OSB No. 020244
                              david@angelilaw.com
                              **PETER D. HAWKES,** OSB No. 071986
                              peter@angelilaw.com
                              **KRISTEN TRANETZKI,** OSB No. 115730
                              kristen@angelilaw.com
                              ANGELI LAW GROUP LLC
                              121 SW Morrison Street, Suite 400
                              Portland, OR 97204
                              Telephone: (503) 954-2232

                              **ENU A. MAINIGI**, admitted *pro hac vice*
                              emainigi@wc.com
                              **JONATHAN B. PITT**, admitted *pro hac vice*
                              jpitt@wc.com
                              **A. JOSHUA PODOLL**, admitted *pro hac vice*
                              apodoll@wc.com
                              WILLIAMS & CONNOLLY LLP
                              680 Maine Avenue SW
                              Washington, DC 20024
                              Telephone: (202) 434-5000

                              **EDWARD D. HASSI**, admitted *pro hac vice*
                              thassi@debevoise.com
                              DEBEVOISE & PLIMPTON LLP
                              801 Pennsylvania Avenue N.W.
                              Washington, DC 20004
                              Telephone: (202) 383-8000

                              **MICHAEL SCHAPER**, admitted *pro hac vice*
                              mschaper@debevoise.com
                              **SHANNON ROSE SELDEN**, admitted *pro hac vice*
                              srselden@debevoise.com

PAGE 38 – DEFENDANT ALBERTSONS' ANSWER AND AFFIRMATIVE DEFENSES TO
      COMPLAINT

**J. ROBERT ABRAHAM**, admitted *pro hac vice*
jrabraham@debevoise.com
**NATASCHA BORN**, admitted *pro hac vice*
nborn@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

**JAMES A. FISHKIN**, admitted *pro hac vice*
james.fishkin@dechert.com
**MICHAEL COWIE**, admitted *pro hac vice*
mike.cowie@dechert.com
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300

*Attorneys for Albertsons Companies, Inc.*