**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**PETER D. HAWKES,** OSB No. 071986
peter@angelilaw.com
**KRISTEN TRANETZKI,** OSB No. 115730
kristen@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

**ENU A. MAINIGI**, admitted *pro hac vice*
emainigi@wc.com
**JONATHAN B. PITT**, admitted *pro hac vice*
jpitt@wc.com
**A. JOSHUA PODOLL**, admitted *pro hac vice*
apodoll@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000

**EDWARD HASSI**, admitted *pro hac vice*
thassi@debevoise.com
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000

**MICHAEL SCHAPER**, admitted *pro hac vice*
mschaper@debevoise.com
**SHANNON ROSE SELDEN**, admitted *pro hac vice*
srselden@debevoise.com
**J. ROBERT ABRAHAM**, admitted *pro hac vice*
jrabraham@debevoise.com
**NATASCHA BORN**, admitted *pro hac vice*
nborn@debevoise.com
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

STIP. PROTECTIVE ORDER                1

**JAMES A. FISHKIN**, admitted *pro hac vice*
james.fishkin@dechert.com
**MICHAEL COWIE**, admitted *pro hac vice*
mike.cowie@dechert.com
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300

*Attorneys for Albertsons Companies, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., <br><br> Defendants. | Case No.: 3:24-cv-00347-AN <br><br> **STIPULATED PROTECTIVE ORDER** |

Plaintiffs Federal Trade Commission ("FTC" or Commission") and the States of Arizona,

California, Illinois, Maryland, Nevada, New Mexico, Oregon, and Wyoming, and the District of

Columbia and Defendants The Kroger Company and Albertsons Companies, Inc., by and through their respective counsel, have stipulated, pursuant to Federal Rule of Civil Procedure 26(c), to the terms of this Stipulated Protective Order. Discovery in this Action[1] may yield documents and information of a sensitive and confidential nature, including business, commercial, financial, and trade secret information of Defendants or third parties. The Court finds that good cause exists for entry of a protective order in this Litigation to prevent unauthorized disclosure and use of such sensitive and confidential material during and after the course of the Litigation.

**IT IS HEREBY ORDERED THAT** this Stipulated Protective Order shall govern the handling of all Confidential Material and Highly Confidential Material, as hereafter defined.

1.      As used in this Order, "Confidential Material" means any confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P. 26(c)(l)(G), or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available. In addition, a designating party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the designating party believes should receive Confidential treatment. This includes (i) information copied or extracted, summarized or compiled from Confidential Material, and (ii) testimony, conversations, or presentations that might reveal Confidential Material.

2.      As used in this Order, "Highly Confidential Material" shall only include Confidential Material that, if disclosed, is likely to cause material and significant harm to the party or non-party whose Highly Confidential Material is disclosed. Highly Confidential Material includes trade secrets, including algorithms and source code; non-public, commercially

---

[1] As used in this Order, "Action" means the above-captioned litigation and any appeals therefrom.

sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development, testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including deliberations about negotiating positions) taken with respect to Defendant(s) or competitors to Defendant(s); information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; sensitive health information; and communications that disclose any Highly Confidential Material. Highly Confidential Material also includes information that a non-party believes would expose it or new business ventures with which it is associated to potential retribution or harm if the information were disclosed to Defendant(s). Any Document or portion thereof designated "CONFIDENTIAL" under the Protective Order Governing Confidential Material in the FTC Administrative Action shall be treated as Highly Confidential Material for purposes of this Protective Order. Any Document or portion thereof submitted by a Defendant or a nonparty during an FTC investigation, any other Plaintiff's investigation, the FTC Administrative Action, or during the course of this Action that is entitled to confidentiality under the Federal Trade Commission Act, or any federal or state statute or regulation, or under any federal court or Commission precedent interpreting such statute or regulation, as well as any information taken from any portion of such Document, or information that discloses the substance of the contents of any Highly Confidential Materials derived from a Document subject to this Protective Order, shall be treated as Highly Confidential Material for purposes of this Protective Order. The identity of a nonparty, including the identity of a nonparty's employer, submitting such Highly Confidential Material shall also be treated as Highly Confidential Material for the purposes of this Protective Order where the submitter has requested such confidential treatment.

