UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br> STATE OF ARIZONA, <br> STATE OF CALIFORNIA, <br> DISTRICT OF COLUMBIA, <br> STATE OF ILLINOIS, <br> STATE OF MARYLAND, <br> STATE OF NEVADA, <br> STATE OF NEW MEXICO, <br> STATE OF OREGON, and <br> STATE OF WYOMING, <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER COMPANY and <br> ALBERTSONS COMPANIES, INC., <br><br> Defendants. | Case No.: 3:24-cv-00347 |

**DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 33-1 of the Local Civil Rules of the United States District Court for the District of Oregon, Defendants The Kroger Company ("Kroger") and Albertsons Companies, Inc., ("Albertsons"), by and through their undersigned counsel, serve the following First Set of Interrogatories to Plaintiffs Federal Trade Commission ("FTC"), the States of Arizona, California, Illinois, Maryland, Nevada, New Mexico, Oregon, and Wyoming, and the District of Columbia (the "Plaintiff States"). These Interrogatories are to be answered fully and separately, in writing and under oath, and in accordance with the Case Management and Scheduling Order, the Federal Rules of Civil Procedure, the Local Rules and the Definitions and Instructions set forth below.

In serving these Interrogatories, Defendants reserve all their rights, including without

EXHIBIT 1 <br> Page 1 of 15

limitation the rights to promulgate additional discovery requests covering these same topics. These Interrogatories are continuing in nature, and Plaintiff is under a duty to supplement its responses to these Interrogatories as required by Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1. "Action" means the action brought by the Federal Trade Commission and the States of Arizona, California, Illinois, Maryland, Nevada, New Mexico, Oregon, and Wyoming and the District of Columbia, by and through their respective Attorneys General, to enjoin the proposed acquisition of Albertsons by Kroger, which is captioned *FTC, et al. v. Kroger Company, et al.*, Case No.: 3:24-cv-00347 (District of Oregon, Portland Division).

2. "Acquisition" means the proposed acquisition of Albertsons by Kroger, including the proposed divestiture to C&S Wholesale Grocers ("C&S").

3. "Administrative Complaint" means the complaint filed by the Federal Trade Commission before the Federal Trade Commission's Office of Administrative Law Judges, Docket No. D-9428, dated February 26, 2024.

4. "Albertsons" means Albertsons Companies, Inc.; its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, including stores operating under the Albertsons, Safeway, and Haggen banners; and all present and former directors, officers, employees, agents, representatives, or other persons acting on behalf of Albertsons.

5. The term "communication" means any exchange of information between two or more persons, through any mode of conveying information, including, but not limited to, any written, oral, telephonic or other inquiry, representation, discussion, conversation—in person or otherwise—negotiation, agreement, understanding, meeting, letter, note, telegraph, telex,

EXHIBIT 1
Page 2 of 15

computer transmission, advertisement, interview, text or SMS or MMS message, or e-mail, however transmitted or stored.  A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.  The phrase "communication between" is defined to include instances where one party addresses the other party but the other party does not respond, as well as instances in which the other party responds.

6. "Complaint" means the complaint filed in this Action.

7. The terms "concerning," "related to," and "regarding" a given subject shall mean, without limitation, directly or indirectly: referring to, regarding, relating, alluding to, concerning, considering, consulting, comprising, identifying, pertaining to, discussing, describing, reflecting, dealing with, analyzing, embodying, evaluating, evidencing, estimating, containing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, negating, reporting, commenting on, responding to, mentioning, supporting or otherwise involving such subject, in whole or in part.

8. "C&S" means C&S Wholesale Grocers, LLC.

9. The term "data" means facts, statistics, or other information of any kind, however produced or reproduced, which can be used for purposes of calculation or analysis.

10. The terms "document" or "thing" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written, printed, record, or graphic matter that is or has been in Plaintiffs' actual or constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, including, without limitation, anything that can be classified as a "writing," "original," or "duplicate."  Any document

EXHIBIT 1
Page 3 of 15

bearing marks, including, without limitation, initials, stamped indicia, comments or notations not part of the original text or photographic reproduction thereof, is a separate document. Further, "document" or "thing" means the original and each non-identical copy (whether different from the original because of marginal notes or other material inserted, or attached, or otherwise) of any written or graphic matter however produced or reproduced, whether sent or received or neither, including drafts and both sides thereof, and including but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, typed or handwritten notes, notations, workpapers, transcripts, minutes, reports and records of telephone or of other conversations or of interviews or of conferences or meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, ledgers, journals, financial statements, statistical records, desk calendars, appointment books, diaries, expense account records, lists, tabulations, and sound recordings, computer disks, computer printouts, data processing input and output, film, microfilm, electronic mail, and all other records kept by electronic, photographic, magnetic, or mechanical means and items similar to any of the foregoing. Unless otherwise indicated, Excel, PowerPoint and database compilations should be produced in native-file format, and all other electronically stored information may be produced as native or TIFF files with text and load files.

