**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>    Defendants. | Case No. 3:24-cv-00347-AN |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO**
**DEFENDANTS' FIRST SET OF INTERROGATORIES**

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the Case

Management Scheduling Order ("CMSO") entered on April 12, 2024 (Docket No. 88), Plaintiffs

the Federal Trade Commission ("FTC"), State of Arizona, State of California, District of Columbia,

State of Illinois, State of Maryland, State of Nevada, State of New Mexico, State of Oregon, and

State of Wyoming (collectively, "Plaintiffs") submit these Objections and Responses to Defendants

The Kroger Company and Albertsons Companies, Inc.'s First Set of Interrogatories to Plaintiffs

(the "Interrogatories"), dated April 26, 2024. Plaintiffs reserve the right to assert additional

objections to the Interrogatories and to amend or supplement these objections and responses.

**EXHIBIT 2**
**Page 1 of 25**

## GENERAL OBJECTIONS

The following General Objections apply to all of the Interrogatories and are incorporated by reference into each of the following specific responses. The assertion of the same, similar, or additional objections or the provision of partial responses to an individual Interrogatory does not waive any of Plaintiffs' General Objections as to that Interrogatory or other Interrogatories.

1. Each response is without waiver or limitation of Plaintiffs' right to object on grounds of competency, relevance, materiality, privilege, admissibility as evidence for any purposes, or any and all grounds to the use of any documents or information in any subsequent proceeding in, or trial of, this or any other action. Plaintiffs hereby reserve the right to raise and rely upon such other and further objections as may become apparent during this action.

2. Plaintiffs object to each Interrogatory, Definition, and Instruction to the extent it expressly or impliedly seeks information protected from disclosure by attorney-client privilege, work product doctrine, deliberative process privilege, common interest doctrine, law enforcement investigatory privilege, or any other privilege, doctrine, or protection as provided by any applicable law. Documents and information covered by such privileges are not subject to disclosure. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege. These objections include but are not limited to the following:

   a. On the basis of the work product doctrine and attorney-client privilege, Plaintiffs object to the Interrogatories to the extent they call for the reproduction of notes, data compilations or summaries, internal communications, internal forms or memoranda of Plaintiff attorneys and staff, or correspondence and documents exchanged between Plaintiffs and their agents, testifying experts, or non-testifying experts; and

**EXHIBIT 2**
**Page 2 of 25**

b.      On the basis of the work product doctrine, attorney-client privilege, and deliberative process privilege, Plaintiffs object to the Interrogatories to the extent they call for the reproduction of any communications, memoranda, or documents among Plaintiff attorneys or staff or between Plaintiff attorneys or staff and FTC Commissioners or their staff.

c.      On the basis of the common interest doctrine and the law enforcement investigatory privilege, Plaintiffs object to the Interrogatories to the extent they call for the reproduction of any confidential communications, memoranda, or documents between Plaintiff attorneys or staff, or FTC Commissioners or their staff, and federal, state, or foreign competition or law enforcement authorities and are otherwise protected by the attorney-client privilege or work product doctrine.

3.      Plaintiffs object to the Interrogatories, and to any individual Interrogatory set forth therein, to the extent that they are compound and constitute an impermissible effort to circumvent applicable limits.

4.      Plaintiffs object to each Interrogatory to the extent that it calls for information or documents that are not subject to discovery under the CMSO (Docket No. 88) in this matter. Plaintiffs will not produce information or documents that are not subject to discovery per order of this Court.

5.      Plaintiffs object to each Interrogatory to the extent it concerns matters or issues that are beyond the scope of the allegations in the Complaint filed on February 26, 2024, the proposed relief, or the issues in this action, on the grounds that such discovery is overbroad, vague, ambiguous, or unduly burdensome and is not reasonably calculated to yield information relevant to the allegations of the Complaint, to the proposed relief, or to this action.

6.      Plaintiffs object to each Interrogatory, Definition, and Instruction to the extent that

**EXHIBIT 2**
**Page 3 of 25**

it seeks discovery that is available to Defendants from their own files, own employees, or from information in the public domain equally available to Defendants.

7.      Plaintiffs object to each Interrogatory to the extent that responsive information is obtainable from some other source that is more convenient, less burdensome, or less expensive.

