# Ex. B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.

TAPESTRY, INC.,

and

CAPRI HOLDINGS LIMITED,

        Defendants.

Civil Action No. 1:24-cv-03109-JLR-BCM

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE,
TO REQUIRE PLAINTIFF TO ANSWER ONE CONTENTION INTERROGATORY**

District Courts for the Southern and Eastern Districts of New York 33.3(c).  Given the short discovery period in this accelerated proceeding, a contention interrogatory at the end of discovery would do no good.  Defendants therefore ask, in the alternative, that the Court order the FTC to respond to one interrogatory, within seven days of the Court's ruling: "Define the product market you intend to prove at trial."

This should be a simple task where the FTC answers what is in its relevant market in a manner that ensures there is a meeting of minds among the FTC, the Defendants, and the Court as to what the contours are of the product market that the FTC believes is at risk.  The Defendants and the Court would know what the FTC contends is a "handbag," whether the market is defined on the basis of brand or price, and whether there are any other particular boundaries to the FTC's alleged market.  The Federal Rules were intended to avoid "trial by ambush."  *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002).  Permitting the FTC to wait until the end of fact discovery to provide a product market definition—once Defendants no longer have an opportunity to seek third party discovery—is precisely what the Federal Rules are intended to prevent.

## CONCLUSION

For the foregoing reasons, Defendants respectfully move this Court to order the FTC to provide a more definite statement regarding its proposed relevant market definition.

In the alternative, Defendants request that the Court should order the FTC to respond to one contention interrogatory within seven days of the Court's order: "Define the product market you intend to prove at trial."