James H. Weingarten, DC Bar # 985070
Charles Dickinson, DC Bar # 997153
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Tel: (202) 326-3570
Tel: (202) 326-2617
*jweingarten@ftc.gov; cdickinson@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL**<br><br>**REDACTED VERSION** |

Defendants' motion describes their interrogatories as seeking "facts" underlying Plaintiffs' complaint, but Plaintiffs have already produced the non-privileged information from

their pre-Complaint investigations. The interrogatories actually constitute "broad general" interrogatories that violate Local Rule 33-1(d) and that improperly seek discovery of Plaintiffs' expert analyses and work product. Defendants implausibly claim that they "cannot even understand" the Complaint's allegations about supermarket competition and unionized supermarket workers they employ. Defendants fail to cite a single case from this District about compelling interrogatory responses; indeed, the cases undermine their motion. Defendants' motion should be denied.[1]

**BACKGROUND**

Plaintiff Federal Trade Commission substantially completed its voluntary production of the non-privileged materials comprising its investigative file in March. The vast majority of documents in the investigative file were produced by Defendants. The other Plaintiffs also voluntarily produced information from their investigations.

Defendants served the interrogatories at issue on April 12, 2024. Defendants' motion attaches the interrogatories, but tellingly avoids quoting them in full. Here they are:

> Interrogatory No. 2: Identify all companies (and their specific banners or store types) that You allege to be in the market for "supermarkets" (see, e.g., Paragraph 52 of the Complaint) and all companies (and their specific banners or store types) who engage in the retail sale of food and other grocery products You nonetheless exclude from that market, including all facts, documents, and data concerning their inclusion or exclusion.
>
> Interrogatory No. 3: Identify (a) each localized geographic market for "supermarkets" in which You allege the Acquisition will have an anti-competitive effect (see, e.g., Paragraph 52 of the Complaint); (b) the geographic boundaries of each such geographic market; (c) the respective market share of each store You include in each such geographic market; (d) each store that engages in the retail sale of food and other grocery products You nonetheless exclude from each such

[1] Defendants' motion also appears to be overlong. If the single-spaced bullets on pages 5 and 6 are properly double-spaced per Local Rule 10-1(b), the brief exceeds ten pages and appears to exceed Local Rule 26-3(b)'s 3,000-word limit.

> geographic market and all facts, documents, and data concerning their exclusion; (e) Your calculation of the Herfindahl-Hirschman Index ("HHI") for each such geographic market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (f) Your calculation of the Gross Upward Pricing Pressure Index ("GUPPI") (or similar metric you plan to rely upon) for each such geographic market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (g) whether You allege that the merger is presumptively illegal in each such geographic market.
>
> Interrogatory No. 4: Identify (a) each local collective bargaining agreement ("CBA") area for "union grocery labor" (see, e.g., Paragraph 82 of the Complaint) in which You allege that the Acquisition will have an anticompetitive effect (see, e.g., Paragraph 87 of the Complaint); (b) the geographic boundaries of each such market; (c) the respective market share of each store You include in each such market; (d) the specific local labor unions that operate in Kroger and Albertsons stores in each such market; (e) each store represented by the same labor union as a local Kroger or Albertsons store (including each store that employs clerks, cashiers, meat cutters, butchers, pharmacists, florists, drivers, baristas, bakers, customer service representatives represented by the same labor union as a local Kroger or Albertsons store) that You nonetheless exclude from each such market and all facts, documents, and data concerning their exclusion; (f) Your calculation of the HHI for each such market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S); and (g) whether You allege that the merger is presumptively illegal in each such market.

Dkt. No. 134-2 at pp. 8-9, 10.

Contrary to Defendants' contention that Plaintiffs refused to respond, Mot. at 2, Plaintiffs in fact responded to Interrogatory 2 in part by stating that "the term 'supermarket' in Paragraph 52 of Plaintiffs' Complaint includes (a) traditional supermarkets such as those operated by Kroger and Albertsons and (b) supercenters such as some stores operated by Walmart Inc. and Target Corporation." *Id*. at p. 8.

