B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202.942.5000

*Attorneys for Defendant The Kroger Company*

(Additional counsel on signature page)

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, | Case No.: 3:24-cv-00347-AN<br><br>STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS |
| Plaintiffs, | |
| v. | |
| THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., | |
| Defendants. | |

Page i –    STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

WHEREAS Plaintiffs Federal Trade Commission ("FTC" or "Commission"), State of Arizona, State of California, District of Columbia, State of Illinois, State of Maryland, State of Nevada, State of New Mexico, State of Oregon, and State of Wyoming, by and through their respective attorneys general ("Plaintiff States") and Defendants The Kroger Company ("Kroger") and Albertsons Companies, Inc. ("Albertsons") have agreed that the terms of this stipulation ("Remote Deposition Protocol" or "Protocol") shall apply to all remote fact (both Party and Third Party, as defined below) and 30(b)(6) depositions in the above-captioned action.

WHEREAS the Parties therefore are entering into this stipulation with the request that the Court enter it as an Order.

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

## I.    DEFINITIONS

1.    "Deposed Party Counsel" means outside counsel for the Witness whose deposition has been noticed pursuant to this Protocol.

2.    "Deposing Party Counsel" means Plaintiffs or the outside counsel of the Party or Parties that noticed the deposition pursuant to this Protocol. Where multiple Parties notice a deposition, counsel for those parties shall be referred to collectively as Deposing Party Counsel.

3.    "Deposition Participants" means Counsel for the Parties permitted to attend a Remote Deposition by this Protocol, the Witness, the Witness's counsel (if not represented by counsel of a Plaintiff or Defendant), the court reporter, the videographer, any officer as defined in Federal Rule of Civil Procedure 28(a)(1)(a), client representatives (solely with respect to depositions of a current or former employee or consultant of that Party), technical specialists designated under Paragraph 27 of this Protocol, experts retained in connection with this action

and/or the Parallel Actions, and any other participant agreed upon in advance of the deposition by the Parties.

4.    "First Noticing Party" means the Party that first noticed the deposition of a given witness.

5.    "Participating Counsel" means Deposed Party Counsel, Deposing Party Counsel, and any other outside counsel for a Party. In-house counsel and client representatives for a given Party may participate in depositions of that Defendant's current employees.  With respect to former employees, in-house counsel and client representatives may participate only for the portion of the deposition that relates to their employment by that Defendant.

6.    "Parallel Actions" means the actions brought by the Washington State Attorney General and the Colorado State Attorney General challenging Kroger's proposed acquisition of Albertsons and, to the extent required for clarity, also this Action.

7.    "Parties" for purposes of this Remote Deposition Protocol means the named Parties to this action and the Parallel Actions, as well as consultants, agents, representatives, or former employees of the named Parties if they are represented by counsel for a Party or if a Party is paying for their counsel.

8.    "Platform" means the video-conferencing computer application that enables the Parties to conduct a Remote Deposition in accordance with this Remote Deposition Protocol. The Parties agree that the video and audio feed for all Remote Depositions will be conducted through Zoom or a similar video-conferencing platform.

9.    "Primary Counsel" means counsel designated by the Parties and the Witness at the beginning of the Remote Deposition as provided in Paragraph 39.

Page 2 –    STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

10.    "Remote Deposition" means a deposition of a Party or Third Party Witness using a Platform as agreed to under this Remote Deposition Protocol where Deposition Participants—including Participating Counsel, the Witness, court reporters, and/or videographers—are not all physically present in the same location at the time the deposition is taken. For the avoidance of doubt, (a) Deposed Party Counsel, (b) counsel for any Plaintiff, (c) outside counsel for any Defendant, and (d) a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform are allowed to be physically present in the same room as the Witness during any deposition, whether it is a Remote Deposition or not.

11.    "Third Party" or "Third-Party Witness" means all natural persons that are neither Parties nor persons retained by any of the Parties or the Parties' counsel and from whom a Party is seeking testimony at a Remote Deposition in this action.

