IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>    Plaintiffs,<br>  v.<br><br>KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>    Defendants. | Case No.: 3:24-cv-00347-AN<br><br>ORDER |

Plaintiffs bring this action pursuant to the Federal Trade Commission Act, 15 U.S.C. § 53(b), and the Clayton Act, 15 U.S.C. § 26, against defendants Kroger Company and Albertsons Companies, Inc., seeking to enjoin a proposed merger between the two companies.

Defendants filed a joint motion to compel the production of more complete responses to Defendants' Interrogatories Nos. 2, 3, and 4. Mot. to Compel, ECF [133]. Specifically, defendants seek the basis for plaintiffs' calculations of market share and market concentration using the Herfindahl-Hirschman Index ("HHI") in each geographic market, including the alleged competitors and geographic boundaries used to define the markets. *Id.* at 2. After review, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons that follow, the motion is DENIED.

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) limits the scope of discovery as follows:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

1

discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). The court has "broad discretion" to determine whether information sought is relevant for discovery purposes. *Id.*

The court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if the proposed discovery is outside the scope permitted by FRCP 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

An interrogatory may relate to anything within the scope of FRCP 26(b). Fed. R. Civ. P. 33(a)(2). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Id.* In addition to the FRCP, Local Rule 33-1(d) prohibits "[b]road general interrogatories, such as those that ask an opposing party to 'state all facts on which a claim or defense is based' or to 'apply law to facts[.]'"

A party may move for an order compelling a discovery response. Fed. R. Civ. P. 37(a)(3)(B). An evasive or incomplete disclosure or response is treated as a failure to disclose or respond. Fed. R. Civ. P. 37(a)(4). The movant has the initial burden of demonstrating the relevance of the discovery sought; the burden then shifts to the party opposing discovery to demonstrate why it should not be permitted. *United States v. McGraw-Hill Cos.*, No. CV 13-779-DOC (JCGX), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014).

## DISCUSSION

The Court finds, and plaintiffs do not meaningfully dispute, that the information sought is relevant. As a threshold matter, then, the information is discoverable. The Court finds, however, that the proposed discovery is not permissible under Local Rule 33-1(d) and FRCP 26(b)(2)(C).

First, the interrogatories are excessively broad, in violation of Local Rule 33-1(d).

Interrogatory No. 2, the most narrowly tailored of the interrogatories at issue, requests "all facts, documents, and data concerning" plaintiffs' definition of market competitors. Decl. of Luna N. Barrington ("Barrington Decl."), ECF [134], Ex. 1, at 9. Interrogatory No. 3 requests "all facts, documents, and data," including economic and legal analysis, that form the basis of plaintiffs' claim that the proposed merger will have an anticompetitive effect in supermarket markets. *Id.* Interrogatory No. 4 makes a similar request regarding plaintiffs' claim that the proposed merger will have an anticompetitive effect on the labor market. *Id.* at 10. These interrogatories essentially ask plaintiffs to "state all facts on which a claim or defense is based" in violation of Local Rule 33-1(d). *See Nicole Svboda's Fiduciary Servs., LLC v. United States*, No. 3:21-cv-01664-MO, 2023 WL 8272171, at *1 (D. Or. Nov. 30, 2023) (finding impermissible under Local Rule 33-1(d) an interrogatory requesting, in sum, all facts on which a defense was based).

All three interrogatories require the application of law to fact, which is also forbidden by Local Rule 33-1(d), and prematurely seek expert discovery. Although defendants argue that the only information sought is the factual bases for allegations in the complaint, Mot. to Compel 8-9, disclosure of the bases and methodologies of market analysis necessarily implies an application of antitrust law to facts. This type of discovery is more appropriately reserved for the expert discovery period.

Finally, the interrogatories impermissibly request attorney work product. FRCP 26(b)(3)(B) prohibits disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Market share calculations and methodologies constitute legal conclusions and are likely to provide insight into the mental impressions of attorneys. *See United States v. Anthem, Inc.*, No. 1:16-cv-1493 (ABJ), 2016 WL 11755527, at *5 (D.D.C. Sept. 30, 2016) ("Both the market share calculations and the methodology that the United States used to determine these shares are likely to 'reveal or provide insights into the "mental processes of the attorney" in the analysis and preparation' of this case. . . The market shares themselves, as well as any HHI calculations, are the product of legal and economic analyses performed by counsel to the United States and/or their agents in preparation for this litigation. Such analyses are precisely the type of 'conclusions' which Rule 26(b)(3)(B) prohibits a court from ordering disclosed."), *report and recommendation adopted*,

3

No. 16-1493 (ABJ), 2016 WL 11755535 (D.D.C. Oct. 14, 2016).

Defendants argue that they are prejudiced by the failure to respond completely to the interrogatories because they are delayed in pursuing non-party and expert discovery related to plaintiffs' claims. Mot. to Compel 11. While plaintiffs began their investigation prior to the commencement of litigation, defendants argue that they are at a disadvantage because they "have only the expedited discovery period available in this litigation." *Id.* Plaintiffs, on the other hand, argue that requiring more complete responses would violate the principle of proportionality, noting that they have already produced all non-privileged documents in their investigative file and that the bulk of those documents were turned over by defendants themselves during the investigation. Pls.' Resp., ECF [153], at 9-10. The Court finds that defendants would not be unduly prejudiced by a denial of their request given their resources, access to other relevant information, and the fact that such a denial likely constitutes only a brief delay in access to such information because the expert discovery window opens in a matter of weeks. While defendants may find the expedited discovery period places them at a disadvantage, the Court notes that the parties requested and stipulated to the current case management scheduling order, which is intended to provide the parties with sufficient time for discovery prior to the evidentiary hearing date to which the parties agreed at the March 11, 2024 status conference.

Because the interrogatories are impermissible under Local Rule 33-1(d), and because the information sought is protected work product and premature expert discovery, an order compelling more complete responses is not warranted.

## CONCLUSION

For the foregoing reasons, defendants' Joint Motion to Compel, ECF [133], is DENIED. IT IS SO ORDERED.

DATED this 31st day of May, 2024.

_Adrienne Nelson_
Adrienne Nelson
United States District Judge