IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>    Plaintiffs,<br>  v.<br><br>KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>    Defendants. | Case No.: 3:24-cv-00347-AN<br><br>ORDER |

Plaintiffs bring this action pursuant to the Federal Trade Commission Act, 15 U.S.C. § 53(b), and the Clayton Act, 15 U.S.C. § 26, against defendants Kroger Company ("Kroger") and Albertsons Companies, Inc. ("Albertsons"), seeking to enjoin a proposed merger between the two companies.

Albertsons moves to compel nonparty Target Corporation, Inc. ("Target") to produce a deponent to testify regarding specific noticed topics pursuant to a subpoena. Target opposes the motion. After review, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons that follow, the motion is GRANTED.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) limits the scope of discovery as follows:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed

1

discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

Fed. R. Civ. P. 26(b)(1). Discovery is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)). The court has "broad discretion" to determine whether information sought is relevant for discovery purposes. *Id.*

A party may serve a subpoena commanding attendance at a deposition or the production of documents or other things. Fed. R. Civ. P. 45(a). A subpoena must be issued from the court where the action is pending and may command a person to attend a deposition only within 100 miles of where the person, resides, is employed, or regularly transacts business, or within the state where the person resides, is employed, or regularly transacts business, if that person is a party or party's officer. Fed. R. Civ. P. 45(a)(2), (c). If a subpoena is directed to an organization, the organization must designate one or more officers, directors, managing agents, or other persons to testify on its behalf. Fed. R. Civ. P. 30(b)(6).

A party may move for an order compelling a discovery response. Fed. R. Civ. P. 37(a)(3)(B). The movant has the initial burden of demonstrating the relevance of the discovery sought; the burden then shifts to the party opposing discovery to demonstrate why it should not be permitted. *United States v. McGraw-Hill Cos.*, No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014). The court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if the proposed discovery is outside the scope permitted by FRCP 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Under the FRCP, a motion to compel discovery from a nonparty "*must* be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2) (emphasis added). The 2013 advisory committee notes to FRCP 45(f) state that "[u]nder Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)." The revisions are intended to protect and limit the burden on nonparties by ensuring that disputes are resolved locally.

## BACKGROUND

On March 25, 2024, shortly after discovery opened, Albertsons issued a subpoena to Target "seeking information related to competition in grocery retail and the labor market." Mot. to Compel, ECF [177], at 4; Decl. of Kristen Tranetzki ("Tranetzki Decl."), ECF [178], Ex. 3 ("Subpoena"). The subpoena commanded Target to produce documents and a witness to sit for a deposition in Minneapolis, Minnesota. Three topics of inquiry in the deposition are at issue:

> "3. Your understanding of the competitive effects, if any, of Kroger's proposed acquisition of Albertsons.
> "4. Your understanding of the competitive effects, if any, of Kroger's proposed divestiture of assets to C&S Wholesalers.
> "5. Your understanding of competition in the markets in which Your stores operate in the United States, including:
> "a. whether You distinguish between Supermarkets and other grocery stores, such as Dollar Stores, Online Grocery Stores, Discount Stores, Supercenters, Natural/Gourmet Stores, Club Stores, Limited Assortment Stores, Convenience Stores, Grocery Delivery Services, and/or Ethnic Grocery Retailers in the ordinary course of business;
> "b. whether you recognize a distinct market for Supermarkets in the ordinary course of business[.]"

Subpoena 21-22. The subpoena was issued from the District of Oregon pursuant to the Case Management Scheduling Order ("CMSO"), which permits nationwide service of process of discovery and trial subpoenas from this Court. ECF [88].

Target objected to the subpoena on April 8, 2024, its return date, and Albertsons and Target began a series of conferrals regarding whether, and to what extent, Target would comply with the subpoena. Mot. to Compel 4-6; Tranetzki Decl., Ex 4. After Albertsons narrowed the scope of its document request, Target produced twenty-two documents; the parties dispute the responsiveness of these documents. Mot. to Compel 5; Target Resp., ECF [188], at 2. As Albertsons and Target continued to discuss the proposed deposition, Albertsons agreed to drop labor-related topics, narrowing the request to a deponent who could testify about grocery competition topics. Mot. to Compel 6. Target ultimately informed Albertsons that it would not make a deponent available. *Id.*

On June 24, 2024, Albertsons filed the motion to compel Target to comply with the deposition subpoena and produce a witness to testify regarding deposition topics three through five. *Id.* 1.

## DISCUSSION

**A.      Jurisdiction**

As a threshold matter, Target argues that the Court lacks jurisdiction to enforce the subpoena under FRCP 45 because the subpoena seeks compliance in Minneapolis, Minnesota. Target Resp. 4-6. Target states that responding to the motion and appearing in the District of Oregon is burdensome, as prior to filing its response it had no local counsel. *Id.* 6.

Albertsons counters that the Court has jurisdiction to enforce the subpoena under the Clayton Act and the Case Management Scheduling Order. Albertsons' Reply ("Reply"), ECF [193], at 2-4. 15 U.S.C. § 23 provides that, in antitrust actions brought by or on behalf of the United States, "subpoenas for witnesses who are required to attend a court of the United States in any judicial district in any case, civil or criminal, arising under the antitrust laws may run into any other district." The Case Management Scheduling Order issued by this Court permits nationwide service of process of discovery and trial subpoenas pursuant to 15 U.S.C. § 23. CMSO ¶ 26.

