UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br>**STIPULATION AND ORDER<br>GOVERNING EXPERT TUTORIAL** |

WHEREAS Plaintiffs Federal Trade Commission, State of Arizona, State of California, District of Columbia, State of Illinois, State of Maryland, State of Nevada, State of New Mexico, State of Oregon, and State of Wyoming, by and through their respective attorneys general ("Plaintiffs") and Defendants The Kroger Company ("Kroger") and Albertsons Companies, Inc. ("Albertsons") (together, "Defendants") have agreed that the terms of this stipulation ("Expert Tutorial Stipulation") shall apply to the expert tutorial requested by the Court and scheduled for July 26, 2024.

WHEREAS the Plaintiffs and Defendants (collectively, the "Parties" and each a "Party") therefore are entering into the Expert Tutorial Stipulation with the request that the Court enter it as an Order.

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

On July 26, 2024, from 9:30 a.m. until 3:15 p.m., the Court will hold an expert tutorial in which certain of the Parties' experts will provide the Court with an objective and neutral tutorial on certain economics issues relevant to this action, without advocacy. The following ground rules are established to educate the Court on the basic economics issues in a non-adversarial manner:

1. Plaintiffs' economic expert, Dr. Hill, will present on behalf of Plaintiffs. Defendants' economic expert, Dr. Israel, will present on behalf of Defendants.

2. The Parties have agreed that the topics to be discussed shall be:

    a. Economic framework for merger analysis
    b. Market definition;
    c. Market shares and concentration; and
    d. Competitive effects.

3. Given the Court's time constraints and to focus the Parties' presentations, the Parties will not present at the Economics Tutorial on economic issues related to Plaintiffs' labor claim or the viability of Defendants' proposed divestiture of assets to C&S Wholesale Grocers LLC. The Parties' experts will address those issues at the preliminary injunction hearing in this action and in the pending trial in the related action before the Federal Trade Commission.

4. The economics presentations will be transcribed by the Court's reporter for the Court's use, with costs divided equally between Plaintiffs and Defendants, and the Parties may obtain transcripts of the presentations, subject to the limitations in Paragraph 5.

5.	The economics presentations are intended to be "risk free" for both sides, and the information presented, including both all oral presentation as well as all presentation materials, is intended for the Court's benefit to gain informal knowledge on the relevant economics issues. Accordingly, neither the transcript nor any submitted materials may be cited or used in this litigation or any parallel litigation challenging the proposed Kroger-Albertsons transaction at issue in this action, nor will they be admissible for any purpose in any such litigation, including but not limited to the impeachment of any expert or lay witness.

6.	The economics presentations will be made by Drs. Hill and Israel in a lecture presentation format. Each expert may use slides and other demonstrative aids and may refer to and display exemplar documents from their respective exhibit lists, during their presentations. Each side's expert will be the primary presenter during their own presentation, but an attorney from each Party may provide guidance and focus the presentation through a limited direct examination. The Parties anticipate that the Court will ask questions of Drs. Hill and Israel during their presentations and agree that, if needed, each presenter may be allowed additional time to complete their 1.5-hour presentation past that allotted in the approximate schedule in Paragraph 9. The presenters will not otherwise be questioned and will not be questioned by opposing counsel.

7.	The Parties shall provide the Court and opposing counsel with copies of their slides and other demonstrative aids on or before July 24, 2024, at 9:00 p.m. Pacific time. The Parties will not otherwise submit written materials, including their expert reports, to the Court in advance of the Expert Tutorial.

8.  Drs. Hill and Israel, and at least one attorney for each side, will appear in person for the Expert Tutorial. The Parties respectfully request that the Court allow a remote attendance option for non-speaking Party attorneys who are not able to attend the Expert Tutorial in person.

9.  The total length of time that will be allotted to the Expert Tutorial is four and a half (4.5) hours, according to the following approximate schedule:

   a. 9:30 a.m. to 11:00 a.m. – Plaintiffs' expert presentation

   b. 11:00 a.m. to 11:15 a.m. – Break

   c. 11:15 a.m. to 12:45 p.m. – Defendants' expert presentation

   d. 12:45 p.m. to 1:45 p.m. – Lunch break

   e. 1:45 p.m. to 3:15 p.m. – Additional questions from the Court to either expert


SO ORDERED THIS _____ DAY OF _____, 2024

_____
Honorable Adrienne Nelson
United States District Judge