Susan A. Musser, DC Bar # 1531486
Rohan Pai, DC Bar # 1015652
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2122
Tel: (202) 326-2936
*smusser@ftc.gov; rpai@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br>**PLAINTIFFS' MOTION TO STRIKE UNTIMELY AND IMPROPER REPORTS OF DR. MARK ISRAEL** |

**CERTIFICATION PURSUANT TO LR 7-1(a)(1)**

Plaintiffs have conferred with Defendants regarding this motion, and Defendants oppose the relief sought herein. The parties jointly request that Defendants' response to this motion be due on August 5, 2024.

**MOTION**

Plaintiffs move to strike two untimely and improper reports of Defendants' economist, Dr. Mark Israel. In its Case Management and Scheduling Order ("Scheduling Order," ECF 88), the Court set a July 1, 2024, deadline for Defendants to serve their expert reports. The Court also set the close of *all* expert discovery for July 22, 2024. Notwithstanding these deadlines, Defendants served a second "corrected" report of Dr. Israel on July 20, 2024—nineteen days late—which contains significant changes to Dr. Israel's initial analysis ("Second Corrected Report"). Further, on July 30, 2024, well after Dr. Israel's deposition and the close of expert discovery and less than a month before the start of the evidentiary hearing, Defendants also served a "surrebuttal" report containing completely new opinions and analysis ("Israel Surrebuttal"). The Court should exclude these reports because they are untimely and improper under the applicable rules and the Court's orders, unjustified in their delay, and unfairly prejudicial to Plaintiffs.

## I. FACTUAL BACKGROUND

Defendants first served Dr. Israel's expert report on July 1, 2024, in rebuttal to Plaintiffs' expert reports served June 18, in accordance with the Court's Scheduling Order. *See* Scheduling Order at 18. On July 8, Defendants served a corrected version of Dr. Israel's report, addressing an error in one of his models, and changing certain of his results. Defendants requested, and Plaintiffs accepted, a deposition after the close of expert discovery in the administrative

proceeding to accommodate Dr. Israel's travel schedule and an illness. Plaintiffs ultimately agreed to schedule Dr. Israel's deposition on July 22, the last day for expert discovery in the case at bar.

The day after Dr. Israel's originally scheduled deposition date, late in the evening of Saturday, July 20, approximately 36 hours before Dr. Israel's delayed deposition and without seeking leave from either this Court or the administrative law judge, Defendants produced the Second Corrected Report, which they described as another "errata and corrected report" from Dr. Israel. Pai Dec., Ex. A at 4.[1] But in fact, the Second Corrected Report included significant substantive changes for Plaintiffs to review, including revised analysis, materially different substantive results, and a new tranche of backup data, produced the following day, Sunday, July 21. *See* Pai Dec. Ex. A at 2, Ex. B. For example, Dr. Israel's "corrections" dramatically reduce by more than 50% the number of store-based local markets where he finds that the proposed acquisition would result in presumptively unlawful concentration levels and changes in concentration. *See* Pai Dec., Ex. B ¶ 139 & T.6 (supermarkets); *id.* ¶ 180 & T.10 (large format stores). Plaintiffs objected to Defendants' out-of-time revisions, but nonetheless proceeded with Dr. Israel's deposition and attempted to probe these newly-disclosed analyses to the extent possible, given the few weekend hours permitted by Defendants' late disclosure.

Defendants disclosed yet another report ten days later. On July 30, a week after Dr. Israel's deposition and the close of expert discovery, and after the Court's expert tutorial, Defendants served the Israel Surrebuttal. Pai Dec., Ex. C. Once again, this report was served without first seeking leave from either court and with no advance notice to Plaintiffs. The Israel

[1] "Pai Dec." refers to the Declaration of Rohan Pai in Support of Plaintiffs' Motion to Strike Untimely and Improper Reports of Dr. Mark Israel, submitted herewith.

Surrebuttal report does not claim to be a correction or a revision to a prior analysis; instead, it presents the results of a new event study Dr. Israel performed purporting to rebut a specific opinion contained in Plaintiffs' expert's July 12 Reply Report.  *See* Pai Dec., Ex. D ¶¶ 3-8; *see also* Pai Dec., Ex. E at 304-05 (Dr. Israel testifying that he had conducted "three things that [he] would describe as actual additional analysis as opposed to just thinking through what [Plaintiffs' expert Dr. Hill] said").  Like the Second Corrected Report, the Surrebuttal came with a new submission of backup data for Plaintiffs to review.  *See* Pai Dec., Ex. C at 1.

## II.     ARGUMENT

### A.     The Court Should Strike Dr. Israel's Surrebuttal as Improper and Untimely

The Court should strike the Israel Surrebuttal because it is not permitted under the applicable rules or the Court's Scheduling Order, it is untimely, and allowing the Surrebuttal would prejudice Plaintiffs in their preparation for the evidentiary hearing now less than a month away.

"Courts have generally agreed that Rule 26 does not contemplate surrebuttal reports." *PUMA SE v. Brooks Sports, Inc.*, No. 2:23-CV-00116-LK, 2024 WL 2091382, at *4 (W.D. Wash. May 9, 2024) (collecting cases).  This Court's Scheduling Order does not provide for surrebuttal reports, and rather it allows specifically and only for (1) Plaintiffs' initial expert reports to be served June 18, (2) Defendants' rebuttal expert reports to be served July 1, and (3) Plaintiffs' reply/rebuttal expert reports to be served July 12.  Scheduling Order at 18.  Further, the Court set the close of *all* expert discovery for July 22.  *Id.*  The Israel Surrebuttal, served July 30, thus is unauthorized by rule or order, and was served well after the deadline for the close of expert discovery.

Even where courts have exercised their discretion to allow a surrebuttal report, the proponent must first seek leave from the court. *PUMA SE*, 2024 WL 2091382, at *4 (collecting cases); *accord, e.g.*, *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1331 (N.D. Ga. 2017) (excluding surrebuttal filed without leave of court). Because Defendants failed to seek leave for a surrebuttal report and served the Israel Surrebuttal after the close of expert discovery, Federal Rule of Civil Procedure 37(c)(1) provides that the appropriate and default remedy is to strike the Israel Surrebuttal. Fed. R. Civ. P. 37(c)(1); *see also, e.g.*, *PUMA SE*, 2024 WL 2091382, at *2 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)); *Consultus, LLC v. CPC Commodities*, No. 19-CV-00821-FJG, 2023 WL 5827222, at *8 (W.D. Mo. Mar. 29, 2023) (striking surrebuttal served without leave of court and after close of discovery).

Defendants may argue that the Court should belatedly grant them leave to serve a surrebuttal report. To do so, however, Defendants would first be required to show that their disregard for the Court's Scheduling Order and rules was "substantially justified or harmless." *Puma SE*, 2024 WL 2091382, at *4 (quoting *Merchant v. Corizon Health*, 993 F.3d 733, 740 (9th Cir. 2021)). Defendants cannot satisfy either prong of this analysis.

First, Defendants have not even attempted to justify why they waited until 18 days after Plaintiffs' rebuttal reports,[2] or 8 days after Dr. Israel's deposition and the close of expert discovery, to serve the Israel Surrebuttal. Nor could they: the topic of the Israel Surrebuttal is the margins Defendants earn from grocery sales, which are an input into commonly used economic methodologies used to model the likely competitive effects of mergers between

[2] It bears noting that the Scheduling Order provided Plaintiffs with just 12 days to serve their replies to Defendants' July 1st rebuttal expert reports. Scheduling Order at 18.

competitors and were already addressed in the prior reports of both sides. Indeed, Dr. Israel both criticized the Plaintiffs' expert's margin calculations and presented evidence in support of his own margin calculations in his July 1 rebuttal report. Pai Dec., Ex. F ¶ 244 & n.286. Nor is this a situation where the Surrebuttal can be justified by a need to analyze new information or data that recently came to light. To the contrary, Dr. Israel relies upon Defendants' own data covering the period from approximately October 2020 to October 2021, Pai Dec., Ex. D ¶¶ 6-7 & n.11; this data has long been known and available to both the Defendants and Dr. Israel since the beginning of the FTC's investigation. Indeed, Dr. Israel had apparently already completed this analysis at the time of his July 22 deposition, but was waiting for direction from Defendants about whether to disclose his analysis to Plaintiffs. Pai Dec., Ex. E at 304-07.

Second, Defendants' disregard for the Scheduling Order and the Rules is not harmless. Less than one month now remains for Plaintiffs to prepare for the evidentiary hearing. Dr. Israel has already been deposed and the deadline for expert depositions has passed. Under these circumstances, Plaintiffs will be unable to effectively probe the foundations of Dr. Israel's new and late-breaking opinions. Nor is it a solution to simply allow another deposition of Dr. Israel. Preparing for and conducting an additional expert deposition would impose unnecessary costs and divert Plaintiffs' resources less than a month before the evidentiary hearing begins. An additional deposition would require several days—and costly hours—of expert analysis to understand and probe the nature of Dr. Israel's novel work.

Additionally, Plaintiffs do not have access to the relevant materials necessary to properly examine the opinions in Dr. Israel's Surrebuttal report. Dr. Israel relies upon expert reports submitted by the states of Colorado and Washington in their respective challenges to the proposed transaction (the "Dua Reports") along with his own reports in those actions. Pai Dec.,

Ex. D nn.7-8. Plaintiffs do not have the backup to the Dua reports, Dr. Israel's reports in the Colorado and Washington actions, or much of the other discovery produced in the those proceedings. Pai Dec. ¶ 10. And while the Court's Scheduling Order contemplates overlapping discovery between this matter and the Part 3 administrative proceeding, Scheduling Order ¶ 16, it provides no similar allowance for Defendants to import hand-picked evidence from different proceedings to which Plaintiffs here are not parties. Regardless, analyzing the data and analysis in reports from those separate actions would impose tremendous costs on Plaintiffs—both in time and in expert expenses—at a time when Plaintiffs should be preparing for the preliminary injunction hearing based on the record in this matter.

In similar situations, courts have recognized that simply allowing the harmed party to depose an expert does not cure a failure to comply with the rules governing disclosure of expert opinions. *E.g.*, *Puma SE*, 2024 WL 2091382, at *4; *Rhodes v. Energy Marine LLC*, No. CV-14-08206-PCT-JJT, 2016 WL 8199310, at *6-7 (D. Ariz. Sept. 19, 2016). "Discovery deadlines are set 'to permit the court and the parties to deal with cases in a thorough and orderly manner,' . . . and this goal would be frustrated if surrebuttals were permitted without leave and without respect to their effect on the case schedule and on the time and resources of the opposing party." *Puma SE*, 2024 WL 2091382, at *4 (quoting *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1062 (9th Cir. 2005)). Because "[d]isruption to the schedule of the court and other parties in that manner is not harmless," *Wong*, 410 F.3d at 1062, the Court should strike the Israel Surrebuttal. *See* Fed. R. Civ. P. 37(c)(1).

### B. Dr. Israel's Second Corrected Report Is Likewise Improper

The Court should also exclude the opinions expressed in Dr. Israel's Second Corrected Report. Though Rule 26(e) allows under certain circumstances for a party to correct or

supplement an earlier disclosure, changes must be made "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Further, particularly with respect to expert reports, the ability to correct or supplement "is not an excuse to rewrite an expert report or present new opinions." *Coward*, 282 F. Supp. 3d at 1329. Because Defendants failed to provide the Second Corrected Report in a timely manner and have used it to present new analyses, they should not be permitted to rely on Dr. Israel's new opinions and analyses in their late addition.

First, Defendants have delayed in providing the Second Corrected Report well beyond the timelines for expert reports and responses in the Court's Scheduling Order. The deadline for Defendants to provide their final rebuttal reports under the Scheduling Order was July 1. Defendants first served Dr. Israel's rebuttal report on July 1, then provided a "corrected" version on July 8. On July 20, they provided the Second Corrected Report, this time containing significant changes to Dr. Israel's opinions. Defendants provided their Second Corrected Report more than a month after Plaintiffs' June 18 report to which it responds. In contrast, the Scheduling Order allowed Plaintiffs only 12 days—until July 12—to reply to Dr. Israel's initial conclusions. Defendants therefore have allotted themselves far more time than allowed for responsive expert reports elsewhere in the Scheduling Order. Further, by delaying until well after the July 12 deadline for Plaintiffs' response to Dr. Israel's report, Defendants have deprived Plaintiffs of the opportunity to address Dr. Israel's new opinions in their own reports.

Defendants' delay in providing the Second Corrected Report also runs afoul of the Scheduling Order's provisions relating to expert depositions. Paragraph 10 of the Scheduling Order provides that the parties "shall not produce any expert report, report amendment, . . . or similar document less than seven calendar days prior to [the expert's] deposition." By providing the Second Corrected Report just two days before Dr. Israel's July 22 deposition, Defendants

have violated paragraph 10 of the Scheduling Order. Defendants have provided no justification for their disregard of the Scheduling Order, nor have they provided any explanation for why they needed over a month to fully respond to Plaintiffs' June 18 expert reports. The Court thus should strike the Second Corrected Report as untimely under Rule 26(e)(1)(A). *See* Fed. R. Civ. P. 37(c)(1).

Second, the Court should strike the Second Corrected Report because it does more than merely correct aspects of Dr. Israel's prior report. Rather, it contains significant new opinions and analyses based on information that was available at the time Dr. Israel prepared his initial report, including considerable revisions to the number of store-based local markets where he finds that the proposed acquisition would result in presumptively unlawful market concentration. *See generally* Pai Dec., Ex. B. Courts should and do reject attempts to add to and revise reports when there is no new information revealed during the course of discovery that rendered the original opinion incorrect. *E.g.*, *Beller ex rel. Beller v. United States*, 221 F.R.D. 696, 700-02 (D.N.M. 2003). Where, as here, a party seeks to misuse a revised report to strengthen or deepen opinions expressed in the initial report, the new report is beyond the scope of correction or supplementation allowed under Rule 26(e), and should be excluded under Rule 37(c)(1). *K&N Eng'g, Inc v. Spectre Performance*, No. EDCV091900VAPDTBX, 2011 WL 13131157, at *6-9 (C.D. Cal. May 12, 2011) (citing *Yeti by Molly, Ltd.*, 259 F.3d at 1107, and *Beller*, 221 F.R.D. at 701-02).

### C. The Late Israel Reports Should Be Stricken Because They Were Not Properly Provided in the Administrative Proceeding

The Israel Surrebuttal and Second Corrected Report should be excluded for another reason: they were not properly provided in the administrative proceeding. The principal task

before this Court is to determine the FTC's likelihood of success in the underlying administrative proceeding. *E.g.*, *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1159-60 (9th Cir. 1984). In the administrative proceeding, an "expert witness's testimony is limited to opinions contained in the expert report that has been previously and properly provided to the opposing party." Pai Dec., Ex. G ¶ 24 (administrative proceeding scheduling order). Because Defendants failed to receive leave from the administrative law judge before producing these two out-of-time expert reports, the administrative scheduling order prevents Dr. Israel from testifying to the opinions therein. Dr. Israel's inadmissible opinions therefore will not aid this Court in evaluating the FTC's likelihood of success.

As in the case at bar, the scheduling order in the administrative proceeding established a July 1 deadline for Defendants to serve their expert reports—including "rebuttal, if any, to Complaint Counsel's expert witness reports." Pai Dec., Ex. G at 3. The administrative scheduling order set a July 18 deadline for expert depositions and the exchange of expert-related exhibits. *Id.* at 4. That order also clearly provided that if Defendants wished to submit a surrebuttal report, they should have sought relief from the administrative law judge. *Id.* at 4; *accord* 16 C.F.R. § 3.31A(a) (listing "seeking . . . leave to submit a surrebuttal report" as relief available to respondents/defendants).

Defendants provided the Second Corrected Report and the Israel Surrebuttal after the deadline for their expert reports and after the deadline for expert depositions and the exchange for expert-related exhibits in the administrative proceeding. Defendants did not seek leave from the administrative law judge to submit a surrebuttal report or otherwise submit untimely reports. Pai Dec. ¶ 9. The scheduling order in the administrative proceeding thus prevents Dr. Israel from testifying to his opinions in those reports. Because this Court's role is to assess the FTC's

likelihood of success in the administrative proceeding, Dr. Israel's opinions and reports that are not properly before the administrative law judge do not assist this Court in its task, confirming that exclusion of the contested material is a reasonable remedy to Defendants' failure to comply with expert discovery rules and orders in the case at bar.[3]

## III. CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court to strike the Israel Surrebuttal and Second Corrected Report and preclude Dr. Israel from testifying to opinions reflected in those reports.

Dated: August 2, 2024

Respectfully submitted,

/s/ Susan A. Musser

Susan A. Musser, DC Bar # 1531486
Rohan Pai, DC Bar # 1015652
Charles Dickinson, DC Bar # 997153
Laura Hall, NY Bar # 4337408
Emily Blackburn, DC Bar # 1032506

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-2122
smusser@ftc.gov
rpai@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

[3] Plaintiff Federal Trade Commission plans to soon file a similar motion to strike in the administrative proceeding.

/s/ Robert A. Bernheim
Robert A. Bernheim, AZ Bar No. 024664
Jayme L. Weber, AZ Bar No. 032608
Vinny Venkat, AZ Bar No. 038587
Connor Nolan, AZ Bar No. 038088

Arizona Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004
Tel: (602) 542-5025
Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov
Vinny.Venkat@azag.gov
Connor.Nolan@azag.gov

*Attorneys for Plaintiff State of Arizona*

      /s/ Nicole Gordon
Nicole Gordon, CA Bar No. 224138
Shira Hoffman, CA Bar No. 337659

State of California
California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3458
Facsimile: (415) 703-5480
Nicole.Gordon@doj.ca.gov
Shira.Hoffman@doj.ca.gov

*Attorneys for Plaintiff State of California*

/s/ C. William Margrabe
C. William Margrabe, DC Bar No. 90013916

Office of the Attorney General for the District of Columbia
400 6th Street, N.W, 10th Floor
Washington, D.C. 20001
Tel: (202) 727-3400
Will.Margrabe@dc.gov

*Attorney for Plaintiff District of Columbia*

/s/ Brian M. Yost
Brian M. Yost, IL Bar No. 6334138
Paul J. Harper, IL Bar No. 6335001
Alice Riechers, IL Bar No. 6272933

Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
Tel: (872) 276-3598
Email: Brian.Yost@ilag.gov
Paul.Harper@ilag.gov
Alice.Riechers@ilag.gov

*Attorneys for Plaintiff State of Illinois*

/s/ Schonette J. Walker
Schonette J. Walker, MD Bar No. 0512290008
Gary Honick, MD Bar No. 7806010078
Byron Warren, MD Bar No. 1612140330

Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Tel: (410) 576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

/s/ Lucas J. Tucker

Lucas J. Tucker, NV Bar No. 10252
Samantha B. Feeley, NV Bar No. 14034

Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
ltucker@ag.nv.gov
sfeeley@ag.nv.gov

*Attorneys for Plaintiff State of Nevada*

/s/ Julie Ann Meade

Julie Ann Meade, NM Bar No. 8143
Jeff Dan Herrera, NM Bar No. 154030

New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87504
Tel: (505) 717-3500
jmeade@nmag.gov
jherrera@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

/s/ Cheryl F. Hiemstra

Cheryl F. Hiemstra, OSB#133857
Tim D. Nord, OSB#882800
Chris Kayser, OSB#984244
Tania Manners, OSB#140363

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: (503) 934-4400
Facsimile: (503) 378-5017
Cheryl.Hiemstra@doj.state.or.us
Tim.D.Nord@doj.state.or.us
cjkayser@lvklaw.com
tmanners@lvklaw.com

*Attorneys for Plaintiff State of Oregon*

/s/ William Young
William Young, WY Bar No. 8-6746

Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-7847
William.Young@wyo.gov

*Attorney for Plaintiff State of Wyoming*