Susan A. Musser, DC Bar # 1531486
Charles Dickinson, DC Bar # 997153
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2122
Tel: (202) 326-2617
*smusser@ftc.gov; cdickinson@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., <br><br> Defendants. | Case No.: 3:24-cv-00347-AN <br><br> **PLAINTIFFS' POSITION STATEMENT REGARDING SEALING EVIDENTIARY HEARING EXHIBITS** |

PLS' POSITION STATEMENT RE: SEALING

Plaintiffs come before this Court to preliminarily enjoin a multi-billion dollar transaction that—if allowed to go through—would negatively impact Americans across the country. Given both the size and potential impact of this transaction, the public is, understandably, interested in this transaction. Despite this, Defendants have designated almost all of their documents on Plaintiffs' exhibit list as Confidential or Highly Confidential under the Court's Protective Order, ECF No. 97.

By requiring Defendants to identify, by August 19, which documents they wish to keep under seal—out of the approximately 300 party documents that Plaintiffs have disclosed they may use at the hearing—Plaintiffs' proposal is consistent with this Circuit's precedent and is designed to ensure an efficient and ordering hearing. The Ninth Circuit provides that there is a "strong presumption in favor of access" to judicial records, and that a party seeking to seal judicial records must "articulate compelling reasons supported by specific factual findings" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). At the same time, courts regularly consider the status, and associated limitations, of nonparties to a litigation when protecting the nonparties' confidential business information. *See, e.g.*, *United States v. Dentsply Intern., Inc.*, 187 F.R.D. 152, 160 n.7 (D. Del. 1999); *Fox Broadcasting Co. v. Dish Network*, 2015 WL 12765545, at *3 (C.D. Cal. Jan. 12, 2015) ("[G]ranting protective orders to non-parties to protect their trade secrets and confidential information does not offend the public interest in disclosure." (cleaned up)). By contrast, Defendants' proposal delays resolution on this issue, prejudicing Plaintiffs' ability to prepare their examinations and other advocacy while Defendants, of course, will have a complete understanding of what they are willing to display to the public.

Plaintiffs' proposal is also more efficient. Resolution in advance of the hearing will offer the Court, parties, nonparties, and the public with clarity and guidance about what can and cannot be discussed and disclosed in open court. Early guidance from the Court will also avoid the possibility of daily, piecemeal disputes. Further, to minimize burden on the parties and the Court, on Wednesday, August 7, Plaintiffs made a good faith disclosure to Defendants of the narrow subset of documents most likely to be used in court at the hearing, with the ability to make only limited supplements to that list.[1] Plaintiffs are likewise in the process of making similar disclosures to all nonparties likely to be called in Plaintiffs' case-in-chief to facilitate early resolution of this matter. This proposed protocol is similar to the approach the district court took in the recent *FTC v. Novant* matter. *See* Joint Stipulated Case Management Order (Exhibit A) at 15, *FTC v. Novant Health, Inc.*, No. 24-cv-00028 (W.D.N.C. Feb. 12, 2024) (describing process for *In Camera* Designations).

Defendants' proposal, by contrast, would require the Court address disputes on an ad hoc basis, disrupting the daily flow of proceedings with rolling motions and argument that may require sealing the courtroom to discuss the purportedly sensitive nature of key documents. Further, Plaintiffs will be forced to revise planned witness examinations at the 11th hour, all depending on what positions Defendants take regarding documents that they could and should have assessed for confidentiality when they were originally produced, rather than waiting until the eve of the hearing. While Defendants may note that a similar protocol was used in the *FTC v. IQVIA* matter, the procedure was inefficient and disruptive. *See* Declaration of Jennifer Fleury (Exhibit B).

---

[1] This subset of exhibits contains just over 100 Albertsons documents, and approximately 160 Kroger documents.

Proper and narrowly tailored confidentiality designations are Defendants' burden, and this could have been avoided if Defendants had made such designations at the outset. To the extent Defendants feel burdened by this proposed protocol today, it is a problem of their own making, and cannot justify shifting the burden to Plaintiffs. Plaintiffs respectfully request that the Court enter the attached proposed confidentiality protocol.

Dated: August 9, 2024

Respectfully submitted,

/s/ Susan A. Musser
Susan A. Musser, DC Bar # 1531486
Charles Dickinson, DC Bar # 997153

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-2122
smusser@ftc.gov
cdickinson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

        <u>/s/ Robert A. Bernheim</u>
        Robert A. Bernheim, AZ Bar No. 024664
        Jayme L. Weber, AZ Bar No. 032608
        Vinny Venkat, AZ Bar No. 038587
        Connor Nolan, AZ Bar No. 038088

        Arizona Office of the Attorney General
        2005 N. Central Avenue
        Phoenix, AZ 85004
        Tel: (602) 542-5025
        Robert.Bernheim@azag.gov
        Jayme.Weber@azag.gov
        Vinny.Venkat@azag.gov
        Connor.Nolan@azag.gov

        *Attorneys for Plaintiff State of Arizona*

/s/ Nicole Gordon
_____
Nicole Gordon, CA Bar No. 224138
Shira Hoffman, CA Bar No. 337659

State of California
California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3458
Facsimile: (415) 703-5480
Nicole.Gordon@doj.ca.gov
Shira.Hoffman@doj.ca.gov

*Attorneys for Plaintiff State of California*

/s/ C. William Margrabe
C. William Margrabe, DC Bar No. 90013916

Office of the Attorney General for the District of Columbia
400 6th Street, N.W, 10th Floor
Washington, D.C. 20001
Tel: (202) 727-3400
Will.Margrabe@dc.gov

*Attorney for Plaintiff District of Columbia*

/s/ Brian M. Yost
Brian M. Yost, IL Bar No. 6334138
Paul J. Harper, IL Bar No. 6335001
Alice Riechers, IL Bar No. 6272933

Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
Tel: (872) 276-3598
Email: Brian.Yost@ilag.gov
Paul.Harper@ilag.gov
Alice.Riechers@ilag.gov

*Attorneys for Plaintiff State of Illinois*

        /s/ Schonette J. Walker
--------
Schonette J. Walker, MD Bar No. 0512290008
Gary Honick, MD Bar No. 7806010078
Byron Warren, MD Bar No. 1612140330

Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Tel: (410) 576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

PLS' POSITION STATEMENT RE: SEALING

        /s/ Lucas J. Tucker
--------------------------------------------
Lucas J. Tucker, NV Bar No. 10252
Samantha B. Feeley, NV Bar No. 14034

Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
ltucker@ag.nv.gov
sfeeley@ag.nv.gov

*Attorneys for Plaintiff State of Nevada*

10

PLS' POSITION STATEMENT RE: SEALING

/s/ Julie Ann Meade
Julie Ann Meade, NM Bar No. 8143
Jeff Dan Herrera, NM Bar No. 154030

New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87504
Tel: (505) 717-3500
jmeade@nmag.gov
jherrera@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

    /s/ Cheryl F. Hiemstra
Cheryl F. Hiemstra, OSB#133857
Tim D. Nord, OSB#882800
Chris Kayser, OSB#984244
Tania Manners, OSB#140363

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: (503) 934-4400
Facsimile: (503) 378-5017
Cheryl.Hiemstra@doj.state.or.us
Tim.D.Nord@doj.state.or.us
cjkayser@lvklaw.com
tmanners@lvklaw.com

*Attorneys for Plaintiff State of Oregon*

/s/ William Young
William Young, WY Bar No. 8-6746

Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-7847
William.Young@wyo.gov

*Attorney for Plaintiff State of Wyoming*