# Exhibit B

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br>**DECLARATION OF JENNIFER FLEURY IN SUPPORT OF PLAINTIFFS' STATEMENT REGARDING SEALING EVIDENTIARY HEARING EXHIBITS** |

I, Jennifer Fleury, declare as follows:

1. I am Deputy Chief Trial Counsel for the Federal Trade Commission Bureau of Competition. I am over the age of 18 and was lead trial counsel for Plaintiff Federal Trade Commission in *FTC v. IQVIA Holdings Inc*, No. 23-cv-06188 (S.D.N.Y. 2024). I make this declaration based on personal knowledge. I make this declaration in support of Plaintiffs' Statement Regarding Sealing Evidentiary Hearing Exhibits.

2. In the *IQVIA* matter, counsel for the defendants proposed a protocol for sealing evidentiary hearing exhibits much like what I understand Defendants here propose. Parties were required to resolve confidentiality within the 48 hours before each witness was scheduled to testify. There, the FTC had identified over 1,000 exhibits from the merging parties' documents

FLEURY DECLARATION

1

that it contemplated introducing at the evidentiary hearing. Further, the district court in *IQVIA* sealed its courtroom frequently based on confidentiality claims.

3. In *IQVIA*, as here, Defendants argued that their protocol would streamline the negotiations over confidentiality and "spoon-feed" any disputes. This did not prove to be the case, given that the parties ultimately identified, in daily piecemeal disclosures, over 600 documents that required conferral over confidentiality.

4. This *IQVIA* protocol was time consuming and resource-intensive for the FTC, even though the FTC did not seek to seal any exhibits of its own. In practice, this protocol required the nearly full-time commitment of two integral FTC litigation team members to manage the notice process and meet and confer about specific confidentiality disputes on a daily basis during the evidentiary hearing.

Executed on August 9, 2024, in Richmond, VT.

/s/ Jennifer Fleury
Jennifer Fleury, DC Bar # 187503

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3805
Email: jfleury@ftc.gov