**Defendants' Position Statement on Confidentiality Protocol**

Defendants' proposed confidentiality protocol minimizes the burden on the Court and is aligned with the public interest in this case. It also is entirely consistent with the protocol the FTC has agreed to in prior merger cases. The goal of Defendants' protocol is to minimize disputes between the parties and obviate the need for judicial resolution of any such disputes. The FTC's proposal, by contrast, would unduly burden this Court with resolving hundreds of sealing issues in a matter of days, many of which the FTC may not actually dispute and may be irrelevant based on the actual evidence used at the hearing.

Under Defendants' proposal, both parties would identify the exhibits to be used with four witnesses 10 days prior to the start of the hearing. In seeking consensus prior to trial, the parties can identify the categories of documents and testimony that likely will be used with subsequent witnesses and inform how the parties will handle successive confidentiality issues throughout trial. If the parties cannot reach consensus, the Court will have 5 days before trial under Defendants' proposal to provide overall guidance before any testimony begins. The parties can then use that guidance to negotiate and likely reach consensus on future sealing issues.

The FTC agreed to similar proposals in *FTC v. IQVIA Holdings Inc.*, No. 1:23-cv-06188-ER (S.D.N.Y.) and *FTC v. Meta Platforms, Inc.*, No. 5:22-cv-04325-EJD (N.D. Cal.). In *IQVIA*, the parties agreed to identify proposed witnesses 48 hours before each hearing day and the exhibits likely to be used 40 hours before each hearing day, and to notify affected nonparties at that time. The parties met and conferred on sealing, and if they reached an impasse, they agreed to submit a formal request for sealing to the court by 8:00 PM the day before a given witness's testimony. *See* ECF No. 230, No. 1:23-cv-06188-ER (S.D.N.Y., Nov. 16, 2023). Through this process, the parties were able to resolve every sealing dispute without judicial intervention. In *Meta*, the parties informed the court they would meet and confer on whether and for how long the courtroom needed

to be sealed for any given day, and if the parties could not reach agreement, "the party seeking sealing [would] submit a formal request for sealing to the Court by letter no later than 5:00 p.m. the day before the day that the confidential testimony or exhibit is expected to be used." *See* ECF No. 385, No. 5:22-cv-04325-EJD (N.D. Cal. Dec. 1, 2022). Both of these proposals worked to unburden the Court and the parties, while still protecting the confidential information and allowing public access to the courts.

The FTC's proposal, by contrast, would be inefficient and unduly burdensome. *First*, the FTC asks this Court to rule on sealing motions for hundreds of documents on a truncated schedule, even though the confidentiality of many of those documents may not ultimately be in dispute. That is not an efficient use of this Court's time, and Defendants' proposal would allow this Court to focus on those documents on which the parties actually are in dispute. *Second*, the FTC's proposal to frontload a massive confidentiality ruling would not even relieve the Court of having to address sealing issues during trial, because the FTC contemplates that each side may designate an additional 10 exhibits for each witness to be sealed at least 48 hours before the witness's direct examination. Thus, the hundreds of documents the Court will be asked to rule on pretrial (in a matter of days) may not even streamline resolution of sealing disputes during trial. *Third*, the process is exceptionally burdensome on third parties. The FTC proposes giving all third parties just 7 days from now to file sealing motions (on top of the motions filed by Defendants) for all confidential documents—a significant burden given the wide-ranging competitive issues likely to be implicated. And *finally*, the process would be unduly burdensome to Defendants. The FTC, of course, has no or virtually no documents to seal. The entire burden of this expedited and massive sealing project would therefore be borne by Defendants (and third parties), even though the FTC may not actually disagree as to the bulk of the sealing requests.