THOMAS J. COLLIN OH BAR #0023770
Thomas.Collin@OhioAGO.gov
Office of Ohio Attorney General Dave Yost
30 E. Broad Street, 26th Floor
Columbus, Ohio 43215
Tel: (614) 466-4328

Counsel for State of Ohio

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, Plaintiffs, v. THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., Defendants. | Case No.: 3:24-cv-00347-AN  UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* |

UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

**LR 7.1 CERTIFICATION**

Pursuant to Local Rule 7-1(a)(1), the undersigned counsel for the State of Ohio, Thomas J. Collin, notified counsel for the parties that the State of Ohio intended to move this Court for leave to file an amicus brief in which other states may join and requested consent of the parties for filing this motion. No party opposes the motion.

**MOTION**

The State of Ohio respectfully moves this Court for leave to file the accompanying Brief of *Amici Curiae*, in which the States of Alabama, Georgia, and Iowa join, in support of defendants' opposition to plaintiffs' motion for preliminary injunction. The Brief is the Exhibit to this Motion. The States wish to bring their interest in this case to the attention of the Court, and the matters addressed in the Brief are relevant to its disposition. This Motion is supported by the memorandum that follows.

**MEMORANDUM**

A District Court has broad discretion to appoint *amici curiae*. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). The classic role of an *amicus curiae* is to assist "in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Greater Hells Canyon Council v. Wilkes*, 2023 U.S. Dist. LEXIS 181380, at *14 ((D. Ore. April 20, 2023) (quoting *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982)). Key to a decision to allow amicus participation is the question of whether it would be helpful, and "there is no rule that amici must be totally disinterested." *Funbus Systems, Inc. v. Cal. Public Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986).

The State Attorneys General are elected public officials serving as the chief law enforcement officers for their respective States. They represent the public in investigating

potential violations of the antitrust laws and in enforcing those laws for the benefit of their citizens. The accompanying Brief of *Amici Curiae* presents the interests of those citizens to this Court as they bear on this case. The Federal Rules of Appellate Procedure recognize the importance of State interests by permitting the filing of an amicus brief without the consent of the parties or leave of court. *See* FED. R. APP. P. 29(a)(2) ("The United States or its officer or agency or a state may file an amicus brief without the consent of the parties or leave of court."). In the absence of any provision in the Federal Rules of Civil Procedure addressing amicus briefs, this Court may be guided by Rule 29 of the Federal Rules of Appellate Procedure. *See Center for Biological Diversity v. United States EPA*, 2023 U.S. Dist. LEXIS 122958, at *8 (D. Ariz. June 27, 2023) (since the Federal Rules of Civil Procedure do not cover *amicus curiae* procedures, "[t]he Court has, accordingly, reviewed Rule 29 in considering whether the *amicus* briefs will be of assistance to the Court" (italics in original)).

The accompanying Brief also brings to the Court's attention a decision by the Federal Trade Commission, *The Grand Union Co.*, 102 F.T.C. 812 (1983), directly contradicting the dispositive proposition here urged by the Commission, *i.e.*, that supermarkets are a relevant market for purposes of Section 7 of the Clayton Act (18 U.S.C. § 18). Presenting legal arguments in support of a legal position, as the States do in the Brief, is "a perfectly permissible role for an amicus." *Funbus Systems*, 801 F.2d at 1125.

**CONCLUSION**

The States have unique interests implicated by this action, as well as a perspective not shared by the parties to the litigation. Their participation as *amici* will assist the Court in understanding the effects on their States' consumers of the relief here sought by the Commission. The State of Ohio therefore respectfully requests, on its own behalf and on behalf of the States of

Alabama, Georgia and Iowa, that the Court grant this Motion for leave to file the accompanying Brief of *Amici Curiae*.

Dated: August 14, 2024

        THE STATE OF OHIO

        Respectfully submitted,

        DAVE YOST
        Ohio Attorney General (0056290)
        SHAWN BUSKEN (0083585)
        Deputy First Assistant Attorney General
        BETH A. FINNERTY (0055383)
        Section Chief, Antitrust Section
        T. ELLIOT GAISER (0096145)
        Ohio Solicitor General

        */s/ Thomas J. Collin*_____
        THOMAS J. COLLIN OH BAR #0023770
        Principal Assistant Attorney General, Antitrust Section
        30 East Broad Street, 26th Floor
        Columbus, Ohio 43215
        Telephone: (614) 466-4328
        Fax: (614) 995-0266
        Thomas.Collin@OhioAGO.gov

        *Counsel for the State of Ohio ex rel. Attorney General Dave Yost*

## CERTIFICATE OF SERVICE

In accordance with Fed. R. Civ. P. 5(b)(2)(E) and LR 5-1, I hereby certify that on August 14, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Thomas J. Collin*

Thomas J. Collin (OH Bar #0023770)
Counsel for the State of Ohio ex rel.
Attorney General Dave Yost