**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**PETER D. HAWKES,** OSB No. 071986
peter@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Defendant Albertsons Companies, Inc.*

(Additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>　　　　　Defendants. | Case No.: 3:24-cv-00347<br><br>**DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF DR. EDWARD FOX** |

## CERTIFICATION PURSUANT TO LR 7-1(a)(1)

Defendants have conferred with Plaintiffs regarding this motion, and Plaintiffs oppose the relief sought herein. Pursuant to the Case Management and Scheduling Order, Plaintiffs' response to this motion is due on August 21, 2024.

## MOTION

Defendants The Kroger Company ("Kroger") and Albertsons Companies, Inc. ("ACI") (together, "Defendants") hereby move this Court to exclude equivocal expert testimony and opinions of Plaintiffs' designated marketing and retailing expert, Dr. Edward Fox, who proposes to testify about the divestiture buyer, C&S, and its ability to compete effectively in the retail grocery industry. Dr. Fox expresses no opinion as to whether C&S will in fact be able to effectively compete in the retail grocery industry after the merger, or whether C&S's expanded retail operations will fail. Instead, he intends to testify only that C&S *may* face certain challenges operating divested stores. Expert testimony that merely speculates on what is possible in a merger transaction is not helpful to the trier of fact. Dr. Fox's opinions about what *may* happen to C&S after the merger are therefore inadmissible under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and should be excluded.

## MEMORANDUM OF LAW

### I.    BACKGROUND

Plaintiffs hired Dr. Fox, a marketing and retailing professor, to "███████████ ███████████████████████████" to "████████████████████████████████" after acquiring 579 divested stores in connection with the proposed Kroger-Albertsons merger. Fox Expert Report ¶ 24 (Ex. 2)[1]. Across his 182-page expert report and 69-page rebuttal report,

---

[1] Citations to "Ex." are to the numbered exhibits attached to the Declaration of A. Joshua Podoll, which is being filed simultaneously herewith.

however, Dr. Fox never clearly opines on whether C&S will be able to effectively compete in the retail grocery industry after the merger. Instead, Dr. Fox simply identifies a variety of challenges C&S may face, including re-bannering costs, building brand equity, operating pharmacies and fuel centers, and integrating IT infrastructure. Fox Expert Report ¶ 26 (Ex. 2). For example, Dr. Fox opines that C&S "███████████████████████████████" divested stores, and that operating brands with low brand awareness "████████████████████████████████████████." Fox Expert Report ¶ 38 (Ex. 2) (emphasis added).

But Dr. Fox pointedly declines to opine on C&S's actual ability to successfully operate the divested stores. At his deposition, he confirmed that he was *not* testifying that C&S "████████████████," or that the package of stores and assets C&S will acquire in the divestiture is "████████████████████████████████████████████████████████." Fox Dep. at 50:10–17; 52:3–10 (Ex. 1). And on the issue of whether C&S will "████████████████████████████████" Dr. Fox admitted that he "████████████████████████████." Dep. at 52:11–23 (Ex. 1). He also admitted that he was "████████████" that the potential challenges he identified "████████████████████████" at the divested stores or that "████████." Fox Dep. at 54:24–55:1 (Ex. 1).

At most, Dr. Fox opines that "████████████████████████████████████████████████████████████████" then "████████████████████████████████████████████████████." Fox Rebuttal Report ¶ 13(a) (Ex. 3) (emphasis added).

II.   **LEGAL STANDARD**

Federal Rule of Evidence 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert only if, among other things, the testimony will assist "the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). In interpreting Rule 702, the Supreme Court charged district courts to act as "gatekeep[ers],"

2

applying a two-part test to ensure that all expert testimony is (1) reliable and (2) relevant. In other words, the proposed expert opinions must "fit" the facts of the case at hand. *See Daubert*, 509 U.S. at 591, 597–98. Trial courts have broad discretion to exclude expert testimony that does not meet these standards. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151–52 (1999).

"[A]n expert, no matter how good his credentials, is not permitted to speculate." *Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1088 (10th Cir. 2000). Unsupported speculation does not assist the trier of fact in determining a fact in issue, nor is it reliable. *Pierce v. Atrium TRS V, LLC*, 2018 WL 2977383, at *2 (D. Or. June 13, 2018). An expert witness impermissibly speculates when he or she can only theorize about hypothetical possibilities, but cannot offer concrete opinions about facts at issue in a case. *See Barefoot v. Weyerhauser NR Co.*, 729 F. App'x 300, 303 (5th Cir. 2018) (per curiam) (rejecting opinion where witness "refused" to opine if key event at issue actually happened, because "equivocation does not assist the trier of fact" to "determine a fact in issue") (internal quotation marks omitted).

Consistent with those principles, courts routinely exclude the testimony of experts who "leave a trail of equivocation" by making a series of conditional, vague statements and failing to offer a clear opinion about a relevant issue at trial. *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1240–41 (11th Cir. 2005); *see also, e.g.*, *Mink Mart, Inc. v. Reliance Ins. Co.*, 65 F. Supp. 2d 176, 181 (S.D.N.Y. 1999), *aff'd*, 12 F. App'x 23 (2d Cir. 2000) (excluding testimony of expert whose "speculation [was] itself premised on speculation"). Exclusion is particularly appropriate when the expert admits that he or she is unable to offer concrete opinions on issues relevant to the case and their claimed area of expertise. *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 915 (S.D. Cal. 2019) (excluding as irrelevant an expert's opinion where he "concede[d] that he is not offering an affirmative opinion" on an issue relevant to plaintiffs' claims).

3

### III. ARGUMENT

For multiple reasons, this Court should exclude Dr. Fox's testimony concerning C&S's ability to compete in the retail grocery industry following the divestiture acquisition.

*First*, Dr. Fox fails to offer any concrete opinion on a central issue within his purported expertise: whether C&S will successfully compete with Kroger after the merger. Plaintiffs' Complaint alleges that the proposed divestiture to C&S "will fail to mitigate the substantial harm to consumers and workers from lost competition between Kroger and Albertsons," because it "does not contain sufficient assets to enable C&S…to maintain or replicate the competitive intensity that currently exists between Kroger's and Albertsons's supermarkets." Compl. ¶¶ 11, 106. This allegation underlies Plaintiffs' critique of Kroger and Albertsons' proposed divestiture package. But on this issue, Dr. Fox admits he "▬▬▬▬▬▬▬▬▬▬▬▬▬▬." Dep. at 52:11–23 (Ex. 1). By not offering a concrete opinion on C&S's success as a divestiture buyer, Dr. Fox fails to "assist the trier of fact to…determine a fact in issue." *Barefoot*, 729 F. App'x at 303 (internal quotation marks omitted).

*Second*, Dr. Fox fails even to offer a concrete opinion on certain *challenges* C&S could face after the Kroger-Albertsons merger, including to what extent these challenges will actually materialize or have any negative effect on C&S's competitive performance. Instead, he relies on "a trail of equivocation" when assessing the impact of potential challenges on C&S's success. *McClain*, 401 F.3d at 1240–41. For example, Dr. Fox notes that certain challenges that may arise out of the divestiture "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬," which "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬." Fox Report ¶ 223 (Ex. 2) (emphasis added). He speculates that the support C&S will receive under the Transition Services Agreement "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬" and ultimately "▬▬▬▬▬▬▬▬▬▬▬▬." Fox Report ¶¶ 68–69 (Ex. 2) (emphasis added). But Dr. Fox is unable to opine that

4

certain alleged "deficits" in C&S's capabilities *will* actually affect C&S's success in competing after the merger. At most, he can testify that *if* these deficits "███████████████ ███████████████████████████████████████" Fox Rebuttal Report ¶ 13(a) (Ex. 3) (emphasis added). This "speculation…premised on speculation" is not helpful to the trier of fact and should be excluded under Rule 702. *Mink Mart, Inc.*, 65 F. Supp. at 181.

IV. **CONCLUSION**

For the reasons discussed above, Defendants respectfully request that the Court exclude the expert testimony of Dr. Fox related to C&S's ability to compete in the retail grocery industry after the Kroger-Albertsons merger, to the extent such opinions are based on equivocation.

DATED: August 14, 2024

| | |
|---|---|
| ANGELI LAW GROUP LLC | STOEL RIVES LLP |
| | |
| */s/ David H. Angeli* | */s/ B. John Casey* |
| DAVID H. ANGELI, Bar No. 020244 | B. JOHN CASEY, OSB No. 120025 |
| david@angelilaw.com | john.casey@stoel.com |
| PETER D. HAWKES, Bar No. 071986 | RACHEL C. LEE, OSB No. 102944 |
| peter@angelilaw.com | rachel.lee@stoel.com |
| 121 SW Morrison Street, Suite 400 | JACOB GOLDBERG, OSB No. 162565 |
| Portland, OR 97204 | jacob.goldberg@stoel.com |
| Telephone: 503.954.2232 | |

AND (left column)

DEBEVOISE & PLIMPTON LLP

EDWARD D. HASSI (*Pro Hac Vice*)
thassi@debevoise.com
801 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.942.5000

MICHAEL SCHAPER (*Pro Hac Vice*)
mschaper@debevoise.com
SHANNON ROSE SELDEN (*Pro Hac Vice*)
srselden@debevoise.com
J. ROBERT ABRAHAM (*Pro Hac Vice*)
jrabraham@debevoise.com
NATASCHA BORN (*Pro Hac Vice*)
nborn@debevoise.com
66 Hudson Boulevard
New York, NY 10001
Telephone: 212.909.6000

AND

WILLIAMS & CONNOLLY LLP

ENU A. MAINIGI (*Pro Hac Vice*)
emainigi@wc.com
JONATHAN B. PITT (*Pro Hac Vice*)
jpitt@wc.com
A. JOSHUA PODOLL (*Pro Hac Vice*)
apodoll@wc.com
THOMAS W. RYAN (*Pro Hac Vice*)

AND (right column)

ARNOLD & PORTER KAYE SCHOLER LLP

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
SONIA K. PFAFFENROTH (*Pro Hac Vice*)
sonia.pfaffenroth@arnoldporter.com
JOSHUA M. DAVIS (*Pro Hac Vice*)
joshua.davis@arnoldporter.com
KOLYA D. GLICK (*Pro Hac Vice*)
kolya.glick@arnoldporter.com
JASON C. EWART (*Pro Hac Vice*)
jason.ewart@arnoldporter.com
MICHAEL E. KIENTZLE (*Pro Hac Vice*)
michael.kientzle@arnoldporter.com
MATTHEW M. SHULTZ (*Pro Hac Vice*)
matthew.shultz@arnoldporter.com
DAVID B. BERGMAN (*Pro Hac Vice*)
david.bergman@arnoldporter.com
MICHAEL L. WALDEN (*Pro Hac Vice*)
mike.walden@arnoldporter.com
YASMINE L. HARIK (*Pro Hac Vice*)
yasmine.harik@arnoldporter.com
ALLISON GARDNER (*Pro Hac Vice*)
allison.gardner@arnoldporter.com
BARBARA H. WOOTTON (*Pro Hac Vice*)
barbara.wootton@arnoldporter.com
CHRISTIAN SCHULTZ (*Pro Hac Vice*)
christian.schultz@arnoldporter.com
DAVID EMANUELSON (*Pro Hac Vice*)
david.emanuelson@arnoldporter.com
MEI-WAH LEE (*Pro Hac Vice*)
mei-wah.lee@arnoldporter.com

tryan@wc.com
TYLER INFINGER (*Pro Hac Vice*)
tinfinger@wc.com
WILLIAM ASHWORTH (*Pro Hac Vice*)
washworth@wc.com
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5000

AND

DECHERT LLP

JAMES A. FISHKIN (*Pro Hac Vice*)
james.fishkin@dechert.com
MICHAEL COWIE (*Pro Hac Vice*)
mike.cowie@dechert.com
ELENA KAMENIR (*Pro Hac Vice*)
elena.kamenir@dechert.com
1900 K Street NW
Washington, DC 20006
Telephone: 202.261.3300

HOWARD. M. ULLMAN (*Pro Hac Vice*)
howard.ullman@dechert.com
45 Fremont St, 26th Floor
San Francisco, CA 94105
Telephone: 415.262.4500

ROSS UFBERG (*Pro Hac Vice*)
ross.ufberg@dechert.com
YOSEF WEITZMAN (*Pro Hac Vice*)
yosi.weitzman@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: 215.994.2422

*Attorneys for Defendant Albertsons Companies, Inc.*

WILSON DELOSS MUDGE (*Pro Hac Vice*)
wilson.mudge@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202.942.5000

JOHN A. HOLLER (*Pro Hac Vice*)
john.holler@arnoldporter.com
250 W 55th Street
New York, NY 10019
Telephone: 212.836.8000

BRIAN K. CONDON (*Pro Hac Vice*)
brian.condon@arnoldporter.com
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000

JEREMY T. KAMRAS (*Pro Hac Vice*)
jeremy.kamras@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100

AND

WEIL, GOTSHAL & MANGES LLP

MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com
JASON N. KLEINWAKS (*Pro Hac Vice*)
jason.kleinwaks@weil.com
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com

700 Louisiana Street, Suite 3700
Houston, TX  77002
Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA  94065
Telephone:  650.802.3000

THOMAS B. FIASCONE (*Pro Hac Vice*)
tom.fiascone@weil.com
REBECCA SIVITZ (*Pro Hac Vice*)
rebecca.sivitz@weil.com
100 Federal Street, Floor 34
Boston, MA  02110
Telephone:  617.722.8314

*Attorneys for Defendant The Kroger Company*