UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br><br>**ORDER REGARDING SEALING<br>EVIDENTIARY HEARING EXHIBITS** |

Upon consideration of the Parties' Submitted Positions Regarding Sealing Evidentiary Hearing Exhibits,

**IT IS HEREBY ORDERED THAT**

   i. Parties and non-parties will address confidentiality in a narrowly tailored way to ensure public access to the hearing. Where necessary and consistent with applicable case law and the Court's standards on the treatment of confidential material, parties and non-parties may address confidentiality by showing the public redacted documents, showing documents to witnesses but not the public, and structuring testimony to avoid eliciting confidential information.

   ii. No later than 48 hours after entry of this Order, each side shall notify any nonparties whose information, previously designated as Confidential or Highly Confidential, is included on that side's potential examination list.

   iii. On or before August 20, parties and nonparties must file motions with the Court seeking to seal, in whole or in part, any exhibits included on the parties' potential examination lists consistent with standards set forth in the Court's April 29, 2024

Stipulated Protective Order (ECF No. 97).  Parties and nonparties shall use best efforts to limit confidentiality designations to maximize public access to the Court's proceedings.

iv. The Court may address any challenged confidentiality designations during the August 23 pre-hearing conference and provide the parties and nonparties any specific guidance for how to assess further issues relating to confidentiality.

v. To the extent either party identifies additional exhibits to be used during direct examinations, not previously disclosed on the potential examination lists, the parties must disclose those exhibits to the other side and to any impacted nonparties no later than 48 hours before the anticipated direct examination.  The parties may disclose no more than 10 additional exhibits per witness according to this protocol.

vi. After these disclosures have been made, any party or nonparty continuing to seek sealed treatment of these identified exhibits must file a motion prior to the witness being called.

vii. The parties agree to meet and confer regarding confidentiality before filing motions to seal and will indicate whether the motion is opposed in the motion.

viii. For any exhibits with confidentiality designations not previously resolved under the procedure for use in the courtroom, to the extent those exhibits are cited in the parties' post-hearing findings of fact and conclusions of law, the parties shall provide notice to any designating party or nonparty within three calendar days of filing.  The designating party or nonparty must then file a motion to seal within 8 days of the parties' notice.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

DATED: August 15, 2024