# Exhibit A

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit B

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit C

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit D

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit E

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit F

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit G

**UNITED STATES OF AMERICA**
**FEDERAL TRADE COMMISSION**
**OFFICE OF ADMINISTRATIVE LAW JUDGES**

|  |  |  |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| The Kroger Company, | ) | |
| | ) | Docket No. 9428 |
| and | ) | |
| | ) | |
| Albertsons Companies, Inc., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER GRANTING COMPLAINT COUNSEL'S MOTION TO COMPEL

### I.

On May 10, 2024, Federal Trade Commission ("FTC") Complaint Counsel filed a motion to compel pursuant to 16 C.F.R. § 3.38(a) ("Motion") requesting an order compelling Respondents Albertsons Companies, Inc. ("Albertsons") and The Kroger Company ("Kroger") to search for and produce text messages and handwritten notes responsive to Complaint Counsel's First Set of Requests for Production of Documents ("RFPs") from Respondents' employees who appear on either side's preliminary witness lists (the "Preliminary Witnesses") through April 22, 2024.[1] Both Respondents oppose the Motion.

For the reasons set forth below, Complaint Counsel's Motion is GRANTED.

### II.

The Complaint in this matter, issued on February 26, 2024, challenges a proposed merger between Kroger and Albertsons under Section 7 of the Clayton Act and Section 5 of the FTC Act. During the FTC's pre-complaint investigation, Respondents produced text messages and handwritten notes from numerous custodians, including the Preliminary Witnesses, for the period of January 1, 2020 through May 23, 2023 or August 25, 2023, depending on the custodian. The text messages and handwritten notes produced during the investigation establish that some of

---

[1] On April 22, 2024, Respondents signed an amended divestiture agreement with C&S Wholesale Grocers LLC.

Respondents' employees use text messages to communicate about work and keep handwritten notes on relevant topics.

Complaint Counsel's First Set of RFPs, issued on April 2, 2024 in the above captioned litigation, seeks, among others, all documents and communications relating to the proposed merger and divestiture, competition between Respondents, and labor relations strategies. Respondents provided Responses and Objections, stating they would be collecting only Microsoft Office 365 sources, which includes emails, Microsoft Teams "chats" (or instant messages), and Excel, Word, and PDF files. Asserting that the burden of collecting text messages and hard copies far outstrips the burden of collecting Microsoft 365 documents, Respondents refused to produce them. This Motion followed.

## III.

Unless limited by order of the Administrative Law Judge, parties may obtain discovery to the extent that it may be reasonably expected to yield information relevant to the allegations of the complaint, to the proposed relief, or to the defenses of any respondent. 16 C.F.R. § 3.31(c)(1). Pursuant to Rule 3.38, "[u]nless the Administrative Law Judge determines that the objection is justified, the Administrative Law Judge shall order that . . . any requests for . . . documents . . . be made." 16 C.F.R. § 3.38(a).

Discovery shall be limited if the Administrative Law Judge "determines that: (i) The discovery sought from a party or third party is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) The burden and expense of the proposed discovery on a party or third party outweigh its likely benefit." 16 C.F.R. § 3.31(c)(2). In addition, the Administrative Law Judge may deny discovery to protect a party from undue burden or expense or to prevent undue delay in the proceeding. 16 C.F.R. § 3.31(d).

With respect to electronically stored information ("ESI"), a party "need not provide discovery . . . from sources that the party . . . identifies as not reasonably accessible because of undue burden or cost." 16 C.F.R. § 3.31(c)(3). On a motion to compel discovery of ESI, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. *Id.*

"Parties resisting discovery of relevant information carry a heavy burden of showing why discovery should be denied." *In re Daniel Chapter One*, 2009 WL 569694, at *2 (F.T.C. Jan. 9, 2009). A movant's general allegation that a document request is unduly burdensome is insufficient to carry its burden of showing that the requested discovery should be denied. *In re Polypore Int'l, Inc.*, 2009 FTC LEXIS 41, at *10 (Jan. 15, 2009).

## IV.

There is no dispute that the documents requested are relevant. Documents produced during the investigation include text messages where Respondents' employees convey that they view each other as competitors, report on visits to each other's stores, and discuss pricing and

competition. Handwritten notes produced during the investigation include notes from a Kroger marketing officer questioning a proposed strategy for certain stores in relation to a strategy by Albertsons, and from an Albertsons executive's notes regarding a Kroger earnings call.

The only material issue is that of burden -- whether Respondents have met their burden of demonstrating that the discovery sought is unreasonably cumulative or that the burden and expense of the proposed discovery outweighs its likely benefit, and, with respect to the text messages, whether the information is not reasonably accessible because of undue burden or cost.

Albertsons states that during the FTC's investigation, Albertsons produced over 13.6 million documents from more than 127 custodians and that the overwhelming majority of those documents (94%) were Microsoft 365 documents. Albertsons asserts that only a tiny fraction of the documents that Albertsons produced were text messages and hard copies, 0.19 percent and 0.01 percent, respectively. Albertsons further asserts that, unlike Microsoft 365 collections, text messages and hard-copy documents must be manually collected and reviewed on a document-by-document basis.

Kroger asserts that its productions to date are voluminous and that the text messages and handwritten notes Complaint Counsel now seeks to compel are cumulative, duplicative of, and/or have no probative value beyond already-produced documents discussing the same topics. Kroger states that collecting, processing, and reviewing text messages is a burdensome multi-step process and that, due to the unique attributes of text messages and handwritten notes, the collected data requires manual review by attorneys, as opposed to technology-assisted review. Kroger also asserts that collecting, scanning, and undertaking a manual review of hard copy documents to identify documents with hand-written notes is time-consuming and costly.

As an initial matter, the production of emails does not excuse withholding text messages; both emails and text messages are "internal contemporaneous communications." *Sage Prods., LLC v. Chemrite Copac, Inc.*, 2021 WL 5299789, at *4 (N.D. Ill. Nov. 12, 2021). Each text message and handwritten document is a unique document. Even if some of the content in the text messages and notes could be found in other documents, an overlap in subject matter does not render the request for text messages and notes unreasonably cumulative or duplicative.

In balancing whether the burden of the proposed discovery outweighs its likely benefit, it is significant that, as narrowed by this Motion, the RFP is limited to potential witnesses who may testify at trial. In this case, the relevance of discovery from potential witnesses overcomes Respondents' asserted burden. *Accord In re Lab. Corp.*, 2011 WL 822920, at *3 (F.T.C. Feb. 28, 2011) (denying motion to quash where the founder of the non-party was on a party's preliminary witness list and expected to testify at trial).

The materials are "reasonably accessible," as demonstrated by the fact that Respondents collected and produced text messages and notes for a greater number of employees during the investigation stage. Furthermore, Respondents' merger is valued in excess of $26 billion, Kroger's annual sales were over $148 billion as of January 28, 2023, Albertsons' annual revenues for fiscal year 2022 were over $77 billion, and each Respondent has multiple law firms litigating this matter. Thus, Respondents have not demonstrated an undue financial burden.

## V.

For the above stated reasons, Respondents have failed to meet their burden of demonstrating that the request for text messages and handwritten notes from Preliminary Witnesses is unduly burdensome or that the burden or expense of the discovery outweigh its likely benefit. Accordingly, the Motion is GRANTED.

IT IS HEREBY ORDERED that Respondent The Kroger Company shall collect text messages and handwritten notes from Mary Ellen Adcock, Stuart Aitken, Yael Cosset, Andy Groff, Todd Kammeyer, Joseph Kelley, Colleen Lindholz, Mafaz Maharoof, Tim Massa, Rodney McMullen, Jon McPherson, Megan Shaffer, and Brent Stewart for the period from August 1, 2022, or the date of last collection if collected in response to the FTC's December 5, 2022 Request for Additional Information and Documentary Material issued in the investigation ("Second Request"), through April 22, 2024, and shall produce those non-privileged documents that are responsive to Complaint Counsel's RFPs.

IT IS FURTHER ORDERED that Respondent Albertsons Companies, Inc. shall collect text messages and handwritten notes from Todd Broderick, Ryan Cloward, Kevin Curry, Anuj Dhanda, Daniel Dosenbach, Usman Humayun, Carl Huntington, Lisa Kinney, Michelle Larson, Joseph Lask, Susan Morris, Rahul Pinto, Scott Shores, Vivek Sankaran, Tony Silva, Brad Street, and Teresa Whitney for the period from August 1, 2022, or the date of last collection if collected in response to the Second Request, through April 22, 2024, and shall produce those nonprivileged documents that are responsive to Complaint Counsel's RFPs.

ORDERED:

D M Chappell

D. Michael Chappell
Chief Administrative Law Judge

Date: May 22, 2024

4

# Exhibit H

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit I

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit J

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit K

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit L

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit M

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit N

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit O

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit P

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit Q

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit R

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit S

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit T

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit U

CONFIDENTIAL - REDACTED IN ENTIRETY

# Exhibit V

CONFIDENTIAL - REDACTED IN ENTIRETY