Susan A. Musser, DC Bar # 1531486
Rohan Pai, DC Bar # 1015652
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2122
Tel: (202) 326-2936
*smusser@ftc.gov; rpai@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br>**PLAINTIFFS' BRIEF REGARDING ADMISSIBILITY OF DOCUMENTS AND TESTIMONY** |

## ADMISSIBILITY OF EVIDENCE IN A 13(B) PROCEEDING

Plaintiffs move this Court for a preliminary injunction to temporarily pause Defendants' transaction while an administrative law judge and ultimately the Commission consider the transaction's legality. Because the main task before this Court is to assess the FTC's likelihood of success in the administrative proceeding, Plaintiffs propose that the Court have access to the relevant materials from the administrative proceeding. By contrast, Defendants seek to prevent the Court from considering evidence that is admissible in the administrative proceeding. Defendants' proposal thus asks this Court to decide the FTC's likelihood of success while blinding itself to evidence that may prove important to the ultimate trier of fact. Plaintiffs' proposal avoids such an outcome.

The evidence against Defendants in this case involving a nationwide acquisition of thousands of supermarkets is voluminous and includes: emails between scores of Defendants' employees, sworn testimony from third parties and labor organizations who will be harmed by the transaction, and the testimony of Defendants' own executives. Understandably, Defendants seek to limit consideration of the evidence against them, no matter that it will be available to the administrative law judge, objecting largely on hearsay grounds and contending that all evidence must come in through a sponsoring witness. Status Conf. Tr. at 22-26 (Aug. 7, 2024).

During the August 7, 2024, status conference, the Court requested briefing on the scope of the materials from the administrative proceeding that it should consider when ruling on Plaintiffs' request for a preliminary injunction. This Court should follow long-standing precedent and consider any material relied upon by the parties in their papers and introduced at the Preliminary Injunction hearing ("PI Hearing") in this action that may be admissible before the administrative law judge. Doing so gives the Court the benefit of a full record when

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

assessing the FTC's likelihood of success in the administrative proceeding.  The Court should reject Defendants' attempt to minimize unfavorable evidence against them by imposing an unsupported requirement excluding hearsay from the record or by requiring evidence to come in through a live witness at the PI Hearing.

## I.    HEARSAY IS ADMISSIBLE WHEN RULING ON A PRELIMINARY INJUNCTION

Plaintiffs seek a preliminary injunction to pause Defendants' proposed transaction while the FTC adjudicates the legality of the transaction in an administrative proceeding.  The Ninth Circuit has repeatedly held that a district court may "accept . . . hearsay for purposes of deciding whether to issue [a] preliminary injunction."  *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc); *accord*, *e.g.*, *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) (citing *Marcos*, 862 F.2d at 1363).

Defendants urge the Court to ignore this well-established precedent and require that a live sponsoring witness introduce each piece of evidence.  Status Conf. Tr. 24-25 (Aug. 7, 2024). Traditionally, the role of sponsoring witnesses is to provide testimony at a merits trial to establish admissibility, including, for example, on hearsay exceptions and exemptions.  That need, however, is unnecessary in a preliminary injunction hearing where prohibitions on hearsay simply do not apply.  Courts within the Ninth Circuit and elsewhere routinely rely on hearsay documents rather than requiring live testimony to resolve requests for preliminary injunctions. *See*, *e.g.*, *Johnson*, 572 F.3d at 1083.  It would even be within the Court's discretion to refuse to hear any live testimony and resolve the matter solely on the papers and argument of counsel: "In this circuit, the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse

of discretion if the parties have a full opportunity to submit written testimony and to argue the matter." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994).

Indeed, in the specific context of FTC requests for a preliminary injunction under section 13(b) of the FTC Act, numerous courts have found it appropriate to rule on the papers without any live testimony. *See, e.g.*, *FTC v. Warner Commc'ns*, Civ. No. 84-1506, 1984 WL 2955, at *1-2 (C.D. Cal. Apr. 10, 1984) (ruling on preliminary injunction under § 13(b) on papers and arguments), *rev'd on other grounds*, 742 F.2d 1156 (9th Cir. 1984) (granting § 13(b) injunction); Musser Dec.,[1] Ex. A at 12 (denying evidentiary hearing in hospital merger case); *FTC v. Lancaster Colony Corp.*, 434 F. Supp. 1088, 1091 (S.D.N.Y. 1977) ("[W]e see no need for an evidentiary hearing nor for extensive analysis of the underlying antitrust issues. . . . Surely, we are not required, on a Section 13(b) application, . . . to try the case."). The FTC does not ask the Court in this case to forego all live testimony and does not object to Defendants presenting evidence through their witnesses. However, the Court should reject Defendants' legally unfounded argument that witnesses are required to present a given piece of evidence for the Court's consideration in this preliminary injunction proceeding. *See Stanley*, 13 F.3d at 1326.

## II.    ADMITTING ORDINARY-COURSE DOCUMENTS AND PRIOR SWORN TESTIMONY IS PARTICULARLY APPROPRIATE IN THIS CASE

In determining whether to admit evidence, including hearsay, the Court should evaluate whether allowing this type of evidence is "appropriate given the character and objectives of the injunctive proceeding." *Fed. Savings & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987) (quoting *Asseo v. Pan Amer. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)); *see also G.G. v.*

---

[1] "Musser Dec." refers to the Declaration of Susan A. Musser in Support of Plaintiffs' Brief Regarding Admissibility of Documents and Testimony, filed contemporaneously herewith.

*Gloucester Cnty. Sch. Bd.*, 822 F.3d 709, 725 (4th Cir. 2016), *vacated and remanded on other grounds*, 580 U.S. 1168 (2017); *Backcountry Against Dumps v. Abbott*, No. 10-CV-1222 BEN (BGS), 2011 WL 13193027, at *1 (S.D. Cal. Aug. 12, 2011).

In this action brought under section 13(b) of the FTC Act, the principal task before the Court is to determine the FTC's likelihood of success in the underlying administrative proceeding. *See Warner Commc'ns*, 742 F.2d at 1159-60. In the administrative proceeding, the administrative law judge will consider multiple categories of hearsay evidence, including the ordinary-course documents of Defendants and third parties, investigational hearing transcripts, and deposition transcripts. *See generally* 16 C.F.R. § 3.43(b) (governing admissibility of evidence in FTC administrative proceedings). It is thus particularly appropriate to admit those categories of evidence here, because to accurately assess the FTC's likelihood of success in the administrative proceeding, the Court should consider the same materials the administrative law judge will consider in ruling on the merits. To restrict the admission of such materials would artificially and unnecessarily prevent the Court from considering evidence relevant to its determinations, and it would be inconsistent with the Court's task in this preliminary injunction proceeding.

**Hearsay in the administrative proceeding.** The Rules of Practice for Administrative Proceedings before the FTC ("Part 3 Rules") provide that hearsay is admissible: "[D]epositions, investigational hearings, prior testimony in Commission or other proceedings, expert reports, and any other form of hearsay, shall be admissible and shall not be excluded solely on the ground that they are or contain hearsay." 16 C.F.R. § 3.43(b). Though objections to particular documents may be appropriate on other grounds of relevance, materiality, or unreliability, *id.*, the fact that a document is hearsay does not prevent the administrative law judge from

considering it in arriving at their ruling.  *See generally* Musser Dec., Ex. B at 41:22-42:1

(Chappell, ALJ)[2] ("We have a fairly relaxed standard for admissibility.").

**Defendants' ordinary-course documents.** The Part 3 Rules further streamline the

introduction of Defendants' own documents.  In addition to relaxed rules on admissibility of

hearsay and a preference for admission of relevant evidence, the Part 3 Rules place the burden on

the parties to a challenged transaction to rebut the authenticity of their own documents: "As

[defendants] are in the best position to determine the nature of documents generated by such

[defendants] and which come from their own files, the burden of proof is on the [defendant] to

introduce evidence to rebut a presumption that such documents are authentic and kept in the

regular course of business."  16 C.F.R. § 3.43(d)(3).  Documents from defendants' files that may

constitute hearsay thus are routinely admitted in the FTC's administrative hearings.  *See, e.g.*,

Musser Dec., Ex. B at 62:5–63:8 (Chappell, ALJ) (overruling hearsay and foundation objections

to party ordinary-course documents).  For this reason, courts ruling on a preliminary injunction

under section 13(b) frequently admit wholesale defendants' ordinary-course documents—as well

as those of third parties—in considering the FTC's likelihood of success in the underlying

administrative proceeding.  *See, e.g.*, Musser Dec., Ex. C (admitting lists of party and third-party

documents en masse); Ex. D at 6-7 (admitting roughly 3,000 exhibits at start of preliminary

injunction hearing).

---

[2] Chief Administrative Law Judge D. Michael Chappell, the administrative law judge who presided over the *Illumina* matter, is also presiding over the administrative proceeding in the case at bar.  *See* Order Designating Administrative Law Judge, *In re Kroger Co.*, No. 9428 (F.T.C. Feb. 27, 2024), https://www.ftc.gov/system/files/ftc_gov/pdf/609807_-_order_designating_ administrative_law_judge.pdf.

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

__Investigational hearing and deposition transcripts.__ Similarly, the Part 3 Rules

explicitly provide that "depositions[ and] investigational hearings . . . shall be admissible" and

may not be excluded solely on hearsay grounds. 16 C.F.R. § 3.43(b); *see* Musser Dec., Ex. B at

35:14–36:7 (Chappell, ALJ) (denying motion *in limine* to exclude 34 investigational hearing

transcripts).  Because these transcripts are admissible in the FTC's administrative proceedings,

courts evaluating the FTC's likelihood of success in an administrative proceeding routinely

admit and rely on these materials in arriving at their own conclusions.[3]  *See, e.g.*, Musser Dec.,

Ex. E (denying motion to exclude investigational hearings and declarations); *FTC v. Sysco

Corp.*, 113 F. Supp. 3d 1, 27 (D.D.C. 2015) (citing and relying on investigational hearing

testimony); *FTC v. ProMedica Health Sys., Inc.*, 2011 WL 1219281, at *29–33 (N.D. Ohio Mar.

29, 2011) (citing and relying on investigational hearing and deposition testimony).

## III.    RECENT § 13(B) CASES SUPPORT PLAINTIFFS' PROPOSED APPROACH

Plaintiffs' proposal aligns with how courts have approached similar questions in recent

§ 13(b) cases.  For example, in *FTC v. Meta Platforms, Inc.*, the parties jointly stipulated, and the

Court ordered, that "all evidence previously filed in connection with [the parties] pre-hearing

submissions regarding Plaintiff's Motion for a Preliminary Injunction, proposed Findings of Fact

and Conclusions of Law, and expert reports can be considered as evidence by this Court,

irrespective of its introduction as evidence at the hearing, subject to . . . any objections that the

---

[3] The investigational hearing and deposition transcripts here also come in under the Federal
Rules of Evidence.  First, 16 out of 23 of these transcripts were examinations under oath of
Defendants' own employees.  Musser Dec., ¶ 12.  For each of these examinations, Defendants'
employees were represented by counsel who had the opportunity to ask questions on the record.
These transcripts are admissions of a party opponent and are admissible under Federal Rule of
Evidence 801(d).  Second, for the remaining 7 transcripts, Defendants had the opportunity to
depose each witness to ask about any topics or questions covered in the investigational hearing.
*Id.*  As such these documents should be admitted under Federal Rule of Evidence 807.

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

parties may lodge during the hearing proceedings." Musser Dec., Ex. F at 2. In *FTC v. Microsoft Corp.*, the district court opinion cites and relies on declarations and investigational hearing testimony that was not presented at the evidentiary hearing. *See* 681 F. Supp. 3d 1069, 1078 (N.D. Cal. July 10, 2023); Musser Dec. ¶ 9. In *FTC v. IQVIA Holdings Inc.*, Plaintiff FTC was permitted to cite in its Proposed Findings to investigational hearing testimony and other evidence not admitted at the preliminary injunction hearing. Musser Dec., ¶ 10.

Most recently, in *FTC v. Novant Health, Inc.* the district court again adopted an approach that was wholly consistent with Plaintiffs' proposal here. In *Novant*, as in this case and as has become routine in merger challenges where the FTC seeks a preliminary injunction in a federal district court, the defendants argued largely on hearsay grounds that the district court should not consider documents and transcripts that would be available to the administrative law judge unless the FTC presented a sponsoring witness at the preliminary injunction hearing. Musser Dec., Ex. G at 19-23. The *Novant* court rejected that argument, ruling that hearsay documents were admissible, including "transcripts for which there was no cross examination." *Id.* at 23. The *Novant* court noted that—like this Court—it was amply capable of assigning the appropriate weight to such material. *Id.* The *Novant* court also permitted both the FTC and Defendants to cite exhibits in post-hearing findings of fact, and subsequently admitted such exhibits, including documents without a sponsoring testifying witness. Musser Dec., ¶ 11.

The consistent approach taken in each of these recent section 13(b) actions is a sensible one that will allow this Court to best evaluate the FTC's likelihood of success. By admitting those exhibits and portions of transcripts referenced in the parties' papers or at the evidentiary hearing, the Court can avoid unnecessarily cluttering the record with the thousands of additional

exhibits likely to be admitted in the administrative proceeding, while maintaining its ability to make an accurate and fully informed decision.

Contrary to these district courts' approaches, Defendants also have argued that allowing documents into the record without sponsoring testimony from a witness contravenes the witness limit in the case management order in this case.  Status Conf. Tr. 26 (Aug. 7, 2024).  Defendants are mistaken.  Initially, witness limits are not intended to limit the type of evidence that can be admitted at an evidentiary hearing.  Rather, they offer other benefits such as practical boundaries to the breadth of live testimony, perhaps to facilitate adherence to a court's schedule or to prompt disclosures among the parties to facilitate logistics and travel schedules.  Nothing in the case management order requires a document to have a sponsoring witness.  Documents and transcripts—as in these other recent section 13(b) cases—are routinely admitted without a sponsoring witness both in administrative proceedings and in related preliminary injunction suits before federal district courts.  If Defendants had intended for documents only to be admitted through a listed sponsoring witness, that would have been a significant deviation from typical practice in this area of the law, and they should have insisted on such provisions in the case management order.

Defendants further claim that reliance on the full evidentiary record in the administrative hearing is prejudicial as the ALJ has not ruled on exhibit objections in that proceeding.  Status Conf. Tr. 23 (Aug. 7, 2024).  Any delay in resolving exhibit objections in the administrative proceeding, however, is entirely due to Defendants' own actions.  On July 8, 2024, Defendants moved the ALJ to recess the administrative proceeding pending resolution of the preliminary injunction hearing and the various state court actions seeking to enjoin the transaction.  Respondents' Motion to Recess, *In re Kroger Co.*, Docket No. 9428 (FTC July 8, 2024),

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

https://www.ftc.gov/system/files/ftc_gov/pdf/611143_-_respondents_motion_to_recess_the_evid

entiary_portion_of_part_3.pdf.  Plaintiff FTC opposed that motion and sought to proceed with

the administrative litigation, which will ultimately determine the legality of the proposed

transaction.  Complaint Counsel's Opposition to Respondents' Motion to Recess, *In re Kroger

Co.*, Docket No. 9428 (FTC July 11, 2024), https://www.ftc.gov/system/files/ftc_gov/pdf/611178

_-_ccs_opp_to_rcs_motion_to_recess_part_3_public.pdf.  The ALJ ultimately granted the relief

Defendants requested and continued most pre-trial deadlines, including those relating to

resolving exhibit objections, until after this preliminary injunction hearing concludes.  Order on

Respondents' Motion to Recess, *In re Kroger Co.*, Docket No. 9428 (FTC July 12, 2024),

https://www.ftc.gov/system/files/ftc_gov/pdf/611203_-_order_on_motion_to_recess_the_evident

iary_hearing.pdf.  By repeatedly seeking to avoid the merits adjudication in this matter,

Defendants have manufactured the supposed prejudice they now claim, which stems from the

delay they demanded.

Finally, following Defendants' approach of requiring a sponsoring witness for each

document would turn this preliminary injunction hearing on its head, and would result in a

proceeding bogged down by evidentiary requirements more onerous than in the full merits trial

before the administrative law judge.  This case revolves around a transaction between two

enormous, sophisticated corporations involving hundreds of supermarkets and thousands of

employees.  Understandably, the documentary record is prodigious.  The FTC's/Complaint

Counsel's final exhibit list in the administrative proceeding includes 3,384 exhibits and

Defendants/Respondents' final exhibit list includes 2,731 exhibits.  Musser Dec. ¶¶ 13-14.  This

Court has doubtless had experience with document-heavy trials in which document custodians

are called to the stand, sometimes for days at a time, simply to authenticate mountains of paper.

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

A preliminary injunction hearing is not, nor should it be, an arduous slog of authenticating hundreds or thousands of documents when such an exercise is not even required in the full administrative merits trial.

Rather, Plaintiffs intend to present concise and relevant testimony of witnesses with knowledge of the operative facts, to enable the Court to evaluate the FTC's likelihood of success in the administrative proceeding.  Where documents speak for themselves, it is a poor use of the Court's, parties', and witnesses' time to put someone on the stand simply to testify that they wrote a given email.  Nor would such a requirement make sense where these documents and transcripts are admissible in the administrative merits proceeding without any need for a sponsoring witness, and governing precedent makes clear that the Court could decide this matter even on the papers without any live testimony whatsoever.  In sum, the Court should follow the precedent of other courts in section 13(b) Preliminary Injunction hearings and reject Defendants' efforts to limit the unfavorable evidence against them by erecting artificial barriers to admissibility.

## IV.    CONCLUSION

Plaintiffs respectfully request that the Court admit ordinary-course documents from Defendants and third parties, investigational hearing transcripts, and deposition transcripts cited by the parties in their papers or referenced during the evidentiary hearing, as it will enable the Court to most accurately assess the FTC's likelihood of success in the administrative proceeding. Defendants' alternate approach of requiring live testimony for the introduction of all evidence is unsupported by precedent, would serve only to artificially prevent the Court from considering evidence relevant to its determination, and should be rejected.

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

Dated: August 16, 2024                    Respectfully submitted,

                                          /s/ Susan A. Musser
                                          Susan A. Musser, DC Bar # 1531486
                                          Rohan Pai, DC Bar # 1015652

                                          Federal Trade Commission
                                          Bureau of Competition
                                          600 Pennsylvania Avenue, NW
                                          Washington, DC 20580
                                          Telephone: (202) 326-2122
                                          smusser@ftc.gov
                                          rpai@ftc.gov

                                          *Attorneys for Plaintiff Federal Trade Commission*

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

/s/ Robert A. Bernheim
Robert A. Bernheim, AZ Bar No. 024664
Jayme L. Weber, AZ Bar No. 032608
Vinny Venkat, AZ Bar No. 038587
Connor Nolan, AZ Bar No. 038088

Arizona Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004
Tel: (602) 542-5025
Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov
Vinny.Venkat@azag.gov
Connor.Nolan@azag.gov

*Attorneys for Plaintiff State of Arizona*

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

/s/ Nicole Gordon
Nicole Gordon, CA Bar No. 224138

State of California
California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3458
Facsimile: (415) 703-5480
Nicole.Gordon@doj.ca.gov

*Attorney for Plaintiff State of California*

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

/s/ C. William Margrabe

C. William Margrabe, DC Bar No. 90013916

Office of the Attorney General for the District of Columbia
400 6th Street, N.W, 10th Floor
Washington, D.C. 20001
Tel: (202) 727-3400
Will.Margrabe@dc.gov

*Attorney for Plaintiff District of Columbia*

/s/ Brian M. Yost
Brian M. Yost, IL Bar No. 6334138
Paul J. Harper, IL Bar No. 6335001
Alice Riechers, IL Bar No. 6272933

Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
Tel: (872) 276-3598
Brian.Yost@ilag.gov
Paul.Harper@ilag.gov
Alice.Riechers@ilag.gov

*Attorneys for Plaintiff State of Illinois*

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

/s/ Schonette J. Walker
Schonette J. Walker, MD Bar No. 0512290008
Gary Honick, MD Bar No. 7806010078
Byron Warren, MD Bar No. 1612140330

Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Tel: (410) 576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

/s/ Lucas J. Tucker
Lucas J. Tucker, NV Bar No. 10252
Samantha B. Feeley, NV Bar No. 14034

Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
ltucker@ag.nv.gov
sfeeley@ag.nv.gov

*Attorneys for Plaintiff State of Nevada*

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

/s/ Julie Ann Meade
Julie Ann Meade, NM Bar No. 8143
Jeff Dan Herrera, NM Bar No. 154030

New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87504
Tel: (505) 717-3500
jmeade@nmag.gov
jherrera@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

18

/s/ Cheryl F. Hiemstra
Cheryl F. Hiemstra, OSB#133857
Tim D. Nord, OSB#882800
Chris Kayser, OSB#984244

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: (503) 934-4400
Facsimile: (503) 378-5017
Cheryl.Hiemstra@doj.state.or.us
Tim.D.Nord@doj.state.or.us
cjkayser@lvklaw.com

*Attorneys for Plaintiff State of Oregon*

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY

/s/ William Young
William Young, WY Bar No. 8-6746

Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-7847
William.Young@wyo.gov

*Attorney for Plaintiff State of Wyoming*

PLS' BRIEF RE ADMISSIBILITY OF
DOCUMENTS AND TESTIMONY