# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br><br>**DEFENDANTS' POSITION ON THE SCOPE OF THE RECORD FOR PRELIMINARY INJUNCTION HEARING** |

The record of the preliminary injunction proceedings in this case should consist of just that:  the exhibits and testimony admitted in evidence during the hearing before this Court. Plaintiffs instead seek to dump into evidence the entire "record" from the Part III administrative hearing for potential use in post-trial briefing or on appeal.  That so-called "record"—which, as this Court pointed out during the recent status conference, does not yet exist, Tr. at 19:18-24 (Aug. 7, 2024)—purportedly consists of 3,726 documents.  Of those, 143 are deposition and investigational-hearing transcripts spanning more than 13,000 pages; hundreds more are external articles, webpages, and documents generated by third-parties.  None of those materials have been admitted or otherwise approved for use in Part III.

The Court has set this case for a three-week evidentiary hearing. Under the CMSO, each side has 40 hours of trial time—10 hours *more* than the FTC requested—to present its case. Once the hearing concludes, given the time sensitivity of this matter, Defendants hope that a decision will follow very soon after. As the Court is aware, the contractual closing date is October 9, 2024. It is neither fair to the parties nor efficient for the Court to conduct a full evidentiary hearing, then be forced to consider, with no context, thousands of documents never introduced or mentioned at trial. The Court should, instead, conduct this hearing the same way it conducts any other trial: by admitting evidence as it is offered during testimony and deciding the case based on that admitted evidence. That approach is correct as a matter of law and consistent with common sense. And it would lead to a clean record that fairly reflects the materials that actually informed the Court's decision.[1]

## BACKGROUND

In advance of the status conference with this Court on August 7, 2024, the parties met and conferred about the scope of the hearing record for the purpose of post-hearing briefing on findings of fact and conclusions of law. Plaintiffs proposed that the record encompass "the full record submitted in the [Part III] administrative proceeding"—meaning all documents any party included on their Part 3 exhibit list or cited in any Part 3 briefing. Defendants took the position that the record should be limited to what is "presented to the court during the evidentiary hearing." ECF No. 224, at 3. At the status conference, the Court asked what Plaintiffs meant by "the record submitted" in Part III. Plaintiffs responded that they were referring to their full Part III exhibit list, which they plan to try to put into evidence in that proceeding. Tr. at 19:17-20:24.

---

[1] At most, if at the end of the preliminary injunction proceedings, Plaintiffs (or Defendants) wish to admit a limited number of identified additional exhibits into evidence for the purposes of post-trial briefing, the Court can consider those, with any objections from the other side, at that time.

Defendants objected to that approach.  They explained that treating every document listed on a Part III exhibit list as part of the record here would require the Court to "comb through a significant amount of information in a very truncated time frame without giving Defendants an opportunity to cross-examine, contextualize, or challenge the purported evidence."  Tr. at 21:15-19.  Defendants instead proposed that the Court, as it would in any trial, consider the materials actually presented to it during the three-week evidentiary hearing the Court set in this matter.  Tr. at 29:20-22.

## ARGUMENT

### I.     Defendants' Approach is Consistent with the Law

Plaintiffs' proposal to submit thousands of documents that will never be introduced at the hearing and that the Court will never, as a practical matter, have the time or ability to consider in rendering its decision is contrary to law.  "It is axiomatic that post-trial submissions are not the time to craft entirely new arguments or theories that were not presented at trial and are based on documents and other evidence that was not a part of the final pretrial order or presented at trial." *Jadian, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 1:17-CV-907, 2020 WL 3071756, at *11 (W.D. Mich. June 10, 2020).

Courts facing a similar onslaught of potential exhibits in other merger litigations have properly limited the record to what was introduced in the hearing, potentially supplemented by a small set of exhibits at the end of proceedings.

In a posture almost identical to this case, the Western District of North Carolina recently denied the FTC's request to admit its entire exhibit list into evidence prior to the start of a preliminary injunction proceeding pursuant to 15 U.S.C. § 53(b).  *FTC v. Novant Health, Inc.*, 5:24-cv-28, ECF No. 186 (W.D.N.C., Apr. 24, 2024).  In *Novant*, the same lawyers representing the FTC in this case made the same arguments they now press here:  namely, the FTC's Part III

exhibit list (which, there, consisted of 66 investigational-hearing or deposition transcripts and 600 other documents) should be admitted prior to the hearing and constitute the "record."[2] *Id.*, ECF No. 115-2 (Apr. 18, 2024). The Court rejected that proposal and held instead that "exhibits will be entered at the time the witness is testifying." *Id.*, ECF No. 186, at 24:4-6. The court expressly stated that it did not want "a bunch of exhibits in the record that nobody is going to use, ever." *Id.* at 23:22-23. It recognized it would be improper and impracticable for it to "go[] through" such a record "to see if you all missed something and see if I can find something I like." *Id.* at 24:1-3.

The *Novant* court did contemplate that at the end of the hearing, the parties could discuss and propose additional exhibits that they wanted to use in post-trial briefing. *Id.* at 24:12-18. And after receiving Plaintiffs' post-trial briefing and a motion for admission of additional exhibits, it admitted a small subset of those additional exhibits (44) that had been cited. But the Court *excluded* the thousands of pages of transcripts that Plaintiffs also sought to admit, as well as any exhibit that was neither presented at the hearing nor discussed in briefing. Ex. A, *id.*, ECF No. 232, at 2-3 (June 6, 2024). "As the parties were repeatedly told, the Court will not permit thousands of pages of testimony, which the Court did not and would be unable to practically 'consider' in reaching its decision, to be simply dumped into the record." *Id.* at 3.

The court in *FTC v. Thomas Jefferson University*, No. 20-cv-1113 (E.D. Pa. Oct. 12, 2020), also evaluating a merger under 15 U.S.C. § 53(b), took a similar approach. Despite the FTC's initial exhibit list of around 500 exhibits, the court admitted only 57 into evidence. *Id.*, ECF No. 274, at 1 (Dec. 7, 2020); *id.*, ECF No. 276 (Dec. 8, 2020). Thirty-two of those exhibits

---

[2] Counsel for Defendants there is also trial counsel for Albertsons here (Williams & Connolly LLP).

were actually used in the preliminary injunction hearing, and the remaining 25 were part of a discrete set requested by the FTC that the court allowed to supplement the record.[3]

In *United States v. AT&T, Inc.*, 310 F. Supp. 3d 161 (D.D.C. 2018), the court was conducting a permanent injunction hearing in a merger challenge brought by the Department of Justice. *Id.* at 164. Like the *Novant* and *Thomas Jefferson University* courts, the court in *AT&T* recognized that it could not admit an endless expanse of documents into the record. The government's investigation of the proposed merger there resulted in 25 million pages of documents, and pretrial discovery involved 40 witness depositions, countless third-party subpoenas, and even more document production. *Id.* at 185. It faced a tight timeline and "did not have the luxury of blanketly admitting a mass of documentary evidence and sorting through it after trial." *Id.* at 186. So, to avoid exhibits being "misunderstood or selectively cited in post-trial briefs," it required parties to introduce documents into the record during the trial. *Id.* at 187.

## II.    Plaintiffs' Approach is Neither Manageable nor Practical

The practical considerations that motivated the *Novant*, *Thomas Jefferson*, and *AT&T* Courts apply with even greater force here. This Court is operating on a timeframe as urgent as, or more urgent than, the courts in those cases. And the volume of exhibits that Plaintiffs have requested this Court pre-admit dwarfs the volume at issue in the two FTC cases, *Novant* and *Thomas Jefferson*. Plaintiffs' Part III exhibit list consists of almost *four thousand* exhibits (3,726), including 23 investigational hearing transcripts and 120 deposition transcripts spanning over 13,000 pages.

---

[3] Defendants submitted 150 exhibits into evidence and requested only a small set of supplementary exhibits as well. ECF No. 275.

By statute, this Court will decide whether the FTC is likely to succeed in proving that the merger may substantially lessen competition, along with the other traditional equitable factors. 15 U.S.C. § 53(b); *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024).  The mass admission of the thousands of transcripts, articles, and other documents on the FTC's Part III exhibit list would not aid the Court in making that decision.  To the contrary, it would introduce delay and present the very real possibility of a "gotcha" argument, where the FTC would raise in post-trial briefing or on appeal exhibits no party presented and the Court never saw.  As a practical matter, the Court cannot review all of those materials and weigh what—if any— probative value they have in light of the other evidence in the case in time to render a decision given the time sensitivity of this matter.  Worse, the Part III exhibit list does not accurately reflect the scope of the record in the Part III proceeding.  As this Court observed, the record in that proceeding does not yet exist because administrative court has not admitted a single exhibit in evidence—and, of course, may exclude exhibits it finds to be not reliable.  16 C.F.R. § 3.43(b).

Regardless, there is no reason to think that the records for the preliminary injunction hearing and the merits trial should be coextensive.  A preliminary injunction hearing is a *preview* of what would occur in a trial on the merits.  *See Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1187 (10th Cir. 1975).  Having chosen to seek the extraordinary remedy of preliminary injunctive relief, Plaintiffs took upon themselves the burden of selecting their best evidence to put before this Court, rather than advance the fiction that this Court could review nearly 4,000 exhibits.

Crucially, Plaintiffs' proposed approach would also deprive the Court of the ability to review the contents of the exhibits with the benefit of adversarial presentation.  The vast majority

of the exhibits that Plaintiffs seek to admit here will not be presented at the preliminary injunction hearing at all, meaning no witness will "contextualize and explain" them through direct and cross examination. *AT&T*, 310 F. Supp. 3d at 186-87.[4]  Instead, in Plaintiffs' post-trial briefing or on appeal, exhibits will appear with no explanation or context, as the *AT&T* court noted. *See id.*  This is especially problematic for the over 290 lengthy articles and webpages Plaintiffs seek to admit, which cannot speak for themselves, and the 2,185 pages of investigational hearing testimony (where at least one Defendant never had an opportunity to question).  These materials are hearsay that will not all be tested in the adversarial process.  If Plaintiffs want to refer to specific portions of depositions, they may call the witness at trial, or designate certain testimony, as outlined in the parties' proposed pre-trial order.  ECF No. 228, at 2.  They should not have free rein to dump in entire transcripts wholesale, cherry-pick the portions they like, and leave the Court to wade through the rest.

## III.    The CMSO Supports Defendants' Approach and Conflicts with Plaintiffs'

Plaintiffs' request that the Court consider and potentially rely on up to *143* deposition and investigational-hearing transcripts spanning over 13,000 pages—even though the vast majority of these witnesses will *not* have testified at trial—also cannot be squared with the CMSO, which permits each side to call only 20 fact witnesses at trial plus experts. *See* ECF No. 88, ¶ 13(b). Plaintiffs' approach would end-run this limitation in the CMSO; Plaintiffs could call 20 fact witnesses at trial (including potentially by deposition designation), and then cite testimony from dozens of other witnesses in the post-trial briefing—in effect, designating that deposition testimony too (except without any advance notice to Defendants, or the opportunity to respond).

---

[4] This stands in stark contrast to the potential admission of the exhibits at the Part III hearing, where (if it goes forward) both sides will have the ability to extend their adversarial presentations to contextualize the additional exhibits as needed.

Plaintiffs cannot identify any legitimate reason to depart from the CMSO's fact witness limit, in practice if not in form. This Court has cleared its calendar for three weeks and given the parties substantial trial time—40 hours each, which is 10 hours *more* than the 30 hours Plaintiffs initially requested. *See* Ex. B (position statements on the CMSO). To be sure, Plaintiffs requested 30 hours to present their case before the Part 3 hearing was recessed. But Chief Administrative Law Judge Chappell announced his intention to recess the Part III hearing over a month ago; since then, Plaintiffs have not requested more hearing time or suggested 40 hours is insufficient. Just the opposite: Plaintiffs recently told Defendants that they may rest their case-in-chief after just *4.5 trial days* (one of which includes opening statements). *See* Ex. C (C. Dickinson Email, 8/10/24). Plaintiffs should use that trial time to present their best evidence to the Court, rather than waiting to use that evidence in post-trial briefing (when Defendants will be unable to cross examine the witness or contextualize the evidence) or on appeal.

In contrast, Defendants' approach is completely consistent with the CMSO: The Parties would adhere to the 20 fact witness limit and use their 40 hours of trial time to present the key evidence for the Court's consideration.

**IV.    Plaintiffs' Position Would Create an Unworkable Record on Appeal**

Having a manageable record is especially important because this Court cannot cut corners by looking at only the portion of the exhibits in the record actually used by Plaintiffs—even in a setting that is as time-pressured as this one. The court of appeals will presume that the court examined the entire factual record before it. *Cf. Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002) (examining whether the district court's factual findings "are plausible in light of the record viewed in its entirety"); *Novant Health, Inc.*, ECF No. 186, at 23:24-24:3; *id.*, ECF No. 232, at 3. It is not feasible for this Court to independently review nearly four thousand

exhibits—tens of thousands of pages—in full, and Plaintiffs should not be able to argue on appeal that an order denying preliminary injunctive relief should be overturned based on evidence that they could have presented at the hearing but chose not to.

**CONCLUSION**

Defendants' position is merely that exhibits should be entered into the record at trial so this Court has an opportunity to determine admissibility and weigh exhibits' probative value on a case-by-case basis.  The record would then reflect what this Court actually considered—rather than an expansive set of documents buried in an exhibit list prepared for a different proceeding, in another tribunal (indeed, in another branch of government), subject to different substantive and procedural rules.

DATED: August 16, 2024

ANGELI LAW GROUP LLC

/s/ David H. Angeli
DAVID H. ANGELI, Bar No. 020244
david@angelilaw.com
PETER D. HAWKES, Bar No. 071986
peter@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: 503.954.2232

AND

WILLIAMS & CONNOLLY LLP

ENU A. MAINIGI (*Pro Hac Vice*)
emainigi@wc.com
JONATHAN B. PITT (*Pro Hac Vice*)
jpitt@wc.com
A. JOSHUA PODOLL (*Pro Hac Vice*)
apodoll@wc.com
THOMAS W. RYAN (*Pro Hac Vice*)
tryan@wc.com
TYLER INFINGER(*Pro Hac Vice*)
tinfinger@wc.com
WILLIAM ASHWORTH (*Pro Hac Vice*)
washworth@wc.com
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5000

AND

DECHERT LLP

JAMES A. FISHKIN (*Pro Hac Vice*)
james.fishkin@dechert.com
MICHAEL COWIE (*Pro Hac Vice*)
mike.cowie@dechert.com
ELENA KAMENIR (*Pro Hac Vice*)
elena.kamenir@dechert.com
1900 K Street NW
Washington, DC 20006
Telephone: 202.261.3300

HOWARD. M. ULLMAN (*Pro Hac Vice*)

STOEL RIVES LLP

/s/ B. John Casey
B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com

AND

ARNOLD & PORTER KAYE SCHOLER LLP

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
SONIA K. PFAFFENROTH (*Pro Hac Vice*)
sonia.pfaffenroth@arnoldporter.com
JOSHUA M. DAVIS (*Pro Hac Vice*)
joshua.davis@arnoldporter.com
KOLYA D. GLICK (*Pro Hac Vice*)
kolya.glick@arnoldporter.com
JASON C. EWART (*Pro Hac Vice*)
jason.ewart@arnoldporter.com
MICHAEL E. KIENTZLE (*Pro Hac Vice*)
michael.kientzle@arnoldporter.com
MATTHEW M. SHULTZ (*Pro Hac Vice*)
matthew.shultz@arnoldporter.com
DAVID B. BERGMAN (*Pro Hac Vice*)
david.bergman@arnoldporter.com
MICHAEL L. WALDEN (*Pro Hac Vice*)
mike.walden@arnoldporter.com
YASMINE L. HARIK (*Pro Hac Vice*)
yasmine.harik@arnoldporter.com
ALLISON GARDNER (*Pro Hac Vice*)
allison.gardner@arnoldporter.com
BARBARA H. WOOTTON (*Pro Hac Vice*)
barbara.wootton@arnoldporter.com
CHRISTIAN SCHULTZ (*Pro Hac Vice*)
christian.schultz@arnoldporter.com
DAVID EMANUELSON (*Pro Hac Vice*)
david.emanuelson@arnoldporter.com
MEI-WAH LEE (*Pro Hac Vice*)
mei-wah.lee@arnoldporter.com
WILSON DELOSS MUDGE (*Pro Hac Vice*)
wilson.mudge@arnoldporter.com

howard.ullman@dechert.com
45 Fremont St, 26th Floor
San Francisco, CA 94105
Telephone: 415.262.4500

ROSS UFBERG (*Pro Hac Vice*)
ross.ufberg@dechert.com
YOSEF WEITZMAN (*Pro Hac Vice*)
yosi.weitzman@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: 215.994.2422

*Attorneys for Defendant Albertsons
Companies, Inc.*

601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202.942.5000

JOHN A. HOLLER (*Pro Hac Vice*)
john.holler@arnoldporter.com
250 W 55th Street
New York, NY 10019
Telephone: 212.836.8000

BRIAN K. CONDON (*Pro Hac Vice*)
brian.condon@arnoldporter.com
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000

JEREMY T. KAMRAS (*Pro Hac Vice*)
jeremy.kamras@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100

AND

WEIL, GOTSHAL & MANGES LLP

MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com
JASON N. KLEINWAKS (*Pro Hac Vice*)
jason.kleinwaks@weil.com
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com
700 Louisiana Street, Suite 3700
Houston, TX 77002

Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650.802.3000

THOMAS B. FIASCONE (*Pro Hac Vice*)
tom.fiascone@weil.com
REBECCA SIVITZ (*Pro Hac Vice*)
rebecca.sivitz@weil.com
100 Federal Street, Floor 34
Boston, MA 02110
Telephone: 617.722.8314

*Attorneys for Defendant The Kroger Company*