# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00028-KDB-SCR

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**NOVANT HEALTH, INC. AND COMMUNITY HEALTH SYSTEMS, INC.,**<br><br>Defendants. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Federal Trade Commission's ("FTC") Motion to Admit Remaining Exhibits into Evidence (Doc. No. 224). The FTC asks the Court to admit over 150 exhibits listed on a "Schedule A" filed together with the motion, many of which were neither referenced during the seven-day hearing held by the Court on the FTC's Complaint for a Preliminary Injunction nor in the FTC's post-trial Proposed Findings of Fact and Conclusions of Law. *See* Doc. No. 212. For the reasons discussed below, the Court will in part **GRANT** and in part **DENY** the motion.

At the final prehearing conference on April 24, 2024 – a week before the hearing started on May 1, 2024 – the Court heard the parties' arguments on the scope of evidence that would be admitted and considered by the Court. First, the Court agreed with the FTC that documents containing hearsay would be admitted and considered by the Court. Then, in clear language that the Court thought could not be misinterpreted, the Court ruled as follows:

> I can tell you this. **If a document is not discussed during the hearing or referenced and discussed in post-hearing pleadings, it's not going to be**

1

> **considered**…. So I think the way I want to do this is that the exhibits will be entered at the time the witness is testifying….And at the end of the hearing, we will have a discussion about what else do the parties want to move in. By that time, at the end of the hearing, everybody should have a pretty good idea of what they're going to want to address in their post-hearing briefings rather than just let's dump it all in now and figure out later what we're actually going to use.

Doc. No. 186 at 23-24 (emphasis added).

During the hearing, the Court reiterated this position, which, again, the Court believed that the FTC well understood. *See* Tr. 1869 (FTC counsel deferring the introduction of additional exhibits at the end of the hearing because "our understanding was that, in the proposed findings of fact, if we cited with specificity and context, we could move additional exhibits into evidence…."). Following the hearing, the FTC cited to 77 exhibits (including more than 30 entire investigative hearing and deposition transcripts) in its post-trial proposed findings that had not been admitted into evidence. Now, the FTC seeks to admit not only all those 77 additional exhibits but also another 78 exhibits that were neither referenced at the hearing nor cited in its post-trial briefing, for a total of 155 new exhibits. This request violates both the letter and spirit of the Court's ruling.

Accordingly, only some of the requested exhibits will be admitted. Putting aside the number of non-transcript exhibits newly cited in the FTC's post-trial briefing (which exceeds what the Court was led to believe would be filed),[1] the Court will admit all those exhibits into evidence: PX1004, PX1006, PX1010, PX1042, PX1045, PX1076, PX1102, PX1151, PX1152, PX1166, PX1172, PX1203, PX1204, PX1221, PX1222, PX1290, PX1364, PX2003, PX2008, PX2020, PX2060, PX2080, PX2123, PX2172, PX2195, PX2217, PX2218, PX2227, PX2252, PX2350, PX3017, PX3083, PX3137, PX3170, PX3176, PX4025, PX4026, PX4027, PX5043, PX5045, PX5069, PX5133, PX5192, PX5216.

---

[1] At the end of the hearing, the FTC told the Court that it did not "anticipate it will be a lengthy additional set of exhibits." Tr. 1869.

With respect to the investigative hearing transcripts and deposition transcripts sought to be admitted,[2] the Court declines to admit the entire transcripts into evidence. As the Parties were repeatedly told, the Court will not permit thousands of pages of testimony, which the Court did not and would be unable to practically "consider" in reaching its decision, to be simply dumped into the record.[3] However, the record should include any specific pages from those transcripts that were actually used at the hearing or cited in the FTC's post-trial brief. Therefore, as to the transcripts, the FTC may revise its motion to request admission of only those specific pages from the transcripts and file those limited portions of the transcripts.

Finally, the Court denies the motion as to all of the remaining exhibits sought to be admitted. The Court informed the Parties prior to the hearing that only those exhibits presented at the hearing or cited in post-trial briefing would be considered. The FTC had an ample opportunity during the seven days of the hearing and in its 50 page Proposed Findings of Fact and Conclusions of Law to proffer all the exhibits that it contends support entry of a Preliminary Injunction and, indeed, took considerable advantage of that opportunity. Any exhibits not presented during the hearing or post-trial briefing will not be admitted.[4]

---

[2] The transcripts cited in the FTC's post-trial brief sought to be admitted are PX7001, PX7003, PX7005, PX7006, PX7007, PX7008, PX7009, PX7013, PX7015, PX7017, PX7021, PX7022, PX7023, PX7024, PX7029, PX7031, PX7032, PX7034, PX7037, PX7039, PX7041, PX7043, PX7044, PX7045, PX7047, PX7049, PX7052, PX7055, PX7057, PX7058, PX7060, PX7063, PX7064. The FTC has also sought admission of transcripts not cited either in the hearing or in post-trial briefing. No portion of those transcripts will be admitted into evidence for the same reasons as the other exhibits similarly not cited.

[3] Further, admission of the entire transcripts into evidence would unnecessarily require the Court to address myriad confidentiality issues raised by third parties and the Defendants.

[4] The FTC's notation that the remaining exhibits were cited in pre-hearing briefing is not relevant. While the Parties' initial briefing was helpful to the Court in preparing for the hearing, the purpose of the hearing and post-trial briefing was to present the evidence the Parties' wanted the Court to consider in support of their respective positions (and as quoted above that point was made very clear to the Parties prior to the hearing).

3

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Admit Remaining Exhibits into Evidence (Doc. No. 224) is **GRANTED in part** and **DENIED in part** as described above, and

2. As to Plaintiff's request that certain transcripts cited either in the hearing or in its post-trial briefing be admitted, Plaintiff is directed to revise its motion to request admission of only those specific pages from the transcripts cited in the hearing or post-trial and file those limited portions of the transcripts with the Court.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 6, 2024

Kenneth D. Bell
United States District Judge