# EXHIBIT B

James H. Weingarten, DC Bar # 985070
Charles Dickinson, DC Bar # 997153
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Washington, DC 20580
Tel: (202) 326-3570
jweingarten@ftc.gov; cdickinson@ftc.gov

Attorneys for Plaintiff Federal Trade Commission

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>     Plaintiffs,<br><br>     v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>     Defendants. | Case No.: 3:24-cv-00347-AN<br><br><br><br>**PARTIES' JOINT MOTION FOR<br>ENTRY OF CASE MANAGEMENT<br>AND SCHEDULING ORDER** |

Plaintiffs Federal Trade Commission (the "FTC" or "Commission"), the States of

Arizona, California, Illinois, Maryland, Nevada, New Mexico, Oregon, and Wyoming, and the

District of Columbia, by and through their respective Attorneys General (together, the "Plaintiff

States") and Defendants The Kroger Company ("Kroger") and Albertsons Companies, Inc.

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

1

("Albertsons") respectfully submit this Joint Motion for Entry of a Proposed Case Management and Scheduling Order. A Proposed Case Management and Scheduling Order is attached to this Motion.

While the parties have reached agreement on many issues relating to the management of this case, there are several disputed issues. The parties' respective proposals on these disputed issues are set forth in the Proposed Case Management and Scheduling Order ("CMSO") in bold bracketed text. The parties' respective positions on these disputed issues are as follows:

**Introductory Statements**

Plaintiffs' Introductory Statement:

The main issue presented to this Court is the likelihood the Commission will ultimately succeed on the merits in an administrative adjudication of whether Defendants' merger may substantially lessen competition in violation of Section 7 of the Clayton Act. The Case Management and Scheduling Order should aid in developing the record necessary to decide that issue. While the parties have resolved many disputes regarding the Case Management and Scheduling Order, some important disagreements remain. Plaintiffs' proposals ensure that the record in this case is congruent with the record in the underlying administrative proceeding and that both sides have fair discovery. Defendants' proposals invite error by providing for discovery outside the scope of the administrative discovery deadlines to which Defendants already agreed. Defendants also seek to depose Plaintiffs (who of course are not fact witnesses) while imposing unfair restrictions on Plaintiffs' ability to take discovery. The governing law and recent developments in the administrative proceeding support Plaintiffs' positions and undercut Defendants' arguments for ignoring the administrative schedule.

*First*, the ultimate merits of this case will be based on the administrative record. The role of this Court is to make a preliminary determination of whether the FTC has raised "questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for thorough investigation, study, deliberation and determination by the FTC in the first instance and ultimately by the Court of Appeals." *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1162 (9th Cir. 1984) (quoting *FTC v. Nat'l Tea Co.*, 603 F.2d 694, 698 (8th Cir. 1979)). "Because the issue in this action for preliminary relief is a narrow one, [courts] do not resolve the conflicts in the evidence, compare concentration ratios and effects on competition in other cases, or undertake an extensive analysis of the antitrust issues." *Id*. at 1164. Accordingly, discovery here should not exceed the scope of discovery in the administrative proceeding.

*Second*, Defendants consented to the administrative discovery schedule, which remains in effect while the Commission considers their belated motion to delay the administrative hearing. On March 15, 2024, the administrative law judge circulated a proposed scheduling order to counsel for the FTC and Defendants and invited proposed modifications. The parties submitted a joint proposed markup, which the administrative law judge adopted *in toto* and issued as a Scheduling Order on March 20. *See* Scheduling Order, *In re The Kroger Co. & Albertsons Cos., Inc.*, Dkt. No. 9428 (FTC Mar. 20, 2024), *available at* https://www.ftc.gov/system/files/ftc_gov/pdf/610057_-_scheduling_order.pdf (hereinafter "Administrative Scheduling Order"). Defendants did not ask the administrative law judge for any changes to the discovery schedule or discovery provisions other than those jointly agreed with FTC counsel.

On March 26, 2024—two weeks after this Court scheduled the preliminary injunction hearing for August 26—Defendants moved the Commission to delay the administrative hearing

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

from July 31 to October 21, 2024. FTC counsel's opposition is due April 5. The Commission has

until at least until May 20 to rule on the motion. 16 C.F.R. § 3.22(a) (providing that the

Commission has 45 days to rule after a motion is fully briefed, unless the Commission

determines there is "good cause" to extend that deadline). The deadlines in the Administrative

Scheduling Order remain in effect while the Commission considers Defendants' motion. *See*

16 C.F.R. § 3.22(b).

The law and procedural background together favor Plaintiffs' positions on the disputed

issues. These disputes fall into four categories.

*First*, Defendants propose permitting extra third-party and expert discovery in this case

beyond the underlying administrative record. But deciding this case requires evaluating the

FTC's likelihood of success in the underlying administrative adjudication. *See Warner*

*Commc'ns*, *supra*. Extra discovery outside of that record is irrelevant and beyond the limited

scope of this proceeding. Plaintiffs' proposals, accordingly, do not permit extra fact and expert

evidence to be served after the close of discovery in the administrative adjudication.

*Second*, Defendants ask the Court to permit them to depose Plaintiffs (i.e., the FTC and

State law enforcement agencies) and to limit Plaintiffs' time to depose employees of C&S

Wholesale Grocers, LLC. Defendants propose divesting to C&S Wholesale yet-to-be-determined

stores and assets to purportedly remedy the antitrust violations that Defendants' merger raises.

Defendants and C&S Wholesale have a common interest agreement. Both requests are unfairly

prejudicial to Plaintiffs, who propose instead that Rule 30(b)(6) depositions of organizations be

limited to fact witnesses in this case and that Plaintiffs be entitled to full depositions of C&S

Wholesale's employees.

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

4

*Third*, the parties disagree about various interim deadlines, including Defendants' insistence that—contrary to basic fairness—Plaintiffs' expert reports in this case be served prior to the close of fact discovery.

*Fourth*, the parties disagree about the length of the evidentiary hearing in this Court. Plaintiffs' position is that the Court should receive the administrative record, which logically is the best evidence of the Commission's likelihood of success in the administrative proceeding and ensures that this Court does not base its ruling on anything outside of that record. Beyond that, the parties should present whatever highlights of that evidence the Court requires to decide whether Plaintiffs have raised "questions going to the merits so serious, substantial, difficult and doubtful as to make them fair ground for thorough investigation, study, deliberation and determination by the FTC in the first instance." *Warner Commc'ns*, 742 F.2d at 1162.

<u>Defendants' Introductory Statement:</u>

Defendants' proposals provide discovery guidelines and a case schedule that are reasonable and consistent with similar orders entered in recent merger challenges brought by Plaintiff FTC, and give Defendants the time necessary to obtain the discovery needed to adequately defend themselves in this matter.  Plaintiffs, however, have insisted on certain discovery guidelines and deadlines that would unduly limit Defendants' ability to obtain and use discovery in this proceeding.  These proposed limitations would be highly prejudicial to Defendants because Plaintiffs have a near 18-month head start on discovery given their pre-suit investigations.

Nearly all of Plaintiffs' positions boil down to their misconceived argument that the schedule in this federal court proceeding must track the default schedule in the parallel Part 3 administrative proceeding brought by Plaintiff FTC.

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

This argument is misguided for three main reasons.  *First*, fully syncing the federal court schedule to the administrative schedule unnecessarily compresses deadlines in this proceeding because the administrative hearing is currently scheduled to start on July 31—weeks before the start of this Court's hearing on August 26.  Allowing Plaintiffs to use the default schedule in the administrative proceeding to limit Defendants' time to develop a record in this proceeding would be unfair and highly prejudicial to Defendants.  Plaintiffs have a massive head start on discovery and have sought broad equitable relief in federal court.  Defendants need time to develop the record to adequately defend themselves in this proceeding.  Plaintiffs' proposed schedule artificially compresses key deadlines, hindering Defendants' ability to mount a full defense.

*Second*, there is substantial uncertainty over the start date of the administrative hearing, so the deadlines in the administrative schedule are subject to change.  Defendants have moved to continue the administrative hearing until October 21 at the suggestion of the FTC's Chief Administrative Law Judge ("ALJ").  *See* Motion for Continuance of Evidentiary Hearing, *In re The Kroger Company & Albertsons Companies, Inc.*, Dkt. No. 9428 (FTC Mar. 26, 2024) (suggesting that "the best way to resolve" the scheduling conflict between the "Whack-A-Mole proceedings going on around the country" and the administrative hearing "would be a joint motion by the Government and the Respondents to delay the start of the FTC trial").  While Complaint Counsel at the FTC opposes that motion, to Defendants' knowledge, no Part 3 hearing has *ever* begun before the start of an already-scheduled federal court proceeding.  Even if the Part 3 hearing date is not continued at this time, Defendants plan to move the ALJ to extend dates in the administrative schedule that are inconsistent with the schedule entered in this proceeding.

*Third*, Plaintiffs will not suffer prejudice if the discovery schedule in this proceeding differs slightly from the discovery deadlines in the administrative proceeding because the scheduling

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

order in the administrative proceeding *expressly permits* all federal court discovery to be used in that proceeding.  *See* Scheduling Order ¶ 9, *In re The Kroger Company & Albertsons Companies, Inc.*, Dkt. No. 9428 (FTC Mar. 20, 2024).  Thus, even if a few federal court deadlines fall after the corresponding deadlines in the administrative proceeding, Plaintiff FTC will be able to utilize any discovery produced in this proceeding in the administrative proceeding as soon as it is produced.

**§ B.6 Limitations on Party and Third-Party Declarations or Letters**

Plaintiffs' Position:

The Administrative Scheduling Order sets the close of fact discovery on June 11. Defendants did not ask to modify that deadline. Here, Plaintiffs propose a single fact discovery deadline that is the same as in the Administrative Scheduling Order. Defendants propose to extend third-party discovery in this case for two weeks beyond the administrative fact discovery deadline.

This Court is deciding the likelihood of success in the underlying FTC administrative proceeding. *See Warner Commc'ns*, 742 F.2d at 1160; *FTC v. Meta Platforms Inc.*, Case No. 5:22-cv-04325-EJD, 2022 WL 16637996, at *4 (N.D. Cal. Nov. 2, 2022). Therefore, all fact discovery in this case should have the same deadline as fact discovery in the underlying administrative proceeding. Defendants' proposal to extend fact discovery here to allow for third-party discovery that is outside the scope of the administrative proceeding is contrary to the law governing this case and invites error.

Defendants' Position:

As explained in the "Schedule" section below, Defendants propose staggering the end of party and third-party fact discovery to give the Parties more time to collect third-party evidence essential to their claims and defenses in this expedited proceeding.  That additional time is

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

necessary given the hurdles associated with obtaining discovery from a large number of third parties (as discussed further below).  And it is especially important to Defendants given Plaintiffs' near 18-month head start on third-party discovery.

The staggered approach Defendants have proposed aligns with orders governing discovery in recent merger challenges brought by Plaintiff FTC.  *See* Joint Stipulated Discovery Plan and Briefing Schedule, *FTC v. Meta Platforms, Inc.*, No. 5:22-cv-04325 (N.D. Cal. Sept. 6, 2022) ("Meta CMSO"); Joint Stipulated Civil Case Management Plan and Briefing Schedule, *FTC v. IQVIA Holdings Inc.*, No. 1:23-cv-06188 (S.D.N.Y. Aug. 15, 2023) ("IQVIA CMSO"). Defendants' proposed language in Section B.6 maintains the same 14-calendar day cutoff proposed by Plaintiffs but links it to staggered end dates for party and third-party discovery, rather than a single end date for all fact discovery.

## § B.10 Expert Reports

Plaintiffs' Position:

As with fact discovery, expert discovery in this case also should not extend beyond the scope of expert discovery in the administrative proceeding. Defendants' proposal here would allow for supplemental expert reports to be served in this case after expert discovery already has ended in the administrative proceeding. The issue before this Court is the FTC's likelihood of success in the underlying administrative proceeding. *See Warner Commc'ns*, 742 F.2d at 1160; *Meta Platforms*, 2022 WL 16637996, at *4. Allowing the parties to disclose expert opinions here that are not part of the underlying administrative record is contrary to that understanding and invites error.

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

Defendants' Position:

For expert discovery, Plaintiffs propose defaulting to the Part 3 administrative schedule, even though the federal hearing begins nearly a month later.  Defendants propose three minor modifications to Plaintiffs' proposed schedule to allow Defendants sufficient time to complete the expert discovery necessary to defend themselves in this matter.  The first is presented here; the second two are discussed in the "Schedule" section below.

In Section B.10, Defendants propose allowing any party to supplement or amend an expert report as long as the updated report is served at least seven calendar days prior to the expert's deposition.  This provision provides both sides' experts necessary flexibility given the complexity of the issues and the brief window for fact discovery in this expedited case. Plaintiffs' proposal, by contrast, would artificially link the deadline for supplemental expert reports in this matter to the default schedule in the administrative proceeding.  If Plaintiffs have concerns that this proposal will create issues in the administrative proceeding, Defendants are open to adjusting the administrative schedule to align with Defendants' proposed date for the federal schedule.

## § B.14(a) Number of Depositions

Plaintiffs' Position:

Plaintiffs propose that there "may be one 30(b)(6) deposition notice served on each Defendant." Defendants propose that there "may be one 30(b)(6) deposition notice served on each Party," i.e., also Plaintiffs. There is no basis for permitting Rule 30(b)(6) depositions of the Plaintiffs, who are a federal law enforcement agency and States acting in their capacity as law enforcers. Plaintiffs are not fact witnesses. The only relevant, non-privileged evidence Plaintiffs possess derives from investigation and discovery of this matter, and the vast majority of that

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

evidence comes from Defendants themselves. Plaintiffs are already producing their respective investigative files and will continue to supplement when a Protective Order is entered. Plaintiffs' mental impressions and opinions about that evidence are work-product and not proper subjects of discovery, let alone testimony. FTC rules prohibit such depositions in the underlying administrative adjudication. *See* 16 C.F.R. § 3.31(c)(1). The rare instances when courts have permitted depositions of the FTC in a merger challenge have not resulted in useful discovery and are not persuasive precedent for allowing such depositions here. Deposing Plaintiffs serves only to harass and impose undue burden on Plaintiffs and should not be permitted.

Defendants' Position:

Plaintiffs have agreed to serve only one 30(b)(6) deposition notice on each Defendant. But Plaintiffs object to Defendants serving *any* 30(b)(6) deposition notices on them. Defendants request that the Court allow service of one 30(b)(6) deposition notice on each party in this proceeding.

Plaintiffs have no reasonable basis for rejecting reciprocal limits on 30(b)(6) depositions. They have identified no case or legal authority supporting their categorical objection to sitting for a 30(b)(6) deposition. And any objection to theoretical 30(b)(6) topics is premature: the proper time to raise such an objection is after Defendants issue a 30(b)(6) deposition notice (if in fact they do so). It would be improper to prohibit Defendants from pursuing a 30(b)(6) deposition in a case management order at the outset of the case, before Defendants have even issued a 30(b)(6) deposition notice or identified any 30(b)(6) deposition topics.

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

**§ B.14(b) Allocation of Time**

<u>Plaintiffs' Position:</u>

The parties agree that Plaintiffs should be allocated seven hours for a corporate deposition of C&S Wholesale or any other "divestiture buyer." Plaintiffs' position is that the same allocation also should apply to C&S Wholesale's employees. Defendant Kroger and C&S Wholesale are continuing negotiations to divest stores and other assets to C&S Wholesale to purportedly remedy the merger's anticompetitive effects. Defendants and C&S Wholesale are cooperating in defense of the merger, C&S Wholesale has agreed to contest and defend any challenge to Defendants' merger, and Defendants have a common interest agreement with C&S Wholesale. Defendants, therefore, do not require deposition testimony to discover facts from C&S Wholesale witnesses. Indeed, as counsel for C&S Wholesale told the state court in Colorado's separate challenge to Defendants' merger, C&S Wholesale is "sort of along for the ride here, so whatever is acceptable to Kroger and Albertsons as the merging parties is fine with C and S as the divestiture buyer." Transcript at 8:3-5, *Colorado v. Kroger Co.*, No. 24CV30459 (Colo. Dist. Ct. Mar. 11, 2024). C&S Wholesale employees are adverse to Plaintiffs, and their depositions should be treated akin to depositions of Defendants' employees. Finally, Plaintiffs need full time with C&S Wholesale employees so that Plaintiffs can discover facts about the ongoing divestiture negotiations and any resulting agreement. Defendants do not need discovery about their own negotiations with C&S Wholesale. Defendants agree Plaintiffs should have seven hours with a C&S corporate representative, and there is no basis for treating C&S Wholesale employees differently.

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

Defendants' Position:

Despite agreeing that third-party deposition time will be evenly split, Plaintiffs propose that they alone receive seven hours of deposition time for any employee of the divestiture buyer, C&S Wholesale Grocers ("C&S").   Recognizing that there is a common interest between Defendants and C&S, Defendants propose a compromise solution: giving Plaintiffs seven hours for one 30(b)(6) deposition notice of C&S.  For the deposition of any additional C&S employees, Defendants propose that the otherwise agreed-upon even time split should apply if the deposition is cross-noticed, just as it would for any other non-party deponent.

Giving Plaintiffs the full seven hours with any C&S employee would preclude Defendants both from creating the record necessary for their expert witnesses and from obtaining testimony that could be offered through deposition designations if an employee ultimately is not a witness at the hearing.  Defendants' compromise proposal ensures that Plaintiffs can obtain discovery from the divestiture buyer without unjustifiably limiting Defendants' ability to examine C&S's employees.

## § D Evidentiary Hearing

Plaintiffs' Position:

Plaintiffs and Defendants respectively propose that each side have 30 or 40 hours to present its case to the Court.

If the Commission denies Defendants' motion to delay the administrative hearing, then the Court and the parties will have the benefit of the administrative merits hearing record, and 30 hours is more than enough time for the parties' presentations to this Court on the most important evidence from the administrative record. *FTC v. Tronox Ltd.*, 332 F. Supp. 3d 187 (D.D.C. 2018), where the district court § 13(b) hearing occurred after the FTC administrative hearing, is

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

instructive. The *Tronox* court permitted each side to present live testimony from three witnesses of their choosing, make opening and closing arguments, and submit briefs and the complete administrative record that was before the administrative law judge. *Id.* at 196.

If the Commission grants Defendants' motion and postpones the hearing, then a longer hearing in this Court may be appropriate, and the parties can revisit the issue with the Court. In any event, given that the Commission's decision on the timing of administrative hearing may not issue until at least May 20, the Court may assume that the July 31 date is the operative date and allocate time accordingly.

Defendants' Position:

Plaintiffs' challenge to Defendants' proposed transaction has, in Plaintiffs' words, a "particularly large scope," *see* Status Conference Tr. 27:7-10 (Mar. 11, 2024) ("3/11 Tr."), and is based on two distinct antitrust theories that involve fundamentally different factual and legal issues. Addressing both those theories will require unique fact and expert witnesses. In addition, Plaintiffs allege that the transaction would be presumptively unlawful in "*many hundreds* of local supermarket and labor markets," Compl. ¶ 9 (emphasis added), raising factual and legal issues to be addressed at the preliminary injunction hearing related to each of these markets. The Court's decision to reserve three weeks on its calendar for the preliminary injunction hearing reflects the extremely broad scope of this case. Given the breadth and complexity of the issues, Defendants request that each side receive 40 hours to present its case—a timeline that would fit comfortably in the three weeks the Court has reserved. This request represents Defendants' current best estimate of the time they will need to present their defense.

In contrast, Plaintiffs propose that each side receive only 30 hours to present its case. Plaintiffs argue that the preliminary injunction hearing is effectively a rubber-stamp hearing where

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

the Court grants preliminary relief based on an extremely low burden of proof to maintain the status quo, then allows the ALJ to hear the case on the merits at the administrative hearing. *See, e.g.*, 3/11 Tr. 11:10-13. Plaintiffs also argue that less time will be needed here because the administrative hearing will have begun several weeks prior, so this proceeding can be shorter and just involve "playing the highlights" from the administrative hearing.

But as Defendants explained during the March 11 hearing, *this federal preliminary injunction hearing* will likely decide the fate of the merger. *See id.* 15:25-16:2 (explaining that the Court's ruling "is likely the decision that decides whether this merger happens"). Indeed, in all but a tiny fraction of FTC merger challenges over the last 30 years, the preliminary injunction decision has been dispositive. *Id.* at 16:11-13. Further, as explained in Defendants' Introductory Statement, the administrative hearing may not begin before this preliminary injunction hearing starts. Defendants have moved to continue the hearing at the suggestion of the FTC ALJ. Even if the Commission does not continue the administrative hearing at this time, the ALJ has discretion to control the hearing schedule, so the precise timing of the hearing is uncertain. But putting scheduling aside, the more fundamental point is that in this case Plaintiffs are seeking relief that only a federal court can provide: a preliminary injunction preventing Defendants from closing a contractually agreed-upon transaction. Plaintiffs bear the burden of justifying their requested equitable relief, and Plaintiffs should not be permitted to unduly shorten this federal court proceeding (and limit Defendants' time to present a defense) by pointing to the parallel administrative proceeding in which the FTC is seeking different relief. It is, of course, possible that one party or the other will not need a full 40 hours to present its case. In that event, a party does not need to use all of its time. But the Court should not adopt Plaintiffs' arbitrary 30-hour-

per-side proposal—and thus unduly limit Defendants' ability to present their case—in a proceeding that will likely decide the fate of this merger.

**Schedule**

Plaintiffs' Position:

The administrative law judge served a proposed scheduling order on FTC counsel and Defendants' counsel and invited proposed modifications. The parties negotiated and submitted a joint markup, which the administrative law judge adopted in full. *See* Administrative Scheduling Order. Defendants did not request in the administrative proceeding any of the modifications to fact and expert discovery scheduling that they propose in this case. Defendants' proposals also unfairly prejudice Plaintiffs in various respects. The scheduling issues are as follows.

*Deadline to Answer*. The complaint in the administrative proceeding and the complaint in this case are materially identical. Defendants answered the administrative complaint on March 11, 2024. Plaintiffs propose that Defendants file their answers to the complaint in this case within three business days of entry of the Case Management and Scheduling Order. Defendants propose not to answer until April 29. The only reason for this delay that Defendants provided to Plaintiffs was that Defendants were entitled to 60 days to answer because they waived service of process. Defendants' entitlement to 60 days to answer does not fit the needs or interests of this case.

*Deadline to Serve Written Discovery on Parties and Third Parties*. The deadline for serving written discovery in the administrative adjudication is May 14. Administrative Scheduling Order at 1. Plaintiffs propose the same deadline here. Defendants did not move to alter that deadline, but now propose deadlines of May 28 and June 11 for serving written discovery to parties and third parties, respectively. The deadline in the administrative proceeding

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

should apply here so that discovery between the two proceedings is congruent. Otherwise, if extra discovery is permitted in this case, the record in this case is likely to include discovery that is not part of the administrative proceeding. Such discovery is irrelevant to the issues before this Court and would invite error.

*Close of Third-Party Fact Discovery*. The deadline for close of all fact discovery in the administrative adjudication is June 11. Administrative Scheduling Order at 1. Plaintiffs propose the same deadline here. Defendants did not move to alter that deadline, but now propose a later deadline of June 25 for completing third-party fact discovery. As above, permitting extra discovery in this case is contrary to precedent and invites error. Additionally, as discussed below, extending third-party discovery beyond the close of other fact discovery unfairly prejudices Plaintiffs' preparation of expert reports.

*Plaintiffs' Initial Expert Report(s)*. Plaintiffs propose that their initial expert reports be served on the same date in this case as in the administrative proceeding: June 18. Defendants propose that Plaintiffs serve their expert reports in this case on June 12, one day after Defendants' proposed deadline for the close of party fact discovery and thirteen days *before* Defendants' proposed deadline for the close of third-party fact discovery. Defendants' proposal is fundamentally unfair to Plaintiffs, whose experts should be able to consider the full factual record before finalizing and disclosing their opinions.

*Close of Expert Discovery*. Plaintiffs propose that expert discovery close on the same date in this case as in the administrative proceeding: July 18. Defendants propose July 22, which serves no purpose other than allowing experts to supplement reports with opinions that are not part of the underlying administrative record. Plaintiffs of course will make reasonable

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

accommodations to depose any expert witnesses who are unable to sit for a deposition until after July 18.

<u>Defendants' Position:</u>

In setting the schedule, Defendants request that the Court do three things: (1) allow Defendants 60 days to respond to Plaintiffs' Complaint, as Rule 12(a)(1) provides when defendants waive service at the plaintiff's request; (2) grant two additional weeks for third-party discovery to allow Defendants to gather third-party information essential to their defense; and (3) make minor adjustments to the expert discovery deadlines to enable Defendants to produce expert discovery on a reasonable schedule, as opposed to the artificial default administrative schedule in the Part 3 proceeding.

### *The Court Should Allow Defendants their Rightful 60 Days to Answer the Complaint*

Under FRCP 12(a)(1), a defendant that waives service may serve its answer "within 60 days after the request" for waiver was made. If a defendant waives service, FRCP 12(a) entitles that defendant the full 60 days to respond "[u]nless another time is specified by this rule or a federal statute." Unlike many other FRCP provisions, Rule 12(a) does *not* provide that a court may order otherwise, and this Court has long held that it does not have this authority. *See Food Mach. Corp. v. Guignard*, 26 F. Supp. 1002, 1002 (D. Or. 1938) (holding that "the court has no power to cut short the time for answer").

On February 27, 2024, Plaintiff FTC sent Defendants requests to waive service. Based on Plaintiffs' request, Defendants agreed to waive service in accordance with FRCP 4, ECF Nos. 26, 44, to give themselves additional time to assess (a) how to respond to the Complaint, which alleges, among other things, relevant markets inconsistent with the realities of the modern grocery industry and an unprecedented labor claim, and (b) how to coordinate and/or consolidate the duplicative,

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

parallel state proceedings challenging this transaction.  Based on that waiver, Defendants have until April 29, 2024 to answer the Complaint.

Plaintiffs now attempt to renege on that agreement.  Plaintiffs argue that, because Defendants filed an answer in the administrative proceeding, they should be required to do so in this proceeding within *three days* of entry of the CMSO.  Not only is this argument unmoored from the FRCP and federal case law, but it ignores the unique federal-court considerations at play here, which Defendants need time to consider.  The Court should reject Plaintiffs' baseless request to limit Defendants' time to answer the Complaint.

### *The Court Should Allow Modest Additional Time for Third-Party Discovery*

Defendants request two additional weeks for third-party discovery after the end of party discovery to enable Defendants to collect third-party evidence essential to their defense.  Under Defendants' proposal, Plaintiffs likewise will have two additional weeks to collect any additional third-party evidence relevant to their claims.  This time period is necessary given (a) the compressed discovery schedule, (b) the large volume of necessary third-party discovery, (c) the typical hurdles associated with obtaining third-party discovery, and (d) the significant head start Plaintiffs have on third-party discovery.  Given these realities, Plaintiff FTC has agreed to this exact type of staggered deadline in at least two recent matters, where the cutoff for third-party discovery was set more than a week after the end of party discovery.  *See* Meta CMSO (23 days after end of party fact discovery); IQVIA CMSO (9 days after end of party fact discovery).

Extending third-party discovery for two weeks will not delay the case schedule or prejudice Plaintiffs.  Plaintiffs have expressed concern that Defendants' proposed deadline will prevent them from incorporating third-party materials into their expert reports.  *First*, Defendants expect to obtain a significant volume of third-party discovery well before the discovery deadline, so

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

Plaintiffs can readily incorporate that into their reports. *Second*, even if a small amount of third-party discovery is obtained after Plaintiffs' initial expert reports are due, Plaintiffs can supplement their initial reports or incorporate that discovery into their reply reports. *Finally*, any hypothetical prejudice to Plaintiffs is far outweighed by the prejudice to Defendants of prematurely ending third-party discovery since Plaintiffs have already collected a massive volume of third-party materials over their near 18-month investigation of the transaction, including obtaining sworn declarations and investigational hearing testimony from over 30 third parties. Defendants merely propose extending third-party discovery by two weeks to enable them to catch up.

### *The Court Should Allow Minor Adjustments to the Expert Discovery Deadlines*

As explained above, Plaintiffs propose defaulting to the Part 3 administrative schedule for expert discovery, which unduly restricts Defendants' ability to present expert reports and testimony on a reasonable timeframe in this proceeding. Defendants propose three minor modifications to the expert discovery schedule. The first modification is described in the "Expert Reports" section above; the second two modifications are described below.

*First*, to ensure they have more than two weeks to respond to Plaintiffs' expert reports, Defendants propose that Plaintiffs' initial expert reports be due six days earlier, on June 12, rather than June 18, the default date in the administrative schedule. It would be extremely burdensome for Defendants to respond to Plaintiffs' expert reports in less than two weeks, as demanded by Plaintiffs. As is typical in merger challenges, the report(s) for Plaintiffs' economic expert(s) will likely be hundreds of pages long, supported by complex economic models, terabytes of backup data, and hundreds of documents. Processing, synthesizing, and preparing the data for use in Defendants' rebuttal analyses alone will take a week or more. Defendants' experts then need to perform rebuttal economic analyses that may involve highly complex modeling and econometrics,

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

which typically takes several weeks if not longer.  These analyses need to be carefully audited, and the results must then be incorporated into Defendants' own detailed, rebuttal expert reports. In less expedited proceedings, this entire process would typically take several months; here, Defendants are merely asking to complete it in approximately three weeks, rather than less than two weeks.

Plaintiffs' proposal is also inconsistent with precedent from recent FTC cases.  Under Plaintiffs' proposal, the 13-day period between Plaintiffs' initial expert reports and Defendants' rebuttal reports would be shorter than it has been in any recent FTC preliminary injunction action. *See, e.g.*, Meta CMSO (15 days); Case Management and Scheduling Order, *FTC v. Illumina, Inc.*, No. 3:21-cv-00800 (S.D. Cal. Apr. 26, 2021) (21 days); Stipulated Scheduling Order, *FTC v. Thomas Jefferson Univ.*, No. 2:20-cv-01113 (E.D. Pa. Apr. 17, 2020) (18 days).  This unduly short period would not give Defendants sufficient time to analyze and respond to Plaintiffs' expert reports.

Plaintiffs will not be prejudiced by moving up the due date for their initial expert reports. Under Defendants' proposal, Plaintiffs' initial reports are still due after the end of party fact discovery and, as explained above, any third-party discovery obtained after Plaintiffs' initial reports are due could be included in supplemental, amended, or reply reports.

*Second*, Defendants propose closing expert discovery on July 22, rather than July 18, to accommodate the deposition of one of Defendants' experts, who is unavailable for a deposition by July 18.  A four-day extension of the expert discovery deadline to allow Defendants to prepare for a key deposition is reasonable and will not prejudice Plaintiffs.  Expert discovery would still end before Plaintiffs' motion in support of its preliminary injunction is due.  Plaintiffs complain that expert discovery would end on the day their pretrial brief is due in the

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

administrative proceeding—but again, that deadline in the administrative proceeding is artificial,

subject to change, and it does not control the reasonable discovery needs of this matter.

Defendants would gladly adjust the pretrial briefing schedule in the administrative proceeding to

address Plaintiffs' concern.


Date:    April 2, 2024                                    Respectfully submitted,

FEDERAL TRADE COMMISSION                                  STOEL RIVES LLP


/s/ James H. Weingarten                                   /s/ B. John Casey
JAMES H. WEINGARTEN                                       B. JOHN CASEY, Bar No. 120025
jweingarten@ftc.gov                                       john.casey@stoel.com
CHARLES DICKINSON                                         RACHEL C. LEE, Bar No. 102944
cdickinson@ftc.gov                                        rachel.lee@stoel.com
Bureau of Competition                                     JACOB GOLDBERG, Bar No. 162565
600 Pennsylvania Avenue NW                                jacob.goldberg@stoel.com
Washington, DC  20580                                     Telephone:  503.224.3380
Telephone:  202.326.3570

                                                          ARNOLD & PORTER LLP
*Attorneys for Plaintiff Federal Trade
Commission*                                               MATTHEW M. WOLF (*Pro Hac Vice*)
                                                          matthew.wolf@arnoldporter.com
ARIZONA OFFICE OF THE ATTORNEY                            SONIA K. PFAFFENROTH (*Pro Hac Vice*)
GENERAL                                                   sonia.pfaffenroth@arnoldporter.com
                                                          JOSHUA M. DAVIS (*Pro Hac Vice*)
/s/ Robert A. Bernheim                                    joshua.davis@arnoldporter.com
ROBERT A. BERNHEIM                                        KOLYA D. GLICK (*Pro Hac Vice*)
robert.bernheim@azag.gov                                  kolya.glick@arnoldporter.com
JAYME L. WEBER                                            JASON C. EWART (*Pro Hac Vice*)
jayme.weber@azag.gov                                      jason.ewart@arnoldporter.com
VINNY VENKAT                                              MICHAEL E. KIENTZLE (*Pro Hac Vice*)
vinny.venkat@azag.gov                                     michael.kientzle@arnoldporter.com
CONNOR NOLAN                                              Telephone:  202.942.5000
connor.nolan@azag.gov
2005 N. Central Avenue                                    JOHN A. HOLLER (*Pro Hac Vice*)
Phoenix, AZ  85004                                        john.holler@arnoldporter.com
Telephone:  602.542.5025                                  250 W 55th Street
                                                          New York, NY  10019
                                                          Telephone:  212.836.8000
*Attorneys for Plaintiff State of Arizona*

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

CALIFORNIA DEPARTMENT OF
JUSTICE

/s/ Nicole Gordon
NICOLE GORDON
nicole.gordon@doj.ca.gov
SHIRA HOFFMAN
shira.hoffman@doj.ca.gov
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
Telephone: 415.510.3458

*Attorneys for Plaintiff State of California*

OFFICE OF THE ATTORNEY GENERAL
FOR THE DISTRICT OF COLUMBIA

/s/ Amanda Hamilton
AMANDA HAMILTON
amanda.hamilton@dc.gov
C. WILLIAM MARGRABE
will.margrabe@dc.gov
400 Sixth Street NW, 10th Floor
Washington, DC 20001
Telephone: 202.727/3400

*Attorneys for Plaintiff District of Columbia*

OFFICE OF THE ILLINOIS ATTORNEY
GENERAL

/s/ Brian M. Yost
BRIAN M. YOST
brian.yost@ilag.gov
PAUL J. HARPER
paul.harper@ilag.gov
ALICE RIECHERS
alice.riechers@ilag.gov
115 S. LaSalle Street
Chicago, IL 60603
Telephone: 872.276.3598

WEIL, GOTSHAL & MANGES LLP

MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com
JASON N. KLEINWAKS (*Pro Hac Vice*)
jason.kleinwaks@weil.com
Telephone: 202.682.7000

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com
700 Louisiana Street, Suite 3700
Houston, TX 77002
Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650.802.3000

*Attorneys for Defendant The Kroger Co.*

ANGELI LAW GROUP LLC

/s/ David H. Angeli
DAVID H. ANGELI, Bar No. 020244
david@angelilaw.com
PETER D. HAWKES, Bar No. 071986
peter@angelilaw.com
KRISTEN TRANETZKI, Bar No. 115730
kristen@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: 503.954.2232

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

*Attorneys for Plaintiff State of Illinois*

OFFICE OF THE ATTORNEY GENERAL

/s/ Schonette J. Walker
SCHONETTE J. WALKER
swalker@oag.state.md.us
GARY HONICK
ghonick@oag.state.md.us
BYRON WARREN
bwarren@oag.state.md.us
200 St. Paul Place, 19th Floor
Maltimore, MD  21202
Telephone:  410.576.6470

*Attorneys for Plaintiff State of Maryland*

OFFICE OF THE NEVADA ATTORNEY
GENERAL

/s/ Lucas J. Tucker
LUCAS J. TUCKER
ltucker@ag.nv.gov
SAMANTHA B. FEELEY
sfeeley@ag.nv.gov
100 N. Carson Street
Carson City, NV  89701
Telephone:  775.684.1100

*Attorneys for Plaintiff State of Nevada*

NEW MEXICO DEPARTMENT OF
JUSTICE

/s/ Julie Ann Meade
JULIE ANN MEADE
jmeade@nmag.gov
JEFF DAN HERRERA
jherrera@nmag.gov
408 Galisteo Street
Santa Fe, NM  87504
Telephone:  505.717.3500

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER

DEBEVOISE & PLIMPTON LLP

EDWARD D. HASSI (*Pro Hac Vice*)
thassi@debevoise.com
801 Pennsylvania Avenue NW
Washington, DC  20004
Telephone:  202.942.5000

MICHAEL SCHAPER (*Pro Hac Vice*)
mschaper@debevoise.com
SHANNON ROSE SELDEN (*Pro Hac Vice*)
srselden@debevoise.com
J. ROBERT ABRAHAM (*Pro Hac Vice*)
jrabraham@debevoise.com
NATASCHA BORN
nborn@debevoise.com
66 Hudson Boulevard
New York, NY  10001
Telephone:  212.909.6000

WILLIAMS & CONNOLLY LLP

ENU A. MAINIGI (*Pro Hac Vice*)
emainigi@wc.com
JONATHAN B. PITT (*Pro Hac Vice*)
jpitt@wc.com
A. JOSHUA PODOLL (*Pro Hac Vice*)
apodoll@wc.com
680 Main Avenue SW
Washington, DC  20024
Telephone:  202.434.5000

DECHERT LLP

JAMES A. FISHKIN (*Pro Hac Vice*)
james.fishkin@dechert.com
MICHAEL COWIE (*Pro Hac Vice*)
mike.cowie@dechert.com
1900 K Street NW
Washington, DC  20006
Telephone:  202.261.3300

*Attorneys for Defendant Albertsons Companies,
Inc.*

*Attorneys for Plaintiff State of New Mexico*

OREGON DEPARTMENT OF JUSTICE


/s/ Cheryl F. Hiemstra
CHERYL F. HIEMSTRA, Bar No. 113857
cheryl.hiemstra@doj.state.of.us
TIM D. NORD, Bar No. 882800
tim.d.nord@doj.state.or.us
CHRIS KAYSER, Bar No. 984244
cjkayser@lvklaw.com
TANIA MANNERS, Bar No. 140363
tmanners@lvklaw.com
100 SW Market Street
Portland, OR  97201
Telephone:  503.934.4400


*Attorneys for Plaintiff State of Oregon*

OFFICE OF THE WYOMING
ATTORNEY GENERAL


/s/ William Young
WILLIAM YOUNG
william.young@wyo.gov
109 State Capitol
Cheyenne, WY  82002
Telephone:  307.777.7847


*Attorneys for Plaintiff State of Wyoming*

JOINT MOTION FOR ENTRY OF
CASE MGMT. & SCHEDULING ORDER