**Benjamin D. Greenberg**, OSB No. 182745
greenberg.ben@dorsey.com
DORSEY & WHITNEY, LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-8800
Facsimile:  (206) 903-8820

*Attorneys for Non-Party Sprouts Farmers Market, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and ALBERTSONS COMPANIES INC.,<br><br>Defendants. | Case No. 3:24-cv-00347-AN<br><br>**DECLARATION OF J. SCOTT NEAL** |

I, J. Scott Neal, pursuant to 28 U.S.C. § 1746, make the following declaration.

1.  I am Chief Merchandising Officer of Sprouts Farmers Market, Inc. ("Sprouts"). I have served in that role since March 2022, having previously served as Chief Fresh Merchandising Officer from June 2020 to March 2022. Sprouts is headquartered in Phoenix, Arizona. I live in

PAGE 1 – DECLARATION OF J. SCOTT NEAL
4861-1861-9096\1

the Phoenix, Arizona metropolitan area, and my office is at the Sprouts headquarters located at 5455 East High Street, Suite 111, Phoenix, Arizona 85054.

2.  I have previously provided two forms of testimony regarding the proposed transaction. First, I provided a declaration to the Federal Trade Commission during its pre-complaint investigation. Second, I sat for a deposition lasting about five hours (excluding the lunch break). As agreed upon by the parties, the deposition was conducted remotely to minimize burden and expense.

3.  I have now been subpoenaed to provide further testimony at the hearing for a preliminary injunction. I believe that my views have been clearly stated already through my declaration and deposition and that both parties have had a reasonable opportunity to examine or cross-examine me. Although I question the incremental value that my further testimony might provide, I understand that the parties – or the Court – may have questions that have not yet been asked and answered. Consequently, I do not object to testifying, provided that I can appear remotely.

4.  Testifying in person in Portland, Oregon would impose an undue burden on me, both professionally and personally, particularly relative to the incremental value that in-person testimony may provide.

5.  First of all, appearing in Portland is likely to be at least a two-day commitment for me, even if I can be scheduled to appear at a time certain. It may be even longer if I have only an estimated time for appearance and have to stay beyond that estimated date if the witnesses or other proceedings before me are running behind schedule. Flight time for nonstop flights from Phoenix to Portland is approximately three hours each way, assuming no delays. One-stop flights range

PAGE 2 – DECLARATION OF J. SCOTT NEAL
4861-1861-9096\1

from four and a half to eight and a half hours. Total travel time (including transit to the airport and pre-flight time at the airport) is obviously longer.

6. I have no plans to be in Portland for business or personal reasons in the next four weeks. Sprouts has no stores in Oregon, and I have not visited and have no intention to visit the State of Oregon on Sprouts business. Sprouts' closest stores to Oregon are in Seattle, which is a three-hour (or longer) drive from Portland.

7. From a professional standpoint, an extended absence to provide in-person testimony would create undue burden. I have responsibility for all aspects of merchandising for Sprouts, with over 415 stores in 23 states across the country. Requiring me to step away from my job for multiple days to travel to and from Portland, Oregon to provide nonparty testimony would detrimentally impact my ability to perform my job responsibilities, which often require immediate and urgent decision-making and timely communication with my team and vendors. Any prolonged time away from my job responsibilities could significantly and adversely Sprouts. Remote testimony would appreciably reduce this burden and travel expenses required.

    a. In particular, I am in the process of overseeing planning for Sprouts' national vendor summit in early September. This event is of critical importance to Sprouts as it lays the foundation for our merchandising plans and execution of Sprouts strategy for the upcoming year. My extended absence from the planning of or the event itself would cause undue burden and disruption to an important strategic event for my company.

    b. In addition, SproutsCon, our company's annual store manager and product informational nationwide conference is scheduled in mid-September. Similar to the national vendor summit, my involvement in the planning and execution of SproutsCon is critical to our

PAGE 3 – DECLARATION OF J. SCOTT NEAL
4861-1861-9096\1

company's success.  My extended absence from the planning of or the event itself would cause further undue burden.

8. Aside from the general burden of an at-least two-day commitment for a brief in-person testimonial appearance, certain dates are particularly burdensome.

   a. I have a meeting with one of our most critical vendors scheduled for August 29 in Arkansas. The meeting was only recently scheduled, and any cancellation or postponement could have a material, adverse effect on my company and our ability to source a critical product. It would also require the rescheduling of several executives' schedules and travel arrangements in order to accommodate my testimony.

   b. I have long-scheduled family travel plans August 30 through September 3. Being required to testify on August 30 or September 3 or 4 would require me to curtail or reschedule this travel, at significant personal expense to me. I can, however, make myself available for remote testimony anytime during the morning of August 30 (Pacific time).

9. I understand that appearing remotely would require me to be available on relatively short notice on a specific day or days, which I am certainly willing to do.  I also understand that a remote appearance would require me to have access to reliable technology and internet access, along with a quiet space free of interruptions.  We have those capabilities at Sprouts headquarters and at my home.

I declare under penalty of perjury under the laws of the United State that the foregoing is true and correct.

Dated this 20th day of August, 2024 at Phoenix, Arizona.

*Scott Neal*
J. Scott Neal

PAGE 4 – DECLARATION OF J. SCOTT NEAL
4861-1861-9096\1