Scott E. Davis, OSB No. 022883
KLARQUIST SPARKMAN, LLP
121 SW Salmon St., Suite 1600
Portland, OR 97204
Telephone: (503) 595-5300
Fascimile: (503) 595-5301
*scott.davis@klarquist.com*

Richard D. Marca (*Pro Hac Vice Application Pending*)
VARNER & BRANDT LLP
3750 University Ave., 6th Floor
Riverside, CA 92501
Telephone: (951) 274-7777
*richard.marca@varnerbrandt.com*

David W. Kesselman (*Pro Hac Vice Application Pending*)
KESSELMAN BRANTLY STOCKINGER LLP
1230 Rosecrans Ave., Suite 400
Manhattan Beach, CA 90266
Telephone: (310) 307-4555
*dkesselman@kbslaw.com*

Attorneys for Non-Party STATER BROS. MARKETS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., <br><br> Defendants. | Case No. 3:24-cv-00347-AN <br><br> **NON-PARTY STATER BROS. MARKETS' UNOPPOSED MOTION TO SEAL** |

## LOCAL RULE 7-1(a) CERTIFICATION

In compliance with Local Rule 7-1(a), counsel for nonparty Stater Bros. Markets certifies that they conferred with counsel for the FTC and Defendants. The FTC will take no position on the motion to seal and Defendants do not oppose Stater Bros. Markets' motion to seal the proposed hearing exhibits identified herein.

## MOTION

Pursuant to the Court's August 15, 2024, Order Regarding Sealing Evidentiary Hearing Exhibits (Docket No. 263) and the April 29, 2024, Stipulated Protective Order (Docket No. 97), non-party Stater Bros. Markets ("Stater Bros.") hereby moves the Court to maintain under seal highly confidential documents produced by Stater Bros. in the above-entitled litigation. Specifically, Stater Bros. moves the Court to maintain under seal those highly confidential Stater Bros. documents identified by the Federal Trade Commission ("FTC") and defendants The Kroger Company ("Kroger") and Albertsons Companies, Inc. ("Albertsons") (collectively "Defendants") that may be introduced at the preliminary injunction evidentiary hearing scheduled to begin before this Court on August 26, 2024.

Pursuant to the Court's August 15, 2024, Order on Confidential Treatment of Hearing Exhibits (Docket No. 263), Stater Bros. respectfully requests that the Court adopt a courtroom protocol to ensure that highly confidential documents of non-parties (like Stater Bros.) will only be shown and viewable by the Court and its staff, a witness under examination to whom the Highly Confidential Material may be disclosed pursuant to Paragraph 8 of the Court's Stipulated Protective Order (Docket No. 97), and the parties' trial counsel. Finally, as the Court noted in its August 15, 2024 Order, Stater Bros. requests that the Court order trial counsel to structure questions in a manner to "avoid eliciting confidential information" and to otherwise refrain from disclosing the contents of highly confidential documents in open court.

To the extent the FTC or Defendants attempt to introduce additional Stater Bros. documents not identified on their respective exhibit lists, Stater Bros. hereby reserves the right to object and/or seek leave to file a further motion to request that those additional documents be

maintained under seal. This motion is supported by the Declaration of Sean Varner, General Counsel of Stater Bros. ("Varner Decl."), submitted herewith and the Legal Memorandum below.

## **LEGAL MEMORANDUM**

### I.     BACKGROUND

Stater Bros., a non-party, is a regional supermarket chain with 171 stores in Southern California.  In response to an FTC civil investigative demand and subpoenas served by the FTC, the State of Oregon (on behalf of itself and other states), and Defendants, Stater Bros. produced documents in this litigation containing highly confidential and competitively sensitive information relating to, among other things, competition strategy and pricing in the marketplace. Stater Bros. agreed to produce these competitively sensitive documents so long as they would be treated as highly confidential and outside counsel's eyes only, pursuant to the Protective Order in this case. Varner Decl. ¶ 4.

On August 16, 2024, the FTC advised that it intends to introduce, among other things, the following Stater Bros. documents (each of which is marked highly confidential) into evidence at the preliminary injunction hearing: PX 3588: STATERBROS 000069 (family of brands penetration %); PX 3589: STATERBROS 000071 (pricing index); PX 3590: STATERBROS 000078 (competitor price check spreadsheet).  *See* Varner Decl., Ex. A (August 16, 2024, FTC email).

Similarly, on August 16, 2024, Defendants advised that they intend to introduce, among other things, the following Stater Bros. documents (each of which is marked highly confidential) into evidence at the preliminary injunction hearing: DX 0150: STATERBROS 000071 (pricing index); DX 0151: STATERBROS 000078 (competitor price check spreadsheet); DX 0152: STATERBROS 000070 (competitor leakage report); DX 0153: STATERBROS 000077 (competitor leakage report); DX 0154: STATER BROS 000498-000501 (e-commerce sales by Stater Bros. store); DX 2650: STATER BROS 000491-000494) (sales and gross profits report);

DX 2651: STATER BROS 000079 (sales data by geography). *See* Varner Decl., Ex. B (August 16, 2024, Kroger email).

As set forth below, and in the concurrently filed Declaration of Sean Varner, General Counsel of Stater Bros., documents identified by the FTC and Defendants are highly confidential and contain detailed and competitively sensitive information about pricing, sales, and competition in the marketplace.  These sensitive materials, if publicly disclosed, will cause significant harm to Stater Bros. and provide a competitive advantage to others in the industry, including Kroger and Albertsons, with insights into Stater Bros.' confidential business information and practices. *See* Varner Decl. ¶ 8.

## II.     STANDARD OF REVIEW

Although there is a strong presumption of public access to judicial records, the Court is authorized to seal specific documents "when it finds 'compelling reason and articulate[s] the factual basis for its ruling.'" *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  In ruling on a motion to seal, the Ninth Circuit has directed that district courts should "'balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting *Foltz v. State Farm Mut. Auto Insur. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  The Ninth Circuit has further explained that the compelling reason standard can be met "when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *see also In re Elect. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. Oct. 28, 2008) (holding, *inter alia*, proprietary pricing terms constitute compelling reason for sealing).

This Court has expressly found that compelling reasons exist to grant a motion to seal when "documents contain proprietary information . . . that, if shared, could competitively harm [the movant's] business." *Ainsworth Inc. v. Marshall*, 2024 WL 247208, at *1 (D. Or. Jan. 22, 2024) (Nelson, J.).  Other district courts within this Circuit are in accord. *See, e.g.*, *In re Xyrem*

*(Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023) (third party confidential budgeting and market strategy documents meet standard for sealing); *In re Hydroxycut Mktg. and Sales Prac. Litig.*, 2011 WL 864897, at *1–2 (S.D. Cal. Mar. 11, 2011) (details about pricing and business arrangements); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015) (contract terms containing competitive information).

### III. ARGUMENT

#### A. Compelling Reasons Justify Sealing

Compelling reasons justify this Court sealing non-party Stater Bros.' highly confidential business records. The documents identified by the FTC and Defendants for use in the preliminary injunction hearing contain Stater Bros.' proprietary information regarding pricing, competition, and sales in the marketplace. *See* Varner Decl. ¶ 8. Stater Bros.' interest in protecting its highly confidential business information outweighs whatever benefit the public might have in reviewing these materials. In particular, if these materials are disclosed, it will harm Stater Bros. because its competitors in the marketplace, including Kroger and Albertsons, will have access to pricing, competition, and sales data that can be used against Stater Bros. Indeed, publicly disclosing these documents would provide direct competitors with insight into how Stater Bros. views its competition, what competitors it monitors, what products it price checks against, and how Stater Bros. views its own position in the market. *Id*.

Stater Bros. specifically seeks to seal the following documents on the FTC and Defendants' respective exhibits lists:

| Exhibit No. | Bates No. | Compelling Reason |
| --- | --- | --- |
| PX 3588 | STATERBROS 000069 | Competitively sensitive (brand penetration %) |
| PX 3589 | STATERBROS 000071 | Competitively sensitive (pricing index) |
| PX 3590 | STATERBROS 000078 | Competitively sensitive (competitor price check) |
| DX 0150 | STATERBROS 000071 | Competitively sensitive (pricing index) |

4

| | | |
|---|---|---|
| DX 0151 | STATERBROS 000078 | Competitively sensitive (competitor price check) |
| DX 0152 | STATERBROS 000070 | Competitively sensitive (leakage report) |
| DX 0153 | STATERBROS 000077 | Competitively sensitive (leakage report) |
| DX 0154 | STATER BROS 000498–000501 | Competitively sensitive (e-commerce sales by store) |
| DX 2650 | STATER BROS 000491–000494 | Competitively sensitive (sale & gross profits report) |
| DX 2651 | STATER BROS 000079 | Competitively sensitive (sales data by geography). |

*See* Varner Decl. ¶ 7.

Given non-party Stater Bros.' strong interest in maintaining the confidentiality of this proprietary and competitively sensitive information, and the fact that its direct competitors—Kroger and Albertsons (and other supermarkets) will be in the courtroom and monitoring the proceedings—Stater Bros. respectfully contends that its request more than meets the compelling reasons standard for sealing highly confidential materials.

### B. Proposal for Treatment of Highly Confidential Exhibits at Hearing

Pursuant to the Court's August 15, 2024 Order on Confidential Treatment of Hearing Exhibits (Docket No. 263), Stater Bros. respectfully requests that the Court adopt a courtroom protocol to ensure highly confidential documents of non-parties (like Stater Bros.) will only be shown to the Court, an appropriate non-party witness, and the parties' trial counsel. In addition, Stater Bros. respectfully suggests that the Court only allow highly confidential documents of non-parties to be shown in a form and manner that will ensure that Defendants' representatives and members of the public will not be in a position to view these materials in the courtroom or online. Finally, as the Court noted in its Order, Stater Bros. would ask that the Court order trial counsel to structure questions in a manner to "avoid eliciting confidential information," and to otherwise refrain from disclosing the contents of highly confidential documents in open court.

5

## IV. CONCLUSION

For the foregoing reasons, non-party Stater Bros. respectfully requests that the Court grant the motion to seal Stater Bros. documents containing its highly confidential and competitively sensitive pricing and business information: PX 3588; PX 3589; PX 3590; DX 0150; DX 0151; DX 0152; DX 0153; DX 0154; DX 2650; and DX 2651.  Further, Stater Bros. requests that the Court adopt a courtroom protocol to ensure that highly confidential documents cannot be viewed by Defendants' employee representatives or others to whom Highly Confidential Material cannot be disclosed pursuant to Paragraph 8 of the Court's Stipulated Protective Order (Docket No. 97), including members of the public, and that the contents of such documents are not otherwise disclosed by witness examination, attorney argument or otherwise in open court.

DATED:  August 20, 2024                               KLARQUIST SPARKMAN, LLP


                                                      By:    */s/ Scott E. Davis*
                                                             Scott E. Davis
                                                             Attorney for Non-Party Stater Bros. Markets