Scott E. Davis, OR Bar #022883
Klarquist Sparkman, LLP
121 SW Salmon St., Suite 1600,
Portland, OR 97204
Telephone: (503) 595-5300
*scott.davis@klarquist.com*

Richard D. Marca (*Pro Hac Application Pending*)
Varner & Brandt LLP
3750 University Ave., 6th Floor
Riverside, CA 92501
*richard.marca@varnerbrandt.com*

David W. Kesselman (*Pro Hac Application Pending*)
Kesselman Brantly Stockinger LLP
1230 Rosecrans Ave., Suite 400
Manhattan Beach, CA 90266
dkesselman@kbslaw.com

Attorneys for Non-Party STATER BROS. MARKETS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., <br><br> Defendants. | Case No. 3:24-cv-00347-AN <br><br> **DECLARATION OF SEAN VARNER IN SUPPORT OF NON-PARTY STATER BROS. MARKETS' MOTION TO SEAL** |

1

## DECLARATION

I, Sean Varner, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am the General Counsel of and Corporate Secretary for Stater Bros. Markets. I have personal knowledge of the facts set forth in this declaration, and if called as a witness I could and would testify competently under oath to such facts.

2.      I respectfully submit this Declaration in support of Stater Bros. Markets' Motion to Seal.

3.      Stater Bros. Markets, a non-party to this litigation, is a regional supermarket chain with 171 stores in Southern California.

4.      In response to a Federal Trade Commission ("FTC") civil investigative demand, and subpoenas subsequently served by the FTC, the State of Oregon (on behalf of itself and other states), and defendant The Kroger Company ("Kroger") on behalf of itself and defendant Albertsons Companies, Inc. ("Albertsons") (collectively "Defendants"), Stater Bros. Markets produced documents in this litigation containing highly confidential and competitively sensitive information relating to, among other things, competition strategy and pricing in the marketplace. Stater Bros. Markets agreed to produce these competitively sensitive documents so long as they would be treated as highly confidential and outside counsel's eyes only, pursuant to the Protective Order in this case.

5.      On August 16, 2024, the FTC advised that it intends to introduce, among other things, the following Stater Bros. documents (each of which is marked highly confidential) into evidence at the preliminary injunction hearing: PX3588: STATERBROS 000069 (family of brands penetration %); PX3589: STATERBROS 000071 (pricing index); PX3590: STATERBROS 000078 (competitor price check spreadsheet). Attached hereto as **Exhibit A**

is a true and correct copy of the August 16, 2024 email from the FTC identifying the documents it intends to introduce at the hearing.

6. On August 16, 2024, Defendants advised that they intend to introduce, among other things, the following Stater Bros. documents (each of which is marked highly confidential) into evidence at the preliminary injunction hearing: DX 0150: STATERBROS 000071 (pricing index); DX 0151: STATERBROS 000078 (competitor price check spreadsheet); DX 0152: STATERBROS 000070 (competitor leakage report); DX 0153: STATERBROS 000077 competitor leakage report); DX 0154: STATER BROS 000498-000501 (e-commerce sales by Stater Bros. store); DX 2650: STATER BROS 000491-000494) (sales and gross profits report); DX 2651: STATER BROS 000079 (sales data by geography). Attached hereto as **Exhibit B** is a true and correct copy of the August 16, 2024 email from counsel for Kroger identifying the documents Defendants intend to introduce at the hearing.

7. Below is the list of documents identified by the FTC and Defendants (by exhibit and bates number) that Stater Bros. Markets' requests be filed under seal. Each of the documents contains competitively sensitive information, including Stater Bros. Market's analysis of pricing, price checks of competitors, brand penetration, leakage reports (reflecting loss of sales to competitors), and proprietary sales information:

| Exhibit No. | Bates No. | Compelling Reason |
| --- | --- | --- |
| PX3588 | STATERBROS 000069 | Competitively sensitive (brand penetration %) |
| PX3589 | STATERBROS 000071 | Competitively sensitive (pricing index) |
| PX3590 | STATERBROS 000078 | Competitively sensitive (competitor price check) |
| DX 0150 | STATERBROS 000071 | Competitively sensitive (pricing index) |

| | | |
|---|---|---|
| DX 0151 | STATERBROS 000078 | Competitively sensitive (competitor price check) |
| DX 0152 | STATERBROS 000070 | Competitively sensitive (leakage report) |
| DX 0153 | STATERBROS 000077 | Competitively sensitive (leakage report) |
| DX 0154 | STATER BROS 000498-000501 | Competitively sensitive (e-commerce sales by store) |
| DX 2650 | STATER BROS 000491-000494) | Competitively sensitive (sale & gross profits report) |
| DX 2651 | STATER BROS 000079 | Competitively sensitive (sales data by geography). |

8. The documents identified by the FTC and Defendants are highly confidential and contain detailed and competitively sensitive information about Stater Bros. Market's pricing, sales, and analysis of competition in the marketplace. These sensitive materials, if publicly disclosed, will cause significant harm to Stater Bros. Markets and provide a competitive advantage to others in the industry, including Kroger and Albertsons, about Stater Bros. Markets' confidential business information and practices. Indeed, publicly disclosing these documents would provide direct competitors with insight into how Stater Bros. views its competition, what competitors it monitors, what products it price checks against, and how Stater Bros. views its own position in the market.

Pursuant to 28 U.S.C. 1746, I declare, under the penalty of perjury, that the foregoing is true and correct.

Executed this 20th day of August 2024, at Riverside, California.

_____
Sean Varner