B. JOHN CASEY, Bar No. 120025
john.casey@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202.942.5000

MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000

*Attorneys for Defendant The Kroger Company*
(Additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br><br><br><br><br>**KROGER'S MOTION TO SEAL POTENTIAL TRIAL EXHIBITS** |

# CERTIFICATION PURSUANT TO LR 7-1(a)(1)

Defendant The Kroger Company ("Defendant" or "Kroger") has conferred with Plaintiffs regarding this motion, and Plaintiffs take no position on the motion at this time, but reserve the right to oppose the motion.

# MOTION

This Court's Order Regarding Sealing Evidentiary Hearing Exhibits ("Hearing Exhibit Sealing Order") (ECF No. 263) requires the parties to move to seal potential trial exhibits on Plaintiffs' and Defendants' potential examination lists. Pursuant to that Order, Kroger respectfully requests that the Court maintain under seal certain portions of potential trial exhibits, which are identified below and in the attached Exhibits A and B.

# MEMORANDUM OF LAW

Kroger appreciates the public interest in the upcoming hearing and is committed to maximizing public access to the hearing. At the same time, certain potential trial exhibits contain highly commercially sensitive information that, if publicly disclosed, would cause material harm to Kroger. Kroger believes that tailored measures can be employed to balance these concerns and ensure that (i) the public has access to the hearing and (ii) Kroger's highly sensitive commercial information remains protected.

Specifically, this motion addresses 329 potential trial exhibits that contain highly confidential and commercially sensitive information from Kroger. Kroger does not anticipate that the discussion of *any* of these exhibits will require sealing the courtroom entirely. Instead, protecting Kroger's confidential information in these exhibits can be addressed in more tailored ways, specifically by: (a) showing redacted versions of some exhibits on the public screens, so only the Court, witness, and counsel for the parties could review the unredacted version of the

exhibit; (b) turning the public screens off during the discussion of some exhibits, so only the Court, witness, and counsel for the parties could review the exhibit; and (c) if necessary, "talking around" certain highly confidential information in documents (such as sensitive financial figures). Consistent with this approach, Kroger moves to seal the trial exhibits identified in Exhibits A and B, either fully or partially through redactions. Kroger also remains willing to even further tailor its redactions or approach if Plaintiffs identify a more tailored list of actual trial exhibits or identify the specific pages on lengthy documents (such as PowerPoint presentations) on which they intend to question witnesses.

## ARGUMENT

**I.     Ninth Circuit Precedent Permits Sealing Highly Sensitive Commercial Information**

In the Ninth Circuit, a party seeking to seal judicial records bears the burden of "articulat[ing] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) (internal quotations and citations omitted). Compelling reasons support sealing to protect the disclosure of "business information that might harm a litigant's competitive standing." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *see also Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978); *In re Elec. Arts, Inc.*, 298 Fed. App'x. 568, 569 (9th Cir. 2008) (same); *Charles v. Portfolio Recovery Assocs., LLC*, 654 F.Supp.3d 1153, 1157 (D. Or. 2023) (granting motion to seal an asset sales agreement that contained proprietary information related to defendant's business).

"Generally speaking, compelling reasons exist when court records 'might have become a vehicle for improper purposes,'" including to "release trade secrets." *Roman Cath. Archbishop of Portland in Oregon v. Various Tort Claimants*, 661 F.3d 417, 429 (9th Cir. 2011) (quoting *Nixon*, 435 U.S. at 598); *see also In re Elec. Arts, Inc.*, 298 F. App'x at 569 ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (internal quotations omitted)). Indeed, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. A court has "broad latitude" to grant protective orders to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or commercial information." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

II. **Compelling Reasons Support Sealing Kroger's Confidential and Proprietary Business Information.**

The protections Kroger has proposed for documents identified as likely trial exhibits are tailored to ensure the protection of commercially sensitive information that would materially harm Kroger if publicly released. *See* Cosset Decl. ¶ 6. Specifically, the information Kroger has identified reflects confidential commercial information in one or more of the five categories below:

  A. **Non-public financial information (this information may also be "forward-looking").** This includes information such as presentations on business strategy given to Kroger's Board of Directors, financial information for specific Kroger stores, notes from Finance Committee meetings, and internal communications analyzing non-public financial information.

  B. **Information reflecting pricing and marketing strategy.** This includes internal business analysis and presentations, including presentations given to Kroger's Board of Directors and other senior business executives, as well as directives and

policy guidance on pricing to division leaders. It also includes information on the cost-side relative to business with suppliers and margin analysis.

C. **Information reflecting integration planning and efficiencies (this information may also be "forward-looking").** This includes information related to Kroger's planning for a combined company with Albertsons, including with respect to personnel, business systems, financial integration, and other considerations. It includes financial analysis regarding efficiencies from the transaction, which includes sensitive and non-public financial figures. It is also includes deliverables provided to Kroger from consultants such as BCG, including proprietary data and benchmarks, analytical methods, and integration management processes, as well as Kroger proprietary data and projections. (See fn. 1, *supra*.)

D. **Information reflecting divestiture and regulatory strategy.** This includes information such as Kroger's assessment of divestiture buyers, including non-public financial information about them, NDA-protected offer materials, and divestiture terms about going forward operations.

E. **Other non-public competitively sensitive information.** This includes information such as emails from Kroger executives detailing business strategy and Kroger's labor relations strategy, including its negotiations with unions and employment packages it is considering offering to employees, and nonpublic real estate and other business opportunities.

Kroger has designated this information as Confidential or Highly Confidential under the protective order entered in this action. *See* Dkt. 97. Plaintiffs have never objected to or challenged these designations. To the contrary, this Court has repeatedly sealed exactly this type of information from Kroger. *See* ECF Nos. 86, 241, 233, and 248. And for good reason: Disclosure of this information would provide Kroger's competitors with private data about Kroger's performance and business strategy, which could harm Kroger's competitive standing. *See Sumotext Corp. v. Zoove, Inc.*, No. 16-cv-01370-BLF, 2020 WL 836737, at *2 (N.D. Cal. Feb. 20, 2020) (granting motion to seal trial exhibits containing detailed financial information); *Apple, Inc. v. Samsung Electrs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 4933287, at *2 (N.D. Cal. Oct. 16, 2022) (granting motion to seal trial exhibits containing confidential and proprietary information); *see also* Cosset Decl. ¶ 6.

A complete index of each document subject to Kroger's motion to seal is attached hereto in **Exhibits A** and **B,** identifying which of these five categories of information is at issue in each document. Documents and redacted material in each of these categories could be used as a source of sensitive information that might harm Kroger's competitive standing.[1]

III. **CONCLUSION**

As stated above, compelling reasons justify Kroger's request for sealing of Kroger's confidential business information contained within documents identified as likely trial exhibits. Kroger respectfully requests that this Court grant Kroger's Motion to Seal.

Respectfully submitted:

STOEL RIVES LLP

*/s/ B. John Casey*
B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

AND

ARNOLD & PORTER KAYE SCHOLER LLP

---

[1] Exhibits A and B includes certain documents from third-party consultants Kroger has engaged. Those documents are in Kroger's possession, custody, and control and thus are an appropriate subject of this sealing motion. In addition, the third-party consultants have informed Kroger that these documents contain highly commercially sensitive information, the public disclosure of which would cause the third-party consultants material harm.

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
SONIA K. PFAFFENROTH (*Pro Hac Vice*)
sonia.pfaffenroth@arnoldporter.com
JOSHUA M. DAVIS (*Pro Hac Vice*)
joshua.davis@arnoldporter.com
KOLYA D. GLICK (*Pro Hac Vice*)
kolya.glick@arnoldporter.com
JASON C. EWART (*Pro Hac Vice*)
jason.ewart@arnoldporter.com
MICHAEL E. KIENTZLE (*Pro Hac Vice*)
michael.kientzle@arnoldporter.com
DAVID B. BERGMAN (*Pro Hac Vice*)
david.bergman@arnoldporter.com
MICHAEL L. WALDEN (*Pro Hac Vice*)
mike.walden@arnoldporter.com
YASMINE L. HARIK (*Pro Hac Vice*)
yasmine.harik@arnoldporter.com
ALLISON GARDNER (*Pro Hac Vice*)
allison.gardner@arnoldporter.com
BARBARA H. WOOTTON (*Pro Hac Vice*)
barbara.wootton@arnoldporter.com
CHRISTIAN SCHULTZ (*Pro Hac Vice*)
christian.schultz@arnoldporter.com
DAVID EMANUELSON (*Pro Hac Vice*)
david.emanuelson@arnoldporter.com
MEI-WAH LEE (*Pro Hac Vice*)
mei-wah.lee@arnoldporter.com
WILSON DELOSS MUDGE (*Pro Hac Vice*)
wilson.mudge@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC  20001
Telephone:  202.942.5000

JOHN A. HOLLER (*Pro Hac Vice*)
john.holler@arnoldporter.com
250 W 55th Street
New York, NY 10019
Telephone: 212.836.8000

BRIAN K. CONDON (*Pro Hac Vice*)
brian.condon@arnoldporter.com
777 S. Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone: 213.243.4000

JEREMY T. KAMRAS (*Pro Hac Vice*)
jeremy.kamras@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100

AND

WEIL, GOTSHAL & MANGES LLP
MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com
700 Louisiana Street, Suite 3700
Houston, TX 77002
Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650.802.3000

THOMAS B. FIASCONE (*Pro Hac Vice*)
tom.fiascone@weil.com
REBECCA SIVITZ (*Pro Hac Vice*)
rebecca.sivitz@weil.com
100 Federal Street, Floor 34
Boston, MA 02110
Telephone: 617.722.8314

*Attorneys for Defendant The Kroger Company*

*Attorneys for Defendant The Kroger Company*