**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

FEDERAL TRADE COMMISSION,
STATE OF ARIZONA,
STATE OF CALIFORNIA,
DISTRICT OF COLUMBIA,
STATE OF ILLINOIS,
STATE OF MARYLAND,
STATE OF NEVADA,
STATE OF NEW MEXICO,
STATE OF OREGON, and
STATE OF WYOMING,

      Plaintiffs,

      v.

THE KROGER COMPANY and
ALBERTSONS COMPANIES, INC.,

      Defendants.

Case No.: 3:24-cv-00347

**DECLARATION OF JON-PETER KELLY IN SUPPORT OF ALBERTSONS**
**COMPANIES, INC. MOTION TO SEAL CERTAIN TRIAL EXHIBITS**
**PURSUANT TO COURT ORDER**

I, Jon-Peter Kelly, declare as follows:

      1.      Since 2021, I have served as Vice President, Head of Litigation for

Albertsons Companies, Inc. ("Albertsons"). I submit this declaration in support of

Albertsons' Motion to Seal Certain Trial Exhibits Pursuant to Court Order, filed in

response to the Court's Order Regarding Sealing Evidentiary Hearing Exhibits (ECF No.

263). Given my position and experience at Albertsons, I have personal knowledge of the

competitive significance of the information contained in the exhibits at issue in

Albertsons' motion and the injury that would be caused by their public release.

2.    As set forth in Albertsons' Motion, certain trial exhibits contain highly confidential, competitively sensitive information, including:

- **Information reflecting pricing and pricing strategy.** This includes documents discussing pricing strategy, internal analyses of Albertsons' pricing as compared to that of competitors, discussion of pricing plans, targets, and trends, and pricing methods and tools.

- **Information reflecting sales and marketing strategy.** This includes documents regarding Albertsons' marketing strategies, including the underlying data, and marketing and advertising plans.

- **Information reflecting competitive strategy.** This includes information such as internal communications and presentations to Albertsons' Board of Directors analyzing Albertsons' competitors' operations and offerings and analysis of customer behavior and trends. This also includes Albertsons' proprietary business strategies regarding competition.

- **Information reflecting labor strategy.** This includes internal communications reflecting Albertsons' collective bargaining strategy, as well as information regarding Albertsons' strategies to compete for and retain talent in a competitive employment market.

- **Non-public financial information.** This includes information such as financial information for specific Albertsons stores and internal communications discussing and analyzing non-public financial information.

- **Information reflecting regulatory strategy.** This includes materials given to the FTC by Albertsons pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act.

3.      These documents are kept strictly confidential in the normal course of business and reveal information about Albertsons internal processes, insights, and assessments of forward-looking events.

4.      The information contained in these trial exhibits would cause harm to Albertsons' competitive standing if publicly disclosed.  For example, disclosure of this information would give Albertsons' competitors insight into Albertsons' strategies, plans, and assessments regarding competitor operations and offerings, which would allow those competitors to alter their own strategic plans based on knowledge of Albertsons' internal, confidential strategies and plans.

5.      Both Albertsons and the FTC have taken significant steps to maintain the confidentiality of the above-described information throughout the course of the merger investigation and litigation, including limiting disclosure of this information between Albertsons and the Kroger Company ("Kroger").  All of the information in these documents was designated as Highly Confidential pursuant to the Protective Order in this case (ECF 97).  To preserve such competitively sensitive information, all Albertsons and Kroger employees—even in-house litigation counsel with no involvement in competitive decision-making— were barred from accessing highly confidential information produced by other parties.  In addition, Kroger and Albertsons' limited materials shared as part of

necessary integration planning to persons on a designated "clean team," to preserve competitively sensitive information in the event that the merger is not consummated.

      6.     For the above reasons, Albertsons respectfully requests that the Court order the trial exhibits set forth in Albertsons' Motion to Seal Certain Trial Exhibits to be sealed.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on this 20th day of Aug 2024 in Atlanta, Georgia.

                                   By:

                                   Jon-Peter Kelly