IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>        Plaintiffs,<br>  v.<br><br>KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>        Defendants. | Case No.: 3:24-cv-00347-AN<br><br>ORDER |

Plaintiffs bring this action pursuant to the Federal Trade Commission Act, 15 U.S.C. § 53(b), and the Clayton Act, 15 U.S.C. § 26, against defendants Kroger Company ("Kroger") and Albertsons Companies, Inc. ("Albertsons"), seeking to enjoin a proposed merger between the two companies.

Plaintiffs move to strike the Second Corrected Report and Surrebuttal of defendants' expert witness Dr. Mark Israel. For the reasons that follow, the motion is DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 26(a)(2) requires parties to disclose the identities and reports of all expert witnesses by the deadlines set by the court. If a party who has made a disclosure learns that "in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the party must supplement the disclosure prior to the deadline for pretrial disclosures. Fed. R. Civ. P. 26(e).

FRCP 37(c)(1) forbids a party from using information that was not properly disclosed in a

1

motion, at a hearing, or at trial, "unless the failure was substantially justified or is harmless."

## DISCUSSION

This case has proceeded on an expedited schedule. The Case Management Scheduling Order governing deadlines in this action set the following relevant expert discovery deadlines: plaintiffs' initial expert reports were due on June 18, 2024; defendants' rebuttal expert reports were due on July 1, and plaintiffs' reply/rebuttal expert reports were due on July 12. The close of expert discovery was July 22. Case Management Scheduling Order ("CMSO"), ECF [88]. Plaintiffs submitted their memorandum of law in support of their motion for a preliminary injunction on July 26, 2024.

Plaintiffs served the expert report of Dr. Nicholas Hill on June 18. Defendants served Dr. Israel's rebuttal report on July 1. Mot. to Strike, ECF [208], at 1. On July 8, defendants served a first corrected version of Dr. Israel's rebuttal report, which plaintiffs say addressed "an error in one of his models, and chang[ed] certain of his results." *Id.* On July 12, plaintiffs served Dr. Hill's rebuttal report.

On July 20, defendants produced a second corrected version of Dr. Israel's rebuttal report (the "Second Corrected Report"). The parties dispute the nature of the revisions made in this version of the report. Defendants described the Second Corrected Report as containing "errata and corrected report" that "corrected computational errors as required by Federal Rule of Civil Procedure ('FRCP') 26(e)(2)." Decl. of Rohan Pai ("Pai Decl."), ECF [209], Ex. A, at 4; Defs. Resp. in Opp. to Mot. to Strike ("Defs. Opp."), ECF [217], at 1. Plaintiffs characterize the revisions as much more substantial, including "revised analysis, materially different substantive results, and a new tranche of backup data." Mot. to Strike 2.

Plaintiffs deposed Dr. Israel on July 22. Defendants note that at the deposition, plaintiffs asked Dr. Israel questions about his Second Corrected Report. Defs. Opp. 3.

On July 30, defendants served Dr. Israel's Surrebuttal. Defendants did not seek leave of the Court before doing so. Plaintiffs describe the Surrebuttal as "present[ing] the results of a new event study Dr. Israel performed purporting to rebut a specific opinion contained in Plaintiffs' expert's July 12 Reply Report" submitted with new backup data. Mot. to Strike 3. Defendants state that the Surrebuttal is

2

a limited, eight-paragraph response that responds only to an analysis introduced for the first time in Dr. Hill's reply. Defs. Opp. 4.

Plaintiffs argue that the Surrebuttal should be struck because it was not permitted by the FRCP or the CMSO, was untimely, and its admission would prejudice plaintiffs. Mot. to Strike 3. Defendants do not dispute that the Surrebuttal was untimely but argue that it was substantially justified by the introduction of new analysis in Dr. Hill's reply.

Although defendants should have sought leave from the Court before producing the Surrebuttal, the Court finds that the brief Surrebuttal is harmless and declines to strike it. Any prejudice can be mitigated by permitting Dr. Hill to file a surreply and by permitting plaintiffs to cross-examine Dr. Israel on his Surrebuttal during the evidentiary hearing. Should it emerge during cross-examination that Dr. Israel improperly relied upon undisclosed expert reports produced in the state court challenges to the proposed merger, the Court is able to consider challenges to the admissibility of that portion of the testimony at a later date.

Plaintiffs argue that the Second Corrected Report should be struck because it was untimely and because it presents new analyses. Mot. to Strike 6-7. Defendants argue that the Second Corrected Report is a timely supplement issued as soon as Dr. Israel realized there were calculation errors in the report. Defs. Resp. 5. The Court has reviewed the revisions made in the Second Corrected Report, which are limited to figures in two tables and several related paragraphs. Although it is unfortunate that the calculation errors were not corrected earlier, Dr. Israel and defendants complied with FRCP 26(e)(2) by submitting the Second Corrected Report shortly after realizing the errors, and with time for plaintiffs to review the report and question Dr. Israel about it at his deposition. Accordingly, the Court declines to strike the Second Corrected Report.

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Strike Untimely and Improper Reports of Dr. Mark Israel, ECF [208], is DENIED. Plaintiffs are granted leave for Dr. Hill to produce a surreply limited to the matters discussed in the Surrebuttal and they may cross-examine Dr. Israel about the Second

3

Corrected Report and the Surrebuttal at the preliminary injunction hearing. If plaintiffs choose to have Dr. Hill prepare a surreply, the surreply must be served on defendants no later than forty-eight hours prior to both Dr. Israel's and Dr. Hill's testimony.

IT IS SO ORDERED.

DATED this 23rd day of August, 2024.

                                                      Adrienne Nelson
                                                     United States District Judge