IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>        Plaintiffs,<br>  v.<br><br>KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>        Defendants. | Case No.: 3:24-cv-00347-AN<br><br>OPINION AND ORDER |

A preliminary injunction hearing is set to begin on August 26, 2024. Before this Court are several pre-hearing motions. For the reasons stated on the record at the August 23, 2024 pre-hearing conference, the Court grants in part and denies in part plaintiffs' motion in limine, ECF [265], and denies the remainder of the parties' motions.

**A.    Defendants' Motions in Limine**

    *1.  Defendants' Motion to Partially Exclude the Testimony of Dr. Nicholas Hill, ECF [244]*

        DENIED.

        Under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, and *Daubert*' progeny, the court must find that the expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Primiano v. Cook*, 598 F.3d 558 (9th Cir. 2010), *as amended* (Apr. 27, 2010) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) and citing *Kumho Tire Co. v.*

1

*Carmichael*, 526 U.S. 137, 141 238 (1999)). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Daubert*, 509 U.S. at 565 (citation and internal quotation marks omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 564

Dr. Hill has sufficient experience to testify regarding the proposed divestiture and his opinion is underlaid by economic analysis. Defendants may challenge alleged methodological or data deficiencies on cross-examination.

2. *Defendants' Motion to Partially Exclude the Expert Testimony of Aaron Yeater, ECF [251]*

DENIED.

Mr. Yeater has sufficient expertise to testify regarding efficiencies and applies economic and financial frameworks. Defendants may challenge alleged methodological deficiencies on cross-examination.

3. *Motion to Exclude the Testimony of Dr. Edward Fox, ECF [259]*

DENIED.

Dr. Fox's report is relevant and is not unduly speculative. Defendants may challenge alleged deficiencies on cross-examination.

B.    **Plaintiffs' Motions in Limine**

1. *Motion in limine for an Adverse Inference, ECF [265]*

GRANTED IN PART AND DENIED IN PART.

Applying the analysis required by Federal Rule of Civil Procedure 37(e), the Court finds that the lost text messages should have been preserved, that defendant Albertsons Companies, Inc. failed to take reasonable steps to preserve them, they cannot be restored or replaced through additional discovery, and the loss of the text messages prejudices plaintiffs. However, plaintiffs do not demonstrate the requisite intent to warrant imposition of an adverse inference. Accordingly, the Court grants plaintiffs leave to

examine in depth the four witnesses practice of deleting text messages and will treat with skepticism claims regarding those texts.

2. *Motion in limine to Exclude Evidence or Argument Relating to Defendants' Proposed Divestiture, ECF [266]*

>DENIED.

>The Court will not exclude evidence related to the proposed divestiture, which is central to this action. The Court will, however, permit plaintiffs to raise objections during and after the hearing if they believe it was not properly disclosed or if plaintiffs believe they cannot adequately dispute an assertion without access to the privileged material.

3. *Motion in limine to Exclude Expert Testimony of G. Roger King, ECF [267]*

>DENIED.

>Mr. King has sufficient experience to testify regarding labor relations. Plaintiffs may challenge Mr. King's alleged bias on cross-examination.

4. *Motion in limine to Exclude Evidence Made for Litigation and Evidence Produced After the Close of Fact Discovery, and Expert Testimony Based on Such Evidence, ECF [272]*

>DENIED.

>The Court will not categorically exclude new evidence related to the proposed divestiture or efficiencies. The parties may present arguments about the weight that should be given to this category of evidence in their post-hearing briefs.

**C.      Additional Matters**

The Court reserves ruling on defendant Kroger Company's Motion to Seal Potential Trial Exhibits, ECF [319], defendant Albertsons Companies, Inc.'s Motion to Seal Certain Trial Exhibits, ECF [322], and nonparty C&S Wholesale Grocers, LLC's Motion to Seal Confidential Business Records, ECF [327]. The parties agreed to confer and revise the scope of documents for which they request sealing. The Court will rule on the revised proposal at the pre-hearing conference on August 26, 2024 at 8:30 a.m.

IT IS SO ORDERED.

DATED this 25th day of August, 2024.

_____
Adrienne Nelson
United States District Judge