IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>Plaintiffs,<br>v.<br><br>KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No.: 3:24-cv-00347-AN<br><br>ORDER |

Plaintiffs bring this action pursuant to the Federal Trade Commission Act, 15 U.S.C. § 53(b), and the Clayton Act, 15 U.S.C. § 26, against defendants Kroger Company ("Kroger") and Albertsons Companies, Inc. ("Albertsons"), seeking to enjoin a proposed merger between the two companies. A preliminary injunction hearing is set to begin on Augus 26, 2024.

The Court issued an order directing the parties and nonparties to file motions seeking to seal, in whole or in part, any exhibits included on the parties' potential examination lists consistent with the Protective Order, ECF [97], no later than August 20, 2024. Eleven nonparties, excluding the proposed divestiture buyer, have moved to seal, partially or in whole, a subset of the exhibits.

Courts recognize that the press and public have "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As a result, there is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

A party seeking to seal a judicial record "must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.'" *Id.* (quoting *Foltz*, 331 F.3d at 1135) (alterations and citations omitted). The court must then "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135). The court has discretion to determine whether compelling reasons exist; examples include where judicial records "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (internal quotation marks and alterations omitted).

As relevant to the pending motions, compelling reasons exist to maintain documents under seal when "'public disclosure of this information would competitively harm'" a party's business. *Charles v. Portfolio Recovery Assocs.*, LLC, 654 F. Supp. 3d 1153, 1157 (D. Or. 2023) (granting motion to seal an asset sales agreement that contained proprietary information related to defendant's business) (quoting *J.R. Simplot Co. v. Washington Potato Co.*, No. C16-1851RSM, 2016 WL 11066581, at *1 (W.D. Wash. Dec. 29, 2016)).

Nonparties Raley's Holding Company and Raley's Arizona, LLC move to seal exhibit PX8062 in whole and to seal approximately ten pages of PX4083. PX8062 contains "highly-sensitive . . . pricing strategy" and PX4083 is a deposition transcript that contains discussion of that document. The unopposed motion, ECF [294], is GRANTED.

Nonparty Stater Bros. Markets moves to seal exhibits PX3588, PX3589, PX3590, DX0150, DX0151, DX0152, DX0153, DX0154, DX2650, and DX2651. These documents contain "highly confidential and competitively sensitive pricing and business information." The unopposed motion, ECF [305], is GRANTED.

Nonparty Amazon.com, Inc. moves to seal or redact seven documents and seal portions of two deposition transcripts. These documents contain "highly confidential information - including Amazon's and its subsidiaries' current and future pricing and promotional strategies—the public disclosure of which

would seriously harm Amazon's business." The unopposed motion, ECF [311], is GRANTED. Amazon.com, Inc. is directed to provide the Court the unique exhibit identifiers (PX or DX followed by four digits), if known, of the documents.

Nonparty The J.M. Smucker Company moves for "an order closing the courtroom for, and sealing limited portions of, the anticipated testimony of Robert Crane, Smucker's Senior Vice President." The Court finds that the proposal to seal the courtroom for the entirety of Mr. Crane's testimony is not sufficiently narrowly tailored to balance the public interest and the nonparty's interest in sealing. The motion, ECF [324], is DENIED with leave to renew.

Nonparty Costco Wholesale Corporation moves to seal and for *in camera* treatment of one document, DX2879, "that contains competitively sensitive, highly confidential business information." The unopposed motion, ECF [318], is GRANTED in part. The motion to seal is granted. While the Court will permit the parties to show redacted copies of sealed documents to the public or to show sealed documents only to the witnesses and the Court, it will not conduct a separate *in camera* review during the proceedings.

Nonparty Ahold Delhaize USA, Inc. moves to seal portions of six exhibits that contain "confidential business information related to ADUSA and its brands' 'business strategies' related to private label products and marketing." The unopposed motion, ECF [312], is GRANTED. Ahold Delhaize USA, Inc. is directed to provide the Court the unique exhibit identifiers (PX or DX followed by four digits), if known, of the documents.

Nonparty Dollar Tree, Inc. moves to seal portions of exhibits PX3053, DX0790, DX2831, PX4010/DX2832, and PX4090, which contain "confidential business strategies." The unopposed motion, ECF [297], is GRANTED.

Nonparty Target Corporation moves to seal three documents and a related deposition transcript that contain "confidential research and commercial information; non-public commercially sensitive information; and non-public financial, marketing, or strategic business planning information." The unopposed motion, ECF [300], is GRANTED. Target Corporation is directed to provide the Court the unique exhibit identifiers (PX or DX followed by four digits), if known, of the documents.

Nonparty Sprouts Farmers Market, Inc. moves to seal exhibits PX3395, PX3400, PX3647, PX4120, PX5003, and four other documents without exhibit identifiers.  It moves to seal and for *in camera* treatment of these documents because they contain "competitively sensitive, confidential business information."  The unopposed motion, ECF [306], is GRANTED in part.  The motion to seal is granted.  While the Court will permit the parties to show redacted copies of sealed documents to the public or to show sealed documents only to the witnesses and the Court, it will not conduct a separate *in camera* review during the proceedings.  Sprouts Farmers Market, Inc. is directed to provide the Court the unique exhibit identifiers (PX or DX followed by four digits), if known, of the documents.

Nonparty Boston Consulting Group, Inc. moves to seal exhibits DX0219A and DX1725, which contain proprietary methodologies.  The unopposed motion, ECF [310], is GRANTED.

Nonparty Walmart Inc. moves to seal exhibits DX0155, DX0156, DX1340, DX1343, and DX2884, which are "competitively sensitive, confidential business documents."  Walmart moves for an order that "confidential information be protected from public disclosure by closing the courtroom when the materials are displayed, discussed, or used in demonstrative, or, where feasible, by directing the Parties to display the materials on screens not visible to the public; to ask questions of the witness in a manner that does not reveal or elicit confidential information; and/or to mute the confidential portions of video testimony while evidentiary hearing participants follow along via the written transcript. Walmart further requests that the final publicly available evidentiary hearing transcript and evidentiary hearing exhibits be redacted to remove the information identified herein."  The unopposed motion, ECF [314], is GRANTED in part.  The Court grants the request to seal the exhibits and directs the parties to protect the exhibits from public disclosure by showing redacted exhibits, showing documents to witnesses but not the public, or structuring testimony to avoid eliciting confidential information.  The Court finds that sealing the courtroom would not be narrowly tailored to balance the interests of the public and the parties.

As stated in the Order Regarding Sealing Evidentiary Hearing Exhibits, ECF [263], "parties and non-parties may address confidentiality by showing the public redacted documents, showing documents to witnesses but not the public, and structuring testimony to avoid eliciting confidential information."  This

order does not contemplate sealing the courtroom for any portion of testimony. In the interest of administrative efficiency, this order does not contemplate permitting *in camera* review of documents. To the extent that this order does not address an identified exhibit or a particular form of protection requested by a nonparty, nonparties must file any additional motions prior to their scheduled testimony.

IT IS SO ORDERED.

DATED this 25th day of August, 2024.

                                                                                                   _____
                                                                                                  Adrienne Nelson
                                                                                                  United States District Judge