UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE KROGER COMPANY and ALBERTSONS COMPANIES, INC.,<br><br>　　　　　Defendants | Case No. 3:24-cv-00347-AN<br><br>DECLARATION OF SONYA GAFSI OBLISK |

I, Sonya Gafsi Oblisk, pursuant to 28 U.S.C. § 1746, make the following declaration:

1.　　I am currently Chief Merchandising and Marketing Officer for Whole Foods Market, Inc. ("Whole Foods"). I have served in that role since January 2023. I previously served as Chief Marketing Officer of Whole Foods from January 2019 through January 2023, Executive Vice President, Marketing & Communications from May 2018 through January 2019, and Global Vice President, Marketing, from September 2016 through May 2018.

2.　　Whole Foods is headquartered in Austin, Texas. Whole Foods is a wholly owned subsidiary of Amazon.com, Inc.

3.　　I live and work in Austin, Texas.

4.　　On June 11, 2024, I was deposed in this matter for approximately four-and-a-half hours. I sat for a deposition in an office in Austin, TX, but the deposition was conducted remotely.

Counsel for Defendants and Plaintiffs questioned me during the deposition, and my understanding is that all parties who wanted to question me had the opportunity to do so.

5. I was recently subpoenaed to provide testimony at the preliminary injunction hearing in this case. I believe that I was extensively questioned by both sides in this case during my deposition, and gave as much information as I was able to give on the relevant topics that I was asked about. I believe my deposition testimony clearly states my knowledge and views on the issues that the parties may question me about during the preliminary injunction hearing, and any live testimony that I would give would be duplicative of my prior testimony. Even so, I do not object to testifying again if I am able to appear remotely, in order to lessen the travel burden and to avoid conflicts with my significant work obligations.

6. Testifying in person in Portland, Oregon would impose undue burden on me, for a number of reasons, including the following:

7. Portland, Oregon is over 1,700 miles away by plane from Austin, Texas. There are few direct flights from Austin to Portland (two identical flights based on an initial search for flights on September 4 and 6), with those flights involving approximately four hours of flight time each way. This does not include the time that it would take me to travel to and from the airport or the time it takes to check in, go through security, and wait for the plane to depart. I estimate that testifying in person would require me to travel for at least two days and, considering the day that I would testify, require me to be away from work and my home three days—barring any travel delays or delays in when I would have to testify if the hearing runs behind schedule.

8. I currently lead all merchandising and marketing efforts for all 500+ stores in North America and the United Kingdom, as well as e-commerce and oversee digital product management. Stepping away from my duties for multiple days to provide non-party testimony

would significantly impact my ability to handle my responsibilities, as well as the responsibilities of those who report to me. Remote testimony would allow me to still perform my work duties and be available to my employees and business leaders, particularly during time periods where I am waiting to testify or otherwise not actively needed in the hearing.

9. Early September, which is when I have been subpoenaed to testify, is a particularly difficult time for me for a number of reasons, including:

   a. The period after Labor Day is a particularly busy and important time for Whole Foods' business because we are engaged in critical planning for the holiday-shopping season.

   b. I travel on September 3 for non-movable meetings with senior company leadership and other employees of Whole Foods on September 4 and September 5. These meetings involve our annual operational review and personnel-review meetings, which are vitally important to Whole Foods and our parent company, Amazon.

   c. Beginning September 11 through September 13, I will be traveling to New Orleans and the surrounding area for pre-planned in-person store visits and meetings. These meetings must be planned at least three weeks advance and these particular meetings planned over two months ago. As a practical matter, these site visits are not movable.

10. Additionally, while I have been subpoenaed to testify on September 5, 2024, my understanding is that this date is just a placeholder date and that I may be asked to testify at another time. In addition to the conflicts noted above on or after September 5, I cannot testify *before* September 5 because I am currently away from Austin on leave through Labor Day.

Page 3 - DECLARATION OF SONYA GAFSI OBLISK ISO MOTION TO PERMIT REMOTE TESTIMONY

Additionally, I am only back in Austin for one day, on September 3, to organize my work and prepare for my travel and meetings (noted above) on September 4 and 5.

11. I understand that if I were to appear remotely, I would need to be able to be available quickly on a specific day and approximately time. I have no objection to being available in that manner and am more able to do so if I do not need to endure two days of travel and a third day of testifying (and waiting to testify near the courtroom). I also understand that I would need to have reliable technology and internet access and a quiet space to testify. I have reliable technology and internet access and a quiet space to testify available to me both at my office and at home.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: August 26, 2024          /s/ Sonya Gafsi Oblisk
                                      Sonya Gafsi Oblisk