IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| Federal Trade Commission, et al., | Case No. **3:24-cv-00347** |
| Plaintiffs, | **NONPARTY TARGET CORPORATION'S MOTION TO QUASH DEFENDANT ALBERTSONS COMPANIES, INC.'S TRIAL SUBPOENA** |
| v. | |
| The Kroger Company and Albertsons Companies, Inc., | |
| Defendants. | **OR, IN THE ALTERNATIVE, TARGET'S UNOPPOSED MOTION TO MODIFY SUBPOENA TO ALLOW REMOTE TESTIMONY** |

**CERTIFICATION PURSUANT TO LR 7-1(A)(1)**

Counsel for Nonparty Target Corporation has conferred with counsel for Defendant Albertsons Companies regarding this motion via email and phone on August 16 and 30, 2024. Defendants oppose Target's motion to quash the subpoena, but Defendants do not oppose Target's motion to modify the subpoena to allow for remote testimony. The Federal Trade Commission ("FTC") also does not oppose the request for remote testimony.

**MOTION**

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Nonparty Target Corporation moves the Court to quash the trial subpoena served by Defendant Albertsons Companies on Mr. John Conlin, Target Senior Vice President of Food and Beverage

Merchandising. Target requests that the Court order Albertsons to designate Mr. Conlin's recent deposition in lieu of live testimony, as allowed for unavailable witnesses like Mr. Conlin under Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure, the Court's Order Regarding Pre-Hearing Stipulations ("Pre-Hearing Order"), ECF No. 262 ¶ 5, and the Case Management Scheduling Order ("CMSO"), ECF No. 88 ¶ 26.

If the Court does not quash the trial subpoena, Target in the alternative moves the Court under Rules 43(a) and 45(d)(1) and the Pre-Hearing Order, ECF No. 262 ¶ 6 to modify the subpoena to allow Mr. Conlin to testify remotely to alleviate the significant and undue burden of in-person testimony for Mr. Conlin, as demonstrated below.

## MEMORANDUM

Target Senior Vice President Mr. Conlin appeared for an in-person deposition as Nonparty Target's corporate representative on July 29, 2024, in Minneapolis, Minnesota. Less than three weeks later, on August 16, 2024, Albertsons notified Target that it would serve a trial subpoena on Mr. Conlin for live in-person testimony on or about September 5, 2024, in Portland, Oregon. Requiring in-person testimony from Mr. Conlin is unduly burdensome, duplicative, and unnecessary. Albertsons has a deposition transcript from just a few weeks ago which Albertsons may designate in lieu of live testimony. Designating the deposition transcript is consistent with the Federal Rules of Civil Procedure and this Court's prior orders. Mr. Conlin is an unavailable witness—he works and resides 1,700 miles from the place of testimony—the exact type of witness for whose protection deposition designations are allowed under the Federal Rules. And, moreover,

this Court and the parties agreed that deposition transcripts could be designated in lieu of live testimony.

At minimum, the Court should modify the subpoena to allow Mr. Conlin to testify remotely to reduce the undue burden of the subpoena. Albertsons and the other parties in this case have agreed to remote testimony for other nonparty witnesses. But Albertsons has not offered any explanation of its need for Mr. Conlin to testify in-person rather than by video, unlike other witnesses in his same position. There is good cause for remote testimony because of the undue burden of in-person testimony, and the Court should modify the subpoena accordingly.

I.    **In-person testimony is unduly burdensome, duplicative, and unnecessary because Albertsons deposed Mr. Conlin only three weeks ago and may designate that deposition transcript.**

Under Rule 45, "[o]n timely motion, the court . . . must quash or modify a subpoena that subject[s] a person to undue burden." Fed. R. Civ. P. 45(d)(3)(4). To determine whether a subpoena imposes an undue burden, the Court balances the relevance of the information sought, the requesting party's need for the information, and the extent of the burden imposed. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). Although it is the burden of the party seeking to quash the subpoena to demonstrate that the subpoena is unduly burdensome, *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966), nonparties like Mr. Conlin and Target responding to a Rule 45 subpoena receive heightened protection from discovery abuse. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980).

The subpoena directed to Mr. Conlin must be quashed because it would subject Mr. Conlin and nonparty Target to undue burden. Albertsons already has extensive testimony from Mr. Conlin through his recent deposition. In seeking that deposition, Albertsons explained that testimony from Target about grocery competition and Target's understanding of the competitive dynamics of the grocery market is relevant to core aspects of the FTC's challenge to the proposed merger. Albertsons had its chance to get the testimony it claimed to need at Mr. Conlin's deposition. Albertsons has not explained why it now needs Mr. Conlin to appear—again—at trial. In the absence of justification for additional testimony, the Court should quash the subpoena to Mr. Conlin. Any potentially relevant testimony is well-covered not only by Mr. Conlin's own deposition testimony, but also by dozens of other depositions, documents, and witnesses.

Further, as a practical matter, requiring a senior vice president to set aside the multiple days required for preparation and travel would divert valuable time and attention from supporting Target's operations. To testify in person, Mr. Conlin would need to travel halfway across the country, from Minneapolis to Portland, a nearly four-hour flight each way. Albertsons cannot provide a day or time with certainty for Mr. Conlin's testimony, increasing the burden of traveling to testify. Under the circumstances here, there is no reason Mr. Conlin should be pulled away from his work when he was deposed mere weeks ago.

Moreover, mechanisms are in place to protect against undue burden in this exact situation—mechanisms Albertsons did not use despite its obligation to "take reasonable steps to avoid imposing undue burden or expense" when serving a subpoena. Fed. R. Civ.

P. 45(d)(1). Namely, the parties' pre-hearing stipulation and the Federal Rules of Civil Procedure both allow for deposition designations for witnesses exactly like Mr. Conlin. Under Federal Rule 32, "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds . . . that the witness is more than 100 miles from the plaice of hearing or trial[.]" Fed. R. Civ. P. 32(a)(4)(B). Mr. Conlin resides and works in Minnesota, more than 1,700 miles from the federal courthouse in Portland, Oregon, and is therefore an unavailable witness.

Importantly, although the Court invoked nationwide service of process, the Court specified in the CMSO that Rule 32 of the Federal Rules of Civil Procedure and Rule 804 of the Federal Rules of Evidence regarding unavailable witnesses still apply: "The availability of nationwide service of process, however, does not make a witness who is otherwise 'unavailable' for purposes of Rule 32 and Rule 804 available under these rules regarding the use at trial of a deposition taken in this action." CMSO ¶ 26. In addition, the parties stipulated to allow parties to designate deposition transcripts in lieu of live testimony—an agreement approved by the Court. *See* Pre-Hearing Order ¶ 5. Taken together, the Federal Rules and the course of litigation illustrate the well-understood principle that, for witnesses in Mr. Conlin's position, deposition designations are a reasonable step to avoid undue burden.

Neither Albertsons nor any other party has identified topics on which it needs to question Mr. Conlin at the preliminary injunction hearing that were not covered by his recent deposition. Nonetheless, in disregard of these safeguards and despite near-current deposition testimony from the same witness, Albertsons subpoenaed Mr. Conlin for live

testimony in Portland, Oregon. The Court must quash the subpoena to protect Mr. Conlin from the undue burden of unnecessary and duplicative in-person trial testimony.

## II.    In the alternative, Target requests that the Court allow Mr. Conlin to testify remotely to alleviate the burden on Mr. Conlin and Nonparty Target. The FTC and Defendants do not oppose this request.

If the Court enforces Albertsons's subpoena for trial testimony rather than require designation of Mr. Conlin's recent deposition transcript, Target requests in the alternative that the Court modify the subpoena to allow remote testimony for good cause, based on the compelling circumstances of the significant and undue burden imposed on nonparty witness Mr. Conlin. Neither the FTC nor Defendants oppose this request in the alternative.

Rule 43(a) provides that, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). The rule's "plain language . . . gives the district court discretion to allow live testimony by video." *Toland v. Phoenix Ins. Co.*, 855 Fed. App'x 486, 491 (11th Cir. 2021). And as the Ninth Circuit has observed, "technology and the COVID-19 pandemic have changed expectations about how legal proceedings can (and perhaps should) be conducted." *In re Kirkland*, 75 F.4th 1030, 1046 (9th Cir. 2023). Remote testimony is particularly appropriate to remediate the undue burden nationwide subpoena power has, like here, on nonparty witnesses. *See, e.g.*, *United States ex rel. v. MD. Helicopters, Inc.*, Civil Action No. 5:13-cv-00830-AKK, 2021 U.S. Dist. LEXIS 256210, at *5 (N.D. Ala. Sep. 9, 2021)

6

(allowing remote testimony for nonparty witness who was compelled by nationwide subpoena).

Remote testimony is particularly appropriate here. The circumstances presented by this case, where nonparty witnesses may be required to testify in a proceeding occurring hundreds or thousands of miles away through the nationwide subpoena power, are compelling circumstances justifying contemporaneous remote testimony. Recognizing the potential need for remote testimony, in the Pre-Hearing Order, the parties agreed that, "[t]o alleviate demonstrated burden, third-party witnesses may testify by video conference with prior approval of the Court." ECF No. 262 ¶ 6. Target now seeks prior approval of the Court for testimony by video conference based on the demonstrated burden to Mr. Conlin that would arise from in-person testimony.

Requiring in-person testimony would impose a demonstrable burden on Mr. Conlin and Target. As noted above, Mr. Conlin (and his counsel) would need to travel more than 1,700 miles to testify at the federal courthouse in Portland. In-person testimony would require Mr. Conlin to be away from his regular responsibilities for Target for several days. The relative short notice of the trial subpoena, announced to Target less than three weeks in advance of the noticed testimony date, increases the burden of arranging for travel and time away from work. In addition to alleviating travel burdens, remote testimony would also create greater flexibility for the timing of Mr. Conlin's testimony as the hearing progresses.

Moreover, neither Defendants nor the FTC oppose Target's request that Mr. Conlin be allowed to testify by remote means. Rather, Albertsons has expressly

acknowledged it does *not* need in-person testimony for other nonparty witnesses in this matter. Albertsons's non-opposition to remote testimony has been stated in several motions for remote testimony filed in this case, including at least two motions for remote testimony by witnesses Albertsons itself subpoenaed. *See, e.g.*, ECF No. 298 (stating that Defendants did not oppose nonparty Sprouts' motion for remote testimony); ECF No. 391 (Defendants did not oppose nonparty Costco's motion for remote testimony); ECF No. 395 (Albertsons did not oppose remote testimony by its subpoenaed witness from nonparty Smuckers); ECF No. 414 (Albertsons did not oppose remote testimony by its subpoenaed witness from Amazon).  Defendants and the FTC do not oppose Target's request for remote testimony here, either.

## CONCLUSION

For all the reasons stated above, Target asks the Court to quash the trial subpoena served on Mr. Conlin and require that Albertsons designate Mr. Conlin's recent deposition transcript in lieu of live testimony. In the alternative, Target asks the Court to modify the subpoena to allow remote testimony pursuant to Rule 43(a) and Pre-Hearing Order ¶ 6, to alleviate some of the burden on Mr. Conlin as a third-party witness.

Dated: August 30, 2024

**GREENE ESPEL PLLP**

/s/ Faris A. Rashid

Faris A. Rashid
Minnesota Reg. No. 0391508 (admitted
pro hac vice)
Gina. M. Tonn
Minnesota Reg. No. 0504172 (admitted
pro hac vice)
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
frashid@greeneespel.com
gtonn@greeneespel.com
(612) 373-0830

**CHOCK BARHOUM LLP**

/s/*Sarah Tuthill-Kveton*

Sarah Tuthill-Kveton
121 SW Morrison St., Suite 500
Portland, OR 97204
Telephone: (971) 302-6426
Fax: (503) 954-3321
Email: sarah@chockbarhoum.com

Attorneys for Target