# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 3:24-cv-00347-AN<br><br>DECLARATION OF MARC LIEBERMAN In Support of Non-Party Walmart Inc.'s Unopposed Motion to Modify Subpoena to Permit Remote Testimony |

I, Marc Lieberman, pursuant to 28 U.S.C. § 1746, make the following declaration:

1.　　　　I am Vice President of Store Layout & Designs at Walmart Inc. ("Walmart").  I have held this position since January 2023, and I have worked at Walmart in various roles since 1993.

2.　　　　Walmart is headquartered in Bentonville, Arkansas.

3.　　　　I live and work in Bentonville, Arkansas.

4.　　　　On June 20, 2024, I was deposed in this matter for approximately five hours.  I sat for a deposition in an office in Bentonville, Arkansas, but the deposition was conducted remotely.  Counsel for Defendants and Plaintiffs questioned me during the deposition, and my understanding is that all parties who wanted to question me had the opportunity to do so.  I also took hours out of my day to sit for an interview in March 2023 in connection with the Federal Trade Commission's pre-complaint investigation of the conduct at issue in this litigation.

5.　　　　I was recently subpoenaed to provide testimony at the preliminary injunction hearing in this case.  I believe that I was extensively questioned by both sides in this case during

my deposition and gave as much information as I was able to give on the relevant topics that I was asked about. I believe my deposition testimony clearly states my knowledge and views on the issues that the parties may question me about during the preliminary injunction hearing, and any live testimony that I would give would be duplicative of my prior testimony. Even so, I do not object to testifying again if I am able to appear remotely, in order to lessen the travel burden and to avoid conflicts with my significant work obligations.

6.      Testifying in person in Portland, Oregon would impose undue burden on me, for a number of reasons, including the following:

7.      Portland, Oregon is over 2,000 miles away by plane from Bentonville, Arkansas. There are no direct flights from Bentonville to Portland (based on an initial search for flights on September 4 and 6, the days before and after the placeholder in the subpoena). The connecting flight options range in travel time from nearly six hours to over 22 hours; that does not count time traveling to and from the airport or time spent checking in and waiting for plane departures. I estimate that testifying in person would require me to travel for at least two days (potentially three) and, considering the day that I would testify, require me to be away from work and my home three to four days—barring any travel delays or delays in when I would have to testify if the hearing runs behind schedule.

8.      I have no plans to be in Portland for business or personal reasons in the next four weeks.

9.      I currently lead store design and layout for more than 4,300 stores in the United States. Stepping away from my duties for multiple days to provide non-party testimony would significantly impact my ability to handle my responsibilities, as well as the responsibilities of those who report to me. I have already sacrificed many hours preparing and sitting for a

DECLARATION OF MARC LIEBERMAN
ISO UNOPPOSED MOTION TO MODIFY
SUBPOENA TO PERMIT
REMOTE TESTIMONY                                     -2-

deposition and an interview in connection with this action.  Remote testimony would allow me to still perform my work duties and be available to my employees and business leaders, particularly during time periods where I am waiting to testify or otherwise not actively needed in the hearing.

10.    Early September, which is when I have been subpoenaed to testify, is a particularly difficult time for me for a number of reasons.  It is a critical planning period for the holiday shopping season and fiscal year end.  I already have important national and global leadership meetings scheduled to occur in-person in Bentonville from September 5 through the 13, making arduous multi-day travel to Portland, Oregon prohibitively challenging.  Requiring me to step away from my job for multiple days to travel to and from Portland, Oregon to provide nonparty testimony (particularly when I have already provided sworn testimony in this action) would detrimentally impact my ability to perform my job responsibilities, which often require immediate and urgent decision-making and timely communication with my team and customers.  Any prolonged time away from my job responsibilities could significantly and adversely affect Walmart.  Remote testimony would appreciably reduce this burden and the travel expenses required.

11.    I understand that if I were to appear remotely, I would need to be able to be available quickly on a specific day and approximate time.  I have no objection to being available in that manner and am more able to do so if I do not need to endure two or three days of travel and a third or fourth day of testifying (and waiting to testify near the courtroom).  I also understand that I would need to have reliable technology and internet access and a quiet space to testify.  I have reliable technology and internet access and a quiet space to testify available to me locally in Bentonville.

DECLARATION OF MARC LIEBERMAN
ISO UNOPPOSED MOTION TO MODIFY
SUBPOENA TO PERMIT
REMOTE TESTIMONY                                        -3-

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed August 31, 2024, at Edinburgh, Scotland.

s/ Marc Lieberman

DECLARATION OF MARC LIEBERMAN
ISO UNOPPOSED MOTION TO MODIFY
SUBPOENA TO PERMIT
REMOTE TESTIMONY                    -4-