**DAVID H. ANGELI**, OSB No. 020244
david@angelilaw.com
**PETER D. HAWKES,** OSB No. 071986
peter@angelilaw.com
ANGELI LAW GROUP LLC
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: (503) 954-2232
Facsimile: (503) 227-0880

*Attorneys for Defendant Albertsons Companies, Inc.*

(Additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, | Case No.:  3:24-cv-00347-AN<br><br>DEFENDANTS' RESPONSE TO NONPARTY TARGET CORPORATION'S MOTION TO QUASH DEFENDANT ALBERTSONS COMPANIES, INC.'S TRIAL SUBPOENA |
| Plaintiffs, | |
| v. | |
| THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., | |
| Defendants. | |

## I.    <u>INTRODUCTION</u>

Nonparty Target Corporation ("Target") has moved this Court to quash the trial subpoena issued by Defendants for the live testimony of one of Target's executives, Mr. John Conlin, contending that the subpoena imposes an undue burden. Target argues that Mr. Conlin should not be required to appear because Defendants can use Mr. Conlin's videotaped deposition testimony instead. But as courts routinely acknowledge, deposition testimony—even when videotaped—is an inadequate substitute for live testimony.

Importantly, as Target acknowledges in its motion, Defendants ***do not oppose*** Target's alternative request that Mr. Conlin be permitted to testify remotely. Target's motion to quash the subpoena for in-person testimony is therefore moot. Remote testimony would eliminate any supposed burden associated with requiring Mr. Conlin to fly to Portland and await an uncertain trial appearance date. And testifying remotely would require only a few hours, at most, of Mr. Conlin's time. Target has not even attempted to show that Mr. Conlin would be unduly burdened by a remote appearance. On the other side of the ledger, Mr. Conlin's recent deposition confirmed the importance of Target's testimony to the issues in this case. Defendants should not be forced to accept a poor proxy for Target's live testimony, and the motion to quash should be denied.

## II.    <u>ARGUMENT</u>

**A.    A deposition—even videotaped—is an inadequate substitute for live testimony.**

Target argues that requiring Mr. Conlin to appear for live testimony is unduly burdensome because Defendants have already deposed Mr. Conlin, and it can use his deposition testimony in lieu of additional live testimony. But the mere fact that Defendants *may* use

Page 1 –    DEFENDANTS' RESPONSE TO THIRD-PARTY TARGET CORPORATION'S MOTION TO QUASH DEFENDANT ALBERTSONS COMPANIES, INC.'S TRIAL SUBPOENA

Mr. Conlin's deposition testimony in lieu of live testimony at the hearing does not mean that it *must*.[1] Under federal law, the opposite is true.

It is well-established "that live testimony is preferable to deposition testimony…" *Micron Technology v. Rambus Inc.*, C.A. No. 00-792 (SLR), 2007 WL 9771144, at *2 (D. Del. Aug. 29, 2007); *see also, e.g., Fluid Control Prods., Inc. v. Aeromotive, Inc.*, No. 4:09–CV–1667 CAS, 2011 WL 620115, at *4 (E.D. Mo. Feb. 11, 2011) ("even videotaped depositions are not a substitute for live testimony…"); *Vaughn v. Indiana & Ohio Rwy. Co.*, No. 3:07CV3635, 2008 WL 1767075, at *1 (N.D. Ohio Apr. 14, 2008) ("Despite the increasing frequency with which parties…present trial evidence by video deposition, video is not a fully complete substitute for live testimony"); *Young & Assocs. Pub. Relations, L.L.C. v. Delta Air Lines, Inc.*, 216 F.R.D. 521, 522 (D. Utah 2003) ("The preference for live testimony at trial rather than deposition testimony as a substitute is uniformly stressed in case law"); *Ionnidea v. Marika Maritime Corp.*, 928 F. Supp. 374, 378-79 (S.D.N.Y. 1996) ("depositions are not an adequate substitute where live testimony is reasonably available"). Indeed, courts have characterized deposition testimony as "***substantially less than an equal substitute*** for live testimony." *Baucham v. Florida*, No. 4:07cv550-RH/WCS 2008 WL 4186996, at *1 (N.D. Fla. Sep. 6, 2008) (emphasis added). As Judge Learned Hand observed, "The deposition has always been, and still is, treated as a

_____

[1] It is less than clear, however, that Mr. Conlin's deposition testimony would be admissible pursuant to Fed. R. Evid. 804 without Defendants at least *attempting* to subpoena his live testimony. The definition of "unavailability" in Rule 804 differs from the definition in Fed. R. Civ. P. 32(a)(4), in that it does not include a *per se* rule of unavailability when the witness is more than 100 miles from the hearing location. Rather, Rule 804 requires that the witness's attendance cannot be procured "by process or other reasonable means[.]" Fed. R. Evid. 804(a)(5). Because nationwide service of process of subpoenas is available in this case, Defendants *can* procure Mr. Conlin's live testimony at the hearing "by process[.]"

substitute, *a second-best, not to be used when the original is at hand.*" *Napier v. Bossard*, 102 F.2d 467, 469 (2d Cir. 1939) (emphasis added).

Accordingly, under federal law, "parties who have been served properly under Rule 45 cannot demand that their depositions be used in lieu of live trial testimony." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.RD. 293, 301 (S.D.N.Y. 2009) (rejecting subpoenaed parties' contention "[i]n further support of their undue burden argument…that live trial testimony is unwarranted where witnesses already have given sworn deposition testimony that was videotaped and can be played at trial").

Those principles control here. For multiple reasons, live testimony from a Target representative would be far preferable to the use of his prior deposition testimony. *First*, Mr. Conlin's prior deposition was a *discovery* deposition—the purpose of which is to discover information. It was not structured as a deposition for purposes of preserving testimony for trial, nor did Target propose that possibility at the time. *Cf.*, *e.g.*, *Bouygues Telecom, S.A. v. Tekelec, Inc.*, 238 F.R.D. 413, 414 (E.D.N.C. 2006) (discussing the "basic difference" between a discovery deposition and a deposition *de benne esse*). *Second*, live questioning at the hearing would enable the parties to examine Mr. Conlin on specific facts and issues that have emerged over the course the hearing and to elicit testimony that is directly responsive to other evidence in the record—an opportunity that of course was not available to them during Mr. Conlin's pre-hearing deposition. *Finally*, live testimony would give the Court the opportunity to evaluate Mr. Conlin's demeanor in real time and, if it so wishes, to ask follow-up questions of its own. Mr. Conlin's former deposition testimony is simply an inadequate substitute for live testimony at the hearing.

Page 3 –    DEFENDANTS' RESPONSE TO THIRD-PARTY TARGET CORPORATION'S MOTION TO QUASH DEFENDANT ALBERTSONS COMPANIES, INC.'S TRIAL SUBPOENA

**B.      Mr. Conlin's appearance for remote testimony would not be unduly burdensome.**

Target's motion must also be denied because it fails to establish any undue burden from requiring Mr. Conlin to testify remotely in this hearing. Target's undue burden argument relies primarily on the purported burden associated with requiring Mr. Conlin to travel to Portland to testify in person, which Target asserts would require "multiple days" of his time. (ECF No. 436, at 4.) Again, ***none of the parties in this case*** oppose Target's alternative request that Mr. Conlin be allowed to testify remotely from Minnesota, where he lives and works. Appearing remotely will, of course, eliminate any alleged burden associated with cross-country travel. Mr. Conlin would be required only to be available via video for the few hours—at most—that his testimony would require.[2] Target has no argument that a remote appearance would impose anything more than a limited burden on Mr. Conlin. The relevance of Mr. Conlin's testimony, on the other hand, is high, for all the reasons stated in Defendants' prior motion to compel Target's deposition testimony. (*See generally* ECF No. 177.). Because Target cannot carry its burden of showing that requiring Mr. Conlin to testify remotely would impose an undue burden, the motion to quash should be denied. (*See* ECF No. 436, at 3 (citing *Goodman v. United States*, 369 F.2d 166, 169 (9th Cir. 1966)).)

//

//

//

//

---

[2] Because Mr. Conlin has been subpoenaed individually, he and Target are under no obligation to prepare him to answer questions within the knowledge of the corporation concerning which he lacks personal knowledge. *Cf.* Fed. R. Civ. P. 30(b)(6).

Page 4 –      DEFENDANTS' RESPONSE TO THIRD-PARTY TARGET CORPORATION'S MOTION TO QUASH DEFENDANT ALBERTSONS COMPANIES, INC.'S TRIAL SUBPOENA

### III.    <u>CONCLUSION</u>

The Court should deny Target's motion to quash and order Mr. Conlin to appear remotely

for live testimony in this hearing.

DATED:  September 3, 2024

ANGELI LAW GROUP LLC

<u>s/Peter D. Hawkes</u>
DAVID H. ANGELI, Bar No. 020244
david@angelilaw.com
PETER D. HAWKES, Bar No. 071986
peter@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: 503.954.2232

WILLIAMS & CONNOLLY LLP

ENU A. MAINIGI (*Pro Hac Vice*)
emainigi@wc.com
JONATHAN B. PITT (*Pro Hac Vice*)
jpitt@wc.com
A. JOSHUA PODOLL (*Pro Hac Vice*)
apodoll@wc.com
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5000

*Attorneys for Defendant Albertsons Companies, Inc.*

DEBEVOISE & PLIMPTON LLP

EDWARD D. HASSI (*Pro Hac Vice*)
thassi@debevoise.com
801 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.942.5000

MICHAEL SCHAPER (*Pro Hac Vice*)
mschaper@debevoise.com
J. ROBERT ABRAHAM (*Pro Hac Vice*)
jrabraham@debevoise.com

Page 5 –    DEFENDANTS' RESPONSE TO THIRD-PARTY TARGET CORPORATION'S
MOTION TO QUASH DEFENDANT ALBERTSONS COMPANIES, INC.'S TRIAL
SUBPOENA

NATASCHA BORN (*Pro Hac Vice*)
nborn@debevoise.com
66 Hudson Boulevard
New York, NY 10001
Telephone: 212.909.6000