Susan A. Musser, DC Bar # 1531486
Charles Dickinson, DC Bar # 997153
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2122
Tel: (202) 326-2617
*smusser@ftc.gov; cdickinson@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., <br><br> Defendants. | Case No.: 3:24-cv-00347-AN <br><br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION TO AMEND STIPULATED PROTECTIVE ORDER** |

FTC'S MOTION TO AMEND
PROTECTIVE ORDER

**MOTION**

Plaintiff Federal Trade Commission ("FTC") respectfully moves to amend the stipulated protective order (ECF 97) that governs this action to permit counsel for the State of Washington and the State of Colorado to access filings that contain under seal information that also has been produced in their respective state court actions. Plaintiffs have conferred in good faith with Defendants The Kroger Company ("Kroger") and Albertsons Companies, Inc. ("Albertsons" and, together with Kroger, "Defendants") regarding this motion in compliance with Local Rule 7.1, and Defendants take no position with respect to the relief requested herein.

**MEMORANDUM**

In addition to this action, Kroger's proposed acquisition of Albertsons has also been challenged by the Attorneys General of Washington and Colorado under state law (the "Parallel Actions"). *State of Washington v. The Kroger Co.*, No. 24-2-00977-9 (Wash. Super. Ct.); *State of Colorado v. The Kroger Co.*, Case No. 24CV30459 (Colo. Dist. Ct.). Discovery in this action has been coordinated with Parallel Actions to minimize inconvenience to Defendants and third parties, Stipulation and Order Governing Remote Depositions (ECF 156), and substantially the same documents have been produced in each action, where they are covered by protective orders, Ex. A, Stipulated Protective Order, *State of Washington v. The Kroger Co., et al.*, No. 24-2-00977-9 (Wash. Super. Ct. Mar. 14, 2024); Ex. B, Stipulated Protective Order, *State of Colorado v. The Kroger Co.*, Case No. 24CV30459 (Colo. Dist. Ct. Apr. 23, 2024). As a result of these protective orders and the extensive confidentiality claims made by Defendants and third parties, only Defendants have access to all filings and evidence in all three actions. Plaintiffs in the three cases have thus been unable to fully assess whether Defendants' filings contain inconsistencies, party admissions, or statements subject to judicial estoppel that would be relevant to the

FTC'S MOTION TO AMEND
PROTECTIVE ORDER

litigation of each case. Defendants' confidentiality claims should not frustrate rights of access by parties who already are subject to protective orders governing precisely the same materials.

The plaintiffs in the three actions have agreed among themselves to seek amendments to the protective orders in their respective proceedings. The Colorado Attorney General has already obtained an order amending the protective order applicable to its action. Ex. C, Amended Stipulated Protective Order, *State of Colorado v. The Kroger Co.*, Case No. 24CV30459 (Colo. Dist. Ct. Sept. 17, 2024)

Plaintiffs request that the Stipulated Protective Order in this action be amended to permit the plaintiffs in the Parallel Actions to: (1) receive an unredacted transcript of any testimony of a witness that is presented in the above-captioned proceeding and (2) receive unredacted copies of under seal court filings in the above-captioned proceedings. They would not be able to access the confidential information of a third party that was not subpoenaed in their respective Parallel Action unless the third party consents. Although the Court maintained an open courtroom during the preliminary injunction hearing, the testimony included adoption by reference of transcripts filed under seal as well as testimony about exhibits that were not publicly displayed, both of which should be made available to the Washington and Colorado Attorneys General.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(c)(1), a court may enter a protective order limiting access to discovery materials, including "trade secret or other confidential research, development, or commercial information," upon a motion establishing the existence of "good cause." A showing of good cause is required because protective orders depart from the general principle that "the public can gain access to litigation documents and information produced during discovery." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir.

2002). Where amendment to an existing protective order is sought to permit disclosure of information to a non-party, the party seeking continued protection of its information bears the burden of establishing that good cause exists to continue to deny access. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992).

## ARGUMENT

Defendants bear the burden of showing that information contained in sealed exhibits and filings should be protected from the plaintiffs in the Parallel Actions, *Beckman Indus., Inc.*, 966 F.2d at 475-76, but they have chosen to take no position on this motion. The Court should therefore find that good cause does not exist to withhold these materials from plaintiffs in the Parallel Actions. They should have access to determine whether Defendants' filings contain inconsistencies, party admissions, or statements subject to judicial estoppel that would be relevant to the litigation of those cases. There is no risk to Defendants' confidential information because the information in question has already been produced to the plaintiffs in the Parallel Actions and subject to confidential order protections. The information of third parties is also already protected to the extent of overlapping subpoenas and will not be provided with respect to third parties who were not subpoenaed in the Parallel Actions.

## CONCLUSION

Plaintiffs respectfully request the Court grant this motion amending the stipulated protective order.

Dated: September 25, 2024                    Respectfully submitted,

/s/ Susan A. Musser
Susan A. Musser, DC Bar # 1531486
Charles Dickinson, DC Bar # 997153

Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-2122
smusser@ftc.gov
cdickinson@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*