# Ex. A

1
2
3
4
5
6
7
8
9

The Honorable Marshall L. Ferguson
Hearing Date: March 14, 2024
Without Oral Argument

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

10 | STATE OF WASHINGTON,

NO. 24-2-00977-9 SEA

11 |                               Plaintiff,

<u>AMENDED</u> PROTECTIVE ORDER

12 | v.

13 | THE KROGER CO., ET AL.,

14 |                               Defendants.

15

16                    **I.    PURPOSES AND LIMITATIONS**

17     1.   Discovery in the above-captioned litigation may involve the production of confidential,

18 proprietary, or private information for which special protection from public disclosure and from

19 use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the

20 Parties, by and through their respective counsel, hereby stipulate to and move the Court pursuant

21 to Civil Rule ("CR") 26 to enter the following Order as a Stipulated Protective Order. This Order

22 is intended to apply in the above-captioned litigation. It is the intent of the Parties that this Order

23 will apply from the Effective Date until the Designating Party agrees otherwise in writing or the

24 Court orders otherwise.

25

26

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

1

2. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law. Additionally, the Parties acknowledge that this Order is consistent with CR 26(c). The Parties further acknowledge that this Order creates no entitlement to file documents under seal. Any Party may make a motion to seal documents pursuant to the applicable rules governing such motions.

## II.    DEFINITIONS

3. "Action" means the above-captioned litigation.

4. "AGO Attorneys" means attorneys employed by the Plaintiff (including retained attorneys and contract attorneys), as well as their Support Staff (including, but not limited to, paralegals, secretaries, and law clerks).

5. "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

6. "Competitive Decision-making" means making, reviewing, or participating in decisions regarding a company's business operations, including development or implementation of competitive strategies, business plans, and third-party negotiations, but does not include the rendering of legal advice as to litigation, regulatory compliance, and intellectual property issues related to such decisions.

7. "Confidential" information means information reflecting, containing, summarizing, compiling, or deriving from one or more of the following categories, the Disclosure of which could create an elevated risk of commercial or competitive harm: (a) information prohibited from Disclosure by law or contractual agreement; (b) information regarding trade secrets; (c) research, development, technical, commercial, or financial information that the party has maintained as confidential; (d) personnel or employment records of a person who is not party to the case; or

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

2

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

(e) pricing, production, cost, marketing, or customer information. "Confidential" also encompasses any Sensitive Personal and Health Information, as defined in this Order.

8. "Confidentiality Designation" means the Document's designation as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" pursuant to this Order.

9. "Counsel" (without a qualifier) means AGO Attorneys, In-House Litigation Counsel, and Outside Counsel, as well as their respective Support Staff (including, but not limited to paralegals, secretaries, and law clerks) who represent a Party in this Action.

10. "Designating Party" means a Party or Non-Party that designates any Discovery Material or Investigation Material that it produces as Protected Material.

11. "Disclose" or "Disclosure" means to show, give, produce, make available, reproduce, communicate, process, paraphrase, summarize, or excerpt, in whole or in part, by any means or medium.

12. "Discovery Material(s)" means all information, Documents, and testimony produced by a Person after the filing of this Action pursuant to a Party's request pursuant to CR 30, 31, 33, 34, 35, 36 or 45.

13. "Document" carries its broadest meaning consistent with the applicable rules and includes both Electronically Stored Information ("ESI") and hard copy documents.

14. "Expert" means a person who has specialized knowledge or experience in a matter pertinent to this Action—including such person's Support Staff, and including firms (and their employees) whose normal business includes the provision of support services to expert witnesses—who is not an employee of a Party, and who has been retained by a Party or its Counsel to serve as an expert witness or an expert consultant.

15. "Highly Confidential" information means Confidential Discovery Material that a Producing Party believes to be of a highly-sensitive commercial nature the Disclosure of which could create an elevated risk of serious commercial or competitive harm. By way of example only, Highly Confidential information may include, but is not limited to: (a) current or future

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

3

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

business strategies and other strategic planning information; (b) reports, projections or plans regarding performance, budgets, production, output, sales, marketing, or distribution practices; (c) research and development information; (d) manufacturing know-how or technology; (e) board of directors materials and presentations; (f) customer lists or information; (g) negotiation strategies; (h) proprietary software, systems, or processes; (i) margin, cost and pricing information; or (j) intellectual property.

16. "In-House Litigation Counsel" means no more than four pre-designated attorney employees of a Defendant (as well as their Support Staff) with responsibilities for the litigation of this Action and whose day-to-day duties with the company do not currently, and for a period of nine (9) months following the conclusion of this Matter shall not, include advising on or participating in Competitive Decision-making.

17. "Investigation" means the pre-Complaint inquiry into matters at issue in this Action by the Washington State Attorney General pursuant to Chapter 19.86 RCW.

18. "Investigation Material(s)" means non-privileged documents, communications, or testimony generated or Disclosed to AGO Attorneys either voluntarily or under compulsory process in anticipation of or during the Investigation until the filing of Plaintiff's Complaint in this Action by:

      a. Any Non-Party, including any document constituting or containing any communication between Plaintiff and any Non-Party during the Investigation until the filing of Plaintiff's Complaint in this Action;

      b. Any official of the federal government or another state who is charged with the enforcement of federal or state antitrust or consumer protection laws;

      c. Any Defendant, or any affiliated person or entity, provided to Plaintiff during the course of the Investigation; or

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

4

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

d. Any Defendant, or any affiliated person or entity, provided to any official of the federal government or another state who is charged with the enforcement of federal or state antitrust or consumer protection laws during the course of any Other Investigation.

19. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

20. "Order" means this Stipulated Protective Order.

21. "Other Investigation(s)" means the inquiry into matters related to the matters at issue in this Action by any official of the federal government or another state who is charged with the enforcement of federal or state antitrust or consumer protection laws.

22. "Outside Counsel" means any law firms or attorneys who are not employees of a Defendant or Non-Party but are retained to represent or advise them for purposes of this Action and have appeared in this Action on behalf of that Party, or are affiliated with a law firm which has appeared on behalf of that Party (as well as their Support Staff).

23. "Party" or "Parties" means any Person named into this Action as Plaintiff or Defendant, the AGO Attorneys, and Defendants' Experts and Outside Counsel.

24. "Person" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

25. "Privileged Information" means any information that is protected from Disclosure by the attorney-client privilege, attorney work product protections, common-interest privilege, or any other applicable legal privilege, immunity, or protection afforded by law. *See* Section XIV

26. "Producing Party" means a Party or Non-Party that produces Discovery Material in this Action or that has previously produced Investigation Material.

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

5

27. "Protected Material" means any Discovery Material or Investigation Material that is designated and maintains its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

28. "Receiving Party" means a Party or Non-Party that receives Discovery Material or Investigation Material from a Producing Party in this Action.

29. "Sensitive Personal and Health Information" shall refer to, but is not limited to, an individual's personal phone number and address, Social Security number, taxpayer identification number, financial account number, W-2 and 1099 forms, income tax returns (including attached schedules and forms), credit card or debit number, driver's license number, state-issued identification number, passport number, and date of birth (other than year). "Health Information" shall encompass any individually identifiable health information relating to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, and any past, present, or future payment for the provision of health care to an individual.

30. "Support Staff" means support personnel who are employed by, hired by, or retained by Counsel or Experts to provide administrative, secretarial, technical, or logistical support (e.g., photocopying, videotaping, transcribing oral testimony, translating, preparing exhibits or demonstrations, and collecting, organizing, storing, or retrieving Documents or data in any form or medium) in connection with this Action, including, but not limited to, paralegals, secretaries, and law clerks.

31. "Vendor" means Persons who are not employees of a Party but are retained by or for a Party to provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits, graphics, or demonstrations, and organizing, storing, reviewing or retrieving documents or data in any form or medium and their employees and subcontractors) in connection with this Action, including any vendors retained by a Party for the provision of services during trial or any court hearing in this Action.

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

6

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

### III.    SCOPE

32. The protections conferred by this Order cover not only Protected Material itself, but also (i) any information copied or extracted therefrom; (ii) all copies, excerpts, summaries, or compilations of the Protected Material; and (iii) any testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material to persons not authorized to receive such material.

33. The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of Disclosure or becomes part of the public domain after its Disclosure to a Receiving Party as a result of publication not involving a violation of this Order or any other order or agreement, including becoming part of the public record through trial or otherwise; and (b) any information that the Receiving Party lawfully obtains from another source with no obligation of confidentiality to the Designating Party.

34. In the event the Plaintiff receives a request to produce any Protected Material under the Washington Public Records Act, the State shall provide the Designating Party with notice of the request as soon as reasonably practical and the Designating Party may then follow the procedure in RCW 42.56.540 for court protection of public records as detailed further in Section XI of this Order. Additionally, this Order does not displace Local Civil Rule 26(i)'s requirement for Parties to meet and confer before bringing a discovery dispute to the Court.

### IV.    DURATION

35. The confidentiality obligations imposed by this Order shall remain in effect consistent with the terms described in this Order or until the Designating Party agrees otherwise in writing or the Court orders otherwise.

### V.    DESIGNATING PROTECTED MATERIAL

36. Service of Protective Order. Whenever Discovery is sought by subpoena from a Non-Party in this Action, a copy of this Order shall accompany the subpoena.

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

37. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The Producing Party may designate Documents or other materials as "Confidential" or "Highly Confidential" only as specified below.

38. Because Washington courts are presumptively open, the party seeking to restrict access bears the burden of justifying an infringement on the public's right of access. *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 37, 640 P.2d 716 (1982).

39. The Designating Party shall make a good faith effort to apply a Confidentiality Designation only when that party has a reasonable, good faith belief that the information so designated constitutes "Confidential" or "Highly Confidential" material, as defined herein at the time of the designation rather than at the time the document was created.

40. Each Designating Party that designates Protected Material under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Parties recognize that this is a flexible standard that takes into account the volume of documents obligated to be produced and the corresponding burden of applying Confidentiality Designations. Nothing in this Order shall require a Designating Party to affirmatively re-assess prior Confidentiality Designations of Investigation Materials.

41. Nevertheless, the Parties recognize that document review, especially when using technological means for the review, may result in the application of greater or lesser confidentiality designations than otherwise appropriate. The Parties agree to work together as needed and on a per-document basis.

42. If it comes to a Designating Party's attention that it has incorrectly designated, or is no longer asserting that Discovery Material or Investigation Material is Protected Material, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken or rescinded designation.

43. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that a Designating Party wishes to be treated as

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

8

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Protected Material must be designated for protection under this Order by clearly designating the material before it is Disclosed or produced as Discovery Material, except to the extent subject to Section XI below.

44. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all documents or materials available for inspection shall be temporarily deemed "Highly Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify as Protected Material. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

45. The designation of Protected Materials shall be made as follows:

a) <u>for information in hard copy or electronically imaged Documents, excluding transcripts of depositions or other pretrial or trial proceedings and written discovery responses</u>, by imprinting the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each page of a Document so designated;

b) <u>for written discovery responses</u>, by imprinting the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" next to or above any response to a discovery request or on each page of a response;

c) <u>for native ESI</u>, by including the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in the filename of the document;

d) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, by indicating on the record before the close of the deposition, hearing, or other proceeding, which portions of the transcript and/or responses, and any accompanying exhibits should be treated as "Confidential" or "Highly Confidential." When it is impractical to identify separately each portion of testimony or accompanying exhibit that is entitled to

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

9

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party has the right to have up to 30 days after the transcript of the proceedings becomes available to identify the specific portions of the testimony and any accompanying exhibits as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony and any accompanying exhibits that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order. Alternatively, a Designating Party may specify, at the deposition, hearing, or other proceeding or up to 30 days afterwards if that period is properly invoked, that the entire transcript and any accompanying exhibits shall be treated as "Confidential," or "Highly Confidential."

The Designating Party shall notify the court reporter and all Parties, in writing, of the specific pages and lines of the transcript or recording that should be treated as "Confidential" or "Highly Confidential." Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "Highly Confidential" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

e) for any other information that cannot reasonably be designated in accordance with 5(a)–5(e) above, in a manner that is agreed upon between the Parties.

46. Investigation Materials.

    a. All Investigation Materials produced by Defendants during the Investigation shall be deemed to be re-produced in this Action as "Highly Confidential."

    b. All Investigation Materials produced by a Non-Party to Plaintiff during the Investigation and that are re-produced in this Action shall be deemed to be re-produced with a Highly Confidential designation unless

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

10

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

subsequently re-designated or de-designated by the Court or the Non-Party pursuant to the Protective Order in this Action.

c.  To allow the Producing Parties an opportunity to meet their burden of showing why Investigation Materials should continue to be kept from the public in this Action pursuant to the *Ishikawa* factors, the Producing Parties stipulate that it is necessary for a Receiving Party to redact and file a motion to temporarily seal all Investigation Materials that remain Protected Material at the time the Receiving Party seeks to use them to support court filings or proceedings.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

47. Timing of Challenges. Any Receiving Party may challenge a designation of confidentiality at any time.

48. Procedure for Challenges. If Counsel for a Receiving Party challenges a Confidentiality Designation by a Designating Party in whole or in part:

a.  Counsel for the Challenging Party shall in good faith propose a time for an interactive voice-to-voice exchange with the Designating Party prior to filing a motion to de-designate or demote the designated level of protection for the challenged Discovery Material or Investigation Material;

b.  Counsel for the Designating Party shall in good faith either promptly confirm that it will make itself available at the proposed time or propose an alternative time in which it will make itself available for an interactive voice-to-voice exchange about the challenged Discovery Material or Investigation Material; and

c.  In the event that it is necessary to seek the Court's assistance in determining whether the challenged Discovery Material or Investigation

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Material should be kept from the public, Counsel will follow all applicable civil, local, and general rules of procedure for King County Superior Court in seeking a ruling as to whether the Designating Party can show that it satisfies the *Ishikawa* factors necessary to keep it from the public in this Action.

## VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

49. <u>Basic Principles</u>. A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this Action, and such Protected Material shall not be used for any other business purpose, in connection with any other legal proceeding, or for any other purpose whatsoever, except where expressly permitted by this Order. For the avoidance of doubt, this provision applies to any law firm retained by the parties, and any such law firm shall not use Protected Material for any business purpose or on behalf of any other client of that firm. Protected Material may be Disclosed only to the categories of persons and under the conditions described in this Order.

50. <u>Persons to whom Protected Materials may be shown at depositions.</u>

    a.  All forms of Protected Material can be shown to the following Persons at depositions:

        i.  AGO Attorneys, Outside Counsel and Experts or Vendors who have signed Exhibit A to this Protective Order, or are employed by an organization that has signed Exhibit A to this Protective Order;

        ii.  Any Person being deposed that questioning Counsel has a reasonable basis to believe previously knew, received, had access to, was sent, or prepared the Protected Material in the ordinary course.

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

12

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

iii. Any Person being deposed who is either (1) a current employee of the party that designated the document or information Confidential or Highly Confidential; or (2) a former employee of the Designating Party provided that they were employed by the Designating Party when the document or information was created and have been provided with a copy of this Order and informed of the obligation not to disclose any Confidential or Highly Confidential Information to persons other than those specifically authorized by this Protective Order.

51. <u>Right to Exclude Non-Authorized Persons from Depositions</u>. The Designating Party shall have the right to exclude any Person not identified amongst the Persons in this Protective Order to whom Protected Material may be shown at a deposition from the actual or virtual room where the deposition in this Action is being conducted, and to restrict access to Protected Materials by electronic means in the case of the use of a virtual deposition platform, but only during that portion of the deposition in which the Protected Material is Disclosed and/or discussed.

52. <u>Additional Authorized Disclosures of Confidential Material</u>. Unless otherwise ordered by the Court, permitted in writing by the Designating Party, or authorized elsewhere in this Protective Order, a Receiving Party may Disclose Confidential Material only to the following individuals under the following conditions:

a. The Court, and Court personnel;

b. AGO Attorneys, Outside Counsel and Experts, or Vendors who have signed Exhibit A to this Protective Order or are employed by an organization that has signed Exhibit A to this Protective Order;

c. In-House Litigation Counsel who have signed Exhibit B to this Protective Order;

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

13

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

d. During a deposition, any Person identified amongst the Persons in this Protective Order to whom Protected Material may be shown at a deposition;

e. Any Person who was either an author or recipient of the Protected Material before the Designating Party produced it to the Receiving Party;

f. Any current or former employee of the Designating Party to the extent Counsel has a good-faith basis for believing such Confidential information is relevant to events, transactions, discussions, communications or data about which the employee or former employee has knowledge;

g. Private arbitrators and mediators involved in resolving disputes over claims in the Action, provided they have signed Exhibit A, or are employed by an organization that has signed Exhibit A to this Protective Order; and

h. Any other Person as to whom the Designating Party consents to such Disclosure.

53. <u>Disclosure of Highly Confidential Information</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may Disclose material produced and marked as "Highly Confidential" only to the only to the following individuals under the following conditions:

a. The Court, and Court personnel;

b. AGO Attorneys, Outside Counsel and Experts or Vendors who have signed Exhibit A to this Protective Order, or are employed by an organization that has signed Exhibit A to this Protective Order;

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

14

c. During a deposition, any Person identified amongst the Persons in this Protective Order to whom all forms of Protected Material may be shown at a deposition;

d. Any Person who was either an author or recipient of the Highly Confidential Material before the Designating Party produced it to the Receiving Party;

e. Any current or former employee of the Designating Party to the extent AGO Attorneys or Outside Counsel have a good-faith basis for believing such Highly Confidential information is relevant to events, transactions, discussions, communications or data about which the employee or former employee has knowledge.

f. Private arbitrators and mediators involved in resolving disputes over claims in the Action, provided they have signed Exhibit A, or are employed by an organization that has signed Exhibit A to this Protective Order; and

g. Any other Person as to whom the Designating Party consents to such Disclosure.

Defendants may file motions seeking modification of this provision to share Highly Confidential Information (identified by Bates Number or other specific descriptor) with In-House Litigation Counsel. Should a Defendant file such a motion, then Defendant shall contemporaneously notify the Designating Party whose Highly Confidential Information is the subject of such motion, and that Designating Party shall be afforded the opportunity to respond to Defendants' motion.

54. Nothing herein shall impose any restriction on the use or Disclosure by a Designating Party of its own Protected Material. In addition, nothing herein shall impose any restriction on the Receiving Party's use or Disclosure of Protected Material when: (a) it was in the public

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

15

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

domain at the time of its Disclosure to a Receiving Party; (b) it became part of the public domain after its receipt as a result of publication not involving a violation of this Order or any other order or agreement, or (c) it otherwise lawfully obtained it without a corresponding duty to treat it as Protected Material.

## VIII.   ATTORNEY RENDERING ADVICE

55. Nothing in this Order shall bar or otherwise restrict Counsel for a Party from giving advice and opinions to their client solely relating to the Action based on their evaluation of Protected Material, provided that such advice and opinions shall not reveal the specific content of such Protected Material if such Disclosure is not otherwise permitted under this Order.

## IX.   SAFEGUARDING PROTECTED MATERIAL

The Receiving Party of any Protected Material that is produced under this Order shall store and maintain such material in a secure and safe area that ensures that access is limited to the persons authorized under this Order, and shall exercise the same standard of due and proper care over such material as with respect to its own Protected Material. Further, Receiving Parties should take commercially reasonable steps to ensure the data security of systems storing Protected Material received. In no event may Protected Material be used in connection with Competitive Decision-making.

## X.   FILING AND USE OF PROTECTED MATERIAL IN HEARINGS AND TRIAL

56. To allow the Designating Party an opportunity to meet its burden of showing why its Protected Material should continue to be kept from the public in this Action pursuant to the *Ishikawa* factors, the Designating Party stipulates that it is necessary for a Receiving Party to redact and file a motion to temporarily seal information and Documents that remain Protected Material at the time of a court filing or proceeding.

57. Disclosure at trial or at any evidentiary hearing of any document, testimony, or other material designated as Highly Confidential information or Confidential information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

16

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

shall meet and confer and submit a recommended order outlining those procedures no later than thirty (30) calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a proposed order governing the disclosure of Highly Confidential Information or Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to third parties whose Highly Confidential information or Confidential information is expected to be used at trial or any evidentiary hearing.

## XI.    WASHINGTON PUBLIC RECORDS ACT

58. Nothing in this Order shall be construed to require the State of Washington or any of its agencies to violate Washington's Public Record Act, RCW 42.56, which governs the Disclosure of public records, or RCW 40.14, which governs the preservation and destruction of government records, or any other statute, administrative or court rule. All Parties reserve their rights to dispute that any Discovery Materials or Investigation Materials are public records and/or argue that they are otherwise exempt from Disclosure under the Public Records Act.

59. If at any time the Plaintiff receives a request pursuant to the Washington Public Records Act for Protected Materials, Plaintiff shall make a determination as to whether any Protected Materials (1) constitute public records responsive to the request, and, if so, (2) whether the records are exempt from Disclosure. In the event that Plaintiff determines that any such records are public records and are not exempt from Disclosure, Plaintiff shall provide the Designating Party with notice of this determination.

60. Where Plaintiff is unable to resolve a Public Records Act dispute with the requestor and/or Designating Party, the Designating Party has the affirmative obligation to initiate (or intervene in) a judicial proceeding within ten (10) business days of receiving notice from Plaintiff of its determination that that Protected Material is a public record responsive to a public records request that is not exempt from Disclosure and substantiate (or defend) any claim that the Protected Materials are not subject to public Disclosure. Where a Designating Party intervenes in or initiates such legal action concerning the release of Protected Material pursuant

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

17

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  to a Public Records Act request, Plaintiff shall not release any implicated Protected Material

2  until a court rules on the Designating Party's claim.

3     61. The Parties acknowledge that the Disclosure of Protected Materials in this Action in

4  response to a discovery request is not public Disclosure for purposes of the Public Records Act.

5  ## XII.   NON-PARTY'S PROTECTED MATERIALS

6     62. <u>Non-Party Protected Materials Governed by This Order</u>. The terms of this Order are

7  applicable to Protected Materials produced by a Non-Party in this Action. Such information is

8  protected by the remedies and relief provided by this Order. Nothing in these provisions should

9  be construed as prohibiting a Non-Party from seeking additional protections.

10    63. <u>Notice to Non-Parties</u>: Within five (5) business days after the Court's entry of this Order,

11 Plaintiff shall send a copy of this Order to each Non-Party that produced Investigation Materials

12 to it (or, if represented by counsel, the Non-Party's counsel). Any Non-Party who concludes that

13 this Order does not adequately protects its Investigation Materials shall have until

14 fifteen (15) days after the Court's entry of this Order to petition the Court for additional

15 protection. Plaintiff shall not produce any Investigation Materials received from any Non-Party

16 until after this 15-day period concludes, nor shall Plaintiff produce any Investigation Materials

17 from a Non-Party if and while said Non-Party's timely-filed petition for additional protection is

18 pending before the Court.

19    64. In the event that a Party is required, by a valid discovery request, to produce a

20 Non-Party's confidential information in its possession, and the Party is subject to an agreement

21 with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

22        a.  within five (5) business days notify in writing the Requesting Party and

23            the Non-Party that some or all of the information requested is subject to a

24            confidentiality agreement with a Non-Party;

25

26

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

18

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

b. within five (5) business days provide the Non-Party with a copy of the Stipulated Protective Order in this Litigation and the relevant discovery request(s).

65. If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely objects or seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XIII.  EXPERT DISCOVERY

66. The Parties agree to comply with the standards set forth in Federal Rule of Civil Procedure (FRCP) 26(a)(2)(B), (b)(4)(A)–(D) and 26(e)(2) governing the disclosure of experts, expert reports, and the scope and limits of expert discovery.

## XIV.  INADVERTENT DISCLOSURES OR FAILURE TO DESIGNATE

67. Unless expressly prohibited by applicable law, the inadvertent or unintentional Disclosure of Protected Material that should have been designated as such, regardless of whether the information, Document or thing was so designated at the time of Disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, Document or thing Disclosed or as to any material or information concerning the same subject matter. Such inadvertent or unintentional Disclosure may be rectified by notifying in writing Counsel for all Parties to whom the material was Disclosed that the material should have been designated "Confidential" or "Highly Confidential" within a reasonable time after discovery of the Disclosure. Such notice shall constitute a Confidentiality Designation of the information, Document or thing as "Confidential" or "Highly Confidential" under this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

19

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

material during a time when that material has not been designated as "Confidential" or "Highly Confidential."

68. If a Receiving Party learns that, by inadvertence or otherwise, it has Disclosed Protected Material to any Person or in any circumstance not authorized under this Order, the Receiving Party must within no more than two (2) business days, (a) notify Counsel for all Parties in writing of the unauthorized Disclosures; (b) use best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the Person(s) to whom unauthorized Disclosures were made of the terms of this Order; and (d) request such Person(s) to execute Exhibit A.

## XV.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

69. <u>Non-Waiver of Privilege</u>. The Producing Parties agree that they do not intend to Disclose Privileged Information.

70. <u>Duties of Producing Parties</u>: If a Producing Party inadvertently discloses Privileged Information, such Disclosure (as distinct from use) shall be deemed inadvertent so long as the Producing Party notifies the Receiving Parties in writing within a reasonable time after its Disclosure that it has inadvertently produced the Privileged Information and produces a privilege log that identifies it by Bates range (where applicable) or other reasonably specific description, as well as sufficient information to enable the Receiving Parties to evaluate the Producing Party's privilege assertion. This Section is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

71. <u>Duties of Receiving Parties</u>: After being notified and receiving a privilege log from the Producing Party, the Receiving Party shall promptly sequester, destroy, or delete the Privileged Information, including any work product that the Receiving Party has generated based on the Privileged Information. In the event that the Receiving Party receives information that it believes is subject to a good faith claim of privilege, the Receiving Party shall refrain from further examining the information and promptly notify the Producing Party in writing that the Receiving Party potentially possesses Privileged Information. The Producing Party shall have

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

20

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

seven (7) calendar days from actual notice of the inadvertent production to confirm whether it asserts privilege over the identified materials. If the Producing Party does not assert a claim of privilege within the 7-day period, the information in question shall be deemed non-privileged.

72. Nothing contained herein is intended to or shall serve to limit a Producing Party's right to conduct a review of Discovery Materials for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Nothing in this Order shall limit a Receiving Party's right to request an in-camera review of any Discovery Material.

73. In the event any prior court order or stipulation between the Parties and/or between a Party and a Non-Party concerning the inadvertent Disclosure of Privileged Information differs from any of the provisions of this Order, the provisions of this Order shall control. For the avoidance of doubt, any Investigation Materials produced during the Investigation are subject to Section XIII of this Order.

74. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or otherwise protected and to inform the Producing Party that such materials have been inadvertently produced.

### XVI.   LEGAL PROCESS

75. If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization or other person or entity purporting to have authority to require the production thereof, that seeks Disclosure of any Protected Materials, the Receiving Party must provide written notice to the Designating Party within five (5) business days. The purpose of requiring this notice is to afford the Designating Party an opportunity to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued. The Designating Party shall bear the burdens and the expenses of seeking protection

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

21

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    in that matter or proceeding of its Protected Material. Absent a court order to the contrary, the

2    Receiving Party shall not disclose any such Protected Material while any effort by a Designating

3    Party to seek protection of its Protected Material in that matter or proceeding is pending.

4    Plaintiffs' receipt of legal process relating to Protected Materials is subject to Section XI.

5                                    **XVII.  UNDERTAKING**

6        76. Each person or organization who signs Exhibit A or Exhibit B shall subject themselves

7    to the jurisdiction of this Court for the purpose of any proceedings relating to the performance

8    under, compliance with, or violation of this Order.

9                                    **XVIII. FINAL DISPOSITION**

10            Within 60 days of the termination of this Action between the Parties, including final

11    appellate action or the expiration of time to appeal or seek further review, each Receiving Party

12    or other Person subject to the terms of this Order shall be under an obligation to assemble and

13    return to the Designating Party or destroy all originals and unmarked copies of Protected

14    Material. Notwithstanding the above requirements to return or destroy Protected Material,

15    AGO Attorneys and Outside Counsel may retain for archival purposes complete copies of all

16    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

17    deposition and trial exhibits, expert reports, attorney and expert work product, subject to the

18    provisions of this Order. Additionally, notwithstanding the above requirements to return or

19    destroy Protected Material, AGO Attorneys must retain a copy of "public records" from this

20    Action (as defined by RCW 42.56.010(3)) for the applicable public records act retention period

21    and may preserve a copy of such records without violating this Order. If the Receiving Party

22    destroys Protected Materials in lieu of return, Counsel shall certify the destruction and provide

23    a copy of the certification to the Producing Party.

24

25

26

AMENDED PROTECTIVE ORDER                      22                    ATTORNEY GENERAL OF WASHINGTON
CAUSE NO. 24-2-00977-9 SEA                                          Antitrust Division
                                                                   800 Fifth Avenue, Suite 2000
                                                                   Seattle, WA  98104-3188
                                                                   (206) 464-7744

1

## XIX.  ORDER

2          THIS MATTER came before the Court on Defendants' Motion for Entry of Protective Order.

3   The Court has reviewed the motion and accompanying certifications in support, and has been fully

4   advised. Now, therefore, it is hereby

5          SO ORDERED.

6          Dated this _____ day of _____ 2024.

7

8                                          _____
                                           THE HONORABLE MARSHALL L. FERGUSON

9

10  Presented by:

11  ROBERT W. FERGUSON
    Attorney General

12

13  *s/ Amy N.L. Hanson*
    _____
    PAULA PERA C., WSBA No. 54630

14  AMY N. L. HANSON, WSBA No. 28589
    MIRIAM R. STIEFEL, WSBA No. 56611

15  HELEN M. LUBETKIN, WSBA No. 55498

16  Assistant Attorneys General
    Washington State Office of the Attorney

17  General
    800 Fifth Avenue, Suite 2000

18  Seattle, WA  98104-3188
    206.464.7744

19  paula.pera@atg.wa.gov

20  amy.hanson@atg.wa.gov
    miriam.stiefel@atg.wa.gov

21  helen.lubetkin@atg.wa.gov

22  MUNGER, TOLLES & OLSON LLP

23
    GLENN D. POMERANTZ, *pro hac vice*

24  KURUVILLA J. OLASA, *pro hac vice*
    350 South Grand Avenue, Floor 50

25  Los Angeles, CA  90071
    Glenn.Pomerantz@mto.com

26

AMENDED PROTECTIVE ORDER
CAUSE NO. 24-2-00977-9 SEA

1  Kuruvilla.Olasa@mto.com

2  LAUREN ROSS, *pro hac vice*
3  XIAONAN APRIL HU, *pro hac vice*
   601 Massachusetts Avenue NW, Suite 500E
4  Washington, D.C.  20001
   Lauren.Ross@mto.com
5  April.Hu@mto.com

6  CARSON J. SCOTT, *pro hac vice*
7  560 Mission Street, 27th Floor
   San Francisco, CA  94105
8  Carson.Scott@mto.com

9  *Attorneys for the Plaintiff State of Washington*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

On behalf of _____ [PRINT OR TYPE FULL ORGANIZATION NAME], I, _____ [PRINT OR TYPE FULL NAME], am a _____ who is employed by _____ [PRINT OR TYPE FULL ADDRESS], and declare under penalty of perjury under the laws of the State of Washington that I have read in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by the King County Superior Court, State of Washington, in the case, *State of Washington v. The Kroger, Co., et al.*, No. 24-2-00977-9 SEA. I further certify that I am an attorney representing the organization named above, or an authorized representative of such organization, and that I have full authority to execute this document.

I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not Disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Superior Court of Washington in and for King County, for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this Action.

Date:                                          Printed Name:

_____     _____

_____     _____
City, State                                    Signature

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**EXHIBIT B**

IN-HOUSE LITIGATION COUNSEL

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [PRINT OR TYPE FULL NAME], am a

_____ who is employed by

_____[PRINT OR TYPE FULL ADDRESS],

and declare under penalty of perjury under the laws of the State of Washington that I have read

in its entirety and understand the Stipulated Protective Order (the "Order") that was issued by

the King County Superior Court, State of Washington, in the case, *State of Washington v. The*

*Kroger, Co., et al.*, No. 24-2-00977-9 SEA.

I agree to comply with and to be bound by all the terms of the Order, agree that I meet

the requirements of Paragraph 16 of the Order, and agree to use the information provided to me

only as explicitly provided in this Order.

I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not Disclose in any

manner any information or item that is subject to the Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Superior Court of Washington in and

for King County, for the purpose of enforcing the terms of this Order, even if such enforcement

proceedings occur after termination of this Action.

Date:                                                Printed Name:

_____        _____

_____        _____
City, State                                          Signature

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    **DECLARATION OF SERVICE**

2           I declare that I caused a copy of the foregoing document to be electronically served using

3    the Court's Electronic Filing System, which will serve a copy of this document upon all counsel

4    of record, and via electronic mail.

5           DATED this 13th day of March 2024 in Seattle, Washington.

6                                                          *s/ Amy N.L Hanson*
                                                           AMY N. L. HANSON, WSBA No. 28589
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
Antitrust Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

# King County Superior Court
## Judicial Electronic Signature Page

Case Number:     24-2-00977-9

Case Title:      STATE OF WASHINGTON VS KROGER CO ET AL

Document Title:  ORDER  RE AMENDED PROTECTIVE ORDER

Signed By:       Marshall Ferguson

Date:            March 15, 2024

_____

Judge：Marshall Ferguson

This document is signed in accordance with the provisions in GR 30.

Certificate Hash:            A4ABB09C7C1D81F742E845B69E1C4CD6FEAA5E8C

Certificate effective date:  7/17/2023 2:21:34 PM

Certificate expiry date:     7/17/2028 2:21:34 PM

Certificate Issued by:       C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA,
                             O=KCDJA, CN="Marshall Ferguson:
                             8skMktsk7hG1yuM6zbJ6iw=="