Barrett J. Anderson, CA Bar # 318539
Susan A. Musser, DC Bar # 1531486
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Tel: (202) 326-2237
Tel: (202) 326-2122
*banderson1@ftc.gov; smusser@ftc.gov*

Attorneys for Plaintiff Federal Trade Commission

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, <br><br>Plaintiffs, <br><br>v. <br><br>THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., <br><br>Defendants. | Case No.: 3:24-cv-00347-AN <br><br><br>**PLAINTIFFS' BRIEF REGARDING POST-HEARING EXHIBITS** |

Pursuant to the Parties' stipulation and this Court's order, Plaintiffs offer an additional 119 exhibits ("Post-Hearing Exhibits" or "Exhibits") in support of Plaintiffs' Proposed Findings of Fact.  Stipulation and Order Regarding the Scope of the Record ("the Stipulation") ECF No. 421 ¶ 3(iii).  These Exhibits—which are in the two lists that Plaintiffs submit with this brief—are either ordinary-course business records produced from the internal files of Defendants and their agents, or sections of deposition and investigational hearing transcripts ("Transcripts") of witnesses that, because of time and witness limitations, could not be called at the hearing.  The Court should reject Defendants' attempts to keep this small set of Exhibits out of the record.

## I. THE COURT SHOULD CONSIDER THE POST-HEARING EXHIBITS

In the Ninth Circuit, a district court adjudicating a preliminary injunction motion may consider a wide array of evidence, including "many exhibits, affidavits, declarations and factual allegations which have been submitted by the parties throughout the course of [a] litigation." *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) (affirming district court's reliance on such evidence to grant preliminary injunctions).  That is true even when the evidence may be inadmissible at a later trial in the same case.  *Id.*; *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial.").  The Post-Hearing Exhibits are thus *precisely* the sort of evidence the Ninth Circuit permits this Court to consider.

## II. THE STIPULATION (ECF NO. 421)

Prior to the hearing, the Parties briefed a dispute concerning the appropriate scope of the record before this Court.  "Plaintiffs propose[d] that the Court have access to the relevant materials from the administrative proceeding," ECF No. 274 at 1, and "Defendants instead proposed that the Court, as it would in any trial, consider the materials actually presented to it

during the three-week evidentiary hearing," ECF No. 276 at 3. The Parties then negotiated the Stipulation—entered by the Court on August 28, 2024—which "resolve[d] the Parties' dispute regarding the admissibility of the scope of the administrative record." ECF No. 421 at 2.

Under that compromise, "[f]ollowing the conclusion of the Evidentiary Hearing, each Party may seek to offer into evidence a reasonable number of exhibits in support of that Party's proposed findings of fact." *Id*. While Defendants reserved the right to raise certain objections, they expressly agreed that the Stipulation means "the parties will not object to the admission of post-trial exhibits solely on the ground that there is no sponsoring witness." Anderson Dec., Ex. A at 1. The Stipulation does not define what a "reasonable number" of Post-Hearing Exhibits would be. Rather, when Defendants proposed adding a 50-document limit, Plaintiffs declined because "setting an arbitrary number of exhibits did not make sense when the actual number would depend on what happened at the hearing and on what the parties believed would be necessary to support their post-hearing Findings of Fact." Anderson Dec., Ex. B at 12.

On September 24, 2024, Plaintiffs disclosed 146 Post-Hearing Exhibits. *Id.* at 15. Defendants did not disclose any of their own. Plaintiffs then narrowed their list to 119 Exhibits and Defendants lodged objections to 114, leaving five admissible without objection.

### III. THE POST-HEARING EXHIBITS ARE REASONABLE IN NUMBER

Defendants' first argument is that 114 Exhibits is not a "reasonable number" under the Stipulation. Not so. At the threshold, 114 is reasonable on its face; it is only about 3% of the 3,726 on Plaintiffs' initial administrative proceeding exhibit list. Nor can Defendants claim to be unfairly prejudiced by these Exhibits. *First*, Plaintiffs disclosed each of them in advance; Defendants have had ample notice of Plaintiffs' intent to rely on them. *Second*, the vast majority are Defendants' own documents, produced from their internal company files. *Third*, Defendants

had no issue reviewing or lodging objections to the Exhibits, and even rejected Plaintiffs' three repeated offers to grant them a short extension if needed. Anderson Dec., Ex. B at 9, 12, 18.

Defendants are also wrong to suggest that 114 is not "reasonable" simply because it slightly exceeds the number of Plaintiffs' exhibits admitted at the hearing. "Plaintiffs negotiated [the Stipulation] precisely because it would save the Court's and the parties' time and resources by allowing Plaintiffs to avoid the need to call witnesses to sponsor these post-trial exhibits at the hearing." *Id.* at 12. Had Defendants not agreed to it before the hearing, "Plaintiffs would have structured our case differently to gain admission of these documents." *Id.* The Court should reject Defendants' attempt to circumvent the Stipulation through a litany of baseless evidentiary objections submitted only after the hearing concluded.

And while Defendants assert that a "reasonable number" would be the same as the number of post-hearing exhibits in *FTC v. Novant Health, Inc.*, that case involved a $320 million local hospital merger, Complaint at 1, *FTC v. Novant Health, Inc.*, No. 5:24-cv-00028 (Jan. 25, 2024), ECF No. 1—not a $25 billion national grocery business merger. Proportionally, the transaction in this case is almost *100 times larger* than the *Novant* merger, making the relatively small number of Post-Hearing Exhibits in this case quite "reasonable" when compared to *Novant*. Moreover, the *Novant* court did not set a limit on how many post-hearing exhibits it would admit and ultimately admitted *every single one* of the 77 documents cited "in the FTC's post-trial briefing," which included 44 documents and 33 Transcript portions. Anderson Dec., Ex. C at 2. This Court should do the same here and admit all of the 114 Post-Hearing Exhibits.

### IV. THE COURT SHOULD OVERRULE THE SPONSORING-WITNESS OBJECTIONS

Defendants assert several objections that reduce to a single claim: that each of the disputed Exhibits should have been offered with a sponsoring witness—an objection Defendants

3
PLS.' BRIEF RE POST-HEARING EXHIBITS

expressly forfeited under the Stipulation.  For example, Defendants object that nearly 80 Exhibits have "[n]o percipient witness" to "provide foundation or context" and another 33 or so could have been offered with a "[p]ercipient witness" that would have "provide[d] foundation or context."[1]  Defendants' use of the term "percipient witness" is simply another way to say "sponsoring witness."  There can be no doubt these are the same objection; Defendants argued in their pretrial briefing that sponsoring witnesses are necessary to "contextualize and explain [exhibits] through direct and cross examination."  ECF No. 276 at 7.[2]  The Court should not permit Defendants to assert the sponsoring-witness objection under another name, especially when Plaintiffs relied on Defendants' word when deciding what evidence to offer at the hearing.

Even considered on its merits, Defendants' sponsoring-witness objection is nonsensical.  Plaintiffs cite each of the Post-Hearing Exhibits in easy-to-understand ways and in the context of supporting specific proposed Findings of Fact.  For example, over half of the Exhibits are additional examples of head-to-head competition, which directly rebut Defendants' pre-hearing argument that "[P]laintiffs rely overwhelmingly on cherry-picked documents."  ECF No. 234 at 36.  Defendants were free to offer post-hearing evidence to attempt to undermine this head-to-head competition, but (tellingly) chose not to do so.  Insofar as Defendants contend the Exhibits require further explanation, the objection goes to the weight of the evidence, not its admissibility.

V. **THE COURT SHOULD OVERRULE THE HEARSAY OBJECTIONS**

Defendants' only other category of objections—that approximately 26 Post-Hearing

---

[1] The number of documents in each category is approximate because Defendants declined to provide an updated objection list during the meet-and-confer process.

[2] Defendants' threadbare objections on vague grounds like "Relevance; Foundation; Prejudicial; Misleading" all rest on the same sponsoring-witness basis and should be overruled for the same reasons.  And "prejudicial" objections have little relevance in bench trials like this one.  *Mass Engineered Design, Inc. v. Planar Sys., Inc.*, 2018 WL 3323762, at *4 (D. Or. July 6, 2018).

4
PLS.' BRIEF RE POST-HEARING EXHIBITS

Exhibits are hearsay—is also easily rejected.  The Ninth Circuit explicitly permits the Court to "accept . . . hearsay for purposes of deciding whether to issue [a] preliminary injunction." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc).  Further, because this proceeding requires assessing Plaintiffs' likelihood of success on the merits of the underlying administrative proceeding—where hearsay is expressly admissible under the FTC's Rules of Practice for Administrative Proceedings, 16 C.F.R. § 3.43(b)—the Court should consider the same type of evidence that the administrative tribunal will be considering.

In any event, even if the hearsay rule applies, the Exhibits are still admissible.  For example, PX1409 and PX2271 are Defendants' ordinary-course documents, which are "presumed authentic and admissible" under Paragraph 33 of the Case Management and Scheduling Order, ECF No. 88 ¶ 33(a), are admissions by a party opponent under Federal Rule of Evidence 801(d)(2)(d), and are business records under Rule 803(6).  PX3471 was created by one of Defendants' consultants—one of their "agents"—and is admissible under Paragraph 33 and Rules 801(d)(2)(d) and 803(6).  DX2304, PX3406, PX3489, PX3517, PX3636, PX3775, PX3776, PX13036, PX13037, and PX13038 are third parties' ordinary-course records and admissible under Paragraph 33 and Rule 803(6).  The Transcripts—PX4029, PX4030, PX4062, PX4091, PX4101, PX4111, PX4112, PX4116, PX4134, PX4136, and PX4144—are admissible under Rule 807 because they are testimony subject to cross examination, are more probative than other evidence (given the 20-witness cap), and were disclosed by Plaintiffs before the hearing.[3]

---

[3] The Court may also find certain documents are not hearsay because they are not offered for the truth of the matter, but for other reasons: DX2304 (to show what C&S told the FTC about a prior divestiture); PX3406 and PX3636 (to show C&S was warned about weaknesses in the proposed divestiture); PX3775 and PX3776 (to show SoftBank's incentive or motive for investing in C&S); PX6166 (to contextualize Defendants' reliance on Nielsen market-share data); and PX13036, PX13037, and PX13038 (to show C&S executives' state of mind).

Dated: September 27, 2024

Respectfully submitted,

/s/ Barrett J. Anderson
Barrett J. Anderson, CA Bar # 318539
Susan A. Musser, DC Bar # 1531486


Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-2237
banderson1@ftc.gov
smusser@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

/s/ Robert A. Bernheim
Robert A. Bernheim, AZ Bar No. 024664
Jayme L. Weber, AZ Bar No. 032608
Vinny Venkat, AZ Bar No. 038587
Connor Nolan, AZ Bar No. 038088

Arizona Office of the Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004
Tel: (602) 542-5025
Robert.Bernheim@azag.gov
Jayme.Weber@azag.gov
Vinny.Venkat@azag.gov
Connor.Nolan@azag.gov

*Attorneys for Plaintiff State of Arizona*

|  /s/ Nicole Gordon |
| --- |

Nicole Gordon, CA Bar No. 224138

State of California
California Department of Justice
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Tel: (415) 510-3458
Facsimile: (415) 703-5480
Nicole.Gordon@doj.ca.gov

*Attorneys for Plaintiff State of California*

8
PLS.' BRIEF RE POST-HEARING EXHIBITS

/s/ C. William Margrabe
C. William Margrabe, DC Bar No. 90013916

Office of the Attorney General for the District of Columbia
400 6th Street, NW, 10th Floor
Washington, DC 20001
Tel: (202) 727-3400
Will.Margrabe@dc.gov

*Attorney for Plaintiff District of Columbia*

          /s/ Brian M. Yost
_____
Brian M. Yost, IL Bar No. 6334138
Paul J. Harper, IL Bar No. 6335001
Alice Riechers, IL Bar No. 6272933

Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
Tel: (872) 276-3598
Email: Brian.Yost@ilag.gov
Paul.Harper@ilag.gov
Alice.Riechers@ilag.gov

*Attorneys for Plaintiff State of Illinois*

        /s/ Schonette J. Walker
Schonette J. Walker, MD Bar No. 0512290008
Gary Honick, MD Bar No. 7806010078
Byron Warren, MD Bar No. 1612140330

Office of the Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
Tel: (410) 576-6470
swalker@oag.state.md.us
ghonick@oag.state.md.us
bwarren@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

/s/ Lucas J. Tucker
_____
Lucas J. Tucker, NV Bar No. 10252
Samantha B. Feeley, NV Bar No. 14034

Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701
Tel: (775) 684-1100
ltucker@ag.nv.gov
sfeeley@ag.nv.gov

*Attorneys for Plaintiff State of Nevada*

        /s/ Julie Ann Meade
------------------------------------
Julie Ann Meade, NM Bar No. 8143
Jeff Dan Herrera, NM Bar No. 154030

New Mexico Department of Justice
408 Galisteo St.
Santa Fe, NM 87504
Tel: (505) 717-3500
jmeade@nmag.gov
jherrera@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

/s/ Cheryl F. Hiemstra
_____
Cheryl F. Hiemstra, OSB#133857
Tim D. Nord, OSB#882800
Chris Kayser, OSB#984244

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
Tel: (503) 934-4400
Facsimile: (503) 378-5017
Cheryl.Hiemstra@doj.state.or.us
Tim.D.Nord@doj.state.or.us
cjkayser@lvklaw.com

*Attorneys for Plaintiff State of Oregon*

        /s/ William Young
William Young, WY Bar No. 8-6746

Office of the Wyoming Attorney General
109 State Capitol
Cheyenne, WY 82002
Tel: (307) 777-7847
William.Young@wyo.gov

*Attorney for Plaintiff State of Wyoming*