B. JOHN CASEY, Bar No. 120025
john.casey@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202.942.5000

MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
WEIL, GOTSHAL & MANGES LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000

*Attorneys for Defendant The Kroger Company*
(Additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, | Case No.: 3:24-cv-00347-AN |
| Plaintiffs, | |
| v. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST TO SUBMIT POST-HEARING EXHIBITS** |
| THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., | |
| Defendants. | |

Plaintiffs brought this case to seek the extraordinary remedy of a court order precluding two companies from consummating a corporate transaction.  Recognizing the gravity of this request, the Court made itself available to the parties for a three-week evidentiary hearing. Plaintiffs used that time to call 23 witnesses, cross-examine the 19 other witnesses, and move 111 exhibits into evidence.  And Plaintiffs rested with nearly 6 hours of trial time unused.

Defendants are confident in their case based on the trial record.  In contrast, Plaintiffs now seek to admit into evidence ***119 new exhibits***—more than Plaintiffs admitted during the entire hearing—presumably to try to "shore up" the evidentiary holes in their trial presentation. Defendants have reviewed every exhibit offered and consented to the admission of those exhibits for which the foundation is clear from the documents themselves.  Yet the vast majority of Plaintiffs' post-hearing exhibits are emails, informal messages, or deposition transcripts—which require context to properly understand.  That critical context is wholly lacking here because Plaintiffs strategically chose not to present these exhibits with any of the 42 witnesses at trial.

Federal courts hold trials for a reason.  They do not decide cases based on snippets of documents that have not been tested in the crucible of the adversarial process.  Admitting the disputed post-hearing exhibits would conflict with the parties' stipulation, case law, and common sense.  It would also prejudice Defendants.  None of the disputed exhibits should be admitted.

## BACKGROUND

Before trial, the parties disputed whether the Court should consider only the evidence admitted at trial (*i.e.*, the usual course in civil litigation) or new evidence submitted for the first time post-trial.  Dkts. 274 & 276.  To avoid burdening the Court with this dispute, the parties stipulated that each could "***seek to offer*** into evidence a ***reasonable number*** of exhibits in support of that Party's proposed findings of fact," while "retain[ing] all rights to object to the admission

of any Post-Hearing Exhibits." Dkt. 421 (emphasis added). Defendants agreed they would "not object to the admission of post-trial exhibits solely" due to "no sponsoring witness," but expressly "reserve[d] the right to object to the admissibility of post-trial exhibits on any other grounds, including that a document lacks context, probative value, and is unduly prejudicial and misleading because—among other things—it could have been but was not shown to a witness." Ex. B.

Defendants do not seek to admit *any* post-hearing exhibits. Plaintiffs seek to admit *119* post-hearing exhibits; Defendants' tailored objections to 114 of them are identified in **Exhibit A**.

**ARGUMENT**

## I. Plaintiffs Seek to Admit an Unreasonable Number of Post-Hearing Exhibits

Defendants agreed that Plaintiffs could *seek* to admit a "*reasonable* number of" post-hearing exhibits. Dkt. 421. Plaintiffs have pointed to the *Novant* court's allowance of 44 post-hearing exhibits and certain portions of deposition transcripts as justification for their request. But the FTC had much less time to put on their case in *Novant* (the trial lasted only 7 days), justifying a larger number of post-trial exhibits. Yet here, Plaintiffs seek to admit 119 post-hearing exhibits—more than the 111 exhibits they admitted during the evidentiary hearing and nearly triple the number of post-hearing exhibits admitted in *Novant*. It is not reasonable for Plaintiffs to move to admit after the hearing more evidence than they successfully introduced during the hearing, especially given the amount of time the Court provided to try this case. The "reasonable" qualifier in the stipulation was intended to permit a small number of "gap filler" exhibits to potentially be admitted—not authorize a document dump that significantly expands the trial record.

## II. Plaintiffs' Post-Hearing Exhibits Lack Context and Are Misleading and Prejudicial

The document categories Plaintiffs seek to admit lack context and are misleading.

**Deposition and investigational hearing transcripts**.  Plaintiffs seek to admit portions of **12** transcripts from depositions or pre-suit investigational hearings.  These are inadmissible hearsay, and even if they were not, admitting isolated portions of transcripts hand-picked by Plaintiffs—**with no counter-designations from the Defendants**—would be highly prejudicial and misleading, preventing the Court from seeing the full context of this testimony developed through the adversarial process.  The prejudice is heightened for a trial witness, Eric Winn, who Plaintiffs could have asked the same questions before the fact-finder.  Plaintiffs should not get a "re-do" of their trial exam by admitting a deposition transcript, and certainly not through the vehicle of hearsay.  No additional testimonial evidence should be admitted.

**Emails and other messages**.  Most of Plaintiffs' post-hearing documentary exhibits are emails and other informal messages.  Because they were not addressed (and subject to cross-examination) at trial, these messages lack any context and are thus prejudicial and misleading. Plaintiffs will offer attorney arguments on what they believe the messages mean, but that is not a reliable method of fact-finding.  There are gamesmanship concerns too, as Plaintiffs "sat on" exhibits during trial examinations—to prevent witnesses from providing context that runs contrary to Plaintiffs' arguments—only to submit those exhibits post-trial without this critical context.

**Historic documents**.  Plaintiffs cite years-old documents.  But Plaintiffs cannot show historic materials are probative of current market conditions without witness contextualization.

For all of these documents, the prejudice to Defendants from admitting them is heightened given the Court's sustainment of objections during trial.  *See* Tr. 658: 2–7 (sustaining objection to a document the witness "ha[d] seen" but "didn't create"); *see also* Tr. 2960:6-11 (Plaintiffs stating they preserved "objections to the document as used with the witness").  It would be unfair to admit documents *after* trial when the Court may have sustained objections to their admission *during* trial.

### III.    Plaintiffs' Approach Conflicts with Recent Cases

Plaintiffs' approach conflicts with other cases.   In *FTC v. Novant Health, Inc*., the court admitted 44 exhibits cited in post-trial findings of fact but *excluded* thousands of pages of transcripts.  5:24-cv-28, ECF No. 186 (W.D.N.C., Apr. 24, 2024).   Other courts have similarly ruled.  *FTC v. Thomas Jefferson University*, No. 20-cv-1113 (E.D. Pa. Oct. 12, 2020) (admitting 25 post-hearing exhibits); *U.S. v. AT&T, Inc*., 310 F. Supp. 3d 161 (D.D.C. 2018) (similar).

### IV.    Plaintiffs' Counterarguments Fail

Plaintiffs raise a number of additional counterarguments, but each fails.

- Plaintiffs say the post-hearing exhibits could be admitted in the Part 3 proceeding.  But *no exhibits* have been admitted in Part 3—which is recessed until "after the final resolution of the federal proceeding."  Ex. C.  If Part 3 occurs, the parties can test exhibits through the adversarial process there.

- Plaintiffs argue that deposition transcripts are admissible under FRE 807 but cannot show (a) "sufficient guarantees of trustworthiness" because the deposition excerpts are cherry-picked, or (b) that the evidence is "more probative" of evidence that "could be obtained through reasonable efforts" (*e.g.*, citing the actual trial record, or calling these witnesses live).  FRE 807(a)(1)–(2).  Nor can Plaintiffs satisfy the notice requirement in FRE 807(b).

- Plaintiffs "alternatively" seek to admit documents not for the truth of the matter asserted, but Plaintiffs cannot provide the foundation for state of mind or the effect on the listener without asking a witness—attorney speculation is not sufficient.

- Plaintiffs say the CMO renders all post-hearing exhibits admissible.  But the CMO creates only a *presumption* of authenticity and admissibility, which "no longer appl[ies]" after the service of written objections—which occurred here.  *See* Dkt. 88, ¶ 33; Ex. A.

- Plaintiffs say that documents from third parties—consultants and bankers—fall under FRE 801(d)(2)(d)'s hearsay exception because they are "made by the party's agent."  But Plaintiffs cannot lay any foundation for this exception to apply.

- Plaintiffs say that documents from third parties are business records under FRE 803(6), but Plaintiffs have not laid foundation to establish this on the current record.

- Plaintiffs say they structured their case assuming they could move to admit post-hearing exhibits.  But Plaintiffs knew that Defendants could object to those exhibits, yet Plaintiffs rested with nearly 6 hours of unused time.  Plaintiffs must live with their strategic decision to apparently "hold back" at trial many exhibits on which they intended to later rely.

DATED: September 27, 2024

Respectfully submitted:

ANGELI LAW GROUP LLC

STOEL RIVES LLP

*/s/ David H. Angeli*
DAVID H. ANGELI, Bar No. 020244
david@angelilaw.com
PETER D. HAWKES, Bar No. 071986
peter@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: 503.954.2232

*/s/ B. John Casey*
B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

AND

AND

WILLIAMS & CONNOLLY LLP

ARNOLD & PORTER KAYE SCHOLER LLP

ENU A. MAINIGI (*Pro Hac Vice*)
emainigi@wc.com
JONATHAN B. PITT (*Pro Hac Vice*)
jpitt@wc.com
A. JOSHUA PODOLL (*Pro Hac Vice*)
apodoll@wc.com
THOMAS W. RYAN (*Pro Hac Vice*)
tryan@wc.com
TYLER INFINGER(*Pro Hac Vice*)
tinfinger@wc.com
WILLIAM ASHWORTH (*Pro Hac Vice*)
washworth@wc.com
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5000

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
SONIA K. PFAFFENROTH (*Pro Hac Vice*)
sonia.pfaffenroth@arnoldporter.com
JOSHUA M. DAVIS (*Pro Hac Vice*)
joshua.davis@arnoldporter.com
KOLYA D. GLICK (*Pro Hac Vice*)
kolya.glick@arnoldporter.com
JASON C. EWART (*Pro Hac Vice*)
jason.ewart@arnoldporter.com
MICHAEL E. KIENTZLE (*Pro Hac Vice*)
michael.kientzle@arnoldporter.com
DAVID B. BERGMAN (*Pro Hac Vice*)
david.bergman@arnoldporter.com
MICHAEL L. WALDEN (*Pro Hac Vice*)
mike.walden@arnoldporter.com
YASMINE L. HARIK (*Pro Hac Vice*)
yasmine.harik@arnoldporter.com
ALLISON GARDNER (*Pro Hac Vice*)
allison.gardner@arnoldporter.com

AND

DECHERT LLP

JAMES A. FISHKIN (*Pro Hac Vice*)
james.fishkin@dechert.com
MICHAEL COWIE (*Pro Hac Vice*)
mike.cowie@dechert.com
ELENA KAMENIR (*Pro Hac Vice*)
elena.kamenir@dechert.com
1900 K Street NW
Washington, DC 20006
Telephone: 202.261.3300

HOWARD. M. ULLMAN (*Pro Hac Vice*)
howard.ullman@dechert.com
45 Fremont St, 26th Floor
San Francisco, CA 94105
Telephone: 415.262.4500

ROSS UFBERG (*Pro Hac Vice*)
ross.ufberg@dechert.com
YOSEF WEITZMAN (*Pro Hac Vice*)
yosi.weitzman@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: 215.994.2422

*Attorneys for Defendant Albertsons Companies, Inc.*

BARBARA H. WOOTTON (*Pro Hac Vice*)
barbara.wootton@arnoldporter.com
CHRISTIAN SCHULTZ (*Pro Hac Vice*)
christian.schultz@arnoldporter.com
DAVID EMANUELSON (*Pro Hac Vice*)
david.emanuelson@arnoldporter.com
MEI-WAH LEE (*Pro Hac Vice*)
mei-wah.lee@arnoldporter.com
WILSON DELOSS MUDGE (*Pro Hac Vice*)
wilson.mudge@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC  20001
Telephone:  202.942.5000

JOHN A. HOLLER (*Pro Hac Vice*)
john.holler@arnoldporter.com
250 W 55th Street
New York, NY 10019
Telephone: 212.836.8000

BRIAN K. CONDON (*Pro Hac Vice*)
brian.condon@arnoldporter.com
777 S. Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone: 213.243.4000

JEREMY T. KAMRAS (*Pro Hac Vice*)
jeremy.kamras@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111
Telephone:  415.471.3100

AND

WEIL, GOTSHAL & MANGES LLP
MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com
700 Louisiana Street, Suite 3700
Houston, TX 77002
Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650.802.3000

THOMAS B. FIASCONE (*Pro Hac Vice*)
tom.fiascone@weil.com
REBECCA SIVITZ (*Pro Hac Vice*)
rebecca.sivitz@weil.com
100 Federal Street, Floor 34
Boston, MA  02110
Telephone:  617.722.8314

*Attorneys for Defendant The Kroger Company*