| | |
|---|---|
| **From:** | Anderson, Barrett |
| **To:** | Sullivan, Luke; Podoll, A. Joshua |
| **Cc:** | sonia.pfaffenroth@arnoldporter.com; Ryan, Thomas; Stewart, Beth; Rothman, Harris; Musser, Susan; Brenner, Nathan |
| **Subject:** | RE: Following up |
| **Date:** | Thursday, August 29, 2024 3:09:38 PM |
| **Attachments:** | image001.jpg |

Luke:

Thank you for your response.  We are fine with this understanding of the stipulation.

Barrett

---

**From:** Sullivan, Luke <Luke.Sullivan@weil.com>
**Sent:** Wednesday, August 28, 2024 11:13 PM
**To:** Anderson, Barrett <banderson1@ftc.gov>; Podoll, A. Joshua <APodoll@wc.com>
**Cc:** sonia.pfaffenroth@arnoldporter.com; Ryan, Thomas <TRyan@wc.com>; Stewart, Beth <BStewart@wc.com>; Rothman, Harris <hrothman@ftc.gov>; Musser, Susan <smusser@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>
**Subject:** RE: Following up

Barrett –

Thank you.  We agree that, pursuant to the stipulation the parties agreed to and the court has now entered regarding the potential admission of exhibits after trial, the parties will not object to the admission of post-trial exhibits solely on the ground that there is no sponsoring witness.

We do, however, reserve the right to object to the admissibility of post-trial exhibits on any other grounds, including that a document lacks context, probative value, and is unduly prejudicial and misleading because—among other things—it could have been but was not shown to a witness.  This is not "asserting a sponsoring-witness requirement by another name" because the parties have agreed to not object to the post-trial admission of evidence through the process laid out in the stipulation solely on the ground that there is no sponsoring witness

We believe the parties share this understanding and we have reached agreement on this issue.  If that is incorrect, please let us know.

Best,
Luke



Luke Sullivan

Weil, Gotshal & Manges LLP
2001 M Street NW, Suite 600

Washington, DC 20036
Luke.Sullivan@weil.com
+1 202 682 7006 Direct
+1 202 857 0940 Fax

---

**From:** Anderson, Barrett <banderson1@ftc.gov>
**Sent:** Wednesday, August 28, 2024 8:18 AM
**To:** Podoll, A. Joshua <APodoll@wc.com>
**Cc:** Sullivan, Luke <Luke.Sullivan@weil.com>; sonia.pfaffenroth@arnoldporter.com; Ryan, Thomas <TRyan@wc.com>; Stewart, Beth <BStewart@wc.com>; Rothman, Harris <hrothman@ftc.gov>; Musser, Susan <smusser@ftc.gov>; Brenner, Nathan <nbrenner@ftc.gov>
**Subject:** RE: Following up

Josh:

We appreciate your agreement that, under the terms of the parties' as-filed stipulation, Defendants will not object to exhibits during the post-trial process solely on the ground that there is no sponsoring witness for the exhibit.

With respect to the admissibility objections that Defendants purport to reserve, we are fine with Defendants asserting arguments about the context of specific exhibits, although we of course reserve our rights to oppose those arguments, including that they go to weight and not admissibility.

But to clarify on the last phrase in the last paragraph of your email—"could have been but were not shown to witnesses who did testify"—we interpret that to mean Defendants would only argue a witness could have provided additional context for the exhibit (which, again, we would argue go to the *weight* of the exhibit), but NOT argue that an exhibit was *required* to have been sponsored by that witness to be admissible. Otherwise, such an argument would simply be asserting a sponsoring-witness requirement by another name, and thus we could not agree to it.

Further, if Defendants insist on asserting any form of sponsoring-witness objection, Plaintiffs reserve the right to re-call Defendants' executives and other employees in order to offer the objected-to exhibits.

Please let us know ASAP if Defendants agree with the above. We'd also request that Kroger's counsel confirm in writing.

Barrett

---

**From:** Podoll, A. Joshua <APodoll@wc.com>
**Sent:** Tuesday, August 27, 2024 11:58 PM
**To:** Anderson, Barrett <banderson1@ftc.gov>; Rothman, Harris <hrothman@ftc.gov>
**Cc:** 'Sullivan, Luke' <Luke.Sullivan@weil.com>; 'Pfaffenroth, Sonia Kuester' <Sonia.Pfaffenroth@arnoldporter.com>; Ryan, Thomas <TRyan@wc.com>; Stewart, Beth

<BStewart@wc.com>
**Subject:** RE: Following up

Barrett –

We're following up on the stipulation the parties entered earlier this week concerning a post-trial process for seeking to offer exhibits in evidence. While we believe that the stipulation is clear on its face, we confirm that we will not object to exhibits offered after trial pursuant to the post-trial process described in the stipulation solely on the ground that there is no sponsoring witness for the exhibit.

We do, however, reserve the right to make all other objections to the admission of post-hearing exhibits including, without limitation, objections that the exhibits lack necessary context, raise issues that never were addressed during the hearing, and could have been but were not shown to witnesses who did testify.

Best,
Josh

**Josh Podoll**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
(P) 202-434-5092 | (F) 202-434-5029
apodoll@wc.com | www.wc.com/ajoshuapodoll

---

**From:** Podoll, A. Joshua
**Sent:** Wednesday, August 28, 2024 1:37 AM
**To:** Anderson, Barrett <banderson1@ftc.gov>; Rothman, Harris <hrothman@ftc.gov>
**Cc:** 'Sullivan, Luke' <Luke.Sullivan@weil.com>; Pfaffenroth, Sonia Kuester <Sonia.Pfaffenroth@arnoldporter.com>; Ryan, Thomas <TRyan@wc.com>; Stewart, Beth <BStewart@wc.com>
**Subject:** Following up

Barrett & Harris – we haven't lost the thread on our conversation this evening. We're working on something that we expect will address the issue we discussed. Let's plan to talk before Court at 8:30 and see where we are.

Josh

**Josh Podoll**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
(P) 202-434-5092 | (F) 202-434-5029
apodoll@wc.com | www.wc.com/ajoshuapodoll

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.