UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING,

         Plaintiffs,

   v.

THE KROGER COMPANY and ALBERTSONS COMPANIES, INC.,

         Defendants.

Case No.: 3:24-cv-00347-AN

## DECLARATION OF YAEL COSSET

I, Yael Cosset, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

     1.     I submit this declaration in support of Kroger's Motion to Seal Post-Trial Filings.

     2.     I am Kroger's Senior Vice President and Chief Information Officer. I have served in this role since 2015. I lead technology and digital capabilities for Kroger, redefining the customer experience through our seamless ecosystem, and making the lives of our associates easier through innovative and intuitive data and technology enabled solutions. I work closely with senior business stakeholders to establish innovative and reliable technology platforms that allow Kroger

to continually transform and adapt to a rapidly changing food and retail landscape.  I also lead our Alternative Profit portfolio of businesses, including insight and media focused subsidiary 84.51˚ and our financial services entity Kroger Personal Finance.  Finally, I was the chief business negotiator for Kroger in working with C&S (and Albertsons) to reach agreement on the expanded divestiture package that was executed on April 22, 2024.

3.      Prior to my current position, I served as the Group Vice President and Chief Digital Officer, where I led the company's overall digital growth strategy, e-commerce expansion and Vitacost business.  I was responsible for shaping the technology and digital landscape at Kroger.  I also served as Chief Commercial Officer and Chief Information Officer of 84.51°.

4.      As a senior executive at Kroger, I have a broad overview of Kroger's business and of the competitively sensitive nature of certain Kroger information, including related to Kroger's business strategy, pricing strategy, financial management, labor relations strategy, and analysis related to the divestiture, including with respect to efficiencies.

5.      I understand that Kroger is moving to seal or redact information contained in post-trial filings that discuss, in whole or part, the categories of information below.

A.  **Non-public financial information (this information may also be "forward-looking").**  This includes information such as presentations on business strategy given to Kroger's Board of Directors, financial information for specific Kroger stores, notes from Finance Committee meetings, and internal communications analyzing non-public financial information.

B.  **Information reflecting pricing and marketing strategy.** This includes internal business analysis and presentations, including presentations given to Kroger's Board of Directors and other senior business executives, as well as directives and policy guidance on pricing to division leaders.  It also includes information on the cost-side relative to business with suppliers and margin analysis.

C.  **Information reflecting integration planning and efficiencies (this information may also be "forward-looking").** This includes information related to Kroger's planning for a combined company with Albertsons, including with respect to personnel, business systems, financial integration, and other considerations. It includes financial analysis regarding efficiencies from the transaction, which

includes sensitive and non-public financial figures.  It is also includes deliverables provided to Kroger from consultants such as BCG, including proprietary data and benchmarks, analytical methods, and integration management processes, as well as Kroger proprietary data and projections.

**D. Information reflecting divestiture and regulatory strategy.** This includes information such as Kroger's assessment of divestiture buyers, including non-public financial information about them, NDA protected offer materials, and divestiture terms about going forward operations.

**E. Other non-public competitively sensitive information.** This includes information such as emails from Kroger executives detailing business strategy and Kroger's labor relations strategy, including its negotiations with unions and employment packages it is considering offering to employees, and nonpublic real estate and other business opportunities.

6.    The public disclosure of each of these categories of information could cause material commercial harm to Kroger.  For example:

a.    Presentations to Kroger's Board of Directors analyze Kroger's forward-looking business strategy; if publicly disclosed, competitors could copy that strategy, undercutting Kroger's competitive standing in the market.

b.    The public disclosure of intimate details about Kroger's pricing strategy and policies could enable Kroger's competitors to copy or undercut that policy, thus materially harming Kroger.

c.    The public disclosure of materials describing Kroger's labor relations strategy could materially harm Kroger by undercutting its position in labor negotiations, including by revealing Kroger's internal assessment of likely negotiation outcomes or negotiation strategies.

d.    The public disclosure of certain financial information in connection with Kroger's assessment of efficiencies would disclose non-public financial information about Kroger and also reveal granular information

about Kroger's forward looking business plans, which competitors could leverage for a competitive advantage.

e.   The public disclosure of information related to integration planning if the proposed transaction is consummated, or the transition services that will be provided under the amended divestiture package, would reveal non-public information about Kroger's business strategy; this would materially harm Kroger by providing competitors insight into its strategic plans and strategy.

*        *        *

I declare that the foregoing is true and correct to the best of my knowledge, information, and belief.

October 7, 2024

Cincinnati, Ohio

_____
Yael Cosset

4