Christopher J. Pallanch, OSB No. 075864
  Direct:  503.802.2104
  Email:  christopher.pallanch@tonkon.com
TONKON TORP LLP
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Facsimile:  503.274.8779

Renata B. Hesse, *admitted pro hac vice*
   Email: hesser@sullcrom.com
Samantha Hynes, *admitted pro hac vice*
  Email: hyness@sullcrom.com
Daniel J. Richardson, *admitted pro hace vice*
  Email: richardsond@sullcrom.com
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W.
Washington, D.C.  20006-5215
Tel: (202) 956-7500

Steven L. Holley, *admitted pro hac vice*
  Email: holleys@sullcrom.com
SULLIVAN & CROMWELL LLP
125 Broad St
New York, NY 10004
Tel: (212) 558-4737

    *C&S Wholesale Grocers, LLC*

1

DECLARATION OF ERIC WINN IN SUPPORT OF C&S WHOLESALE
GROCERS, LLC'S MOTION TO SEAL CONFIDENTIAL BUSINESS RECORDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF ARIZONA,<br>STATE OF CALIFORNIA,<br>DISTRICT OF COLUMBIA,<br>STATE OF ILLINOIS,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>STATE OF NEW MEXICO,<br>STATE OF OREGON, and<br>STATE OF WYOMING,<br><br>Plaintiffs,<br><br>v.<br><br>THE KROGER COMPANY and<br>ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No. 3:24-cv-000347-AN<br><br>**DECLARATION OF ERIC WINN IN SUPPORT OF C&S WHOLESALE GROCERS, LLC'S MOTION TO SEAL POST-TRIAL FILINGS** |

I, Eric Winn, state as follows:

1. I am the Chief Executive Officer of C&S Wholesale Grocers, LLC ("C&S"). I submit this Declaration in support of C&S's Motion To Seal Post-Trial Filings. I submit this Declaration solely for the limited purpose of providing factual information regarding the nature of the confidential and internal C&S business information that C&S seeks to maintain under seal in Plaintiffs' Post-Hearing Brief, Proposed Findings of Fact, and Proposed Conclusions of Law (ECF No. 481 (sealed); ECF No. 488 (redacted)) and Defendants' Proposed Findings of Fact and Conclusions of Law (ECF No. 480 (sealed); ECF No. 483 (redacted)) (collectively,

"Post-Trial Briefs"), as well as C&S's efforts to protect the confidentiality of such information.

2.      C&S was founded in 1918 and since then has become and remains an industry leader in wholesale grocery supply.  In recent years, C&S has expanded its retail grocery operations, running its own grocery stores and servicing independent store owners and franchisees as part of its strategic objective to become a leading grocery retailer.  Accordingly, C&S has many competitors in the retail grocery industry.

3.      C&S has invested thousands of hours and considerable resources, including hiring numerous expert consultants, to formulate its retail business plans and strategies for the proposed divestiture package it is seeking to acquire in connection with Kroger's planned acquisition of Albertsons—which is the subject of this litigation.  C&S's plans and strategies are based on its unique experience as a wholesaler and retailer, and the considerable investment it has made in the divestiture transaction.  Those business plans and strategies are key to C&S's success in the retail grocery market.

4.      I understand that, on September 27, 2024, the parties in this case filed under seal their Post-Trial Briefs, which contain confidential C&S information.  I further understand that Defendants filed a redacted version of their Proposed Findings of Fact and Conclusions of Law that same day (ECF No. 483), while Plaintiffs filed a redacted version of their Post-Hearing Brief, Proposed Findings of Fact, and Proposed Conclusions of Law on October 2, 2024 (ECF No. 488).  I

3
DECLARATION OF ERIC WINN IN SUPPORT OF C&S WHOLESALE
GROCERS, LLC'S MOTION TO SEAL CONFIDENTIAL BUSINESS RECORDS

understand that Plaintiffs redacted in whole or in part the following paragraphs of their filing that contain confidential C&S information: 114, 117, 120, 124, 128, 129, 132, 133, 134, 136, 137, 138, 140, 144, and 147 ("Plaintiffs' C&S-Related Redactions"). I also understand that Defendants redacted in whole or in part the following paragraphs of their filing that contain confidential C&S information: 11, 92, 99, 100, 101, 110, 117, 289, 292, and 294 ("Defendants' C&S-Related Redactions"). In addition to those redactions, I also understand that Paragraph 137 of Plaintiffs' Post-Hearing Brief, Proposed Findings of Fact, and Proposed Conclusions of Law contains confidential information that was not redacted by Plaintiff. That confidential information is identified in the attachment to C&S's Motion to Seal Post-Trial Filings.

5.  C&S's practice is to protect and keep confidential its detailed business plans and strategies, which give C&S a competitive advantage over other wholesale and retail grocery competitors. With respect to information contained in Plaintiffs' C&S-Related Redactions, Defendants' C&S-Related Redactions, and the additional proposed redaction in paragraph 137, C&S has taken steps to protect the information from public view, and from being viewed by persons within C&S who do not need access to such information. For example, C&S keeps confidential documents on a secure document management system. In order for employees to access documents in the database, they must have the correct IT access permissions.

/ / /

6.    Disclosure of the information sought to be redacted here would allow C&S's competitors to learn about C&S's confidential business plans and strategies. Redacting the information would prevent these harms.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of October, 2024.

By:    */s/ Eric Winn*

Eric Winn,
CEO, C&S Wholesale Grocers, LLC