David H. Angeli, Bar No. 020244
david@angelilaw.com
Peter D. Hawkes, Bar No. 071986
peter@angelilaw.com
121 SW Morrison Street, Suite 400
Portland, OR 97204
Telephone: 503.954.2232

Enu Mainigi
Jonathan B. Pitt
A. Joshua Podoll
Beth A. Stewart
William Ashworth
Telephone:   (202) 434-5000
Facsimile:   (202) 434-5029
Attorneys for Defendant Albertsons Companies, Inc.
(Additional Counsel on Signature Page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYALND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, AND STATE OF WYOMING,**<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>**THE KROGER COMPANY AND ALBERTSONS COMPANIES, INC.,**<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:24-cv-00347<br><br>**ALBERTSONS' COMPANIES, INC.'S MOTION TO SEAL CERTAIN EXHIBITS AND PORTIONS OF PLAINTIFFS' FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

**LR 7-1 CERTIFICATION**

In compliance with LR 7-1 and paragraph vii of the Order Regarding Sealing Evidentiary Hearing Exhibits (ECF No. 263), the parties met and conferred on October 7, 2024, and Plaintiffs take no position on this motion.

**MOTION**

Pursuant to the Court's August 15, 2024 Order Regarding Sealing Evidentiary Hearing Exhibits (ECF No. 263), Defendant Albertsons Companies, Inc. ("Albertsons") respectfully moves this Court for an order to seal portions of Plaintiffs' Proposed Findings of Fact and Conclusions of Law citing, quoting, or relying on exhibits Plaintiffs sought to introduce after the conclusion of the evidentiary hearing and that Albertsons has designated as highly confidential (the "Post-Hearing Exhibits").

Albertsons has designated the below highly confidential material found in the Post-Hearing Exhibits, along with the specific bases for sealing. The proposed sealing reflects Albertsons good faith efforts to seek sealing of only those documents or portions of documents that contain competitively sensitive information such that their public disclosure would cause injury to Albertsons.

**LEGAL MEMORANDUM**

**A.  This Court has Broad Discretion to Seal Exhibits and Briefing Containing Sensitive Business Information**

Courts recognize that the general public right of access to judicial proceedings is "not absolute." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597-98 (1978). Accordingly, this Court has broad discretion to prevent disclosure of materials for many types of information, including trade secrets, confidential research, or commercial information. *Phillips ex rel. Byrd v. General Motors Corp.*, 307 F.3d 1026, 1211 (9th Cir. 2002); *see also* Fed R. Civ. P. 26(c)(1)(G). This Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

A party moving to seal "judicial records" related to the merits of a case must demonstrate compelling reasons. *See Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). And compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files could become a "vehicle for improper purposes, such as the use of records to release trade secrets." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). In particular, "the common-law right of inspection has bowed before the power of a court to insure that its records are not used as sources of business information that might harm a litigant's competitive standing." *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. at 598 (alterations omitted)).

Courts in this Circuit regularly seal judicial records to protect confidential and competitively sensitive information from public disclosure. *See, e.g.*, *Charles v. Portfolio Recovery Assocs., LLC*, 654 F. Supp. 3d 1153, 1157 (D. Or. 2023) (sealing records where "disclosure . . . could allow defendant's competitors to undercut defendant in the marketplace."); *DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023) (sealing records where "disclosing that information would harm a designating party's competitive standing."). In particular, courts have found compelling reasons to seal records containing marketing strategies, pricing information, and business strategies. *See, e.g.*, *Snap Lock Indus., Inc. v. Swisstrax Corp.*, No. 2:17-CV-02742-RFB-BNW, 2021 WL 3082561, at *3 (D. Nev. July 21, 2021) (marketing strategies); *Bloom Energy Corp. v. Badger*, No. 21-cv-02154-PJH, 2021 WL 4079208, at *14 (N.D. Cal. Sept. 8, 2021) (pricing information); *Nia v. Bank of Am. N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659, at *3 (S.D. Cal. Jan. 12, 2024) (business strategies).

Whether a document is a "judicial record" depends on "the role the document plays in the adjudicatory process." *United States v. El-Sayegh*, 131 F.3d 158, 163 (D.C. Cir. 1997); *accord Kamakana*, 447 F.3d at 1179 (explaining "the public has less of a need for access to court records" that are "unrelated, or only tangentially related, to the underlying cause of action."). Documents that play "only a negligible role in the performance" of the Court's duties "lie beyond the

presumption" of public access, *Ctr. For Auto Safety*, 809 F.3d at 1099-1101 (collecting cases), and thus when seeking to seal material unrelated to the "merits of a case," the moving party need only show "good cause," *id*. at 1097.

### B. Sealing Portions of Plaintiffs' Briefing is Necessary to Protect Albertsons' Confidential and Competitively Sensitive Business Information

Albertsons seeks to seal the portions of the Plaintiffs' briefing that contain highly confidential, competitively sensitive information. Albertsons has made substantial efforts to comply with the Court's instruction to narrowly tailor motions to seal, particularly by proposing to use redacted, public versions of exhibits. At trial, Albertsons and Plaintiffs met and conferred and agreed to impose narrow redactions and sealing to protect Albertsons' highly-confidential and competitively sensitive information while also permitting the parties to try this case in open court. In their post-hearing briefing, Plaintiffs cited to numerous Albertsons documents that were were not introduced into evidence during the hearing, and for which Albertsons has not yet proposed redactions or sealing. *See generally* Plaintiffs' Br. Regarding Post-Hearing Exs. (ECF No. 484) (seeking to admit into evidence 119 new exhibits not used at trial); *see also* Defs'. Response to Plaintiffs' Request to Submit Post-Hearing Exs. (ECF No. 486).

This Court's August 15, 2024 Order Regarding Sealing Evidentiary Hearing Exhibits provides that:

> For any exhibits with confidentiality designations not previously resolved under the procedure for use in the courtroom, to the extent those exhibits are cited in the parties' post-hearing findings of fact and conclusions of law, the parties shall provide notice to any designating party or nonparty . . . [who] must then file a motion to seal.

Order Regarding Sealing Evidentiary Hearing Exhibits, at ¶ viii, ECF No. 263 (Aug. 15, 2024) (the "Sealing Order"). Accordingly, pursuant to the Sealing Order, Albertsons seeks to seal information in Plaintiffs' post-hearing briefing, including Plaintiffs' Proposed Findings of Fact and Conclusions of Law, that reference, quote, or rely on information from confidential and highly-confidential exhibits that were not introduced at trial and for which the parties have not agreed to seal, in whole or in part.

Albertsons has compelling reasons to seek protection of this information. Antitrust cases—particularly those challenging mergers like this one—implicate an unusual degree of confidential and sensitive business information because how and with whom the parties compete is directly at issue. Public disclosure of the information at issue would harm Albertsons' competitive standing by providing its competitors with insight into Albertsons' confidential strategies, plans, analyses, and data across the below-mentioned categories. *See Vesta Corp. v. Amdocs Mgmt. Ltd.*, 312 F. Supp. 3d 966, 971 (D. Or. 2018).

Moreover, throughout the merger investigation and the litigation, the parties have made substantial efforts to keep this highly sensitive information—including some of the exact information at issue—confidential. With respect to litigation discovery and the Protective Order in this case, the FTC required that nobody at Albertsons or Kroger—including in-house litigation counsel without involvement in competitive decision-making—have access to highly confidential information. *See* ECF No. 97 at 7-9. Even within Kroger and Albertsons, access to competitively sensitive information that has been shared as part of integration and separation planning is restricted to segregated teams of employees referred to as "clean teams." This separation is legally required to ensure that, if the merger is enjoined or is not consummated, neither party can benefit from the confidential information exchanged in connection with the transaction. *See* 15 U.S.C. § 18a(a).

The information Albertsons seeks to seal or redact falls into the following categories, disclosure of which would cause injury to Albertsons:

- **Information reflecting pricing and pricing strategy** – material containing confidential information including internal analyses of Albertsons' pricing as compared to that of competitors, discussion of pricing plans, targets, and trends, promotional strategies, and pricing methods and tools. While public-facing prices are not confidential, information related to pricing and strategy warrants confidential treatment because competitors could use this information to combat Albertsons' strategy and protect their own sales and market share from changes Albertsons plans to implement. *See, e.g., VLSI Tech. LLC v. Intel*

*Corp.*, No. 17-CV-05671, 2023 WL 9187384, at *3 (N.D. Cal. Aug. 21, 2023) (finding compelling reasons to seal "product pricing and cost terms, and pricing analyses).

- **Information reflecting sales and marketing strategy** – material containing confidential information about Albertsons' marketing strategies and priorities, including underlying data and research that supports such strategies, as well as marketing and advertising plans, including plans that are currently in effect today and will extend into the future. Competitors could use this information to enact their own marketing plants and counteract Albertsons' strategies, and thus to gain customers in specific areas in which Albertsons has focused on, thereby diminishing the impact of Albertsons' marketing efforts. *See, e.g. Snap Lock Indus., Inc.* No. 2:17-CV-02742, 2021 WL 3082561, at *3 (D. Nev. July 21, 2021) (sealing "advertising expenditures and marketing strategies").

- **Information reflecting competitive strategy** – material containing confidential information about Albertsons' competitive strategy, including confidential information about actual and anticipated competitive openings and events and their impacts on Albertsons' business, analysis of competitor operations and offerings, and analysis of customer behavior and trends. If competitors gained access to this information, they would be able to damage Albertsons' ability to address the competitive impacts of certain events on Albertsons' stores. Disclosure would therefore hamstring Albertsons' ability to compete in the market place and react appropriately to market events and activity. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing documents containing "discussions of business strategy and competitive analysis").

- **Information reflecting labor strategy** – material containing confidential information about Albertsons' employment and labor relations strategy, including information about union negotiation strategy and labor competition strategy, and Albertsons' internal strategies to compete for and retain talent. Disclosure of this information would allow Albertsons' competitors to interfere with its abilities to attract talent and negotiate

competitive bargaining agreements in a highly competitive labor market. Moreover, disclosure of internal communications regarding collective bargaining negotiations would give counterparties insights into Albertsons' negotiation priorities and strategies. *See, e.g.*, *Moussouris v. Microsoft Corp.*, No. 15-CV-1483, 2018 WL 1159251, at *11 (W.D. Wash. Feb. 16, 2018) (finding compelling reasons to seal "confidential human resources strategies," including information about initiatives that allowed defendant to "recruit top diverse talent in a highly competitive labor market.").

- **Non-public financial information** – This includes information such as financial information for specific Albertsons stores and internal communications discussing and analyzing non-public financial information. Public disclosure of this information would allow competitors to obtain an unfair advantage over Albertsons, undermine Albertsons' competitive strategies, and adjust their own budgetary assumptions to meet Albertsons' financial plans. *See, e.g.*, *Cox v. Roadrunner Intermodal Servs., LLC*, No. 1:17-CV-01207, 2019 WL 3202922, at *2 (E.D. Cal. July 16, 2019) ("Courts have found it appropriate to redact private financial information of competitive value.")

- **Information reflecting regulatory strategy** – This includes materials given to the FTC by Albertsons pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act, and information involving Albertsons' divestiture planning and preparation for regulatory approval of this merger. If this information were made public, competitors would gain insight into a wide range of confidential business information not intended for public use. *See, e.g.*, *FTC v. Lockheed Martin Corp.*, No. 1:22-CV-00174, 2022 WL 1446650, at *2 (D.D.C. Jan. 25, 2022); *see also FTC v. Microsoft Corp.*, No. 23-CV-02880 (N.D. Cal. Sept. 7, 2023) (granting request to seal confidential submission to regulator).

Plaintiffs Post-Hearing Briefing and Findings of Fact and Conclusions of Law that cites to, quotes, or otherwise relies upon confidential information contained in post-hearing exhibits. To the extent Plaintiffs rely on information in these exhibits, protecting Albertsons' competitive

standing provides compelling reasons to seal the portions of those exhibits relied upon by Plaintiffs and the portions of Plaintiffs' briefing that relies upon that information. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569. Albertsons therefore respectfully requests the redacted version of Plaintiffs' Proposed Findings of Fact and Conclusions of Law remain the publicly available version of the document.

### C. Because Plaintiffs Rely on Only Limited Portions of Exhibits in their Findings of Fact and Conclusions of Law, the Remaining Information in Such Exhibits Should Be Sealed in Full

In accordance with Paragraph viii of the Sealing Order, Dkt. No. 263, Albertsons also moves to seal in full all exhibits that contain Albertsons' confidential or highly confidential information which Plaintiffs seek to admit as part of their Brief Regarding Post-Hearing Exhibits, Dkt. Nos.484-485-05. Appendix A lists each of the post-hearing exhibits that contain Albertsons' confidential or highly confidential information.

The exhibits were designated highly confidential under the protective order and contain confidential information relating to the above-referenced categories. These documents are voluminous, and Plaintiffs' post-hearing briefing relies only on limited portions of these documents. Courts have recognized that the public's right to access is limited for information in exhibits that the parties and the court do not rely on. *See Ctr. For Auto Safety*, 809 F.3d at 1099-1101; *see also, e.g.*, Order, *United States v. Google*, No. 20-cv-03010-APM, ECF No. 892 (D.D.C., Apr. 24, 2024) (disagreeing that "the entirety of a trial exhibit is a 'judicial record' merely because such exhibit was presented in its entirety for admission into evidence," and limiting parties' confidentiality review to "those portions that were meant to influence the court's decision-making; not the remaining portions of an exhibit").

Because these exhibits contain the types of highly confidential information detailed Part B, good cause exists to seal these documents. This is particularly true to the extent that neither the Court nor Plaintiffs rely on information in these documents because, under such circumstances, the public has minimal interest in disclosure of Albertsons' highly confidential business information. To the extent Plaintiffs rely on information in such exhibits in Plaintiffs' Proposed

Findings of Fact and Conclusions of Law, narrow redactions to such information is provided in the public version filed by Plaintiffs. Should the Court rely on the portions of these exhibits not cited by Plaintiffs in its ultimate ruling, Defendants will provide targeted confidentiality redactions to that information, as appropriate.

### D.     Conclusion

Albertsons has specific and compelling reasons to protect the information cited to or relied upon in Plaintiffs' post-hearing briefing and proposed Findings of Fact and Conclusions of Law. Accordingly, Albertsons respectfully requests that the Court order (a) the redacted version of Plaintiffs' Proposed Findings of Fact and Conclusions of Law shall remain the publicly available version of the document, and (b) the documents set forth on Appendix A to this motion shall be kept under seal.

DATED this 7th day of October, 2024.

        ANGELI LAW GROUP LLC

        /s/ *David H. Angeli*
        DAVID H. ANGELI, Bar No. 020244
        david@angelilaw.com
        PETER D. HAWKES, Bar No. 071986
        peter@angelilaw.com
        121 SW Morrison Street, Suite 400
        Portland, OR 97204
        Telephone: 503.954.2232

        AND

        WILLIAMS & CONNOLLY LLP
        ENU A. MAINIGI (*Pro Hac Vice*)
        emainigi@wc.com
        JONATHAN B. PITT (*Pro Hac Vice*)
        jpitt@wc.com
        A. JOSHUA PODOLL (*Pro Hac Vice*)
        apodoll@wc.com
        BETH A. STEWART (*Pro Hac Vice*)
        bstewart@wc.com
        WILLIAM ASHWORTH (*Pro Hac Vice*)
        washwort@wc.com
        THOMAS W. RYAN (*Pro Hac Vice*)
        tryan@wc.com
        TYLER INFINGER (*Pro Hac Vice*)
        tinfinger@wc.com
        680 Maine Avenue SW
        Washington, DC 20024
        Telephone: 202.434.5000

        AND

        DECHERT LLP
        JAMES A. FISHKIN (*Pro Hac Vice*)
        James.fishkin@dechert.com
        MICHAEL COWIE (*Pro Hac Vice*)
        Mike.cowie@dechert.com
        ELENA KAMENIR (*Pro Hac Vice*)
        Elena.kamenir@dechert.com
        1900 K Street NW
        Washington, DC 20006
        Telephone: 202.261.3300

        HOWARD M. ULLMAN (*Pro Hac Vice*)
        Howard.ullman@dechert.com
        45 Fremont St., 26th Floor
        San Francisco, CA 94105
        Telephone: 415.262.4500
        ROSS UFBERG (*Pro Hac Vice*)
        Ross.ufberg@dechert.com

YOSEF WEITZMAN (*Pro Hac Vice*)
Yosi.weitzman@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: 215.994.2422

*Attorneys for Defendants Albertsons Companies, Inc.*

Case No.:  3:24-cv-00347
ALBERTSONS' COMPANIES, INC.'S MOTION TO SEAL CERTAIN EXHIBITS AND
PORTIONS OF PLAINTIFFS' FINDINGS OF FACT AND CONCLUSIONS OF LAW  - 11