UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYALND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, AND STATE OF WYOMING,<br><br>Plaintiffs,<br><br>vs.<br><br>THE KROGER COMPANY AND ALBERTSONS COMPANIES, INC.,<br><br>Defendants. | Case No. 3:24-cv-00347 |

## DECLARATION OF ADWOA GHARTEY-TAGOE SEYMOUR IN SUPPORT OF ALBERTSONS COMPANIES, INC.'S MOTION TO SEAL CERTAIN EXHIBITS AND PORTIONS OF PLAINTIFFS' FINDINGS OF FACT AND CONCLUSIONS OF LAW

I, Adwoa Ghartey-Tagoe Seymour, declare as follows:

1. I submit this declaration in support of Albertsons' Motion to Seal Certain Exhibits and Portions of Plaintiffs' Findings of Fact and Conclusions of Law (the "Motion to Seal Post-Hearing Information").

2. Since 2021, I have served as Vice President, Litigation for Albertsons Companies, Inc. ("Albertsons"). I submit this declaration in support of Albertsons' Motion to Seal Post-Hearing Information pursuant to the Court's Order Regarding Sealing Evidentiary Hearing Exhibits (ECF No. 263). Given my position and experience at Albertsons, I have personal knowledge of the competitive significance of the information contained in the exhibits at issue in Albertsons' motion and the injury that would be caused by their public release.

3. As set forth in Albertsons' Motion, certain exhibits disclosed by Plaintiffs for post-haring use, and cited in their proposed findings of fact and conclusions of law, contain highly confidential, competitively sensitive information, including:

Case No.: 3:24-cv-00347

1

- **Information reflecting pricing and pricing strategy** – material containing confidential information including internal analyses of Albertsons' pricing as compared to that of competitors, discussion of pricing plans, targets, and trends, promotional strategies, and pricing methods and tools.

- **Information reflecting sales and marketing strategy** – material containing confidential information about Albertsons' marketing strategies and priorities, including underlying data and research that supports such strategies, as well as marketing and advertising plans, including plans that are currently in effect today and will extend into the future.

- **Information reflecting competitive strategy** – material containing confidential information about Albertsons' competitive strategy, including confidential information about actual and anticipated competitive openings and events and their impacts on Albertsons' business, analysis of competitor operations and offerings, and analysis of customer behavior and trends.

- **Information reflecting labor strategy** – material containing confidential information about Albertsons' employment and labor relations strategy, including information about union negotiation strategy and labor competition strategy, and Albertsons' internal strategies to compete for and retain talent.

- **Non-public financial information** – This includes information such as financial information for specific Albertsons stores and internal communications discussing and analyzing non-public financial information.

- **Information reflecting regulatory strategy** – This includes materials given to the FTC by Albertsons pursuant to the statutory and regulatory guarantees of confidentiality contained in the Hart-Scott-Rodino Act or the FTC Act, and information involving Albertsons' divestiture planning and preparation for regulatory approval of this merger.

4. These documents are kept strictly confidential in the normal course of business and reveal information about Albertsons internal processes, insights, and assessments of

Case No.: 3:24-cv-00347

forward-looking events.

5. The information contained in these exhibits and quoted in Plaintiffs' briefing would cause harm to Albertsons' competitive standing if publicly disclosed. For example, disclosure of this information would give Albertsons' competitors insight into Albertsons' strategies, plans, and assessments regarding competitor operations and offerings, which would allow those competitors to alter their own strategic plans based on knowledge of Albertsons' internal, confidential strategies and plans.

6. Both Albertsons and Plaintiffs have taken significant steps to maintain the confidentiality of the above-described information throughout the course of the merger investigation and litigation, including limiting disclosure of this information between Albertsons and the Kroger Company ("Kroger"). All of the information in these documents was designated as Highly Confidential pursuant to the Protective Order in this case (ECF No. 97). To preserve such competitively sensitive information, all Albertsons and Kroger employees—even in-house litigation counsel with no involvement in competitive decision-making—were barred from accessing highly confidential information produced by other parties. In addition, Kroger and Albertsons' limited materials shared as part of necessary integration planning to persons on a designated "clean team," to preserve competitively sensitive information in the event that the merger is not consummated.

7. For the above reasons, Albertsons respectfully requests that the Court order the exhibits set forth in the Appendix to Albertsons' Motion to Seal Post-Hearing Information be maintained under seal by the Court.

I declare under penalty of perjury that the foregoing statements are true and correct and based upon my personal knowledge.

DATED this 7th day of October, 2024.

By: _____
Adwoa Ghartey-Tagoe Seymour

Case No.: 3:24-cv-00347