B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
RACHEL C. LEE, OSB No. 102944
rachel.lee@stoel.com
JACOB GOLDBERG, OSB No. 162565
jacob.goldberg@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380

MATTHEW M. WOLF (*Pro Hac Vice*)
matthew.wolf@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202.942.5000

*Attorneys for Defendant The Kroger Company*

(Additional counsel on signature page)

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF ARIZONA, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF ILLINOIS, STATE OF MARYLAND, STATE OF NEVADA, STATE OF NEW MEXICO, STATE OF OREGON, and STATE OF WYOMING, <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER COMPANY and ALBERTSONS COMPANIES, INC., <br><br> Defendants. | Case No.: 3:24-cv-00347-AN <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR ATTORNEYS' FEES** |

Page i – DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................................ii

INTRODUCTION .......................................................................................................... 1

BACKGROUND ............................................................................................................. 3

ARGUMENT .................................................................................................................. 5

I.    Under *Lackey v. Stinnie*, the Plaintiff States Did Not "Substantially Prevail" Based on this Court's Preliminary and Non-Final Order .................................................... 5

    A.    The Supreme Court's Decision in *Lackey v. Stinnie* Is Dispositive ............................ 5

    B.    The States' Interpretation of *Lackey* Is Obviously Wrong and Would Require this Court to Expressly Disregard Binding Ninth Circuit Precedent................................. 8

II.   In the Alternative, Plaintiffs Prevailed Under the FTC Act, Not the Clayton Act, and the FTC Act Contains No Fee-Shifting Provision .................................................. 13

    A.    Plaintiffs Did Not Prevail "Under" Section 16 of the Clayton Act ............................ 14

    B.    This Court Should Decline the States' Invitation to Insert a Fee-Shifting Provision into the FTC Act ........................................................................................ 18

CONCLUSION.............................................................................................................. 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*,
    86 F. Supp. 3d 857 (N.D. Ill. 2015) .................................................................11, 18

*Baykeeper v. City of Sunnyvale*,
    2024 WL 1286942 (N.D. Cal. Mar. 25, 2024).........................................................10

*Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Hum. Res.*,
    532 U.S. 598 (2001)............................................................................................ *passim*

*Carreras v. City of Anaheim*,
    768 F.2d 1039 (9th Cir. 1985) .................................................................................19

*City of Chanute v. Williams Natural Gas Co.*,
    31 F.3d 1041 (10th Cir. 1994) .................................................................................11

*Costco Wholesale Corp. v. Hoen*,
    2009 WL 10714818 (W.D. Wash. June 23, 2009)...................................................10

*Davidson v. Deschutes County*,
    2015 WL 13730888 (D. Or. Oct. 8, 2015)...............................................................19

*FTC v. Penn State Hershey Med. Ctr.*,
    2017 WL 1954398 (M.D. Pa. May 11, 2017)...........................................................15

*FTC v. Penn State Hershey Med. Ctr.*,
    914 F.3d 193 (3d Cir. 2019)................................................................................ *passim*

*FTC. v. Sanford Health*,
    No. 17-cv-00133 (D.N.D. 2017) ..............................................................................13

*FTC v. Staples, Inc.*,
    239 F. Supp. 3d 1 (D.D.C. 2017) ........................................................................ *passim*

*FTC v. Sysco Corp.*,
    No. 15-cv-00256 (D.D.C. 2015) ..............................................................................13

*FTC v. Warner Commc'ns Inc.*,
    742 F.2d 1156 (9th Cir. 1984) .................................................................................16

*Gagne v. Maher*,
    594 F.2d 336 (2d Cir. 1979).....................................................................................19

*Hensley v. Eckerhart,*
461 U.S. 424 (1983) ................................................................................................1

*Higher Taste, Inc. v. City of Tacoma,*
717 F.3d 712 (9th Cir. 2013) ..........................................................................6, 13

*Idaho Power Co. v. U.S. Env't Prot. Agency,*
2020 WL 6449166 (D. Idaho Nov. 3, 2020) .....................................................11

*Kasza v. Whitman,*
325 F.3d 1178 (9th Cir. 2003) ...........................................................................13

*Lackey v. Stinnie,*
145 S. Ct. 659 (2025) ................................................................................ *passim*

*Lair v. Bullock,*
697 F.3d 1200 (9th Cir. 2012) ...........................................................................10

*Loggerhead Turtle v. Cnty. Council of Volusia Cnty.,*
307 F.3d 1318 (11th Cir. 2002) .........................................................................11

*Maher v. Gagne,*
448 U.S. 122 (1980) ..........................................................................16, 18, 19

*O'Bannon v. Nat'l Collegiate Athletic Ass'n,*
739 F. App'x 890 (9th Cir. 2018) .................................................................10, 11

*Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy,*
288 F.3d 452 (D.C. Cir. 2002) ...........................................................................11

*Or. Nat. Desert Ass'n v. Locke,*
572 F.3d 610 (9th Cir. 2009) ...............................................................................9

*Royal Crown Cola Co. v. Coca-Cola Co.,*
887 F.2d 1480 (11th Cir. 1989) .........................................................................11

*Saint Alphonsus Med. Ctr. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.,*
2015 WL 2033088 (D. Idaho Apr. 29, 2015) .....................................................10

*Saint Alphonsus Med. Ctr.- Nampa, Inc. v. St. Luke's Health Sys., Ltd.,*
No. 1:12-CV-00560, 2016 WL 1232656 (D. Idaho Mar. 28, 2016) .....................20

*Sw. Marine, Inc. v. Campbell Inds.,*
732 F.2d 744 (9th Cir. 1984) .....................................................................1, 10, 12

*Synagogue v. United States,*
482 F.3d 1058 (9th Cir. 2007) ......................................................................11, 12

Page iv –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
ATTORNEYS' FEES

*U.S. v. One 2008 Toyota Rav 4 Sports Util. Vehicle*,
   2012 WL 5272281 (C.D. Cal. Oct. 18, 2012)..........................................................................10

*United States v. Medina-Luna*,
   98 F.4th 976 (9th Cir. 2024) ...............................................................................................10

*United States v. Roane*,
   51 F.4th 541 (4th Cir. 2022) ................................................................................................14

*Winter v. Natural Resources Defense Council, Inc.*,
   555 U.S. 7 (2008)....................................................................................................................4

## **Statutes**

5 U.S.C. § 552(a)(4)(E)...................................................................................................8, 9

15 U.S.C. § 45(b) ...............................................................................................................3

42 U.S.C. § 1983.........................................................................................................18, 19

42 U.S.C. § 1988.........................................................................................1, 8, 9, 11, 19

15 U.S.C. § 26 ..................................................................................................... *passim*

## INTRODUCTION

The legal rule that each party must pay its own attorneys' fees has become so engrained in the law of the United States that it is now known simply as the "American Rule." *Lackey v. Stinnie*, 145 S. Ct. 659, 666 (2025). As the Supreme Court has made clear, federal courts may not depart from the American Rule unless "'there is express statutory authorization' to do so." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). The Clayton Act, 15 U.S.C. § 26, provides such "statutory authorization" to award attorneys' fees, but ***only*** in cases where private plaintiffs (1) substantially prevail in a final judgment on the merits; and (2) do so in an "action under [15 U.S.C. § 26]." Because the State Plaintiffs ("States") have not satisfied either prerequisite here, this Court should deny their Motion for Award of Attorney's Fees and Costs, ECF No. 563 ("Mot.").

The Supreme Court's decision in *Lackey*—issued after the Court's preliminary injunction order but before the Motion—precludes the States' bid for fees. *Lackey* set forth a "bright-line rule" that preliminary injunctions do not confer "prevailing party" status for purposes of the fee-shifting provision in 42 U.S.C. § 1988(b). *See Lackey*, 145 S. Ct. at 667, 669. *Lackey* explained: "Because preliminary injunctions do not conclusively resolve the rights of parties on the merits, they do not confer prevailing party status." *Id.* at 667. Because this Court granted a preliminary injunction only, *Lackey* precludes this Court from awarding fees.

The States seek to avoid *Lackey* by claiming that the Clayton Act's language (allowing fees for a plaintiff that "substantially prevails") is materially different from the statutory language permitting fee-shifting for the "prevailing party" in 42 U.S.C. § 1988 (applied in *Lackey*). But the States' argument is foreclosed by binding Ninth Circuit precedent, as the States themselves acknowledge. Mot. at 9 n.4 (citing *Sw. Marine, Inc. v. Campbell Inds.*, 732 F.2d 744, 746-47 (9th

Cir. 1984)). The States' suggestion that *Lackey* implicitly overruled *Southwest Marine* and countless other cases, Mot. at 9 n.4, badly misreads the Supreme Court's opinion.

Even if this Court were to conclude—contrary to *Lackey*—that the States "substantially prevail[ed]" in this lawsuit based on a preliminary injunction, the States still could not recover fees because they sued under the Federal Trade Commission Act ("FTC Act") and did not prevail "under [15 U.S.C. § 26]," as required for a fee award under the Clayton Act. As the States acknowledge, Mot. at 15, in the only two cases where state attorneys general have asked for fees in analogous circumstances, the courts have denied those requests. *See FTC v. Penn State Hershey Med. Ctr.*, 914 F.3d 193, 197 (3d Cir. 2019); *FTC v. Staples, Inc.*, 239 F. Supp. 3d 1, 5-6 (D.D.C. 2017). The States provide no valid basis to depart from those well-reasoned decisions.

Ultimately, the States' ineligibility for fee-shifting is a product of their own litigation strategy. The States *could have* sought final injunctive relief under the Clayton Act. 15 U.S.C. § 26. They simply chose not to: The Complaint sought *solely* a preliminary injunction in this Court so that a different tribunal (the FTC's administrative body) could render a final decision on the merits of the FTC's claims. *See* Compl. ¶¶ 118-123. The Complaint's single substantive cause of action thus arose under the FTC Act, not the Clayton Act. As this Court acknowledged in its preliminary injunction order, the difference between the two statutes is material. *See* Opinion and Order, ECF No. 521 at 2-3 ("Order"). The States "cannot have it both ways. They cannot ride the FTC's claim to a successful preliminary injunction under the more permissive Section 13(b) standard and then cite that favorable ruling as the sole justification for fee-shifting under the more rigorous Clayton Act standard." *Staples*, 239 F. Supp. 3d at 5. Put differently, the States "cannot [now] bring a petition for fee-shifting under a provision under which they did not prevail." *Id.*

Page 2 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR ATTORNEYS' FEES

Plaintiffs achieved only preliminary relief under the FTC Act, which has no fee-shifting provision. Thus, the American Rule applies, and the States' motion for fees must be denied.

## BACKGROUND

The FTC was lead counsel at all times throughout this case, including for all discovery, pre-trial and post-trial briefing, oral argument, and the presentation of evidence.[1]

The FTC made the strategic decision to bring this case only under the FTC Act. Specifically, on February 26, 2024, the FTC filed an administrative complaint under 15 U.S.C. § 45(b), seeking a final declaration that the proposed merger between Kroger and Albertsons was unlawful. The Plaintiff States here were not a party to that administrative complaint. *See* Compl. ¶ 12. On the same day, the FTC—this time joined by the nine Plaintiff States—filed a complaint in this Court pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), seeking a *preliminary* injunction pending a final resolution of the FTC's recently filed administrative proceeding. Compl. ¶¶ 12, 36. The Complaint in this case sought no permanent injunction, no damages, no penalties, and no final relief on the merits. Compl. ¶ 124. It instead asked this Court to "pause" the merger "to maintain the status quo." *Id.* at 3.

The Complaint cited the Clayton Act, Compl. ¶¶ 12, 17-26, 36, but alleged no independent claim, count, or cause of action under Clayton Act. Rather, the States, like the FTC, sought only a *preliminary* injunction "pending the [FTC's] administrative trial." *Id.* ¶ 36. The entire Complaint rested on the premise that "[a]llowing Defendants to merge and combine their operations before a decision on the merits" in the FTC's administrative tribunal would harm competition. *Id.* at 2.

---

[1] The hearing lasted three weeks and included 33 fact witnesses and 9 expert witnesses. Across all of those witnesses, one Plaintiff State questioned exactly one fact witness. At no other point did counsel for any of the States present any argument or examination at the hearing.

Page 3 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
              ATTORNEYS' FEES

Plaintiffs reinforced the preliminary and non-final nature of their Complaint throughout the case, including in their pre-hearing brief, where they represented: "At the upcoming hearing in this administrative proceeding, the parties will have up to 210 hours to present evidence on whether this acquisition *may* substantially lessen competition in violation of Section 7 of the Clayton Act. The issue before this Court is the Commission's and the Plaintiff States'… request to preliminarily enjoin Defendants from closing their deal pending resolution of a trial on the merits." Pls.' Mem. in Supp. Prelim. Inj., ECF No. 201, at 2-3 (citations omitted) ("PI Memo"). Plaintiffs' post-trial briefing similarly urged this Court to apply the legal standard for injunctions under the FTC Act rather than the traditional four-factor test under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Pls.' Post-Hearing Brief & Proposed FOF/COL, ECF No. 481, at 88.

This Court agreed with Plaintiffs. On December 12, 2024, it issued an Opinion and Order preliminarily enjoining the merger under Section 13(b) of the FTC Act "pending the outcome of the administrative proceedings before the [FTC]." Order at 71. The Court made clear that its decision was not a final adjudication on the merits, noting that, while "defendants argue that [the] benefits [of the merger] would be lost forever, a preliminary injunction would only enjoin the merger pending the outcome of the administrative proceeding." *Id.* at 69. In issuing its decision, the Court relied on Section 13(b) of the FTC Act, *id.* at 2-3, and it expressly declined to apply the traditional four-factor test for injunctive relief under the Clayton Act, which "imposes a higher burden" than the test for injunctive relief under the FTC Act. *Id.* at 2.

The same day as this Court's Order, a state court in Washington issued a permanent injunction against the merger. *See State of Washington v. Kroger Co.*, Findings of Fact and Conclusions of Law, Case No. 24-2-00977-9 SEA (Dec. 10, 2024). The parties abandoned the merger shortly thereafter and, on the parties' joint motion, the FTC dismissed its administrative

Page 4 –     DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
             ATTORNEYS' FEES

proceeding as moot. *See, e.g.*, Pl. States' Second Mot. to Extend Time to Move for Attorneys' Fees, ECF No. 556 at 3 (acknowledging Defendants' "termination of the proposed merger").

## ARGUMENT

Under the "American Rule," litigants must pay for their own attorneys' fees absent "explicit statutory authority" imposing a contrary rule. *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 608 (2001). Congress has provided such "explicit statutory authority" in actions brought under the Clayton Act. But Congress did not abrogate the "American Rule" in the FTC Act, which was the basis for the only substantive count in the Complaint and the sole basis for this Court's preliminary injunction.

The States nevertheless seek fees under the Clayton Act, which requires them to show (1) that they "substantially prevailed," and (2) that they did so in an action "under [15 U.S.C. § 26]." 15 U.S.C. § 26. Plaintiffs  cannot meet either of those statutory criteria. Their failure to satisfy each of those prerequisites provides an independent basis to deny their request for fees.

**I.    Under *Lackey v. Stinnie*, the Plaintiff States Did Not "Substantially Prevail" Based on this Court's Preliminary and Non-Final Order**

**A.    The Supreme Court's Decision in *Lackey v. Stinnie* Is Dispositive**

The States' bid for attorneys' fees runs directly into the Supreme Court's recent decision in *Lackey v. Stinnie*, which was released after this Court entered a preliminary injunction but before the States filed their Motion. In *Lackey*, the Supreme Court held that, "[b]ecause preliminary injunctions do not conclusively resolve the rights of parties on the merits, they do not confer prevailing party status." *Lackey*, 145 S. Ct. at 667. The Court thus adopted a "straightforward, bright-line rule," *id.* at 669, reasoning that: "A plaintiff who wins a transient victory on a preliminary injunction does not become a 'prevailing party' simply because external events

Page 5 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR ATTORNEYS' FEES

convert the transient victory into a lasting one." *Id.* "Rather, a plaintiff 'prevails' under" the fee-shifting statute at issue "when a court conclusively resolves a claim by granting enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Id.*

*Lackey* clarifies that finality is a key element of "prevailing" in civil litigation under federal fee-shifting statutes. Indeed, the plaintiffs in *Lackey*—much like Plaintiffs here—ultimately achieved the precise relief they sought through a preliminary injunction. The *Lackey* plaintiffs were Virginia drivers who had challenged a law related to the suspension of drivers' licenses for unpaid court fines and costs. *Id.* at 664. Plaintiffs moved for—and then received—a preliminary injunction enjoining the enforcement of the law. *Id.* at 665. In response to the litigation, and while the case was awaiting trial, the Virginia legislature amended the relevant provision of the law, thereby mooting the case (and granting the plaintiffs the complete relief they had requested). *Id.* Thus, even though the *Lackey* plaintiffs achieved their desired result, and even though that result was *caused* by their lawsuit, the Supreme Court held that the plaintiff drivers were not "prevailing parties" because their victory did not amount to "enduring judicial relief on the merits that materially alters the legal relationship between the parties." *Id.* at 669.

In emphasizing that "prevailing" for purposes of fee-shifting requires finality and judicial imprimatur, the Supreme Court overruled circuit precedent (including in the Ninth Circuit), which had previously "held that, for fee-shifting purposes, it is possible for a party to prevail based on a preliminary ruling." *Id.* at 675 (Jackson, J., dissenting); *id.* at 675 n.3 (citing, *inter alia*, *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 717-18 (9th Cir. 2013), as cases that the majority overruled). After *Lackey*, it is no longer "possible for a party to prevail based on a preliminary ruling" unless a federal statute abrogates the "finality" requirement. *Id.* at 675 (Jackson, J., dissenting); *see id.* at 670 (comparing statutory language in FOIA).

Page 6 –     DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR ATTORNEYS' FEES

*Lackey* was thus the logical extension of the Supreme Court's decision in *Buckhannon*, which rejected the "catalyst theory" as a mechanism for determining prevailing party status for purposes of awarding attorneys' fees. *See Buckhannon*, 532 U.S. at 601. Under the "catalyst theory," a plaintiff can recovery attorneys' fees "if it achieves the desired result [of its lawsuit] because the lawsuit brought about a voluntary change in the defendant's conduct." *Id. Buckhannon* rejected that theory as a basis for attorneys' fee awards to "prevailing parties" under multiple federal statutes. *Id.* Thus, *Lackey* clarified that preliminary injunctions do not confer "prevailing party" status, as defined by *Buckhannon*. *Lackey*, 145 S.Ct. at 669 ("our holding today follows naturally from" *Buckhannon*).

*Lackey* squarely forecloses the States' assertion that they are "prevailing plaintiffs in this action." *See* Pl. States' Second Mot. to Extend Time to Move for Attorneys' Fees, ECF No. 556 at 3. In its Order, this Court issued a *preliminary* injunction only—not any sort of "enduring judicial relief on the merits." *Lackey*, 145 S. Ct. at 668-69. The Order noted that, "[a]lthough defendants may choose to abandon the merger because of the preliminary injunction, *this order in no way forces them to do so*, and leaves open the possibility that they may pursue the merger at a later date should it be deemed lawful in the administrative proceedings. *An injunction simply pauses the merger*." Order at 71 (emphasis added). The Order thus contemplated further adjudication before the FTC's administrative court, and the States were not even *parties* in that administrative process. By its plain and unambiguous terms, *Lackey*'s "bright-line rule" precludes the States' claim for attorneys' fees as "substantially prevail[ing]" parties. *Lackey*, 145 S. Ct. at 669-70. Denial of the States' Motion is that simple.

Page 7 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
            ATTORNEYS' FEES

**B.    The States' Interpretation of *Lackey* Is Obviously Wrong and Would Require this Court to Expressly Disregard Binding Ninth Circuit Precedent**

Despite its clear holding, the States argue that *Lackey* supports their request for fees. Mot. at 8-14. But the States' arguments rest exclusively on a section of the opinion in which the Court *contrasted* the unique fee-shifting language of the Freedom of Information Act ("FOIA") with 42 U.S.C. § 1988(b). Relying on the Supreme Court's comparison of Section 1988 with FOIA (which has materially different language than the Clayton Act), the States argue that the phrase "substantially prevail" in the Clayton Act has a completely different meaning from the "prevailing party" language addressed in *Lackey*. The States are wrong on multiple levels.

*First*, the States distort the holding and reasoning of *Lackey* by suggesting the Court "recognized that statutory fee-shifting provisions for a plaintiff who 'substantially prevails' imposes a lower burden than those that require a plaintiff to 'prevail.'" Mot. at 2. *Lackey* holds no such thing. *Lackey*, 145 S.Ct. at 670 (focusing on finality required to establish "prevailing party" status, given the need for "enduring" judicial relief). Rather, to illustrate its focus on finality, the Court contrasted the "prevailing party" language of § 1988(b) (which requires finality for "prevailing party" status) with the fee-shifting provision in FOIA, which created an *exception* to that finality requirement. *Id.* at 670. Specifically, in FOIA suits, "Congress authorized courts to assess attorney's fees when a complainant has 'substantially prevailed,' ***even if through 'a voluntary or unilateral change in position by the [defendant].'***" *Id.* (quoting 5 U.S.C. § 552(a)(4)(E)) (emphasis added). The States' Motion fails entirely to grapple with the emphasized finality exception in the FOIA statute. *Id.*

Under any reasonable reading of *Lackey*, the relevant language in the FOIA statute is not "substantially prevailed," as the States misleadingly suggest. Mot. at 9. It is FOIA's finality

exception, which allows for fees even if the plaintiff prevailed by virtue of a "voluntary or unilateral change in position" by the defendant (*i.e.*, even without the necessary judicial imprimatur). *See* 5 U.S.C. § 552(a)(4)(E). Indeed, as Justice Jackson noted in her dissent, Congress "had a much more targeted objective" when it amended FOIA, seeking "merely to repudiate this Court's decision in [*Buckhannon*], which had held that a plaintiff must obtain some 'judicial relief' to be eligible for a fee award in FOIA cases." *Lackey*, 145 S. Ct. at 674 (Jackson, J., dissenting). In other words, Congress amended FOIA specifically to account for the Court's rejection in *Buckhannon* of the "catalyst theory" (which would have allowed for fee-shifting when the lawsuit was the "catalyst" for defendants' changed behavior), and to ensure that prevailing plaintiffs could be awarded fees even if the agency mooted their claims by producing the documents requested under FOIA. *Id.* And critically, the FOIA amendments that Congress enacted in response to *Buckhannon* did not change FOIA's "substantially prevailing" language *at all*.[2]

Congress has made no similar amendment to the Clayton Act, and the Clayton Act's fee-shifting provision contains no equivalent finality exception. The States' suggestion that *Lackey* adopted a broad rule that "substantially prevails" imposes different finality requirements from

---

[2] *Compare* 5 U.S.C. § 552(a)(4)(E) (prior to amendment) ("The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."), *with* 5 U.S.C. § 552(a)(4)(E)(i) & (ii) ("The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed. For purposes of this subsection, a complainant has substantially prevailed if the complainant has obtained relief through either (i) a judicial order, or an enforceable written agreement or consent decree, or (ii) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."); *see Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610 (9th Cir. 2009) (analyzing FOIA amendments).

Page 9 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
ATTORNEYS' FEES

"prevailing party"—by virtue of the majority's comparison of § 1988(b) to FOIA—simply is not a responsible reading of the Supreme Court's opinion. *Contra* Mot. at 2-3.

*Second*, the Ninth Circuit has rejected the States' position, holding that the standard for "prevailing party" status under 42 U.S.C. § 1988(b) is the same as the standard for establishing that a party "substantially prevailed" under the Clayton Act. *See Sw. Marine, Inc. v. Campbell Indus.*, 732 F.2d 744, 746-47 (9th Cir. 1984) (applying "the standard for determining a 'prevailing party' developed under section 1988 to awards under section 16 [of the Clayton Act]"); *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, 739 F. App'x 890, 892 (9th Cir. 2018) (analyzing whether a party is a "prevailing party" for purposes of fee-shifting under the Clayton Act). District courts in this circuit have followed those holdings with apparent uniformity.[3]

The States recognize that they lose under these authorities, and so ask this court to openly disregard that entire body of precedent, claiming it is "no longer good law." Mot. at 9 n.4. But absent a clear directive from the Supreme Court, this Court is not empowered to cast aside binding Ninth Circuit precedent. *See Lair v. Bullock*, 697 F.3d 1200, 1206 (9th Cir. 2012). As the Ninth Circuit has explained: For a district court to reject Ninth Circuit precedent, "[i]t is not enough for there to be 'some tension' between the intervening higher authority and prior circuit precedent, or

---

[3] *See Saint Alphonsus Med. Ctr. - Nampa, Inc. v. St. Luke's Health Sys., Ltd.*, 2015 WL 2033088, at *1 (D. Idaho Apr. 29, 2015) (applying *Buckhannon's* "prevailing party" analysis to the Clayton Act); *Costco Wholesale Corp. v. Hoen*, 2009 WL 10714818, at *2 (W.D. Wash. June 23, 2009) (applying the Ninth Circuit's "prevailing party" analysis to find that plaintiff substantially prevailed for purposes of Clayton Act attorneys' fees); *U.S. v. One 2008 Toyota Rav 4 Sports Util. Vehicle*, 2012 WL 5272281, at *2 (C.D. Cal. Oct. 18, 2012) (applying "substantially prevails" "in accordance with the Supreme Court's definition of the term 'prevailing party' set forth in *Buckhannon*"); *Baykeeper v. City of Sunnyvale*, 2024 WL 1286942, at *3 (N.D. Cal. Mar. 25, 2024) (using one standard to determine whether a party has "prevailed or substantially prevailed").

Page 10 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR ATTORNEYS' FEES

for the intervening higher authority to 'cast doubt' on the prior circuit precedent… The intervening higher precedent must be 'clearly inconsistent' with the prior circuit precedent… This is a high standard." *Id.* at 1207 (quotation marks and citations omitted); *see United States v. Medina-Luna*, 98 F.4th 976, 979 (9th Cir. 2024) (noting that Ninth Circuit precedent may only be "overruled if it is *clearly irreconcilable* with a later precedent from the Supreme Court") (emphasis added). This Court should be particularly unwilling to find that *Southwest Marine* and other binding precedent has been abrogated based on the States' farfetched reading of *Lackey*.

*Third*, to rule for the States, this Court would also need to disagree with the uniform body of precedent in this Circuit and around the country bolstering *Southwest Marine* and holding that the fee-shifting standard under various other statutes that allow fees to the "prevailing party" is materially identical to the standard for statutes that allow fees to the party that "substantially prevails." *Synagogue v. United States*, 482 F.3d 1058, 1063 (9th Cir. 2007) (applying *Buckhannon's* "prevailing party" analysis to an award for attorneys' fees under the Civil Asset Forfeiture Reform Act of 2000's "substantially prevails" language).[4] The reason for this is simple:

---

[4] *See also City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1047 (10th Cir. 1994) (applying the Section 1988 analytic framework for fee awards to Section 16); *Royal Crown Cola Co. v. Coca-Cola Co.*, 887 F.2d 1480, 1485-86 (11th Cir. 1989) (applying the "prevailing party" standard under Section 1988 "by analogy" to the Clayton Act); *Oil, Chem. & Atomic Workers Int'l Union v. Dep't of Energy*, 288 F.3d 452, 455-56 (D.C. Cir. 2002) (superseded by statute on other grounds) ("Consistent with our practice (and the Supreme Court's) of viewing the various fee-shifting statutes as *interchangeable*, we have in the past treated the 'substantially prevail' language in FOIA as the *functional equivalent* of the 'prevailing party' language found in other statutes.") (emphasis added); *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 307 F.3d 1318, 1322 n.4 (11th Cir. 2002) (noting that any differences between variations in fee-shifting provisions are "generally deemed *inconsequential*") (emphasis added); *Idaho Power Co. v. U.S. Env't Prot. Agency*, 2020 WL 6449166, at *1 (D. Idaho Nov. 3, 2020) (rejecting plaintiff's argument that *Buckhannon*, which addressed only a "prevailing party," does not apply to a fee-shifting provision allowing for fees to either a "substantially prevailing" party or a "prevailing party" because that "argument is foreclosed by Ninth Circuit precedent"). Indeed, even Plaintiffs' own authorities recognize that "there is … no reason to construe Section 26 more narrowly than

Page 11 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
             ATTORNEYS' FEES

there is "nothing to suggest that Congress sought to draw any fine distinction between 'prevailing party' and 'substantially prevail.'" *United States v. Thirty-two thousand eight hundred twenty dollars and fifty-six cents ($32,820.56)*, 838 F.3d 930, 935 (8th Cir. 2016) (surveying caselaw and noting that the Eighth Circuit's analysis was consistent with "other circuits that have examined the unadorned terms"). And when analyzing whether *Buckhannon's* "prevailing party" analysis applies to statutes that award attorneys' fees to "substantially prevailing" parties, the Ninth Circuit in *Synagogue* found that: "[i]f the Supreme Court has already provided a definitive interpretation of the language in one statute, and Congress then *uses nearly identical language* in another statute, a court should give the language in the latter statute an identical interpretation unless there is a clear indication in the text or legislative history that it should not do so." *Synagogue*, 482 F.3d at 1062 (emphasis added). *Lackey* did nothing to disrupt the reasoning or unambiguous holdings in any of these cases, and their textual analysis remains persuasive.

*Fourth*, the States' suggestion that this Court's Order was somehow unique because it arose after an evidentiary hearing, Mot. at 12-13, or because the Court analyzed Plaintiffs' "likelihood of success on the merits," Mot. at 14, ignores the language of this Court's Order. This Court was very clear that it was entering a *preliminary* order only. *Supra* at 7. And in any event, the States' argument that the Order left "the Defendants with no option other than to abandon the merger altogether," Mot. at 13, is just a poorly disguised version of the "catalyst theory," which the Supreme Court now has rejected twice. *See Buckhannon*, 532 U.S. at 605; *Lackey*, 145 S. Ct. at 668-69. The indisputable reality is that this Court did not permanently block the merger.

---

Section 1988." *ADT Sec. Servs., Inc. v. Lisle-Woodridge Fire Prot. Dist.*, 86 F. Supp. 3d 857, 866 (N.D. Ill. 2015) (cited at Mot. at 17-18); *see also O'Bannon*, 739 F. App'x at 892 (cited at Mot. at 10) (discussed *supra*).

Defendants abandoned it. And for purposes of federal fee-shifting statutes that do not contain language similar to FOIA, that reality is dispositive.

Finally, the States protest that "substantially prevailing" is a different term from a "prevailing party," Mot. at 11-12, and that this Court should give meaning to that difference. But as discussed above, the Ninth Circuit and its sibling circuits already have rejected this argument, recognizing that the key term in the fee-shifting statutes is the same: "prevail." *Sw. Marine*, 732 F.2d at 746-47; *see also $32,820.56*, 838 F.3d at 934-35 (rejecting defendants' argument that there is a meaningful difference between "prevailing" and "substantially prevailing"). Indeed, to the extent the Ninth Circuit has considered the difference in language, it has suggested that the word "substantially" implies a *higher* burden, not a lower one. *See Kasza v. Whitman*, 325 F.3d 1178, 1180 (9th Cir. 2003) ("[Plaintiff] is not a 'prevailing party' (and thus cannot be a *substantially* 'prevailing party') because she did not gain by judgment or consent decree a material alteration of the legal relationship of the parties." (emphasis in original)). In any event, to *substantially* prevail, a plaintiff must first "prevail." And under *Lackey*, a party that achieves only temporary, interlocutory relief, does not "prevail" at all. *Lackey*, 145 S. Ct. at 667-68.

## II.     In the Alternative, Plaintiffs Prevailed Under the FTC Act, Not the Clayton Act, and the FTC Act Contains No Fee-Shifting Provision

When State plaintiffs challenge a merger alongside the FTC under the FTC Act, they ordinarily do not even *attempt* to seek fees. *See Staples*, 239 F. Supp. at 5-6.[5] In the only two cases in which state attorneys general did seek fees after participating in merger litigation under

---

[5] *See FTC v. Sysco Corp.*, No. 15-cv-00256 (D.D.C. 2015) (declining to seek fees after preliminary injunction against merger); *FTC. v. Sanford Health*, No. 17-cv-00133 (D.N.D. 2017) (same).

the FTC Act, courts have denied those requests. The States provide no basis for this Court to depart from those persuasive decisions.

### A.    Plaintiffs Did Not Prevail "Under" Section 16 of the Clayton Act

The only two courts to address states' efforts to obtain fees after merger litigation under the FTC Act have rejected those efforts. *See FTC v. Penn State Hershey Med. Ctr.*, 914 F.3d 193, 197 (3d Cir. 2019) ("[T]he only court of which we are aware to have addressed the issue has concluded that an injunction issued under Section 13(b) of the FTC Act does not trigger potential entitlement to attorneys' fees under Section 16 of the Clayton Act. We agree with that conclusion." (citing *Staples*, 239 F. Supp. 3d at 5-6)). *Hershey* and *Staples* are persuasive and indistinguishable. The States' Motion provides no basis to depart from their commonsense holdings and create a "gratuitous circuit split" on the interpretation of the Clayton Act. *See United States v. Roane*, 51 F.4th 541, 551 (4th Cir. 2022).

*Hershey* and *Staples* represent a straightforward textual interpretation of Section 16 of the Clayton Act, which provides, in relevant part: "In any action *under this section* in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee, to such plaintiff." 15 U.S.C. § 26 (emphasis added). In *Staples* and *Hershey*, the courts held that the state plaintiffs did not prevail "under [the Clayton Act]" because they sought— and the courts granted—a preliminary injunction *under the FTC Act*, a different statute. *Hershey*, 914 F.3d at 196; *Staples*, 239 F. Supp. 3d at 4. The exact same analysis applies here.

Indeed, *Staples* and *Hershey* considered and rejected the same arguments the States advance here. For instance, the *Staples* plaintiffs argued that the "the preliminary injunction 'is the functional equivalent of a final judgment in this matter' because the Plaintiffs achieved the relief they ultimately sought—*i.e.*, nonconsummation of the Staples and Office Depot transaction."

Page 14 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
ATTORNEYS' FEES

*Staples*, 239 F. Supp. 3d at 4. Here, the States likewise argue: "The States substantially prevailed when they established the threat to competition and obtained the injunctive relief they sought and, subsequently, when Defendants abandoned their anticompetitive merger." Mot. at 8.

The *Staples* court also rejected the argument—which the States reprise here (Mot. at 19)—that the plaintiff states "ha[d] satisfied the four-part preliminary injunction standard set forth in Section 16 of the Clayton Act," even though the Court "granted Plaintiffs' request for a preliminary injunction under Section 13(b) of the FTC Act." *Staples*, 239 F. Supp. 3d at 4. The court thus emphasized the significant differences between the preliminary injunction standards under the FTC Act and the Clayton Act, *id.* at 4-5, concluding: "Moving Plaintiffs cannot have it both ways. They cannot ride the FTC's claim to a successful preliminary injunction under the more permissive Section 13(b) standard and then cite that favorable ruling as the sole justification for fee-shifting under the more rigorous Clayton Act standard." *Id.* at 5. So too, here.

In *Hershey*, the Plaintiff State (Pennsylvania) lost its fees bid in the district court based on the conclusion that the State did not "prevail" at all (the legal issue addressed in *Lackey* and in Section I, *supra*). The district court concluded that the State might have been able to recover fees under the Clayton Act despite prevailing under the FTC Act because "the Commonwealth referenced that section when it joined with the FTC to seek a preliminary injunction against [the merging parties], and policy and Supreme Court precedent supported the allowance of fees." *Hershey*, 914 F.3d at 196 (citing *FTC v. Penn State Hershey Med. Ctr.*, 2017 WL 1954398, at *3 (M.D. Pa. May 11, 2017). The Third Circuit rejected the district court's analysis, holding that the "inquiry should have ended" once the district court acknowledged that the injunctive relief was issued "under Section 13(b) of the FTC Act and not Section 16 of the Clayton act [sic]." *Id.* (emphasis added). Thus, the Third Circuit "assume[d] without deciding that the [State] is a

Page 15 –     DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
              ATTORNEYS' FEES

prevailing party," but it still denied fees because the State did not prevail under the Clayton Act when it obtained a preliminary injunction under the FTC Act. *Id.*

Like the court in *Staples*, the *Hershey* court emphasized the plaintiffs' reliance on the "FTC Act and its lower evidentiary bar" to conclude that, "to the extent that [Pennsylvania] can be said to have 'prevailed,' it did so under Section 13(b) of the FTC Act and not Section 16 of the Clayton Act." *Id.* at 197. The Third Circuit also rejected the district court's reading of the legislative history of the Clayton Act (similar to the history the States cite here, Mot. at 20-21), finding "nothing that clearly shows Congress's intent to empower us to extend the fee-shifting provision of the Clayton Act to cover an action for injunctive relief under another statute." *Hershey*, 914 F.3d at 197-98. Finally, the court in *Hershey* rejected the district court's interpretation of *Maher*, discussed *infra*—again, an interpretation that was nearly identical to that proposed by Plaintiff States' here—criticizing the district court for "[s]tretching the logic of *Maher*" and ultimately determining that "we are not persuaded that *Maher* gives us any basis to extend the fee-shifting provisions of the Clayton Act to a claim raised and adjudicated under the FTC Act." *Hershey*, 914 F.3d at 198-99.

The substantive differences between the Clayton Act and the FTC Act are material. Section 16 allows private parties (including States) to obtain injunctive relief when, among other things, they have shown irreparable harm and have executed a "proper bond against damages for an injunction improvidently granted." 15 U.S.C. § 26. To obtain an injunction under the Clayton Act, plaintiffs must satisfy all the traditional preliminary injunction factors, including demonstrating: (1) a likelihood of success on the merits; (2) the threat of irreparable harm in the absence of an injunction; (3) the possibility of substantial harm to other interested parties; and (4) that an injunction favors the public interest. *See Hershey*, 914 F.3d at 197; *see* Order at 3. In contrast, the FTC Act—as interpreted by this Court—requires neither a bond nor a demonstration of irreparable

Page 16 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
ATTORNEYS' FEES

harm for an injunction. Order at 2 ("To obtain an injunction [under the FTC Act], the government must show a likelihood of success on the merits and establish that the equities favor injunctive relief.") (citing *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1160 (9th Cir. 1984)). As this Court has already ruled in this case, the preliminary injunction test under the Clayton Act imposes a "higher burden" than the preliminary injunction test under the FTC Act. *See id.* at 2.

*Hershey* and *Staples* apply squarely here. Plaintiffs sought—and this Court granted—relief under the FTC Act only. *Id.* at 2-3. And this Court expressly rejected Defendants' arguments that it should not apply the more lenient standard from the FTC Act. *Id.* The Court did not require a bond, it did not require a demonstration of irreparable harm, and its order was couched expressly in the context of aiding the FTC's administrative proceeding rather than granting any full and final relief. *Supra* at 4. The same is true of both *Staples* and *Hershey*, where the courts emphasized the significant differences between the preliminary injunction standards of Section 13(b) of the FTC Act and Section 16 of the Clayton Act in determining that plaintiffs could not prevail under one and recover fees under the other. *Staples*, 239 F. Supp. 3d at 4-5 (noting that "the preliminary injunction standards under Section 13(b) of the FTC Act and Section 16 of the Clayton Act are not identical" and describing the preliminary injunction standard under the FTC Act as "more permissive" than the standard under the Clayton Act); *Hershey*, 914 F.3d at 197 (describing the differences between Section 13(b) and Section 16 and noting that "the Section 13(b) standard is not only different from, but easier to satisfy than the traditional standard for injunctive relief that courts apply to claims under Section 16 of the Clayton Act").

Plaintiffs sought preliminary relief under the FTC Act, and they obtained preliminary relief under the FTC Act. Because the FTC Act has no fee-shifting provision, that undisputed reality should end the inquiry.

Page 17 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR ATTORNEYS' FEES

**B.      This Court Should Decline the States' Invitation to Insert a Fee-Shifting Provision into the FTC Act**

The States concede that the only cases to address a similar request for fees were decided against them. Mot. at 15. They argue that the Court should disregard those cases for four reasons. None are viable.

*First*, the States' extensive arguments regarding the meaning of the word "action" in the Clayton Act, Mot. at 15-19, attack a strawman. Effectively, Plaintiffs assert that, because they cited the Clayton Act in the Complaint, their "action" under the FTC Act somehow became a Clayton Act "action" and fees were necessarily available. *See id.* at 15-23. The States' argument is a non-sequitur: "Action" is not the relevant term, and no one disputes that this case was a "civil action." *Contra id.* Rather, the question is whether the States substantially prevailed in a civil action "under [15 U.S.C. § 26]." 15 U.S.C. § 26. Applying *Staples*, *Hershey*, and common sense, they clearly did not. Merely citing the Clayton Act in the Complaint without asserting a claim under that statute does not transform a complaint that asserts a single cause of action under the FTC Act into an action "under" the Clayton Act for purposes of fee-shifting. *Hershey*, 914 F.3d 193; *Staples*, 239 F. Supp. 3d 1.

The States' own cited cases demonstrate that their "action" did not seek any relief "under" the Clayton Act. *See* Mot. at 16-17. In *Doe 1-10 v. Fitzgerald*, the Court stayed an entire civil action "filed under [the TRPVA]" even though the lawsuit contained claims not brought under the TRPVA. 102 F.4th 1089, 1091 (9th Cir. 2024). But in *Fitzgerald*, Plaintiffs brought distinct claims under the TRPVA, whereas here, Plaintiffs brought no claims under the Clayton Act. Likewise, it is unclear how the States believe *ADT Security Services, Inc. v. Lisle Woodridge Fire Protection District*, 86 F. Supp. 3d 857, 864 (N.D. Ill. 2015), helps them. In that case, the plaintiff sued

"under" the Clayton Act and obtained a *final permanent injunction*, *id.* at 861—precisely what the States failed to do here. None of these cases support the States' argument that they can recover attorneys' fees when they did not even *assert* a cause of action "under [the Clayton Act]."

*Second*, Plaintiffs States' reliance on *Maher v. Gagne*, 448 U.S. 122 (1980), and its progeny, Mot. at 18-19, are misleading and misplaced. In *Maher*, the plaintiff filed a complaint alleging statutory violations and constitutional violations under 42 U.S.C. § 1983, and the court ultimately entered a consent decree awarding plaintiff "substantially all of the relief originally sought in her complaint." *Maher*, 448 U.S. at 125-128. On appeal, the Supreme Court permitted fee-shifting, holding that "§ 1988 applies to all types of § 1983 actions," and rejecting the argument that Plaintiffs' inclusion of a pendent statutory claim precluded them from seeking fees. *Id.* at 128, 132. As the Third Circuit in *Hershey* explained, "the issue in *Maher*" was therefore "fundamentally different." *Hershey*, 914 F.3d at 198; *see Staples*, 239 F. Supp. 3d at 4. The relevant fact here is that there is no "pendent" Clayton Act claim under 15 U.S.C. § 26 at all, and this Court's Order recognizes as much.

The States nonetheless ask this Court to reject *Hershey*'s reading of *Maher*, arguing that "[t]he Ninth Circuit's interpretation of *Maher* diverges sharply from that of the Third Circuit in *Penn State Hershey*." Mot. at 18-19. The States cite two cases to support this claim: *Carreras v. City of Anaheim*, 768 F.2d 1039, 1050 (9th Cir. 1985), and *Davidson v. Deschutes County*, 2015 WL 13730888, at *1 (D. Or. Oct. 8, 2015), *report and rec. adopted*, 2015 WL 8490974 (D. Or. Dec. 10, 2015). Neither helps their argument.

To begin, despite Plaintiffs' claim that *Carreras* interpreted "the Supreme Court's pronouncement on the scope of the § 1983's fee-shifting provision," Mot. at 18, *Carreras* does not even cite the Supreme Court's *Maher v. Gagne* decision; it cites the Second Circuit's opinion in

Page 19 –     DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
               ATTORNEYS' FEES

*Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979). And *Davidson* involved an award of fees *against* plaintiffs for bringing an "unreasonable" and "frivolous" claim. *Davidson*, 2015 WL 13730888, at *1. In any event, in both *Carreras* and *Davidson*, the courts awarded attorneys' fees to parties where plaintiffs had *actually* alleged a claim that qualified for fee-shifting, even if the parties ultimately prevailed on other pendent state law claims. *See Carreras*, 768 F.2d at 1042 n.1, 1050; *Davidson*, 2015 WL 13730888, at *1. Accordingly, those cases are consistent with *Hershey*, which explained that *Maher*'s rule—governing "prevailing party" status when pendent claims accompany federal constitutional claims—is "fundamentally different" from a case where, as here, Plaintiffs never alleged any pendent Clayton Act claim at all. *See Hershey*, 914 F.3d at 198.

*Third*, the States' appeal to legislative history and the congressional desire to incentivize Clayton Act lawsuits, Mot. at 20-21, ignores the import of its own litigation strategy. Nothing in the legislative history of the Clayton Act evinces "Congress's intent to… extend the fee-shifting provision of the Clayton Act to cover an action for injunctive relief under another statute." *Hershey*, 914 F.3d at 197-98. There is no dispute that the Clayton Act allows fee-shifting in an action where the plaintiff obtains (1) a favorable final judgment; (2) on a claim brought "under [15 U.S.C. § 26]." 15 U.S.C. § 26. Other states in this circuit have adopted that litigation strategy, and other courts have awarded fees in those circumstances. *See, e.g.*, *Saint Alphonsus Med. Ctr.-Nampa, Inc. v. St. Luke's Health Sys., Ltd.,* No. 1:12-CV-00560, 2016 WL 1232656, at *1 (D. Idaho Mar. 28, 2016) (awarding attorneys' fees to the State of Idaho after the State joined the FTC in challenging a hospital merger and obtained final injunctive relief under the Clayton Act), *judgment corrected*, 2016 WL 7017401 (D. Idaho Nov. 29, 2016).

But the Complaint in this case did not request a final judgment, and it did not assert a claim under the Clayton Act. Rather, the FTC and Plaintiff States successfully sought to lighten their

Page 20 –     DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
                    ATTORNEYS' FEES

evidentiary burden in this Court by relying on the FTC Act and promising this Court that the FTC (not the States) would be able to present the full case "on the merits" in an administrative hearing. *See, e.g.*, PI Memo. at 2-3 ("At the upcoming hearing in this administrative proceeding, the parties will have up to 210 hours to present evidence on whether this acquisition *may* substantially lessen competition in violation of Section 7 of the Clayton Act. The issue before this Court is the Commission's and the Plaintiff States'… request to preliminarily enjoin Defendants from closing their deal pending resolution of a trial on the merits." (citations omitted)); *id.* at 6 ("Plaintiffs ask this Court to grant a preliminary injunction to preserve the status quo until the administrative proceeding concludes, to preserve the Commission's ability to order meaningful relief."); Compl. at 3 ("The pause Plaintiffs seek from this Court is necessary to maintain the status quo.").

Having made the strategic decision to pursue relief under the FTC Act only, the States cannot now claim entitlement to the fees that would have been available in a suit under the Clayton Act. *See Staples*, 239 F. Supp. 3d at 5. "Moving Plaintiffs' decision to join the FTC's Section 13(b) claim was a strategic one, one that ultimately lead to the dissolution of the Office Depot and [Staples] merger. Nonetheless, Moving Plaintiffs cannot bring a petition for fee-shifting under a provision under which they did not prevail." *Id.* Having made the decision to forego final injunctive relief under the Clayton Act, the States must live with the consequences of their strategy.

*Finally*, the States' effort to distinguish *Staples* based on the defendants' acceptance of the lesser standard under the FTC Act in that case, Mot. at 21-22, is unavailing. The fact that Defendants *argued* for a higher standard in this case is irrelevant because the Court expressly *rejected* those arguments and applied the FTC Act's lesser standard. Plaintiffs' cursory alternative argument in their post-hearing briefing does not (and cannot) change the substance of the Court's decision. *Contra* Mot. at 22. The States' suggestion that they *could have* prevailed under the

Page 21 –     DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
              ATTORNEYS' FEES

Clayton Act is, accordingly, a tacit admission that the Court did not, in fact, grant any injunction "under [the Clayton Act]," as required to entitle Plaintiffs to attorneys' fees. 15 U.S.C. § 26. As in *Staples*, the States' argument does not advance their position in the slightest. *Staples*, 239 F. Supp. 3d at 6 ("Moving Plaintiffs' argument that they *could have* prevailed under that standard is irrelevant in light of the fact that this Court resolved the case under Section 13(b) of the FTC Act which … does not provide for fee-shifting." (emphasis in original)).

## CONCLUSION

This Court should deny Plaintiffs' motion for entitlement to attorneys' fees.

DATED: April 4, 2025

| | |
|---|---|
| ANGELI LAW GROUP LLC | STOEL RIVES LLP |
| */s/ David H. Angeli* | */s/ B. John Casey* |
| DAVID H. ANGELI, Bar No. 020244 | B. JOHN CASEY, OSB No. 120025 |
| david@angelilaw.com | john.casey@stoel.com |
| PETER D. HAWKES, Bar No. 071986 | RACHEL C. LEE, OSB No. 102944 |
| peter@angelilaw.com | rachel.lee@stoel.com |
| 121 SW Morrison Street, Suite 400 | JACOB GOLDBERG, OSB No. 162565 |
| Portland, OR 97204 | jacob.goldberg@stoel.com |
| Telephone: 503.954.2232 | |
| | AND |
| AND | |
| | ARNOLD & PORTER KAYE SCHOLER |
| WILLIAMS & CONNOLLY LLP | LLP |
| ENU A. MAINIGI (*Pro Hac Vice*) | MATTHEW M. WOLF (*Pro Hac Vice*) |
| emainigi@wc.com | matthew.wolf@arnoldporter.com |
| JONATHAN B. PITT (*Pro Hac Vice*) | SONIA K. PFAFFENROTH (*Pro Hac Vice*) |
| jpitt@wc.com | sonia.pfaffenroth@arnoldporter.com |
| WILLIAM ASHWORTH (*Pro Hac Vice*) | JOSHUA M. DAVIS (*Pro Hac Vice*) |
| washworth@wc.com | joshua.davis@arnoldporter.com |
| BETH A. STEWART | KOLYA D. GLICK (*Pro Hac Vice*) |
| bstewart@wc.com | kolya.glick@arnoldporter.com |
| A. JOSHUA PODOLL (*Pro Hac Vice*) | JASON C. EWART (*Pro Hac Vice*) |
| apodoll@wc.com | jason.ewart@arnoldporter.com |
| THOMAS W. RYAN (*Pro Hac Vice*) | MICHAEL E. KIENTZLE (*Pro Hac Vice*) |
| tryan@wc.com | michael.kientzle@arnoldporter.com |

Page 22 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR ATTORNEYS' FEES

TYLER INFINGER(*Pro Hac Vice*)
tinfinger@wc.com
680 Maine Avenue SW
Washington, DC 20024
Telephone: 202.434.5000

AND

DECHERT LLP

JAMES A. FISHKIN (*Pro Hac Vice*)
james.fishkin@dechert.com
MICHAEL COWIE (*Pro Hac Vice*)
mike.cowie@dechert.com
ELENA KAMENIR (*Pro Hac Vice*)
elena.kamenir@dechert.com
1900 K Street NW
Washington, DC 20006
Telephone: 202.261.3300

HOWARD. M. ULLMAN (*Pro Hac Vice*)
howard.ullman@dechert.com
45 Fremont St, 26th Floor
San Francisco, CA 94105
Telephone: 415.262.4500

ROSS UFBERG (*Pro Hac Vice*)
ross.ufberg@dechert.com
YOSEF WEITZMAN (*Pro Hac Vice*)
yosi.weitzman@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone: 215.994.2422

*Attorneys for Defendant Albertsons
Companies, Inc.*

MATTHEW M. SHULTZ (*Pro Hac Vice*)
matthew.shultz@arnoldporter.com
DAVID B. BERGMAN (*Pro Hac Vice*)
david.bergman@arnoldporter.com
MICHAEL L. WALDEN (*Pro Hac Vice*)
mike.walden@arnoldporter.com
YASMINE L. HARIK (*Pro Hac Vice*)
yasmine.harik@arnoldporter.com
ALLISON GARDNER (*Pro Hac Vice*)
allison.gardner@arnoldporter.com
BARBARA H. WOOTTON (*Pro Hac Vice*)
barbara.wootton@arnoldporter.com
CHRISTIAN SCHULTZ (*Pro Hac Vice*)
christian.schultz@arnoldporter.com
DAVID EMANUELSON (*Pro Hac Vice*)
david.emanuelson@arnoldporter.com
MEI-WAH LEE (*Pro Hac Vice*)
mei-wah.lee@arnoldporter.com
WILSON DELOSS MUDGE (*Pro Hac Vice*)
wilson.mudge@arnoldporter.com
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: 202.942.5000

JOHN A. HOLLER (*Pro Hac Vice*)
john.holler@arnoldporter.com
250 W 55th Street
New York, NY 10019
Telephone: 212.836.8000

BRIAN K. CONDON (*Pro Hac Vice*)
brian.condon@arnoldporter.com
777 S. Figueroa Street, 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000

JEREMY T. KAMRAS (*Pro Hac Vice*)
jeremy.kamras@arnoldporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: 415.471.3100

AND

Page 23 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
             ATTORNEYS' FEES

WEIL, GOTSHAL & MANGES LLP

MARK A. PERRY (*Pro Hac Vice*)
mark.perry@weil.com
LUKE SULLIVAN (*Pro Hac Vice*)
luke.sullivan@weil.com
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: 202.682.7000

LUNA N. BARRINGTON (*Pro Hac Vice*)
luna.barrington@weil.com
767 Fifth Avenue
New York, NY 10153
Telephone: 212.310.8000

SARAH M. STERNLIEB (*Pro Hac Vice*)
sarah.sternlieb@weil.com
700 Louisiana Street, Suite 3700
Houston, TX 77002
Telephone: 713.546.5000

BAMBO OBARO (*Pro Hac Vice*)
bambo.obaro@weil.com
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: 650.802.3000

THOMAS B. FIASCONE (*Pro Hac Vice*)
tom.fiascone@weil.com
REBECCA SIVITZ (*Pro Hac Vice*)
rebecca.sivitz@weil.com
100 Federal Street, Floor 34
Boston, MA 02110
Telephone: 617.722.8314

*Attorneys for Defendant The Kroger
Company*

Page 24 –    DEFENDANTS' OPPOSITION TO PLAINTIFF STATES' MOTION FOR
             ATTORNEYS' FEES