3.      The Parties and any nonparties, in complying with informal discovery requests, disclosure requirements, discovery demands, or subpoenas in this Action, may designate any responsive Document or portion thereof as Confidential Material or Highly Confidential Material, including Documents obtained by them from nonparties pursuant to discovery or as otherwise obtained.

4.      The Parties, in conducting discovery from nonparties, shall provide to each nonparty a copy of this Stipulated Protective Order so as to inform each such nonparty of their rights herein. For the avoidance of doubt, this requirement, and the protections of this Order, shall apply to materials used in this Litigation that were produced by a nonparty in *State of Washington v. The Kroger Co., et al.*, No. 24-2-00977-9 (Wash. Super. Ct.) or *State of Colorado v. The Kroger Co., et al.*, No. 2024CV030459 (Colo. Dist. Ct.).

5.      A designation of confidentiality shall constitute a representation in good faith and after careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes Confidential Material or Highly Confidential Material as defined in Paragraphs 1 and 2 of this Order.

6.      Material may be designated as Confidential Material by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is confidential by placing on or affixing to that folder or box, the designation "CONFIDENTIAL – FTC v. KROGER/ALBERTSONS", "CONFIDENTIAL–FTC v. KROGER, et al., Case No. 3:24-cv-00347-AN" or any other appropriate notice that identifies this Action, together with an indication of the portion or portions of the Document considered to be Confidential Material. Confidential Material contained in electronic Documents may also be designated as confidential by placing the designation "CONFIDENTIAL – FTC v. KROGER/ALBERTSONS", "CONFIDENTIAL–FTC v. KROGER, et al., Case No. 3:24-cv-00347-AN", or any other appropriate notice that identifies this Action, in the Document metadata, image file, or through another mechanism that clearly identifies the Document as confidential. Masked or otherwise redacted copies of Documents may

be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor. The Party or nonparty desiring to designate any or all portions of oral testimony as Confidential Material shall do so by stating orally on the record on the day that the oral testimony is being given or by notifying the Parties in writing of the intention to designate any or all portions of oral testimony as Confidential Material after the oral testimony is given.

      7.      Material may be designated as Highly Confidential Material by placing on or affixing to the Document containing such material (in such manner as will not interfere with the legibility thereof), or if an entire folder or box of Documents is highly confidential by placing on or affixing to that folder or box, the designation "HIGHLY CONFIDENTIAL – FTC v. KROGER/ALBERTSONS", "HIGHLY CONFIDENTIAL–FTC v. KROGER, et al., Case No. 3:24-cv-00347-AN" or any other appropriate notice that identifies this Action, together with an indication of the portion or portions of the Document considered to be Highly Confidential Material. Highly Confidential Material contained in electronic Documents may also be designated as highly confidential by placing the designation "HIGHLY CONFIDENTIAL – FTC v. KROGER/ALBERTSONS", "HIGHLY CONFIDENTIAL–FTC v. KROGER, et al., Case No. 3:24-cv-00347-AN", or any other appropriate notice that identifies this Action, in the Document metadata, image file, or through another mechanism that clearly identifies the Document as highly confidential. Masked or otherwise redacted copies of Documents may be produced where the portions masked or redacted contain privileged matter, provided that the copy produced shall indicate at the appropriate point that portions have been masked or redacted and the reasons therefor. The Party or nonparty desiring to designate any or all portions of oral testimony as Highly Confidential Material shall do so by stating orally on the record on the day that the oral testimony is being given or by notifying the Parties in writing of the intention to designate any or all portions of oral testimony as Highly Confidential Material after the oral testimony is given.

      8.      Confidential Material and Highly Confidential Material shall be disclosed only to: (a) the Court presiding over this Action and personnel assisting the Court, including its support

staff; (b) the Administrative Law Judge presiding over the FTC Administrative Action, and staff and personnel assisting the Administrative Law Judge; (c) Plaintiffs and their employees and outside counsel, and personnel retained by the Plaintiffs as experts or consultants for this Action or the FTC Administrative Action including litigation support services, and their staff provided such personnel have signed Exhibit A; (d) judges and other court personnel of any court having jurisdiction over any appellate proceedings involving this matter or the FTC Administrative Action; (e) outside counsel of record for any Defendant, their associated attorneys and other employees of their law firm(s), provided they are not employees of a Defendant; (f) anyone retained to assist outside counsel of record for any Defendant in the preparation or hearing of this Action or the FTC Administrative Action including experts, consultants, contract attorneys, litigation support services, and their staff, provided they are not affiliated with a Defendant in any way and have signed Exhibit A; (g) anyone retained to assist outside counsel of record for any Plaintiff in the preparation or hearing of this Action or the FTC Administrative Action including experts, consultants, contract attorneys, litigation support services, and their staff provided they have signed Exhibit A, (h) any witness or deponent who may have authored or received the information in question or who had access to the material in the ordinary course of their employment; and (i) any interpreter, court reporter, shorthand reporter, typist or videographer translating, recording, or transcribing Documents or testimony in connection with this Litigation or the FTC Administrative Action. Nothing in this Protective Order precludes a Party from using or disseminating its own Confidential Material or Highly Confidential Material, including for purposes other than litigating this Litigation, or from showing Confidential Material or Highly Confidential Material that it has produced to its own employee-witness or an expert witness retained by the Party.

9.      Access to Confidential Material may be provided on the following terms to the following in-house litigation counsel (the "Designated In-House Litigation Counsel") with responsibilities for the litigation of this Action and whose day-to-day duties with the company do not currently include advising on or participating in Competitive Decision-making: Antonio

Matthews, Senior Counsel, Head of Litigation (Kroger); Jon-Peter Kelly, Senior Vice President, Head of Litigation (Albertsons); Adwoa Ghartey-Tagoe Seymour, Vice President Litigation (Albertsons). To qualify for access under this subpart, Designated In-House Litigation Counsel shall first execute an In-House Litigation Counsel Agreement Concerning Confidentiality (the "IHLC Agreement") in the form of Exhibit B attached hereto (which executed versions shall be maintained by outside counsel for the relevant Defendant and available for inspection upon the request of the Court, any Party, or any nonparty who provides Confidential Material in this Action). Designated In-House Litigation Counsel who execute the IHLC Agreement shall not undertake any duties that include advising on or participating in Competitive Decision-making for a period of nine (9) months following the conclusion of this Action. "Competitive Decision-making" means making, reviewing, or participating in decisions regarding a company's business operations, including development or implementation of competitive strategies, business plans, and third-party negotiations, but does not include the rendering of legal advice as to this litigation, regulatory compliance, and intellectual property issues related to such decisions. Designated In-House Litigation Counsel who execute the IHLC Agreement shall have access to such Confidential Material for the purpose of defending this litigation only. Defendants may amend the list of Designated In-House Litigation Counsel permitted to execute the IHLC Agreement and access Confidential Material; Defendants must, at least five (5) business days in advance of any such amendment, notify all Parties or non-Parties that have produced Confidential Material of the names of any individuals to be added to the list of Designated In-House Litigation Counsel. The access Designated In-House Litigation Counsel may have to Confidential Material is subject to reconsideration for good cause shown. Defendants may file motions seeking modification of this provision to share Highly Confidential Information (identified by Bates Number or other specific descriptor) with Designated In-House Litigation Counsel who have signed the IHLC Agreement. Should a Defendant file such a motion, then Defendant shall contemporaneously notify the Designating Party whose Highly Confidential

Information is the subject of such motion, and that Designating Party shall be afforded the opportunity to respond to Defendants' motion.

10.     Disclosure of Confidential Material or Highly Confidential Material to any person described in Paragraphs 8 and 9 of this Protective Order shall be only for the purposes of the preparation and hearing of this Action and the FTC Administrative Action, or any appeal therefrom, and any legitimate law enforcement purpose, and for no other purpose whatsoever; provided, however, that Plaintiffs may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material and Highly Confidential Material as provided by the FTC's Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any legal obligation imposed. Nothing in this section will prevent non-parties from agreeing to produce Confidential Material or Highly Confidential Material in courts in other jurisdictions, including *State of Washington v. The Kroger Co., et al.*, No. 24-2-00977-9 (Wash. Super. Ct.) or *State of Colorado v. The Kroger Co., et al.*, No. 2024CV030459 (Colo. Dist. Ct.). Plaintiffs and Defendants shall promptly report any confirmed or suspected unauthorized use or disclosure of Confidential Material or Highly Confidential Material to the Court and opposing counsel.

11.     In the event that any Confidential Material or Highly Confidential Material is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal. To the extent that such material was originally submitted by a nonparty, the Party including the material in its papers shall immediately notify the submitter of such inclusion. Confidential Material or Highly Confidential Material contained in the papers shall remain under seal until further order of the Court; provided, however, that such papers may be furnished to persons or entities who may receive Confidential Material or Highly Confidential Material pursuant to Paragraphs 8 and 9. Upon or after filing any paper containing Confidential Material or Highly Confidential Material, the filing Party shall file on the public record a duplicate copy of the paper that does not reveal Confidential Material or Highly Confidential Material. Further, if the

protection for any such Confidential Material or Highly Confidential Material expires, a Party may file on the public record a duplicate copy which also contains the formerly protected Confidential Material or Highly Confidential Material.

12.     The Parties shall propose an orderly process for the treatment of Confidential Material or Highly Confidential Material that any Party wishes to introduce into evidence at the hearing on Plaintiffs' motion for injunctive relief.

13.     If any Party receives a discovery request in any investigation or in any other proceeding or matter that may require the disclosure of Confidential Material or Highly Confidential Material submitted by another Party or nonparty, the recipient of the discovery request shall promptly notify the submitter of receipt of such request. Unless a shorter time is mandated by an order of a court, such notification shall be in writing and be received by the submitter at least ten (10) business days before production, and shall include a copy of this Protective Order and a cover letter that will apprise the submitter of its rights hereunder. Nothing herein shall be construed as requiring the recipient of the discovery request or anyone else covered by this Protective Order to challenge or appeal any order requiring production of Confidential Material or Highly Confidential Material, subject itself to any penalties for non-compliance with any such order, or to seek any relief from the Court. The recipient shall not oppose the submitter's efforts to challenge the disclosure of Confidential Material or Highly Confidential Material. In addition, nothing herein shall limit the applicability of Rule 4.11(e) of the Commission's Rules of Practice, 16 C.F.R. § 4.11(e), to discovery requests in another proceeding that are directed to the Commission.

14.     At the time that any expert, consultant, or other person retained to assist counsel in the preparation of this Litigation concludes participation in the Litigation, such person shall return to counsel or destroy all copies of Documents or portions thereof designated confidential that are in the possession of such person, together with all notes, memoranda or other papers containing confidential material. At the conclusion of this Action and the FTC Administrative Action, including the exhaustion of judicial review, the Parties shall return or destroy Documents

obtained in this Litigation to their submitters; provided, however, that the Commission's

obligation to return or destroy Documents shall be governed by the provisions of Rule 4.12 of

the Rules of Practice, 16 C.F.R. § 4.12 and that the State Plaintiffs' obligations to return or

destroy Documents shall be governed by the provisions of the respective state records retention

statutes.

15.    The provisions of this Protective Order, insofar as they restrict the communication

and use of Confidential Materials and Highly Confidential Materials, shall, without written

permission of the submitter or further order of the Court, continue to be binding after the

conclusion of this Action.

STIPULATED AND AGREED:

**ANGELI LAW GROUP LLC**

/s/ *Peter D. Hawkes*
DAVID H. ANGELI, OSB No. 020244
david@angelilaw.com
PETER D. HAWKES, OSB No. 071986
peter@angelilaw.com
KRISTEN TRANETZKI, OSB No. 115730
kristen@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880


**WILLIAMS & CONNOLLY LLP**

ENU A. MAINIGI (*pro hac vice*)
emainigi@wc.com
JONATHAN B. PITT (*pro hac vice*)
jpitt@wc.com
A. JOSHUA PODOLL (*pro hac vice*)
apodoll@wc.com
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000

**FEDERAL TRADE COMMISSION**

/s/ *Charles Dickinson*
JAMES H. WEINGARTEN, DC Bar #
985070
CHARLES DICKINSON, DC Bar # 997153
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Tel: (202) 326-2381
*jweingarten@ftc.gov; cdickinson@ftc.gov*

*Attorneys for Plaintiff Federal Trade
Commission*


**ARIZONA OFFICE OF THE
ATTORNEY GENERAL**

/s/ *Robert A. Bernheim*
ROBERT A. BERNHEIM
robert.bernheim@azag.gov
JAYME L. WEBER
jayme.weber@azag.gov
VINNY VENKAT
vinny.venkat@azag.gov
CONNOR NOLAN

**DEBEVOISE & PLIMPTON LLP**

EDWARD HASSI (*pro hac vice*)
thassi@debevoise.com
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000

MICHAEL SCHAPER (*pro hac vice*)
mschaper@debevoise.com
SHANNON ROSE SELDEN (*pro hac vice*)
srselden@debevoise.com
J. ROBERT ABRAHAM (*pro hac vice*)
jrabraham@debevoise.com
NATASCHA BORN (*pro hac vice*)
nborn@debevoise.com
66 Hudson Boulevard
New York, NY 10001
Telephone: (212) 909-6000

**DECHERT LLP**

JAMES A. FISHKIN (*pro hac vice*)
james.fishkin@dechert.com
MICHAEL COWIE (*pro hac vice*)
mike.cowie@dechert.com
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3300

*Attorneys for Albertsons Companies, Inc.*

**STOEL RIVES LLP**

/s/ *B. John Casey*
B. JOHN CASEY, Bar No. 120025
john.casey@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

**ARNOLD & PORTER KAYE SCHOLER LLP**

connor.nolan@azag.gov
2005 N. Central Avenue
Phoenix, AZ 85004
Telephone: 602.542.5025

*Attorneys for Plaintiff State of Arizona*

**CALIFORNIA DEPARTMENT OF JUSTICE**

/s/ *Nicole Gordon*
NICOLE GORDON
nicole.gordon@doj.ca.gov
SHIRA HOFFMAN
shira.hoffman@doj.ca.gov
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: 415.510.3458

*Attorneys for Plaintiff State of California*

**OFFICE OF THE ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA**

/s/ *Amanda Hamilton*
AMANDA HAMILTON
amanda.hamilton@dc.gov
C. WILLIAM MARGRABE
will.margrabe@dc.gov
400 Sixth Street NW, 10th Floor
Washington, DC 20001
Telephone: 202.727.3400

*Attorneys for Plaintiff District of Columbia*
**OFFICE OF THE ILLINOIS ATTORNEY GENERAL**

/s/ *Brian M. Yost*
BRIAN M. YOST
brian.yost@ilag.gov
PAUL J. HARPER
paul.harper@ilag.gov
ALICE RIECHERS
alice.riechers@ilag.gov
115 S. LaSalle Street

MATTHEW M. WOLF (*pro hac vice*)
matthew.wolf@arnoldporter.com
SONIA K. PFAFFENROTH (*Pro Hac Vice*)
sonia.pfaffenroth@arnoldporter.com
JOSHUA M. DAVIS (*Pro Hac Vice*)
joshua.davis@arnoldporter.com
KOLYA D. GLICK (*Pro Hac Vice*)
kolya.glick@arnoldporter.com
JASON C. EWART (*Pro Hac Vice*)
jason.ewart@arnoldporter.com
MICHAEL E. KIENTZLE (*Pro Hac Vice*)
michael.kientzle@arnoldporter.com
JOHN A. HOLLER (*Pro Hac Vice*)
john.holler@arnoldporter.com
250 W 55th Street
New York, NY 10019
Telephone: 212.836.8000

**WEIL, GOTSHAL & MANGES LLP**

MARK A. PERRY (*pro hac vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com
JASON N. KLEINWAKS (*Pro Hac Vice*)
jason.kleinwaks@weil.com
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com
700 Louisiana Street, Suite 3700
Houston, TX 77002
Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway

Chicago, IL 60603
Telephone: 872.276.3598

*Attorneys for Plaintiff State of Illinois*

**OFFICE OF THE MARYLAND
ATTORNEY GENERAL**

*/s/ Schonette J. Walker*
SCHONETTE J. WALKER
swalker@oag.state.md.us
GARY HONICK
ghonick@oag.state.md.us
BYRON WARREN
bwarren@oag.state.md.us
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Telephone: 410.576.6470

*Attorneys for Plaintiff State of Maryland*

**OFFICE OF THE NEVADA ATTORNEY
GENERAL**

*/s/ Lucas J. Tucker*
LUCAS J. TUCKER
ltucker@ag.nv.gov
SAMANTHA B. FEELEY
sfeeley@ag.nv.gov
100 N. Carson Street
Carson City, NV 89701
Telephone: 775.684.1100

*Attorneys for Plaintiff State of Nevada*

**NEW MEXICO DEPARTMENT OF
JUSTICE**

*/s/ Julie Ann Meade*
JULIE ANN MEADE
jmeade@nmag.gov
JEFF DAN HERRERA
jherrera@nmag.gov
408 Galisteo Street
Santa Fe, NM 87504
Telephone: 505.717.3500

Redwood Shores, CA 94065
Telephone: 650.802.3000

*Attorneys for Defendant The Kroger
Company*

*Attorneys for Plaintiff State of New Mexico*

**OREGON DEPARTMENT OF JUSTICE**

*/s/ Cheryl F. Hiemstra*
CHERYL F. HIEMSTRA, Bar No. 113857
cheryl.hiemstra@doj.state.of.us
TIM D. NORD, Bar No. 882800
tim.d.nord@doj.state.or.us
CHRIS KAYSER, Bar No. 984244
cjkayser@lvklaw.com
TANIA MANNERS, Bar No. 140363
tmanners@lvklaw.com
100 SW Market Street
Portland, OR 97201
Telephone: 503.934.4400

*Attorneys for Plaintiff State of Oregon*

**OFFICE OF THE WYOMING
ATTORNEY GENERAL**

*/s/ William Young*
WILLIAM YOUNG
william.young@wyo.gov
109 State Capitol
Cheyenne, WY 82002
Telephone: 307.777.7847

*Attorneys for Plaintiff State of Wyoming*

SO ORDERED:

Dated: April __29__, 2024

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Oregon on [date] in the case of *Federal Trade Commission, et al. v. The Kroger Company, et al.*, 3:24-cv-00347-AN. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the District of Oregon for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed name: _____

Signature: _____

**Exhibit B**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, | Case No.: 3:24-cv-00347-AN |

        Plaintiffs,

        v.

THE KROGER COMPANY and
ALBERTSONS COMPANIES, INC.,

        Defendants.

**IN-HOUSE LITIGATION COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed as _____ by _____.

I hereby certify that:

1.  I have read the Protective Order entered in the above-captioned action and understand its terms.

2.  I agree to be bound by the terms of the Protective Order entered in the above-captioned action, agree that in my role as in-house litigation counsel for the above Defendant company

I meet the requirements of paragraph 9 of this Protective Order, and agree to use the information provided to me only as explicitly provided in this Protective Order.

3.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.  I submit to the jurisdiction of the United States District Court for the District of Oregon solely for the purpose of enforcing the terms of the Protective Order in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.


_____SIGNATURE

_____DATE