11. "FTC" means the Federal Trade Commission.

12. "You" and "Your" mean the FTC and the Plaintiff States, the FTC's Commissioners, all officers, officials, employees, attorneys, accountants, economists, staff, consultants, experts, agents, representatives, affiliates, successors, or predecessors, all persons acting on the FTC's or the Plaintiff States' behalf, and any and all persons associated with,

EXHIBIT 1
Page 4 of 15

affiliated with, or controlled by the FTC or the Plaintiff States or any person who served in any such roles at any time.

13. "Investigation" means any and all of the Federal Trade Commission's and the Plaintiff States' investigations related to the Acquisition, *e.g.*, FTC File No. 231-0004.

14. "Kroger" means The Kroger Company; its domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and joint ventures, including stores operating under the Fred Meyer and QFC banners; and all present and former directors, officers, employees, agents, representatives, or other persons acting on behalf of Kroger.

15. "Person(s)" shall include, without limitation, any individual or group of individuals, corporation, partnership, business trust, association, governmental entity, department, commission, bureau, or any other kind of legal or business entity, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

## INSTRUCTIONS

1. Respond to each of these Interrogatories in writing.

2. Answers to these Interrogatories are to be based upon all knowledge or information available to Plaintiffs, including, but not limited to, all information or knowledge derivable from business or other records, and all knowledge or information possessed by any Person, including, but not limited to, any employee, agent, attorney, expert witness, consultant, representative or other advisor, subject to the instruction, direction or control of Plaintiffs.

3. Set forth the text of each Interrogatory immediately above Your response to that Interrogatory.

4. Each Interrogatory shall be answered separately, in order, and in accordance with

EXHIBIT 1
Page 5 of 15

the requirements of the applicable Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Oregon.

5. Each Interrogatory shall be construed independently and not by reference to any other Interrogatory.

6. Plaintiffs should answer each Interrogatory completely and fully, unless it is objected to, in which event the reasons for the objections should be specifically and separately stated.

7. The answers are to be signed by Plaintiffs and the objections, if any, are to be signed by the attorney(s) making them.

8. If an answer to an Interrogatory is based on information and belief, specify and Identify the source of the information and grounds for the belief.

9. With respect to any Interrogatory that Plaintiffs may allege that Plaintiffs are unable to answer due to insufficient knowledge, Plaintiffs are requested to specify the nature of the inquiries made in an attempt to enable Plaintiffs to answer the Interrogatory, including the identity of any Person communicated with in an attempt to enable Plaintiffs to respond fully to the Interrogatory.

10. If Your answer to any of these Interrogatories derives from a Document, identify the Document and include a copy thereof with Your response. This includes Documents in Your possession and in the possession of Your agents, representatives, experts, and Persons consulted relating to any factual matters or matters of opinion relating to any of the facts or issues involved in this Action.

11. Where a complete answer to an Interrogatory is not possible, the Interrogatory should be answered to the extent possible and a statement should be made indicating why only a

EXHIBIT 1
Page 6 of 15

partial answer is given and identify any Documents or sources from which more complete information is obtainable.

12. If You claim any ambiguity in interpreting an Interrogatory or a definition or instruction applicable thereto, You shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory, and You shall respond to the Interrogatory as You interpret it.

13. If You object to an Interrogatory, state the legal and factual basis for Your objection in the space provided for Your response. If You object to only part of an Interrogatory, specify the part of the Interrogatory to which You object and the legal and factual basis of Your objection, then respond to the unobjectionable part.

14. If any privilege is claimed as a ground for not responding to an Interrogatory, provide a privilege log describing the basis for the claim of privilege and all information necessary for Defendants and the Court to assess the claim of privilege. The privilege log shall be in accordance with the Case Management and Scheduling Order.

15. Unless clearly indicated otherwise: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; (b) the use of the feminine, masculine, or neutral genders shall include all genders; (c) the singular form of a word shall include the plural, and vice versa; (d) the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of any Interrogatory all information that might otherwise be construed to be outside of its scope; (e) the word "any" means "at least one that applies, and if more than one applies, each that applies" and shall include, without limitation, "each and every"; (f) the terms "all" and "each" shall be construed as "all and each"; (g) the term "including" is intended to be comprehensive and means "including, but not limited to"; and (h) the

EXHIBIT 1
Page 7 of 15

terms "between" and "among" shall be construed as "between" or "among" as necessary to bring within the scope of any Interrogatory all responses and documents that might otherwise be construed to be outside its scope. For the purposes of these Interrogatories, terms not specifically defined shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

16.  These Interrogatories are continuing in nature. If, after responding to these Interrogatories, You obtain or become aware of additional responsive information, such information shall be provided by way of a supplemental response pursuant to Federal Rule of Civil Procedure 26(e).

17.  The Relevant Time Period for these Interrogatories is October 1, 2022 to the present unless otherwise stated.

18.  None of the definitions or instructions, or the Interrogatories set forth below, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of an evidence, or to the truth or accuracy of any statement or characterization in any definition, instruction or interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1

For each Plaintiff, identify (a) every Person (including Persons affiliated with any other Plaintiff or any non-party federal, state, or local government), other than Kroger or Albertsons, with whom Plaintiff communicated regarding the Acquisition or its Investigation, including about potentially providing a declaration, affidavit, or unsworn statement in connection with the same; (b) the Person's name and employer; (c) the date and means of all such communications; (d) the subject matter of the communications; and (e) all documents provided by the Person or relating to

EXHIBIT 1
Page 8 of 15

such communications, including declarations, affidavits, unsworn statements and any drafts thereof.

**INTERROGATORY NO. 2**

Identify all companies (and their specific banners or store types) that You allege to be in the market for "supermarkets" (*see, e.g.*, Paragraph 52 of the Complaint) and all companies (and their specific banners or store types) who engage in the retail sale of food and other grocery products You nonetheless exclude from that market, including all facts, documents, and data concerning their inclusion or exclusion.

**INTERROGATORY NO. 3**

Identify (a) each localized geographic market for "supermarkets" in which You allege the Acquisition will have an anti-competitive effect (*see, e.g.*, Paragraph 52 of the Complaint); (b) the geographic boundaries of each such geographic market; (c) the respective market share of each store You include in each such geographic market; (d) each store that engages in the retail sale of food and other grocery products You nonetheless exclude from each such geographic market and all facts, documents, and data concerning their exclusion; (e) Your calculation of the Herfindahl-Hirschman Index ("HHI") for each such geographic market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (f) Your calculation of the Gross Upward Pricing Pressure Index ("GUPPI") (or similar metric you plan to rely upon) for each such geographic market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (g) whether You allege that the merger is presumptively illegal in each such geographic market.

**EXHIBIT 1**
**Page 9 of 15**

## INTERROGATORY NO. 4

Identify (a) each local collective bargaining agreement ("CBA") area for "union grocery labor" (*see, e.g.*, Paragraph 82 of the Complaint) in which You allege that the Acquisition will have an anticompetitive effect (*see, e.g.*, Paragraph 87 of the Complaint); (b) the geographic boundaries of each such market; (c) the respective market share of each store You include in each such market; (d) the specific local labor unions that operate in Kroger and Albertsons stores in each such market; (e) each store represented by the same labor union as a local Kroger or Albertsons store (including each store that employs clerks, cashiers, meat cutters, butchers, pharmacists, florists, drivers, baristas, bakers, customer service representatives represented by the same labor union as a local Kroger or Albertsons store) that You nonetheless exclude from each such market and all facts, documents, and data concerning their exclusion; (f) Your calculation of the HHI for each such market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (g) whether You allege that the merger is presumptively illegal in each such market.

DATED: April 26, 2024

**STOEL RIVES LLP**

/s/ B. John Casey
B. JOHN CASEY, Bar No. 120025
john.casey@stoel.com
RACHEL C. LEE, Bar No. 102944
rachel.lee@stoel.com
JACOB GOLDBERG, Bar No. 162565
jacob.goldberg@stoel.com
Telephone: 503.224.3380

**ARNOLD & PORTER LLP**

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
SONIA K. PFAFFENROTH (*Pro Hac Vice*)
sonia.pfaffenroth@arnoldporter.com
JOSHUA M. DAVIS (*Pro Hac Vice*)

EXHIBIT 1
Page 10 of 15

joshua.davis@arnoldporter.com
KOLYA D. GLICK (*Pro Hac Vice*)
kolya.glick@arnoldporter.com
JASON C. EWART (*Pro Hac Vice*)
jason.ewart@arnoldporter.com
MICHAEL E. KIENTZLE (*Pro Hac Vice*)
michael.kientzle@arnoldporter.com
Telephone: 202.942.5000

JOHN A. HOLLER (*Pro Hac Vice*)
john.holler@arnoldporter.com
250 W 55th Street
New York, NY 10019
Telephone: 212.836.8000

**WEIL, GOTSHAL & MANGES LLP**

MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com
JASON N. KLEINWAKS (*Pro Hac Vice*)
jason.kleinwaks@weil.com
Telephone: 202.682.7000

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com
700 Louisiana Street, Suite 3700
Houston, TX 77002
Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650.802.3000

*Attorneys for Defendant The Kroger Company*

**EXHIBIT 1**
**Page 11 of 15**

**ANGELI LAW GROUP LLC**

/s/ Kristen Tranetzki
KRISTEN TRANETZKI, Bar No. 115730
kristen@angelilaw.com
DAVID H. ANGELI, Bar No. 020244
david@angelilaw.com
PETER D. HAWKES, Bar No. 071986
peter@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: 503.954.2232

**DEBEVOISE & PLIMPTON LLP**

EDWARD D. HASSI (*Pro Hac Vice*)
thassi@debevoise.com
801 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.942.5000

MICHAEL SCHAPER (*Pro Hac Vice*)
mschaper@debevoise.com
SHANNON ROSE SELDEN (*Pro Hac Vice*)
srselden@debevoise.com
J. ROBERT ABRAHAM (*Pro Hac Vice*)
jrabraham@debevoise.com
NATASCHA BORN (*Pro Hac Vice*)
nborn@debevoise.com
66 Hudson Boulevard
New York, NY 10001
Telephone: 212.909.6000

**WILLIAMS & CONNOLLY LLP**

ENU A. MAINIGI (*Pro Hac Vice*)
emainigi@wc.com
JONATHAN B. PITT (*Pro Hac Vice*)
jpitt@wc.com
A. JOSHUA PODOLL (*Pro Hac Vice*)
apodoll@wc.com
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5000

**EXHIBIT 1**
Page 12 of 15

**DECHERT LLP**

JAMES A. FISHKIN (*Pro Hac Vice*)
james.fishkin@dechert.com
MICHAEL COWIE (*Pro Hac Vice*)
mike.cowie@dechert.com
1900 K Street NW
Washington, DC 20006
Telephone: 202.261.3300


*Attorneys for Defendant Albertsons Companies, Inc.*

**EXHIBIT 1**
**Page 13 of 15**

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2024, I served the foregoing document on the following counsel via electronic mail:

James Weingarten (jweingarten@ftc.gov)
Charles Dickinson (cdickinson@ftc.gov)
Rohan Pai (rpai@ftc.gov)
Laura Hall (lhall1@ftc.gov)
Corene Wint (cwint@ftc.gov)
Rachel Ma (rma@ftc.gov)

**Counsel for Federal Trade Commission**

Robert Bernheim (Robert.Bernheim@azag.gov)
Jayme Weber (Jayme.Weber@azag.gov)

**Counsel for State of Arizona**

Nicole Gordon (Nicole.Gordon@doj.ca.gov)
Shira Hoffman (Shira.Hoffman@doj.ca.gov)

**Counsel for State of California**

Amanda Hamilton (Amanda.Hamilton@dc.gov)
Will Margrabe (will.margrabe@dc.gov)

**Counsel for District of Columbia**

Paul Harper (Paul.Harper@ilag.gov)
Brian Yost (Brian.Yost@ilag.gov)

**Counsel for State of Illinois**

Schonette Walker (swalker@oag.state.md.us)
Gary Honick (ghonick@oag.state.md.us)

**Counsel for State of Maryland**

Lucas Tucker (LTucker@ag.nv.gov)
Samantha Feeley (sfeeley@ag.nv.gov)

**Counsel for State of Nevada**

Jeff Herrera (jherrera@nmag.gov)
Julie Meade (jmeade@nmag.gov )

**Counsel for State of New Mexico**

EXHIBIT 1
Page 14 of 15

Cheryl Hiemstra (Cheryl.Hiemstra@doj.state.or.us)
Angie Milligan (amilligan@lvklaw.com)
Christine Ortez (cortez@lvklaw.com)

**Counsel for State of Oregon**

Will Young (william.young@wyo.gov)

**Counsel for State of Wyoming**

DATED: April 26, 2024

/s/ Jason N. Kleinwaks
Jason N. Kleinwaks
WEIL, GOTSHAL & MANGES LLP
jason.kleinwaks@weil.com

**EXHIBIT 1**
**Page 15 of 15**