8.      Plaintiffs object to each Interrogatory to the extent it impermissibly seeks the premature disclosure of expert information or requires Plaintiffs to produce factual analyses, comparative analyses, opinions, or theories that will be the subject of expert discovery in advance of deadlines set by the Court for such disclosures. Plaintiffs will submit expert materials in accord with the deadlines set forth in the CMSO.

9.      Plaintiffs object to each Interrogatory, Definition, and Instruction to the extent it is inconsistent with or purports to require Plaintiffs to take measures above and beyond the requirements of the Local Rules of the District of Oregon ("the Local Rules"), the individual practices of the Court, the FRCP, applicable case law, the CMSO, any orders or stipulations entered in this case, or any other agreements among the parties.

10.     Plaintiffs object to each Interrogatory, Definition, and Instruction to the extent that it is vague, ambiguous, overly broad, unduly burdensome, requires unreasonable efforts or expense on behalf of Plaintiffs, or uses terms that are undefined or not susceptible to a single meaning.

11.     Plaintiffs object to each Interrogatory to the extent it constitutes a contention interrogatory or constitutes a "broad general interrogator[y]" in violation of Local Rule 33-1(d).

12.     Plaintiffs' responses to the Interrogatories do not in any way constitute an adoption of Defendants' purported definitions of words or phrases. Plaintiffs object to each Definition to the extent each Definition is inconsistent with the ordinary and customary meaning of the words or phrases it purports to define.

**EXHIBIT 2**
**Page 4 of 25**

13.    Plaintiffs object to the Definitions of "FTC," "You," and "Your" as vague, ambiguous, overly broad, and unduly burdensome to the extent that they include persons other than the (a) Plaintiff staff comprising the teams that investigated the Proposed Transaction and (b) Plaintiff staff directly involved in the litigation of this matter. Plaintiffs further object to these Definitions to the extent Interrogatories incorporating these terms seek information that is not relevant to this action and are overbroad, unduly burdensome, and not proportionate to the needs of this case.

14.    Plaintiffs object to the Definition of "communication" to the extent that it seeks documents that are protected by work product doctrine, attorney-client privilege, government deliberative process privilege, or any other applicable privilege, particularly as Defendants' Definition purports to define "communication" to include "any written, oral, telephonic or other inquiry, representation, discussion, conversation—in person or otherwise—negotiation, agreement, understanding, meeting, letter, note, telegraph, telex, computer transmission, advertisement, interview, text or SMS or MMS message, or e-mail, however transmitted or stored." Plaintiffs object to this Definition as overly broad and unduly burdensome to the extent that it is inconsistent with or includes materials beyond the scope of the meanings given to it in the FRCP. Plaintiffs also object to the Definition of "communication" to the extent it calls for all interactions between any Plaintiff and any other government entity or actor, or former Federal Trade Commission Commissioners or other former Plaintiff personnel, as overly broad, unduly burdensome, irrelevant to this action, privileged, and/or not appropriate to the needs of this case.

15.    Plaintiffs object to the Definition of "document" or "thing" as vague, overly broad, and unduly burdensome to the extent that it is inconsistent with or broader than the meanings given to "documents" in FRCP 34(a). Plaintiffs will interpret these terms consistent with the

**EXHIBIT 2**
**Page 5 of 25**

FRCP.

16.     Plaintiffs object to the Definitions of "concerning," "related to," and "regarding" as vague, overbroad, and unduly burdensome.

17.     Plaintiffs object to the Definition of "data" as vague, overbroad, and unduly burdensome.

18.     Plaintiffs object to each Interrogatory to the extent that it calls for the production of documents or information that Plaintiffs have already provided to Defendants.

19.     Plaintiffs object to each Interrogatory, Definition, and Instruction to the extent it calls for documents or information from any Plaintiff that is not within that Plaintiff's possession, custody, or control, or that cannot be located by a reasonably diligent search of readily accessible documents (including electronically stored information) from readily accessible sources where responsive documents reasonably would be expected to be found. Plaintiffs further object to the Interrogatories to the extent they purport to require the any Plaintiff to respond on behalf of any other person or entity.

20.     Plaintiffs object to each Interrogatory to the extent that each Interrogatory assumes the truthfulness of assertions that are disputed or erroneous, and object to each Definition to the extent that it includes assertions of purported facts that are inaccurate or that the parties in this action dispute. Nothing contained in these responses is intended to be, or in any way shall be deemed, an admission by Plaintiffs as to the truth of any such allegations.

21.     The fact that Plaintiffs have answered part or all of any individual Interrogatory is not intended to be, and shall not be construed to be, a waiver by Plaintiffs of any part of any objection to such Interrogatory.

22.     Plaintiffs object to each Interrogatory, Definition, and Instruction to the extent that

**EXHIBIT 2**
**Page 6 of 25**

it requires information that was not collected by Plaintiffs as part of Plaintiffs' investigations or litigation of this matter.

23.    Subject to all objections contained herein, Plaintiffs will answer these Interrogatories based on its investigation to date. Discovery in this matter is ongoing, the parties may meet and confer further regarding these Interrogatories.

24.    Each of these General Objections is incorporated into Plaintiffs' response to each of the individual Interrogatories as though fully set forth therein. Plaintiffs will not respond to the Interrogatories to the extent objected to except as set forth herein.

**SPECIFIC OBJECTIONS AND RESPONSES**

Subject to and without waiver of the foregoing General Objections, or any other objections or claims of privilege, Plaintiffs object and respond to the Interrogatories as follows:

**Interrogatory No. 1:**

For each Plaintiff, identify (a) every Person (including Persons affiliated with any other Plaintiff or any non-party federal, state, or local government), other than Kroger or Albertsons, with whom Plaintiff communicated regarding the Acquisition or its Investigation, including about potentially providing a declaration, affidavit, or unsworn statement in connection with the same; (b) the Person's name and employer; (c) the date and means of all such communications; (d) the subject matter of the communications; and (e) all documents provided by the Person or relating to such communications, including declarations, affidavits, unsworn statements and any drafts thereof.

**Objections and Response of Plaintiffs to Interrogatory No. 1:**

Plaintiffs incorporate by reference their General Objections. Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, and not proportionate to the needs of this case, particularly as it seeks exhaustive and time-consuming searches for information that is not relevant to the claims and defenses in this lawsuit, including the dates of all of Plaintiffs' respective communications with third parties. Plaintiffs also object to this Interrogatory to the extent that it

**EXHIBIT 2**
**Page 7 of 25**

**Interrogatory No. 2:**

Identify all companies (and their specific banners or store types) that You allege to be in the market for "supermarkets" (*see, e.g.*, Paragraph 52 of the Complaint) and all companies (and their specific banners or store types) who engage in the retail sale of food and other grocery products You nonetheless exclude from that market, including all facts, documents, and data concerning their inclusion or exclusion.

**Objections and Response of Plaintiffs to Interrogatory No. 2:**

Plaintiffs object to this Interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege, government deliberative-process privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to the extent this Interrogatory impermissibly seeks forms of discovery prohibited under Local Rule 33-1(d).

Plaintiffs also object to the terms "store types" and "grocery products" as vague, ambiguous, and undefined.

Plaintiffs also object to this Interrogatory to the extent that it seeks a legal conclusion or prematurely seeks expert analysis.

Subject to and without waiving any General or Specific Objections, the term "supermarket" in Paragraph 52 of the Plaintiffs' Complaint includes (a) traditional supermarkets such as those operated by Kroger and Albertsons and (b) supercenters such as some stores operated by Walmart Inc. and Target Corporation. The exact contours and constituents of the "supermarket" market are the subject of ongoing fact and expert discovery. Plaintiffs object to this Interrogatory to the extent that it seeks a legal conclusion or prematurely seeks expert analysis. Plaintiffs will provide expert opinions and analyses in accord with the CMSO.

**Interrogatory No. 3:**

Identify (a) each localized geographic market for "supermarkets" in which You allege the

**EXHIBIT 2**
**Page 8 of 25**

Acquisition will have an anti-competitive effect (*see, e.g.*, Paragraph 52 of the Complaint); (b) the geographic boundaries of each such geographic market; (c) the respective market share of each store You include in each such geographic market; (d) each store that engages in the retail sale of food and other grocery products You nonetheless exclude from each such geographic market and all facts, documents, and data concerning their exclusion; (e) Your calculation of the Herfindahl-Hirschman Index ("HHI") for each such geographic market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (f) Your calculation of the Gross Upward Pricing Pressure Index ("GUPPI") (or similar metric you plan to rely upon) for each such geographic market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (g) whether You allege that the merger is presumptively illegal in each such geographic market.

**Objections and Response of Plaintiffs to Interrogatory No. 3:**

Plaintiffs object to this Interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege, government deliberative-process privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to the extent this Interrogatory impermissibly seeks forms of discovery prohibited under Local Rule 33-1(d).

Plaintiffs also object to the terms "localized geographic market," "supermarkets," "anti-competitive effect," "geographic boundaries," "geographic market," "market share," "store," "food," "grocery products," "before and after the Acquisition," "proposed divestiture," and "similar metric" as vague, ambiguous, and undefined, except to the extent that these terms are used in the Plaintiffs' Complaint and that their use in this Interrogatory is consistent with their use in the Complaint.

Plaintiffs also object to this Interrogatory to the extent that it seeks a legal conclusion or prematurely seeks expert analysis.

Subject to and without waiving any General or Specific Objections, Plaintiffs respond as follows. The exact contours of—and other details requested about—the relevant geographic markets in this action are the subject of ongoing fact and expert discovery. Plaintiffs will provide expert opinions and analyses in accord with the CMSO. Plaintiffs direct Defendants to their

**EXHIBIT 2**
**Page 9 of 25**

forthcoming expert reports.

**Interrogatory No. 4:**

Identify (a) each local collective bargaining agreement ("CBA") area for "union grocery labor" (*see, e.g.*, Paragraph 82 of the Complaint) in which You allege that the Acquisition will have an anticompetitive effect (*see, e.g.*, Paragraph 87 of the Complaint); (b) the geographic boundaries of each such market; (c) the respective market share of each store You include in each such market; (d) the specific local labor unions that operate in Kroger and Albertsons stores in each such market; (e) each store represented by the same labor union as a local Kroger or Albertsons store (including each store that employs clerks, cashiers, meat cutters, butchers, pharmacists, florists, drivers, baristas, bakers, customer service representatives represented by the same labor union as a local Kroger or Albertsons store) that You nonetheless exclude from each such market and all facts, documents, and data concerning their exclusion; (f) Your calculation of the HHI for each such market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (g) whether You allege that the merger is presumptively illegal in each such market.

**Objections and Response of Plaintiffs to Interrogatory No. 4:**

Plaintiffs object to this Interrogatory to the extent that it calls for the disclosure of information protected by the attorney-client privilege, government deliberative-process privilege, the attorney work-product doctrine, or any other applicable privilege, protection, or immunity. Plaintiffs also object to the extent this Interrogatory impermissibly seeks forms of discovery prohibited under Local Rule 33-1(d).

Plaintiffs also object to the terms "anticompetitive effect," "geographic boundaries," "market," "market share," "store," "labor union," "local," "operate," "drivers," "calculation," "before and after the Acquisition," "accounting," "proposed divestiture," and "presumptively illegal" as vague, ambiguous, and undefined, except to the extent that these terms are used in Plaintiffs' Complaint and that their use in this Interrogatory is consistent with their use in Plaintiffs' Complaint. Plaintiffs further object that the Interrogatory is vague and ambiguous in that it is unclear whether the terms "clerks, cashiers, meat cutters, butchers, pharmacists, florists, drivers, baristas, bakers, customer service representatives" ought to be read conjunctively or disjunctively. Plaintiffs also object to the extent this Interrogatory impermissibly seeks forms of discovery

**EXHIBIT 2**
**Page 10 of 25**

prohibited under the Local Rules, including Local Rule 33-1(d).

    Plaintiffs also object to this Interrogatory to the extent that it seeks discovery that is available to Defendants from their own files or from information in the public domain equally available to Defendants and the burden and expense of deriving or obtaining such information is substantially the same for Defendants as it is for Plaintiffs. In particular, Plaintiffs object that Defendants presumably possess information identifying "the specific local labor unions that operate in Kroger and Albertsons stores," and that such information is at least as easily available to the Defendants as it is to Plaintiffs.

    Plaintiffs also object to this Interrogatory to the extent that it seeks a legal conclusion or prematurely seeks expert analysis. The information requested is the subject of ongoing fact and expert discovery. Plaintiffs will provide expert opinions and analyses in accord with the CMSO.

    Subject to and without waiving any General or Specific Objections, Plaintiffs direct Defendants to their forthcoming expert reports.


Dated: May 10, 2024          By:    /s/ James H. Weingarten_____
                                    James H. Weingarten, DC Bar No. 985070
                                    Charles Dickinson, DC Bar # 997153
                                    Barrett Anderson, CA Bar # 318539
                                    Elizabeth Arens, DC Bar # 982662
                                    Jeanine Balbach, MD Bar
                                    Emily Blackburn, DC Bar # 1032506
                                    Alexander J. Bryson, VA Bar # 85737
                                    Guia Dixon, CA Bar # 305751
                                    Katherine Drummonds, DC Bar # 1044289
                                    Paul Frangie, DC Bar # 474225
                                    Trisha Grant, DC Bar # 1021419
                                    Laura Hall, NY Bar # 4337408
                                    Jacob Hamburger, DC Bar # 1025538
                                    Lily Hough, CA Bar # 315277
                                    Janet Kim, DC Bar # 489075
                                    Kenneth A. Libby, NY Bar # 2035129
                                    Eric Olson, DC Bar # 1708530
                                    Rohan Pai, DC Bar # 1015652

**EXHIBIT 2**
**Page 11 of 25**

Harris Rothman, NY Bar # 5780283
Anjelica Sarmiento, NY Bar # 5636154
Joshua Smith, MD Bar
Albert Teng, DC Bar # 1021115
Leora Tyree, IL Bar # 6288669
Theodore Zang, Jr., NY Bar # 2186518

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3570
jweingarten@ftc.gov
cdickinson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

**EXHIBIT 2**
**Page 12 of 25**

/s/ Robert A. Bernheim
Robert A. Bernheim, AZ Bar No. 024664
Jayme L. Weber, AZ Bar No. 032608
Vinny Venkat, AZ Bar No. 038587
Connor Nolan, AZ Bar No. 038088

Arizona Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004
Tel: (602) 542-5025
Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov
Vinny.Venkat@azag.gov
Connor.Nolan@azag.gov

*Attorneys for Plaintiff State of Arizona*

**EXHIBIT 2**
**Page 13 of 25**

/s/ Nicole Gordon
Nicole Gordon, CA Bar No. 224138
Shira Hoffman, CA Bar No. 337659

State of California
California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3458
Facsimile: (415) 703-5480
Nicole.Gordon@doj.ca.gov
Shira.Hoffman@doj.ca.gov

*Attorneys for Plaintiff State of California*

**EXHIBIT 2**
**Page 14 of 25**

/s/ Amanda Hamilton
Amanda Hamilton, DC Bar No. 499646
C. William Margrabe, DC Bar No. 90013916

Office of the Attorney General for the District of
Columbia
400 6th Street, N.W, 10th Floor
Washington, D.C. 20001
Tel: (202) 727-3400
Amanda.Hamilton@dc.gov
Will.Margrabe@dc.gov

*Attorneys for Plaintiff District of Columbia*

**EXHIBIT 2**
**Page 15 of 25**

/s/ Brian M. Yost
Brian M. Yost, IL Bar No. 6334138
Paul J. Harper, IL Bar No. 6335001
Alice Riechers, IL Bar No. 6272933

Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
Tel: (872) 276-3598
Email: Brian.Yost@ilag.gov
Paul.Harper@ilag.gov
Alice.Riechers@ilag.gov

*Attorneys for Plaintiff State of Illinois*

**EXHIBIT 2**
**Page 16 of 25**

/s/ Schonette J. Walker
Schonette J. Walker, MD Bar No. 0512290008
Gary Honick, MD Bar No. 7806010078
Byron Warren, MD Bar No. 1612140330

Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Tel: (410) 576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

**EXHIBIT 2**
**Page 17 of 25**

/s/ Lucas J. Tucker
Lucas J. Tucker, NV Bar No. 10252
Samantha B. Feeley, NV Bar No. 14034

Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
ltucker@ag.nv.gov
sfeeley@ag.nv.gov

*Attorneys for Plaintiff State of Nevada*

**EXHIBIT 2**
**Page 18 of 25**

/s/ Julie Ann Meade
Julie Ann Meade, NM Bar No. 8143
Jeff Dan Herrera, NM Bar No. 154030

New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87504
Tel: (505) 717-3500
jmeade@nmag.gov
jherrera@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

**EXHIBIT 2**
**Page 19 of 25**

/s/ Cheryl F. Hiemstra
Cheryl F. Hiemstra, OSB#133857
Tim D. Nord, OSB#882800
Chris Kayser, OSB#984244
Tania Manners, OSB#140363

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: (503) 934-4400
Facsimile: (503) 378-5017
Cheryl.Hiemstra@doj.state.or.us
Tim.D.Nord@doj.state.or.us
cjkayser@lvklaw.com
tmanners@lvklaw.com

*Attorneys for Plaintiff State of Oregon*

**EXHIBIT 2**
**Page 20 of 25**

/s/ William Young
William Young, WY Bar No. 8-6746

Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-7847
William.Young@wyo.gov

*Attorneys for Plaintiff State of Wyoming*

**EXHIBIT 2**
**Page 21 of 25**

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I caused the foregoing document to be served via email to:

Michael B. Bernstein
Matthew Wolf
Sonia Pfaffenroth
Joshua Davis
Michael Kientzle
Jason Ewart
Yasmine Harik
Christina Cleveland
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave, NW
Washington, DC 20001
Telephone: (202) 942-5227
Email: michael.b.bernstein@arnoldporter.com
Email: matthew.wolf@arnoldporter.com
Email: sonia.pfaffenroth@arnoldporter.com
Email: joshua.davis@arnoldporter.com
Email: michael.kientzle@arnoldporter.com
Email: jason.ewart@arnoldporter.com
Email: yasmine.harik@arnoldporter.com
Email: christina.cleveland@arnoldporter.com

John Holler
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-7739
Email: john.holler@arnoldporter.com

Mark Perry
Luke Sullivan
Weil, Gotshal & Manges LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7511
Email: mark.perry@weil.com
Email: luke.sullivan@weil.com

Luna Barrington
Weil, Gotshal & Manges LLP

**EXHIBIT 2**
**Page 22 of 25**

767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8421
Email: luna.barrington@weil.com

Bambo Obaro
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3083
Email: bambo.obaro@weil.com

*Counsel for The Kroger Company*

Enu A. Mainigi
Tyler Infinger
Adam J. Podoll
Thomas Ryan
Williams and Connolly LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Email: emainigi@wc.com
Email: tinfinger@wc.com
Email: apodoll@wc.com
Email: tryan@wc.com

Edward Hassi
Debevoise & Plimpton LLP
801 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 383-8135
Email: thassi@debevoise.com

Michael Schaper
Shannon R. Selden
J. Robert Abraham
Natascha Born
Jaime Freilich-Fried
Marieugenia Cardenas
Tom E. Buckley
Heather T. Mehler
Marie Ventimiglia
Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001

**EXHIBIT 2**
**Page 23 of 25**

Telephone: (212) 909-6737
Email: mschaper@debevoise.com
Email: srselden@debevoise.com
Email: jrabraham@debevoise.com
Email: nborn@debevoise.com
Email: jmfried@debevoise.com
Email: mcardena@debevoise.com
Email: tebuckley@debevoise.com
Email: htmehler@debevoise.com
Email: msventim@debevoise.com

Mike Cowie
James Fishkin
Dechert LLP
1900 K Street, NW
Washington, DC 20006
Telephone: (202) 261-3339
Email: mike.cowie@dechert.com
Email: james.fishkin@dechert.com

Thomas Miller
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-2906
Email: thomas.miller@dechert.com

George L. Paul
White & Case LLP
701 13th Street, NW
Washington, DC 20005
Telephone: (202) 626-3656
Email: gpaul@whitecase.com

*Counsel for Albertsons Companies, Inc.*

                                    s/ James H. Weingarten
                                    James H. Weingarten
                                    Federal Trade Commission
                                    Bureau of Competition
                                    600 Pennsylvania Avenue, NW
                                    Washington, DC 20580
                                    Telephone: (202) 326-3570
                                    Email: jweingarten@ftc.gov

**EXHIBIT 2**
**Page 24 of 25**

*Counsel Supporting the Complaint*

**EXHIBIT 2**
**Page 25 of 25**