**ARGUMENT**

Defendants' overly broad and general interrogatories violate Local Rule 33-1(d) and improperly seek expert discovery and work product. Defendants' claimed prejudice—that they "cannot even understand, must less adequately defend themselves against the allegations in the

Complaint," Mot. at 3—beggars belief.[2] Finally, Defendants' invasive requests for information about relevant market are not proportional to the needs of this case, not least because Plaintiffs have already produced the non-privileged documents in their possession and Defendant Albertsons has conceded in the administrative proceeding that Defendants "[redacted] [redacted]." Weingarten Decl., [redacted].

## I. Defendants' Interrogatories Are "Broad General Interrogatories" Requesting "All Facts" that Local Rule 33-1(d) Prohibits

Defendants baldly assert that Local Rule 33-1(d)—which states that "[b]road general interrogatories, such as those that ask an opposing party to 'state all facts on which a claim or defense is based' or to 'apply law to facts,' are not permitted"— does not apply because their interrogatories "seek highly specific information about the factual bases for Plaintiffs' alleged markets" and do not "seek 'all facts' underlying Plaintiffs' claims." Mot. at 9 n.1. Defendants are wrong for three independent reasons.

*First*, each interrogatory literally seeks "all facts, documents, and data" supporting aspects of Plaintiffs' relevant market allegations. Interrogatories that seek "all facts" in support of a contention constitute "a sweeping probe" that violates Local Rule 33-1(d). *Selectmetrics, Inc. v. Netratings*, Inc., No. CV 04-412-HA, 2005 WL 8177024, at *2 (D. Or. July 22, 2005); *see also, e.g.*, *Flinn Block, LLC v. DESA, LLC*, No. 08-cv-6254, 2010 WL 11701126, at *2 (D. Or. June 25, 2010).

---

[2] Defendants also insinuate that Plaintiffs lacked a Rule 11 basis for filing their claims, Mot. at 3, argue that the Complaint fails to allege sufficient allegations of fact in support of their claims, *id.* at 4-5, and assert that Plaintiffs' alleged relevant markets are "implausible," *id.* at 5. This hodgepodge of meritless arguments is irrelevant to deciding the motion, and Defendants waived such arguments by answering rather than moving to dismiss the Complaint.

*Second*, the Rule prohibits interrogatories that "pertain" to "the central disputed issue in the case." *Nicole Svboda's Fiduciary Servs., LLC v. United States*, No. 3:21-CV-01664-MO, 2023 WL 8272171, at *2 (D. Or. Nov. 30, 2023). Defendants characterize the interrogatories as being directed to "central disputed issue at the hearing" and issues "at the heart of this litigation." Mot. at 2, 7. If Defendants are right that the relevant antitrust markets "are at the heart of this litigation," then the case law is clear that their interrogatories fall within the Rule's prohibition because they are akin to interrogatories requesting "all facts on which a claim . . . is based." *Nicole Svboda's*, *supra*.[3]

*Third*, Defendants' interrogatories violate Local Rule 33-1(d)'s prohibition on interrogatories that "ask an opposing party to 'apply law to facts.'" For example, Defendants ask Plaintiffs to "[i]dentify all companies that You allege to be in the market for 'supermarkets' . . . and all companies. who engage in the retail sale of food and other grocery products You nonetheless exclude from that market" (Interrogatory 2); whether Plaintiffs "allege that the merger is presumptively illegal in each . . . geographic market" in which Plaintiffs contend that merger "will have an anti-competitive effect" (Interrogatory 3); and to "[i]dentify each local collective bargaining agreement . . . area for 'union grocery labor' . . . in which you allege the merger will have an anticompetitive effect" and "whether You allege that the merger is presumptively illegal in each such market" (Interrogatory 4). Answering these requires Plaintiffs to apply the law about defining relevant antitrust markets and assessing anticompetitive effects to

[3] Defendants' characterizations here are at odds with Albertsons' statements in the administrative proceeding that the [redacted] will be the central issue. Weingarten Decl., Ex A, at 6. And they are at odds with the Ninth Circuit's holding that the FTC need only make a "tenable showing" of the relevant antitrust market. *FTC v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1164 (9th Cir. 1984).

facts that are still subject to ongoing discovery.

## II. The Interrogatories Constitute Improper Expert Discovery and Invade Attorney Work Product

Although Defendants couch their interrogatories as seeking only "facts," the interrogatories actually require Plaintiffs to provide information that has been or will be the subject of economic analysis and that constitutes attorney work product. To be clear: Plaintiffs will not rely on any facts in proving their case that are not properly disclosed to Defendants. It is not a matter of "if" Plaintiffs will disclose information about the alleged relevant markets, only a matter of when Defendants are entitled to it, *i.e.*, as part of rapidly-approacing expert discovery

Defendants request that Plaintiffs identify, *inter alia*: the geographic markets for supermarkets in which Plaintiffs allege the merger will have an anti-competitive effect (Interrogatory 3); the market shares for all the stores in each of those markets (Interrogatory 3); Plaintiffs' "calculation of the Herfindahl-Hirschman Index ('HHI') for each such geographic market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S)" (Interrogatory 3);[4] the respective market shares "the respective market share of each store [Plaintiffs] include" in relevant labor markets (Interrogatory 4); and "[Plaintiffs'] calculation of the HHI for each such market before and after the Acquisition (both with and without accounting for the proposed divestiture to C&S) (Interrogatory 4). These are requests for the product of legal and economic analysis, not merely "facts."

Moreover, the interrogatories' text contradicts Defendants' argument that they seek only "information in [Plaintiffs'] possession at the time they filed their Complaint." Mot. at 8-9. The

[4] HHI is a measure "commonly used to measure changes in market concentration." *IQVIA*, 2024 WL 81232, at *32. *See* Compl. ¶¶ 53-55.

interrogatories request information about Plaintiffs' analysis of the proposed divestiture to C&S Wholesale Grocers LLC that was announced on April 22, 2024, over two months after the Complaint was filed. Interrogatory 3 requests Plaintiffs' "calculation of the Gross Upward Pricing Pressure Index ('GUPPI') (*or similar metric you plan to rely upon*)" for supermarket geographic markets.[5] The request for information Plaintiffs "plan to rely upon" is plainly a request for expert discovery.

On June 18, 2024, Plaintiffs will disclose expert opinions about competitive effects in the relevant antitrust markets per this Court's scheduling order. *See* ECF No. 88. Those opinions and the underlying data and deposition testimony on which they will rely will aid the Court in deciding this matter. Plaintiffs' pre-Complaint work product will not. Defendants cannot force Plaintiffs to provide expert opinions weeks before the require disclosure date. *See Nicole Svboda's*, 2023 WL 8272171, at *2 (denying a motion to compel an interrogatory response for "the additional reason that the interrogatories impermissibly seek expert testimony" and "are therefore premature and not permitted at this point in discovery").

Even if the interrogatories were exclusively directed to "information in [Plaintiffs'] possession at the time they filed their Complaint," Mot. at 9, such information comprises or is otherwise inseparable from non-discoverable work product. Rule 26(b)(3)(B) protects against disclosure of "mental impressions, conclusions, opinions, or legal theories of a party's attorney . . . concerning the litigation." In antitrust cases, discovery requests that seek individual market share calculations and the methodology by which a party may have calculated those shares

---

[5] A GUPPI analysis is an economic analysis that is sometimes used to determine a merger's competitive effects. *See generally FTC v. Wilh. Wilhelmsen Holding ASA*, 341 F. Supp. 3d 27, 64 (D.D.C. 2018).

implicate attorney work product and are not proper fact discovery. *United States v. Anthem, Inc.*, No. 16-cv-1493 (ABJ), 2016 WL 11755527, at *1-2, 8 (D.D.C. Sept. 30, 2016), denied a motion to compel to the extent an interrogatory sought "market share calculations and the methodology used to reach those calculations" on the basis of attorney work product.[6] "The market shares themselves, as well as any HHI calculations, are the product of legal and economic analyses performed by counsel to the United States, the Plaintiff States and District, and/or their agents in preparation for this litigation. Such analyses are precisely the type of 'conclusions' which Rule 26(b)(3)(B) prohibits a court from ordering disclosed." *Id*. at *5; *see also id*. at nn. 6-7.

Finally, Defendants unpersuasively rely on FTC statements during a hearing in the *Tapestry* merger case. Mot. at 6-7, 10. That hearing was held on the merging parties' Rule 12(e) motion for a more definite statement. ECF 134-3 at 4. Defendants had not served any interrogatories, *id*. at 10, but moved in the alternative for an order requiring the FTC to respond to one interrogatory: "Define the product market you intend to prove at trial,"[7] Weingarten Decl., Ex. B, at 11. The FTC's position in *Tapestry* is square with Plaintiffs' position here. As Plaintiffs' do here, the FTC explained that its relevant market methodology "is protected work product or premature expert discovery" and that FTC would "object on privilege grounds or fight it out in contention interrogatories" if defendants sought "preliminary analyses" underlying the complaint. ECF 134-3 at 11-12. Contrary to Defendants' suggestion, the FTC did not endorse any particular interrogatory when it suggested that the *Tapestry* defendants "could have" served an interrogatory seeking a list of competitors in the "relevant antitrust market in your complaint."

[6] R. & R. adopted at 2016 WL 11755535 (D.D.C. Oct. 14, 2016).

[7] Contention interrogatories are postponed in that district, but not prohibited. *See* SDNY Local Civil Rule 33.3(c).

*Id*. at 10. Defendants' assertion that an interrogatory "requiring a list of competitors . . . is nearly identical to Defendants' Interrogatory 2," Mot. at 10, is meritless. Putting aside Interrogatory 2's actual text, the *Tapestry* complaint alleged a single nationwide relevant antitrust market, while this case involves hundreds of relevant antitrust markets.

**III. Defendants' Discovery Has Not Been "Highly Prejudiced"**

Defendants baselessly assert that Plaintiffs' interrogatory responses are a "ploy to limit Defendants' ability to develop necessary evidence." Mot. at 11. Defendants are two of the largest supermarket operators in the country. Their own documents account for nearly all the documents produced during the pre-Complaint investigation. *See* Mot. at 4 (Defendants produced "millions of documents and large amounts of data"). They have retained eight law firms and disclosed six expert witnesses to opine, *inter alia*, on "antitrust economics," "labor economics," "labor relations," and the "retail grocery industry." Weingarten Decl., Ex. C. Their Answers explain their strategy for arguing a broad relevant market for "grocery competition." *See, e.g.*, Kroger Answer (ECF 90) at 2. And nothing has stopped them from subpoenaing dozens of third parties.

**IV. The Requested Information Is Not Proportional to the Needs of the Case**

Defendants' seek information about market definition that is not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

As an initial matter, Defendants have had discovery of the pre-Complaint "facts." Defendants' own documents comprised nearly the entirety of Plaintiffs' pre-Complaint discovery. As for the rest, Plaintiffs already produced the non-privileged information in their investigative files.

Defendants' rhetoric about relevant markets ignores the relevant legal framework. Under FTC Act § 13(b), the FTC need only raise "substantial" questions going to the merits," *FTC v.*

*Warner Commc'ns Inc.*, 742 F.2d 1156, 1162 (9th Cir. 1984), and "does not need to prove the merits of its case to obtain a preliminary injunction." *FTC v. IQVIA Holdings, Inc.*, No. 23 Civ. 06188, 2024 WL 81232, at *24 (S.D.N.Y. Jan. 8, 2024). Thus, the FTC does not "necessarily need to settle on a market definition at this preliminary stage." *FTC v. Whole Foods Market, Inc.*, 548 F.3d 1028, 1036 (D.C. Cir. 2008). "For example, a merger between two close competitors can sometimes raise antitrust concerns . . . . In such a situation, it might not be necessary to understand the market definition to conclude a preliminary injunction should issue." *Id*. at 1036 n.1; *accord United States v. Mfr. Hanover Trust Co.*, 240 F. Supp. 867, 923, 955 (S.D.N.Y. 1965) (rejecting government's proposed market definition yet enjoining merger after finding that "elimination of substantial competition previously existing between the parties . . . establishes a reasonable probability of a substantial lessening of competition").

Finally, Defendant Albertsons conceded in the administrative proceeding that "there is no dispute that [REDACTED] [REDACTED]." Weingarten Decl., Ex. A at 7. That concession also undercuts Defendants' heated assertions about the centrality of market definition to this case.

**CONCLUSION**

Plaintiffs respectfully request that the Court deny Defendants' motion to compel (filed at ECF 133).

Dated: May 23, 2024

Respectfully submitted,

/s/ James H. Weingarten

James H. Weingarten, DC Bar No. 985070
Charles Dickinson, DC Bar # 997153
Rohan Pai, DC Bar # 1015652
Barrett Anderson, CA Bar # 318539
Elizabeth Arens, DC Bar # 982662
Jeanine Balbach, MD Bar
Emily Blackburn, DC Bar # 1032506
Alexander J. Bryson, VA Bar # 85737
Guia Dixon, CA Bar # 305751
Katherine Drummonds, DC Bar # 1044289
Paul Frangie, DC Bar # 474225
Trisha Grant, DC Bar # 1021419
Laura Hall, NY Bar # 4337408
Jacob Hamburger, DC Bar # 1025538
Lily Hough, CA Bar # 315277
Janet Kim, DC Bar # 489075
Kenneth A. Libby, NY Bar # 2035129
Eric Olson, DC Bar # 1708530
Harris Rothman, NY Bar # 5780283
Anjelica Sarmiento, NY Bar # 5636154
Joshua Smith, MD Bar
Albert Teng, DC Bar # 1021115
Leora Tyree, IL Bar # 6288669
James H. Weingarten, DC Bar No. 985070
Theodore Zang Jr, NY Bar # 2186518

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3570
Telephone: (202) 326-2617
jweingarten@ftc.gov
cdickinson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Robert A. Bernheim
Robert A. Bernheim, AZ Bar No. 024664
Jayme L. Weber, AZ Bar No. 032608
Vinny Venkat, AZ Bar No. 038587
Connor Nolan, AZ Bar No. 038088

Arizona Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004
Tel: (602) 542-5025
Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov
Vinny.Venkat@azag.gov
Connor.Nolan@azag.gov

*Attorneys for Plaintiff State of Arizona*

/s/ Nicole Gordon
Nicole Gordon, CA Bar No. 224138
Shira Hoffman, CA Bar No. 337659

State of California
California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3458
Facsimile: (415) 703-5480
Nicole.Gordon@doj.ca.gov
Shira.Hoffman@doj.ca.gov

*Attorneys for Plaintiff State of California*

/s/ Amanda Hamilton
Amanda Hamilton, DC Bar No. 499646
C. William Margrabe, DC Bar No. 90013916

Office of the Attorney General for the District of Columbia
400 6th Street, N.W, 10th Floor
Washington, D.C. 20001
Tel: (202) 727-3400
Amanda.Hamilton@dc.gov
Will.Margrabe@dc.gov

*Attorneys for Plaintiff District of Columbia*

/s/ Brian M. Yost
Brian M. Yost, IL Bar No. 6334138
Paul J. Harper, IL Bar No. 6335001
Alice Riechers, IL Bar No. 6272933

Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
Tel: (872) 276-3598
Email: Brian.Yost@ilag.gov
Paul.Harper@ilag.gov
Alice.Riechers@ilag.gov

*Attorneys for Plaintiff State of Illinois*

/s/ Schonette J. Walker
Schonette J. Walker, MD Bar No. 0512290008
Gary Honick, MD Bar No. 7806010078
Byron Warren, MD Bar No. 1612140330

Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Tel: (410) 576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

/s/ Lucas J. Tucker

Lucas J. Tucker, NV Bar No. 10252
Samantha B. Feeley, NV Bar No. 14034

Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
ltucker@ag.nv.gov
sfeeley@ag.nv.gov

*Attorneys for Plaintiff State of Nevada*

/s/ Julie Ann Meade
Julie Ann Meade, NM Bar No. 8143
Jeff Dan Herrera, NM Bar No. 154030

New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87504
Tel: (505) 717-3500
jmeade@nmag.gov
jherrera@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

/s/ Cheryl F. Hiemstra

Cheryl F. Hiemstra, OSB#133857
Tim D. Nord, OSB#882800
Chris Kayser, OSB#984244
Tania Manners, OSB#140363

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: (503) 934-4400
Facsimile: (503) 378-5017
Cheryl.Hiemstra@doj.state.or.us
Tim.D.Nord@doj.state.or.us
cjkayser@lvklaw.com
tmanners@lvklaw.com

*Attorneys for Plaintiff State of Oregon*

/s/ William Young
William Young, WY Bar No. 8-6746

Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-7847
William.Young@wyo.gov

*Attorney for Plaintiff State of Wyoming*