12.    "Witness" means the person, including a Third Party, whose Remote Deposition has been noticed in this action or any person designated to appear to give testimony on behalf of a Party or Third Party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

## II.    AGREEMENT REGARDING REMOTE DEPOSITIONS

13.    All depositions in this action shall be Remote Depositions as defined herein.  All Party and Third-Party depositions in this action shall have a remote option and an in-person option for Participating Counsel.  Participating Counsel may elect to attend any Party or Third Party deposition in this Action remotely or in person.  In the event a witness raises a reasonable objection to the attendance of Participating Counsel in person (e.g., a medical condition), the Parties and, as applicable, the relevant Third-Party shall negotiate in good faith about the format of the deposition. A copy of this stipulation shall be provided to each Witness or Deposed Party Counsel.

Page 3 –    STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

14.     Participating Counsel shall provide all Parties with notice of their intent to attend in person or remotely no later than four (4) business days in advance of the deposition.

15.     Notwithstanding any other rule to the contrary, the Parties stipulate that the Witness's oath or affirmation may be administered remotely for any Remote Deposition. The place of examination is the location of the Witness. A Remote Deposition shall be deemed to have been conducted before an appropriate officer, as defined in Federal Rule of Civil Procedure 28(a)(1)(a), as long as that officer attends the deposition via the same Platform that Participating Counsel use to attend the deposition.

16.     The Parties hereby expressly waive all objections to conducting any deposition as a Remote Deposition and the admissibility of any testimony given during a Remote Deposition based solely on the fact it was a Remote Deposition. Testimony given during a Remote Deposition, including both the transcript and video record, if any, may be used at a trial, at hearings, in motions, or in other modes in these proceedings to the same extent that in-person deposition testimony may be used at trial, at hearings, in motions, or in other modes in these proceedings.

## III.    DEPOSITION TECHNOLOGY

17.     The First Noticing Party shall be responsible for arranging the taking of a Remote Deposition and ensuring that email invitations to attend the Remote Deposition are sent to the Witness, the court reporter, and Participating Counsel who, no later than four days before the Remote Deposition, shall provide their email addresses to the First Noticing Party. In lieu of providing the Witness's email address, Deposed Party Counsel may elect, upon notice to the First Noticing Party, to forward the email invitation and other relevant information to the Witness directly.

Page 4 –        STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

18.     Remote Depositions subject to this Remote Deposition Protocol shall be recorded by stenographic means at the expense of the First Noticing Party. Any Party electing to record the Remote Deposition by audiovisual means shall do so at their own expense. Each Party will bear its own costs for copies of transcripts and copies of video recordings of any deposition.

19.     The Deposed Party Counsel shall ensure that the Witness has access to technology that meets the minimum standards required by the Platform to ensure the transmission of audio and video feeds via the Platform, unless the deposition is taken at a location as specified by the First Noticing Party, in which case the First Noticing Party shall ensure that Deposition Participants attending in person have access to technology that meets the minimum standards required by the Platform to ensure Participating Counsel who may not be physically present at the Deposition are able to participate in the Deposition.

20.     The Platform for a Remote Deposition will be configured such that any private chat feature is disabled. Breakout room features may be enabled only for breaks and recesses off the record. Conversations in the breakout rooms shall not be recorded. All other chat, instant message, e-mail, and/or texting features that may be visible to or used to communicate with the Witness without such communications being visible to the rest of the Deposition Participants are prohibited and shall be closed or disabled during the Remote Deposition in a manner that prevents the Witness from receiving messages, alerts, and notifications through such features.

21.     The court reporter will make a real-time live feed of the deposition transcript available to all Deposition Participants other than the Witness, who is not permitted to use a real-time live feed.  Parties and Third Parties shall bear their own costs for their use of any real-time live feed. The court reporter may participate in the Remote Deposition remotely and will not be required to be physically present in the same room as the Witness.

Page 5 –       STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

22.     All Deposition Participants will use secure, end-to-end encryption videoconferencing. Audio dial-in through the Platform will be available for Deposition Participants unable to participate via videoconferencing, provided that the Witness and Primary Counsel must participate with their video feeds switched on, and all Deposition Participants using audio dial-in must identify themselves to the court reporter. Video recording shall be made using the camera focused on the Witness, not Primary Counsel or any of the other Deposition Participants. Deposition Participants other than Primary Counsel and the Witness shall have their cameras and microphones turned off while testimony is being taken on the record. Deposition Participants will be provided virtual break-out rooms that may be utilized during breaks, if the vendor providing the videoconferencing services can provide them at no extra cost.

23.     The secure videoconferencing Platform will be hosted by the court reporting service. Hosting or co-hosting privileges will not be given to the other Deposition Participants.

24.     Deposition Participants are responsible for ensuring that they have the proper hardware, software, and other equipment to participate in the Remote Deposition.

25.     The Deposed Party Counsel, the Witness (or his/her designee), and/or Deposing Party Counsel may participate in a scheduled technology "test run" on the business day prior to each scheduled deposition (or at a mutually agreed upon date prior to the Remote Deposition) to ensure that the videoconferencing software functions properly. The Deposed Party Counsel, the Witness (or his/her designee), and Deposing Party Counsel may schedule test runs at different times. The Deposed Party Counsel and Deposing Party Counsel will notify the other of any technological issues that arise during the test run and require the attention of both the Deposed Party Counsel and Deposing Party Counsel so that they can be remedied in advance of the Remote Deposition.

Page 6 –      STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

26.     The only recording of the Remote Deposition, whether audio or visual, will be through the court reporting service, and the Parties will instruct the court reporter to record only when the Remote Deposition is on the record. The court reporter will disable any other "record" function in the secure videoconferencing Platform, and the Parties and Deposition Participants will not use any other means to record the Remote Deposition.

## IV.    TECHNICAL DIFFICULTY

27.     The court reporter will provide a telephone number for the Primary Counsel to use in the event that any of Deposition Participant becomes disconnected or is otherwise experiencing technical difficulties during the Remote Deposition. The Parties and/or Primary Counsel may elect to have a technical specialist attend a Remote Deposition to ensure that technical issues are resolved in a timely manner.

28.     If technical issues result in the inability of any Primary Counsel, the court reporter, videographer, or the Witness to receive either the audio or video feed of a Remote Deposition, the Remote Deposition shall be suspended. Any remaining Deposition Participant(s) shall note any such disconnection on the record as soon as they become aware of it. Any portion of the deposition that has been transcribed while a Primary Counsel or the Witness was disconnected or experiencing technical difficulties must be re-read upon the resolution of the technical difficulty, and the disconnected Primary Counsel must be given an opportunity to object to any questions or answers that occurred in their absence. Any time spent, whether on or off the record, while the deposition is suspended, dealing with technical issues, or other issues unique to the taking of the Remote Deposition shall not count against the time allotted for the deposition by the Case Management and Scheduling Order in this action. If the technical difficulties cannot be resolved to the satisfaction of the court reporter, the Remote Deposition

shall be suspended. The duration of a Remote Deposition may be further extended by agreement of the Parties or by order of the Court.

29.    Each Primary Counsel reserves the right to halt the deposition due to technical issues or disruption and, after making a good faith effort to resolve the issue or disruption, continue the deposition at a later date or time, subject to the requirements of the CMSO.

30.    If technical difficulties arise during the taking of a Remote Deposition, counsel for the Parties must meet and confer immediately, by telephone or other means, to determine whether the Remote Deposition can proceed or should be continued to a future date. If technical difficulties make the completion of a Remote Deposition impracticable, counsel for the Parties and the Witness shall resume the Remote Deposition at the earliest, mutually convenient opportunity. Either Party or a Third-Party Witness may seek by letter motion a protective order regarding whether or the terms under which the Remote Deposition may resume.

## V.    EXHIBITS

31.    With respect to depositions noticed in this action and in any Parallel Action, the Parties agree that counsel for Plaintiffs in this action may share documents produced by the Parties in this action with counsel for the Plaintiff in each other action in which the deposition is noticed and vice versa in order to prepare for the deposition.  Plaintiffs in each action in which the deposition was noticed may introduce any such shared documents at the deposition.  For the avoidance of doubt, C&S consents to this provision with respect to Remote Depositions involving its current or former employees.

32.    With respect to depositions noticed in this action and in any Parallel Action, if in preparing for the deposition, counsel for Plaintiffs in this action wishes to share a document produced by a Third Party with counsel for the Plaintiff in another action in which the deposition

is noticed, counsel for a Plaintiff that received the production shall seek that Third Party's consent for disclosure to counsel for the other Plaintiff(s) no fewer than three (3) business days prior to the deposition.

33.    With respect to depositions noticed in this action and in any Parallel Action, the Parties agree that exhibits introduced during the deposition may be used in any action in which the deposition was noticed.  For the avoidance of doubt, C&S consents to this provision with respect to Remote Depositions involving its current or former employees.

34.    The Parties agree that the method of marking and using exhibits for a Remote Deposition is either (1) through the Platform enabled for Remote Depositions, which shall enable the Deposing Party Counsel to share exhibits electronically with the Witness, the Deposed Party Counsel, the court reporter, and Deposition Participants, or (2) by marking and using hard copies of exhibits insofar as the Deposing Party Counsel is in the same room as the Witness, in which case electronic copies of the exhibits must also be shared simultaneously with the Deposition Participants (excluding the Witness) through the Platform.

35.    Insofar as any Deposing Party Counsel marks and uses exhibits pursuant to Paragraph 34(1):

　　　　a.    Such exhibits used during the examination of the Witness are to be introduced and viewed digitally using the Platform. In the event the exhibits are not pre-marked for identification, the preferred method of marking any exhibits is through the Platform.

　　　　b.    The Parties intend to use a Platform that will allow the Witness and Primary Counsel to have a complete electronic copy and personal control of each exhibit when it is introduced remotely via the Platform. Further, the Parties agree that any

objections that could have been made during the Remote Deposition had Primary
Counsel had a complete copy and personal control of an exhibit are preserved and may be
asserted by serving notice of such objections within 24 hours of receiving the complete
exhibit from the Deposing Party Counsel.

       c.      If a Witness is unable to open or access the document shared through the
Platform, or if the Witness states that a document is best viewed in hard copy, the
Deposed Party Counsel may pause the deposition to print a physical copy of a document
before the document is introduced on the record ("Printing Break"). Witnesses shall
request Printing Breaks in good faith, and a Printing Break may not be requested with
respect to any document that Deposing Party Counsel has identified to Deposed Party
Counsel (copying Parties' Counsel) as a potential exhibit at least one (1) business day
prior to the Remote Deposition. Printing Breaks will be off the record and will not count
toward the time limit for the deposition. During a Printing Break, the Witness must
remain visible on camera with the microphone unmuted at all times. The Witness may
not engage in any electronic communications (email, chat, instant message, text message,
etc.) during a Printing Break.

## VI.    DEPOSITION CONDUCT

      36.    The Parties agree to meet and confer in good faith regarding the start times for
any Remote Depositions and arrangements for any Remote Depositions that certain Deposition
Participants are attending in person.

      37.    The Deposed Party Counsel will provide the Deposing Party Counsel the
following information at least four (4) business days prior to the date on which the Remote
Deposition is scheduled: (1) name of the Witness if the Witness is scheduled to give testimony

pursuant to Federal Rule of Civil Procedure 30(b)(6); (2) the location of the Witness during the deposition, which shall be the site specified by the First Noticing Party, so long as it comports with applicable rules of civil procedure, or is otherwise agreed between Deposed Party Counsel and Deposing Party Counsel; and (3) the deposition start time. Deposing Party Counsel and the Parties will be provided the names and email addresses of any other counsel who plan to attend the Remote Deposition remotely at least three (3) business days prior to the date on which the Remote Deposition is scheduled.

38.    The Deposing Party Counsel will instruct the court reporting service to contact the Deposition Participants in advance of the deposition, and provide the secure videoconferencing login information and audio dial-in. Only registered Deposition Participants will be permitted to enter the secure videoconference, which will require a unique code comprised of alphanumeric characters. The Witness and/or Deposed Party Counsel will promptly notify the Deposing Party Counsel of any revisions to the participating counsel list.

39.    On the record at the start of the Remote Deposition, the Parties shall identify no more than one counsel each for each Party to serve as Primary Counsel. Similarly, if the Witness is a Third Party, then the Witness shall, on the record, at the start of the Remote Deposition, also identify no more than one counsel to serve as Primary Counsel during the Remote Deposition. All Primary Counsel and the Witness will be individually logged onto the Platform with their cameras on and visible at all times during the Remote Deposition.

40.    Deposed Party Counsel may be in the same location as the Witness and each is required to state on the record that he or she is in the same location as the Witness. The Witness and Primary Counsel will be individually logged onto the Platform during the deposition with cameras on and visible at all times through video feed during the Remote Deposition except

Page 11 –    STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

during breaks. The Primary Counsel for the Witness is required to be visible on a different camera from the Witness. All other Deposed Party Counsel in the room with the Witness, aside from any court reporter that may be in the room as needed, will set their audio to "mute" when the deposition is on the record. Notwithstanding any other provision of this Protocol, Deposition Participants in the same room as the Witness must be visible on camera, either individually or in a shot that shows the entire room, at all times.

41.    At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the Remote Deposition, including any person receiving a live feed or live transcript of the Remote Deposition, must be identified for the record. Primary Counsel and the Witness are required to state their location—including whether they are in the same location as the Witness—on the record at the beginning of any Remote Deposition.  Any person joining or leaving the Remote Deposition after its beginning must be identified at the time of his or her arrival or departure.

42.    The Witness will not communicate with Deposed Party's Counsel, other counsel, or any other person by chat, email, text message, or any other means while the Remote Deposition is on the record. When the Remote Deposition is off the record, including during breaks, the Witness and the Deposed Party Counsel may communicate by any means as they would be permitted during an in-person deposition.

43.    With the exception of hardware necessary to view exhibits introduced during the Remote Deposition, the Witness will not have before her or him any hardware, such as a mobile phone or tablet, that is not required to participate in the Remote Deposition, and will close all other windows and programs on her or his computer other than software required to participate in the Remote Deposition.

Page 12 –    STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

44.    While on the record, the Witness may not, without the express consent of counsel for all Parties, review, read, have before them, or otherwise access any document, including handwritten notes, email, text messages, web pages, apps, video, audio, or other material, except (i) corporate designees may have copies of materials used to prepare them on the noticed topics, provided that copies of any such non-privileged materials that the corporate designee may refer to are provided to counsel for all Parties no later than 24 hours prior to the Remote Deposition (if there are a small number of additional document updates prior to the deposition, they should be provided to counsel for all Parties as soon as possible); and (ii) documents presented to the Witness as exhibits during the Remote Deposition.

45.    During the Remote Deposition, the Witness shall not consult any outside sources of information, including cell phones, smart phones, computers, tablets, the Internet, text or instant messaging services, emails, chats, blogs, or websites to obtain information in connection with his or her testimony without the express consent of counsel for all Parties.

## VII.   PARALLEL LITIGATION DEPOSITION COORDINATION

46.    Defendants agree that they will seek to enter this Remote Deposition Protocol in the Parallel Actions.  In the event that a Party or third-party witness is noticed for a deposition in this action and one or more Parallel Actions, the Parties agree they will work in good faith to coordinate a deposition to avoid unduly burdening the Party or Third-Party witness wherever practical and feasible.

47.    Specifically, the Parties here and in all of the Parallel Actions agree to the following time allocations for depositions of individual fact witnesses:

      a.    If multiple depositions are noticed for any employee of Defendants:

          i.    The deposition time will be up to 10.5 hours in total;

       ii.     The FTC and other Plaintiffs in its suit and the Washington State Attorney General and the Colorado State Attorney General will split the time as agreed among them and may yield any time to another Plaintiff at any time during their examination—however, each Plaintiff noticing the deposition must be allocated at least 1.5 hours of deposition time;

       iii.     For the avoidance of doubt, none of (1) the FTC and other plaintiffs in its suit, (2) the Washington State Attorney General, or (3) the Colorado Attorney General may, itself, examine a witness for more than eight hours; and

       iv.     The Parties agree to meet and confer in good faith regarding any additional time that may be required of 30(b)(6) witnesses.

    b.     If a deposition is noticed for a third-party witness in this proceeding and one or more Parallel Actions:

       i.     Defendants shall receive 35 percent of the examination time;

       ii.     The FTC and other Plaintiffs in its suit and the Washington State Attorney General and the Colorado State Attorney General collectively will receive 65 percent of the examination time, to be split as agreed among them and may yield any time to another Plaintiff at any time during their examination— however, each Plaintiff noticing the deposition must be allocated at least 15% of the deposition time.

48.    C&S Wholesale Grocers, LLC is a Defendant in the Colorado State Attorney General Action and a non-party with significant equities and information related to this action

and the Washington State Attorney General action.  For the purposes of this Stipulation and Order, C&S Wholesale Grocers, LLC shall be treated as a Party.

49.    Notwithstanding the foregoing, these deposition times may be extended with the consent of the Parties and any Third Party if applicable or leave from the Court for good cause. No Party shall unreasonably withhold consent to extending the deposition times identified above.

50.    Consistent with this Stipulation and Order, the Parties shall endeavor to harmonize procedures to accommodate both the Federal Rules of Civil Procedure and the parallel Washington Rules of Civil Procedure and Colorado Rules of Civil Procedure.

51.    Notwithstanding the foregoing, Parties reserve all rights to enforce deposition subpoenas in the event that the deposition of a given Witness cannot be effectively coordinated with the Parallel Actions, or to seek relief from deposition subpoenas in the event the Parties cannot coordinate the deposition pursuant to this protocol.

## VIII.    MISCELLANEOUS PROVISIONS

52.    The Parties may conduct a joint test of the Platform prior to the taking of the first Remote Deposition using that Platform. A Party that fails to participate in such a test waives any objections to the use of the Platform.

53.    Deposed Party Counsel, Deposing Party Counsel, and the Witness shall enable both an audio and video connection at all times during a Remote Deposition. The audio connection shall be muted when appropriate, but the video connection shall remain active, with the camera turned on, at all times during a Remote Deposition, except during breaks, so long as the Platform connection is maintained.

54.    If privileged information is disclosed during a Remote Deposition inadvertently as a result of a technical disruption or other technical issue, such disclosure shall not be deemed a waiver of privilege.

55.    For the avoidance of doubt, no person may be physically located in the same room as the Witness during the taking of a Remote Deposition other than (a) Deposed Party Counsel, (b) counsel for Plaintiff, (c) outside counsel for any Defendant, (d) in-house counsel or client representatives for any Defendant (solely for any deposition of that Defendant's current or former employees and, with respect to the latter, solely in accordance with Paragraph 5), and (e) a non-attorney who is present solely for the purpose of providing technical assistance to the Witness in using the Platform. At the beginning of the Remote Deposition, every person logged onto the Platform or otherwise viewing or listening to the deposition must be identified for the record. Any person joining or leaving the deposition after it begins must be identified at the time of their arrival or departure.

56.    Based on their experience under this Remote Deposition Protocol and the needs of individual witnesses, (a) the Parties, or the Parties and any Third-Party Witness, may stipulate to modifications of this Remote Deposition Protocol applicable to an individual Remote Deposition; or (b) the Parties may stipulate and submit to the Court for its approval modifications to this Remote Deposition Protocol applicable to depositions to which this Remote Deposition Protocol applies.

57.    The Noticing Party shall serve a copy of this Remote Deposition Protocol with any subpoena for deposition testimony in this action.

58.    All persons attending Remote Depositions are reminded that the local rules of practice for this action and the Parallel Actions, the typical rules of professionalism and etiquette

during depositions still apply. All persons attending depositions taken pursuant to this Remote Deposition Protocol who do not have an immediate need to speak shall ensure that their telephone or video conference lines are muted. In addition, all persons attending depositions taken pursuant to this Remote Deposition Protocol shall undertake best efforts to ensure that they can do so in a space that is relatively free from distractions that would interfere with the deposition.

59.     If a Party or Deposed Party Counsel learns that a Witness violated this Protocol during the course of the Remote Deposition by either (a) communicating with any counsel or other person in violation of this Protocol or (b) consulting non-exhibit sources during the Remote Deposition in violation of this Protocol, any person aware of the violation shall notify all Primary Counsel and any Deposing Party Counsel may re-open the Remote Deposition. The Parties, as well as Deposed Party Counsel for the Witness, shall produce to the Parties any communications by or with the Witness in violation of this Protocol or sources the Witness consulted in violation of this Protocol. For the avoidance of doubt, communications otherwise abiding by the Federal Rules of Civil Procedure and any applicable ethical rules between the Witness and Deposed Party Counsel during breaks do not violate this Protocol.

Page 17 –     STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

## IX.    RESERVATION OF RIGHTS

60.    By entering into this stipulation, the Parties do not intend to limit their rights to

seek relief from the Court if, at any time, any one or all of them determine that Remote

Depositions are or have become impractical or prejudicial.

STIPULATED this 30th day of May, 2024.

FEDERAL TRADE COMMISSION                    STOEL RIVES LLP

_/s/ James H. Weingarten_                    _/s/ B. John Casey_
JAMES H. WEINGARTEN                          B. JOHN CASEY, OSB No. 120025
jweingarten@ftc.gov                          john.casey@stoel.com
CHARLES DICKINSON                            RACHEL C. LEE, OSB No. 102944
cdickinson@ftc.gov                           rachel.lee@stoel.com
Bureau of Competition                        JACOB GOLDBERG, OSB No. 162565
600 Pennsylvania Avenue NW                   jacob.goldberg@stoel.com
Washington, DC  20580
Telephone:  202.326.3570                     AND

_Attorneys for Plaintiff Federal Trade_      ARNOLD & PORTER KAYE SCHOLER LLP
_Commission_
                                             MATTHEW M. WOLF (_Pro Hac Vice_)
ARIZONA OFFICE OF THE ATTORNEY               matthew.wolf@arnoldporter.com
GENERAL                                      SONIA K. PFAFFENROTH (_Pro Hac Vice_)
                                             sonia.pfaffenroth@arnoldporter.com
_/s/ Robert A. Bernheim_                     JOSHUA M. DAVIS (_Pro Hac Vice_)
ROBERT A. BERNHEIM                           joshua.davis@arnoldporter.com
robert.bernheim@azag.gov                     601 Massachusetts Avenue, NW
JAYME L. WEBER                               Washington, DC  20001
jayme.weber@azag.gov                         Telephone:  202.942.5000
SAJIVIGNESH VENKAT
vinny.venkat@azag.gov                        AND
CONNOR NOLAN
connor.nolan@azag.gov                        WEIL, GOTSHAL & MANGES LLP
2005 N. Central Avenue
Phoenix, AZ  85004                           MARK A. PERRY (_Pro Hac Vice_)
Telephone:  602.542.5025                     mark.perry@weil.com
                                             2001 M Street, NW, Suite 600
_Attorneys for Plaintiff State of Arizona_   Washington, DC  20036
                                             Telephone:  202.682.7000

CALIFORNIA DEPARTMENT OF JUSTICE

*/s/ Nicole Gordon*
NICOLE GORDON
nicole.gordon@doj.ca.gov
SHIRA HOFFMAN
shira.hoffman@doj.ca.gov
BRIAN WANG
brian.wang@doj.ca.gov
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: 415.510.3458

*Attorneys for Plaintiff State of California*

OFFICE OF THE ATTORNEY GENERAL
FOR THE DISTRICT OF COLUMBIA

*/s/ Amanda Hamilton*
AMANDA HAMILTON
amanda.hamilton@dc.gov
C. WILLIAM MARGRABE
will.margrabe@dc.gov
ADAM GITLIN
adam.gitlin@dc.gov
COLE NIGGEMAN
cole.niggeman@dc.gov
MEHREEN IMTIAZ
mehreen.imtiaz@dc.gov
400 Sixth Street NW, 10th Floor
Washington, DC 20001
Telephone: 202.727/3400

*Attorneys for Plaintiff District of Columbia*

OFFICE OF THE ILLINOIS ATTORNEY
GENERAL

*/s/ Brian M. Yost*
BRIAN M. YOST
brian.yost@ilag.gov
PAUL J. HARPER
paul.harper@ilag.gov
ALICE RIECHERS
alice.riechers@ilag.gov

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

*Attorneys for Defendant The Kroger Company*

ANGELI LAW GROUP LLC

*/s/ David H. Angeli*
DAVID H. ANGELI, Bar No. 020244
david@angelilaw.com
PETER D. HAWKES, Bar No. 071986
peter@angelilaw.com
KRISTEN TRANETZKI, Bar No. 115730
kristen@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: 503.954.2232

DEBEVOISE & PLIMPTON LLP

EDWARD D. HASSI (*Pro Hac Vice*)
thassi@debevoise.com
801 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.942.5000

WILLIAMS & CONNOLLY LLP

ENU A. MAINIGI (*Pro Hac Vice*)
emainigi@wc.com
JONATHAN B. PITT (*Pro Hac Vice*)
jpitt@wc.com
A. JOSHUA PODOLL (*Pro Hac Vice*)
apodoll@wc.com
680 Main Avenue SW
Washington, DC 20024
Telephone: 202.434.5000

DANIEL R. BETANCOURT
daniel.betancourt@ilag.gov
115 S. LaSalle Street
Chicago, IL  60603
Telephone:  872.276.3598

*Attorneys for Plaintiff State of Illinois*

OFFICE OF THE ATTORNEY GENERAL

/s/ Schonette J. Walker
SCHONETTE J. WALKER
swalker@oag.state.md.us
GARY HONICK
ghonick@oag.state.md.us
BYRON WARREN
bwarren@oag.state.md.us
200 St. Paul Place, 19th Floor
Baltimore, MD  21202
Telephone:  410.576.6470

*Attorneys for Plaintiff State of Maryland*

OFFICE OF THE NEVADA ATTORNEY
GENERAL

/s/ Lucas J. Tucker
LUCAS J. TUCKER
ltucker@ag.nv.gov
SAMANTHA B. FEELEY
sfeeley@ag.nv.gov
100 N. Carson Street
Carson City, NV  89701
Telephone:  775.684.1100

*Attorneys for Plaintiff State of Nevada*

NEW MEXICO DEPARTMENT OF
JUSTICE

/s/ Julie Ann Meade
JULIE ANN MEADE
jmeade@nmag.gov
JEFF DAN HERRERA
jherrera@nmag.gov

DECHERT LLP

MICHAEL COWIE (*Pro Hac Vice*)
mike.cowie@dechert.com
JAMES A. FISHKIN (*Pro Hac Vice*)
james.fishkin@dechert.com
1900 K Street NW
Washington, DC  20006
Telephone:  202.261.3300

*Attorneys for Defendant Albertsons Companies, Inc.*

Page 20 –    STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS

BEN LOVELL
blovell@nmag.gov
408 Galisteo Street
Santa Fe, NM  87504
Telephone:  505.717.3500

*Attorneys for Plaintiff State of New Mexico*

OREGON DEPARTMENT OF JUSTICE

*/s/ Cheryl F. Hiemstra*
CHERYL F. HIEMSTRA, Bar No. 113857
cheryl.hiemstra@doj.state.of.us
TIM D. NORD, Bar No. 882800
tim.d.nord@doj.state.or.us
CHRIS KAYSER, Bar No. 984244
cjkayser@lvklaw.com
TANIA MANNERS, Bar No. 140363
tmanners@lvklaw.com
100 SW Market Street
Portland, OR  97201
Telephone:  503.934.4400

*Attorneys for Plaintiff State of Oregon*

OFFICE OF THE WYOMING ATTORNEY
GENERAL

*/s/ William Young*
WILLIAM YOUNG
william.young@wyo.gov
109 State Capitol
Cheyenne, WY  82002
Telephone:  307.777.7847

*Attorneys for Plaintiff State of Wyoming*

SO ORDERED.

DATED:_____

_____
THE HONORABLE ADRIENNE NELSON
UNITED STATES DISTRICT COURT JUDGE

Page 21 –    STIPULATION AND ORDER GOVERNING REMOTE DEPOSITIONS