Outside of the antitrust context, the Court would lack jurisdiction over this motion because the subpoena requires compliance in the District of Minnesota. The language of 15 U.S.C. § 23 does not explicitly confer nationwide enforcement power. At least one court, however, has inferred an implied enforcement power in the language of the statute. *See United States v. Anthem, Inc.*, No. CV 16-1493 (ABJ), 2016 WL 11164033, at *1 n.1 (D.D.C. Dec. 7, 2016) (denying a motion to quash a subpoena served on a nonparty and requiring him to appear at trial outside the geographic limit imposed by FRCP 45 based on 15 U.S.C. § 23's grant of nationwide service of subpoenas and because "[t]he plain language of the [case management] order . . . contemplates both that the parties may 'issue' trial subpoenas nationwide, and that those subpoenas may 'requir[e] witnesses to appear in this Court.'"). Other courts have assumed that such a power exists in the context of venue transfer analysis, taking as a given that that witnesses will be available in any judicial district because of the provision. *See United States v. United States Sugar Corp.*, No. CV 21-1644 (MN), 2022 WL 354228, at *6 (D. Del. Jan. 11, 2022); *United States v. Energy Sols., Inc.*, No. 16-CV-01056-GMS, 2016 WL 7387069, at *5 (D. Del. Dec. 21, 2016).

15 U.S.C. § 23 has received little attention from the courts to date. However, a similar provision of the False Claims Act, 31 U.S.C. § 3731(a), which states that "[a] subpena [sic] requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served at any place in the United States," has been at issue much more frequently in discovery disputes. In the majority of cases, courts considering motions to compel or motions to quash found that the language of 31 U.S.C. § 3731(a) necessarily included a nationwide enforcement authority. *See United States v. Wyeth*, No. CV 03-12366-DPW, 2015 WL 8024407, at *1 (D. Mass. Dec. 4, 2015) (provisionally finding that 31 U.S.C. § 3731(a) "imports an authority in the issuing court to compel testimony where the trial will be conducted, and that Rule 45 is best understood to preserve that statutory authorization while adding a requirement that good cause be shown before a subpoena shall issue") (collecting cases); *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 5624254, at *1 (D.S.C. Nov. 21, 2017) (collecting cases).

As the court observed in *Wyeth*, other similar rules and statutes expressly providing for nationwide service, such as Federal Rule of Criminal Procedure 17(e) and the Walsh Act, 28 U.S.C. § 1793(a), have been assumed to confer nationwide enforcement power despite only speaking of service. *Wyeth*, 2015 WL 8024407 at *2-3. The Court is convinced by the consensus of the district courts on these similar statutory provisions, as well as by the analysis in *Anthem*, that 15 U.S.C. § 23 confers nationwide enforcement power over subpoenas issued pursuant to that provision. And, as in *Anthem*, the CSMO in this case orders that, pursuant to 15 U.S.C. § 23, "the parties shall be allowed nationwide service of process of discovery and trial subpoenas . . . to issue from this Court that may run into any other federal district requiring witnesses to attend this Court." CMSO ¶ 26. The Court finds, accordingly, that it has jurisdiction to hear the motion to compel.

B.     **Substantive Merits**

Albertsons has met its burden of establishing that the discovery sought is relevant. The limited deposition topics relate to the scope and dynamics of the grocery market industry, which are relevant to the market definition and alleged anticompetitive effects at issue in this litigation. The deposition appears

5

calculated to lead to some admissible evidence.

Target argues that any value of the deposition is outweighed by the burden placed on Target in complying. Target Resp. 7. Although preparing a corporate representative to sit for a deposition is undoubtedly burdensome for Target, which is not party to this litigation, it is not unduly burdensome such that the Court must limit the discovery request. The deposition has been narrowed to three specific topics, limiting the preparation required of the designated witness. The discovery sought is subject to a protective order, which should allay concerns about the burden of producing sensitive business information.

Target also asserts that the discovery sought is duplicative and any deposition testimony would merely confirm the information in the documents already produced. Target Resp. 7. The parties dispute the comprehensiveness and responsiveness of Target's document production, and without access to those documents the Court cannot state with certainty whether they provide information sought in the deposition topics. A plain reading of the items listed in the request for production of documents and the deposition topics at issue suggests that, while there may be some overlap, the information sought is not identical. Regardless, a deposition, which by its nature provides an opportunity to inquire about previously received discovery and ask for explanations of business plans, policies, and other records, is not unreasonably cumulative because it seeks information on topics that may have been addressed, in part, by documents.

The Court finds that the discovery sought is relevant and is not unreasonably duplicative, cumulative, or burdensome, and accordingly grants the motion to compel.

**C.    Timing**

Target requests that, if the Court grants the motion to compel, it be given no less than twenty-one days from the date of this order to appear for deposition. Target. Resp. 11. Albertsons argues that such a time period is unreasonable in light of the expedited nature of these proceedings and moves for Target to comply within seven days of this order. Reply 8. To balance the competing time constraints on Target, which must prepare a witness, and Albertsons, which must complete discovery prior to the upcoming evidentiary hearing, and to accommodate any scheduling concerns, the Court finds that fourteen

days is an appropriate compromise.

## CONCLUSION

For the foregoing reasons, defendant Albertsons Companies, Inc.'s Motion to Compel, ECF [177], is GRANTED. Nonparty Target Corporation, Inc., must produce a witness for a deposition on topics three, four, and five of defendant Albertsons Companies, Inc.'s subpoena no later than fourteen days after this order.

IT IS SO ORDERED.

DATED this 12th day of July, 2024.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge